1 | COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2 | HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
4401 Eastgate Mall
3 | San Diego, CA  92121
Telephone:    (858) 550-6000
4 | Facsimile:    (858) 550-6420

5 | COOLEY GODWARD KRONISH LLP
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
6 | 101 California Street, 5th Floor
San Francisco, CA 94111
7 | Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

8 |

*Attorneys for Defendant eBay, Inc.*

9 |

Matthew Siroka
10 | John Balestriere
Craig Stuart Lanza
11 | BALESTRIERE PLLC
225 Broadway, Suite 2700
12 | New York, NY 10007
Telephone: (212) 374-5404
13 | Facsimile:   (212) 607-1588

14 | *Attorneys for Plaintiff and the Class*

15

UNITED STATES DISTRICT COURT

16

NORTHERN DISTRICT OF CALIFORNIA

17

----------------------------------------------------------------x

18 | MICHELE MAZUR, individually and for all    :
others similarly situated,                  :
19 |                                              :
                                              :   Case No. 3:07-cv-03967-MHP
20 |              Plaintiff,                    :
                                              :
21 |                                              :   **JOINT CASE MANAGEMENT**
       -against-                              :   **STATEMENT  OF PLAINTIFFS**
22 |                                              :   **AND DEFENDANT EBAY**
                                              :   **[PROPOSED] ORDER**
23 |                                              :
                                              :
24 | EBAY, INC., HOT JEWELRY                    :
AUCTIONS.COM d/b/a JEWELRY                  :
25 | OVERSTOCK AUCTIONS, HOT JEWELRY           :
AUCTIONS.COM d/b/a PARAMOUNT                :
26 | AUCTIONS, and DOES 1-100, inclusive        :
                                              :
27 |                                              :
              Defendant.                    :
28 | ----------------------------------------------------------------x

The parties to the above-titled action jointly submit this Case Management Statement and Proposed Order and respectfully request that the Court issue an appropriate Case Management Order.

1. **JURISDICTION AND SERVICE**

eBay acknowledges that jurisdiction in the Northern District of California is appropriate; however, eBay believes that the current assignment of the case to the San Francisco Division is inappropriate under the Local Civil Rules. Venue in this action is based on Defendant eBay's residence within the Northern District. (Complaint, ¶¶ 8, 10.) eBay's principal place of business is 2145 Hamilton Avenue, San Jose, Santa Clara County, California 95125. Civil Local Rule 3-2(e) provides that civil actions which arise in Santa Clara county shall be assigned to the San Jose Division within the Northern District. Accordingly, eBay requests an intra-district transfer from the San Francisco Division to the San Jose Division. If the Court wishes, eBay will submit a formal motion requesting transfer.

2. **FACTS**

    A. **Brief Description of the Parties Involved**

Plaintiffs Michel Mazur ("Plaintiff" or "Mazur") and the class of others similarly situated (the "Class" or "Class Members") are individuals who have participated in a series of eBay Live Auctions operated by and through Hot Jewelry Auctions.com

Defendant eBay, Inc. ("eBay") is the world's largest online auction operated and is a Delaware corporation with a principal place of business at 2145 Hamilton Avenue, San Jose, California 95125. According to the quarterly report that eBay filed with the Securities and Exchange Commission on July 27, 2007, eBay earned roughly $3.6 billion in net revenues during the first half of 2007, and has approximately 83 million active users, and over 241 million confirmed registered users.

Defendant Hot Jewelry Auctions.com ("HJA") is a business entity of unknown organization, located at 2057 South Atlantic Boulevard, Los Angeles, California 90040. HJA operates Internet jewelry auctions using eBay Live Auctions.

The true names and capacities (whether individual, corporate, associate, or

otherwise) of Defendants Does 1 through 100, inclusive, are unknown to Plaintiff. Therefore, Plaintiff sues those Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. Plaintiff further alleges that each fictitious Defendant is in some manner responsible for the acts and occurrences alleged herein. Plaintiff will seek leave of this Court to amend this Complaint to state the real names and capacities of said fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that the factiously named Defendants proximately caused her damages.

### B. Overview of Plaintiff's Allegations

Plaintiff, individually and on behalf of all other Class Members, brings this class action against Defendants eBay and HJA (collectively "Defendants") for misconduct arising out of a series of "live" online auctions conducted by HJA through an online bidding platform that was established by eBay. Specifically, Plaintiff alleges that HJA has been systematically defrauding Class Members in a fake or "shill" bidding operation made possible by the gross misconduct and negligence of eBay and, accordingly, that Class Members have been fraudulently induced to pay artificially inflated prices for otherwise less valuable merchandise. eBay disputes all substantive allegations made against it in the Complaint and as described below.

At the turn of the 21st century, eBay launched a new online auction platform known as eBay Live Auctions. These auctions differ from the regular eBay auctions in several ways. In ordinary eBay auctions, sellers list items for sale that only registered eBay members may bid on using the www.ebay.com website. The bidding period typically lasts anywhere from a few hours to several days. By contrast, eBay Live Auctions allows registered eBay members to participate in live auctions being held on the floors of auction houses throughout the world. The appeal is that registered eBay users can compete—through the Internet—with non-registered eBay users who are placing live bids at authentic, old-fashioned auctions.

Plaintiff alleges that eBay expressly and impliedly vouches for the integrity of these live auctions when, in fact, eBay knowingly facilitates hundreds of auctions managed by HJA that exist only to increase the price that Class Members pay for goods. Specifically, Plaintiff alleges that eBay asserts that these live auctions are "very safe," that "all live auctions are run by

reputable international auction houses, which are carefully screened by eBay," and that "floor bidders" place their bids offline (not using the Internet). Instead, Plaintiff alleges, these auctions are marred by shill bidding and are maintained on no auction house floor.

As a result of Defendants' misconduct, Plaintiff further alleges that, by participating in the sale of junk jewelry at artificially inflated prices, HJA and eBay reap inordinate profits, while unsuspecting Class Members are scammed out of millions of dollars. HJA is unjustly enriched by charging higher prices than it otherwise could in the absence of this fraud. Moreover, because eBay's receives as compensation a percentage of the sale price of every item sold, eBay is unjustly enriched by earning artificially elevated commissions.

3.  **LEGAL ISSUES AND MOTIONS**

In the course of the aforementioned activity, Plaintiff alleges that (a) Defendants have violated numerous statutes; (b) Defendant eBay is guilty of breach of contract, unjust enrichment, negligence, and negligence per se; and (c) Defendant HJA is guilty of breach of contract and unjust enrichment.

eBay will move to dismiss each of the causes of action asserted against it based on complete immunity under the Communications Decency Act, 47 U.S.C. § 230, based on Plaintiff's release of liability in the contract between eBay and Plaintiff, and because Plaintiff has failed to state a claim.

4.  **AMENDMENT OF THE PLEADINGS**

Plaintiff might or might not amend its pleadings depending on the Court's ruling on eBay's motion to dismiss.

5.  **EVIDENCE PRESERVATION**

eBay has instituted evidence preservation practices with respect to evidence that is potentially relevant in this action.

6.  **DISCLOSURES**

The parties propose to revisit the timing for initial disclosures and the discovery schedule at a later date following resolution of eBay's motion to dismiss.

7.  **DISCOVERY**

The parties propose to revisit the timing for initial disclosures and the discovery schedule at a later date following resolution of eBay's motion to dismiss.

## 8. CLASS ACTIONS

Plaintiff expects to seek Class certification pursuant to Fed. R. Civ. P. 23 in or around February 2008.

## 9. RELIEF

### A. Permanent Injunction

Plaintiff seeks a permanent injunction enjoining Defendants from in any way engaging in the practices set forth herein. Plaintiff further seeks a permanent injunction enjoining Defendants from utilizing any monies acquired by Defendants' unfair business practices, including all profits, revenues, and proceeds both direct and indirect. Additionally, Plaintiff seeks also declaratory relief and as well as the imposition of a constructive trust upon all monies and assets Defendants have acquired as a result of their unfair practices.

In addition to the aforementioned equitable remedies sought, Plaintiff, individually and on behalf of the Class, seeks (a) compensatory damages and full restitution of all funds acquired from Defendants' unfair business practices, including disgorgement of profits; (b) actual damages suffered by Plaintiff and Class members; (c) trebling of all damages awarded under 18 U.S.C. § 1962(c); (d) punitive damages, to be awarded to Plaintiff and each Class member; (e) (k) both pre- and post-judgment interest on any amounts awarded; and (f) and other such relief as the Court may deem just and proper.

Plaintiffs also seek reimbursement for the costs of the suit herein, costs associated with the investigation conducted prior to the commencement of this action, payment of reasonable attorneys' fees, and such other relief as the Court may deem just and proper.

eBay denies the allegations of the Complaint and denies that Plaintiff is entitled to the requested relief.

## 10. SETTLEMENT AND ADR

The parties agree to revisit discussions regarding settlement and/or mediation after the disposition of eBay's motion to dismiss.

1  11. **CONSENT TO MAGISTRATE JUDGE**

2  The parties do not consent to having a magistrate judge conduct all proceedings
3  including trial and entry of judgment.

4  12. **NARROWING OF THE ISSUES**

5  The parties have not identified any issues that can be narrowed.

6  13. **EXPEDITED SCHEDULE**

7  The parties do not believe this case is appropriate for an expedited schedule.

8  14. **SCHEDULING**

9  The parties propose to revisit the timing for scheduling expert discovery and
10  pretrial issues, if necessary, at a later date following resolution of eBay's motion to dismiss.

11  15. **TRIAL**

12  The parties propose to revisit the timing for scheduling expert discovery and
13  pretrial issues, if necessary, at a later date following resolution of eBay's motion to dismiss.

14  16. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

15  eBay will file the necessary disclosure of interested entities or person
16  contemporaneously with its first responsive pleading, due October 26, 2006.

17

18  Dated: October 22, 2007                COOLEY GODWARD KRONISH LLP

19
                                          By:  /s/ Whitty Somvichian
20                                                Whitty Somvichian

21                                        Attorney for Defendant
                                          eBay, Inc. et al.
22

23
    Dated: October 22, 2007                BALESTRIERE PLLC
24

25                                         By:  /s/ Craig Stuart Lanza
                                                 Craig Stuart Lanza
26

27                                         Attorney for Plaintiffs
                                           MICHELE MAZUR, individually and for all
28                                         others similarly situated

**CASE MANAGEMENT ORDER**

The Joint Case Management Statement and Proposed Order herein is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**IT IS SO ORDERED:**

Dated: _____, 2007

THE HON. MARILYN HALL PATEL
United States District Court Judge