1  STEPHEN S. WALTERS (BAR NO. 54746)
   CATHY A. HONGOLA (BAR NO. 234489)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Phone:  (415) 837-1515
   Fax:  (415) 837-1516
5  E-Mail:  swalters@allenmatkins.com
            chongola@allenmatkins.com
6
   Attorneys for Defendant
7  HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY
   OVERSTOCK AUCTIONS and PARAMOUNT
8  AUCTIONS

9               UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  MICHELE MAZUR, individually and for all     Case No. C 07 3967 MHP
    others similarly situated,
13                                              DEFENDANT HOT JEWELRY
                    Plaintiff,                  AUCTIONS.COM'S NOTICE OF MOTION
14                                              AND MOTION TO STAY ACTION PENDING
         vs.                                    ARBITRATION AND MEMORANDUM OF
15                                              POINTS AND AUTHORITIES IN SUPPORT
    EBAY, INC., HOT JEWELRY                      THEREOF
16  AUCTIONS.COM d/b/a JEWELRY
    OVERSTOCK AUCTIONS, HOT JEWELRY            Date:    December 17, 2007
17  AUCTIONS.COM d/b/a PARAMOUNT               Time:    2:00 p.m.
    AUCTIONS, and DOES 1-100, inclusive,       Ctrm:    15
18                                              Judge:   Hon. Marilyn Hall Patel
                    Defendants.
19

20      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21      **PLEASE TAKE NOTICE** that on Monday December 17, 2007, at 2:00 p.m., or as soon

22  thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Ave.,

23  San Francisco, CA 94102, Defendant Hot Jewelry Auctions.com d/b/a Jewelry Overstock

24  Auctions and Paramount Auctions ("HJA") will, and does, hereby move the Court to stay further

25  proceedings in this case pending arbitration pursuant to 9 U.S.C. § 3 on the ground that Plaintiff

26  Michele Mazur and ("HJA") agreed in writing that the issues raised in this action, as to HJA,

27  would be arbitrated and no other, nonarbitrable claims are raised as to HJA.

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

725298.01/SF

Case No.  C 07 3867 MHP
DEFENDANT HJA's MOTION TO STAY
ACTION PENDING ARBITRATION

1        This motion will be based on this Notice of Motion and Motion, the Memorandum of

2   Points and Authorities filed herewith, the Declaration of Cathy A. Hongola, the pleadings, records

3   and papers filed herein, and other and further oral and documentary evidence and legal

4   memoranda as may be presented at or by the hearing on said Motion.

5   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

6   **I.    Introduction**

7        Plaintiff Michele Mazur ("Plaintiff") alleges that she was an eBay user who was the

8   winning bidder of jewelry sold at an auction held by Defendant Hot Jewelry Auctions.com d/b/a

9   Jewelry Overstock Auctions and Paramount Actions ("HJA").  Plaintiff participated in HJA's

10   jewelry auction on-line through co-defendant eBay's "eBay Live Auction" service.  Plaintiff states

11   that she "spent a grand total of $4,602.90 on HJA's jewelry."  (Complaint, ¶ 9.)  Apparently

12   dissatisfied with the amount she paid for her items, Plaintiff filed a complaint against HJA and

13   eBay alleging a number of related contract, tort and statutory claims.  Specifically, each one of

14   Plaintiff's claims alleges HJA made misrepresentations regarding the nature of HJA's auction

15   services.

16        In order to participate in the eBay Live Auction conducted by HJA, Plaintiff expressly

17   accepted and agreed to HJA's Terms and Conditions.  HJA's Terms and Conditions (the

18   "Agreement") contains a "Dispute Resolution" provision providing that if "a dispute" between

19   HJA and the Plaintiff arises and cannot be resolved informally, the parties agree to submit the

20   dispute to a third party who will render a final a binding decision.  This binding and enforceable

21   provision amounts to "arbitration" under the Federal Arbitration Act and encompasses all of

22   Plaintiff's claims against HJA.  On this basis, HJA requests this Court to stay the action pending

23   the outcome of arbitration.

24   **II.    There Is An Enforceable Agreement Between Plaintiff And HJA Which Requires The
        Parties To Resolve Their Dispute Through Alternative Measures**

25        The Agreement between Plaintiff and HJA is valid and enforceable.  No circumstances

26   exist to render it void or voidable.  Indeed, Plaintiff herself does not seek to rescind or cancel the

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

725298.01/SF

-2-

Case No.  C 07 3867 MHP
DEFENDANT HJA's MOTION TO STAY
ACTION PENDING ARBITRATION

1  Agreement, but rather affirms the Agreement by suing upon it in her Complaint.  (Complaint,

2  Count 19.)

3         Pursuant to the Agreement between HJA and Plaintiff, Plaintiff acknowledged that as a

4  "Buyer" she was in "complete agreement with all Terms and Conditions of [the] auction sale" and

5  that as a "prerequisite to participating" in an auction, Plaintiff was bound by the terms and

6  conditions contained in the agreement.  (Declaration of Stephen S. Walters, ¶ 2, Ex. A at p. 2)

7  Included in the Agreement is the following "Dispute Resolution" provision:

8         Should a dispute occur between HJA and Buyer (the parties) that cannot be
          resolved, then the parties agree to the rules, regulations and procedures of the
9         dispute resolution described below and agree to the following procedures for
          Resolution of the Dispute:  If either party alleges that the other party is in
10        default under this agreement, then the dispute or allegation shall be submitted
          for Binding Resolution to In-House Attorneys, P.C. in the City of Los
11        Angeles, California.  Each party shall simply present their own case (limited
          to a maximum of one hour for each party) to In-House Attorneys, P.C.,
12        excluding witnesses, expert witnesses and attorneys.  The parties agree and
          acknowledge that they are completely waiving their rights to have the dispute
13        heard in a conventional manner including use of attorneys, arbitration,
          mediation and any civil court in California having jurisdiction over the
14        dispute.  Any award determined by In-House Attorneys, P.C. shall be binding
          and the prevailing party shall be awarded full reimbursement of its actual
15        paid fees in connection with the dispute remedy listed herein.  (*Id.*, Ex. A. at
          pp. 6-7.)
16
          HJA and Plaintiff thus agreed to waive their rights to seek relief through the courts, and
17
   agreed instead to use the alternative rules provided by the Dispute Resolution provision pursuant
18
   to which  Plaintiff is contractually required to submit her claims to a third-party, In-House
19
   Attorneys, P.C.  In-House Attorneys, P.C. will then issue a final decision binding on the parties.
20
   HJA and Plaintiff, therefore, provided for and agreed upon terms to resolve any dispute between
21
   them.
22
   **III.    The Dispute Resolution Provision Is An Arbitration Clause Subject To the Federal**
23   **Arbitration Act**

24        The Dispute Resolution provision of the Agreement provides a mechanism for arbitration

25  within the meaning of the Federal Arbitration Act ("FAA").  Pursuant to section two of the FAA:

26        A written provision in any… contract evidencing a transaction involving
          commerce to settle by arbitration a controversy hereafter arising out of such
27        contract or transaction… shall be valid, irrevocable, and enforceable, save
          upon such grounds as exist at law or in equity for the revocation of any
28        contract.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

725298.01/SF

-3-

Case No.  C 07 3867 MHP
DEFENDANT HJA's MOTION TO STAY
ACTION PENDING ARBITRATION

9 U.S.C. § 2.  Section three of the FAA, 9 U.S.C. § 3, requires the Court to stay a court action pending arbitration if the claims asserted in the action are referable to arbitration under a written agreement between the parties.  The  FAA manifests a "liberal federal policy favoring arbitration agreements."  *Moses H. Cone Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983).

"No magic words such as 'arbitrate' or binding arbitration' or 'final dispute resolution' are needed to obtain the benefits of the [FAA]."  *Wolsey, Ltd. v. Foodmaker, Inc.,* 144 F.3d 1205, 1208 (9th Cir. 1998).  The "parties agree to arbitration under the FAA when they 'agree[] to submit a dispute for a decision by a third party."  *Id.* (quoting *AMF Inc. v. Brunswick Corp.,* 621 F.Supp. 456, 460 (E.D.N.Y. 1985)).  To fall within the term "arbitration" parties must also, however, "agree not to pursue litigation 'until the process is completed.'"  *Wolsey,* 144 F.3d at 1208 (citing *Harrison v. Nissan Motor Corp.,* 111 F.3d 343, 350 (3d Cir. 1997)).  Here, the parties have agreed to submit their disputes to the binding decision of a third party, In-House Attorneys, P.C., and agreed to waive their right to pursue litigation.  The dispute resolution provision in the Agreement thus falls within the scope of the FAA.

Further, the non-standard nature of the dispute resolution provision does not preclude its enforcement.  The FAA does not prevent "the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself… and parties are generally free to structure their arbitration agreements as they see fit."  *Volt Info. Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.,* 489 U.S. 468, 478-79 (1989).  For example, in *Wasyl, Inv. v. First Boston Corp.,* 813 F.2d 1579, 1580-81 (9th Cir. 1987), the parties agreed that if they could not decide the fair market value of certain assets, "the fair market value shall be established by three independent appraisers, one selected by the Optionee, one selected by the Optionor, and the third chosen by the other two appraisers."  The Ninth Circuit Court of Appeals held that this appraisal process promoted the policy favoring arbitration, and called for "arbitration" of the dispute within the meaning of the FAA.  *Id.* at 1582.

As with the appraisal provisions in *Wasyl*, the Dispute Resolution agreement between Plaintiff and HJA provides for and promotes arbitration by requiring the parties to resolve their disputes outside the courtroom, freeing up judicial resources and avoiding the expense and delay

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
725298.01/SF
-4-
Case No.  C 07 3867 MHP
DEFENDANT HJA's MOTION TO STAY
ACTION PENDING ARBITRATION

1   of court proceedings.  *See Trafalgar Shipping Co. v. Internat'l Mill Co.,* 401 F.2d 568, 572 (2d

2   Cir. 1968) (the policy of FAA is to eliminate expense and delay of extended court proceedings);

3   *Galt v. Libbey-Owens-Ford Glass Co.,* 376 F.2d 711, 714 (7th Cir. 1967) (the policy of FAA is to

4   promote arbitration in accordance of the intent of the parties and to ease court congestion).  That

5   agreement must be enforced.

6   ## IV.    All Issues Raised In The Complaint As To HJA Are Covered By The Dispute Resolution Agreement

7
8           The Dispute Resolution provision requires the arbitration of disputes between "HJA and

    Buyer (the parties) that cannot be resolved."  It encompasses any claim related to the contractual
9
    relations created by the use of HJA's services.  Under the FAA, statutory and tort claims are
10
    arbitrable under a broadly worded arbitration provision such as the one here.  *See, e.g.,*
11
    *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 239 (1987) (RICO claims);
12
    *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626-29 (1985) (antitrust
13
    claims); *Southland Corp. v. Keating,* 465 U.S. 1, 15 n.7 (1984) (fraud, breach of fiduciary duty,
14
    and violation of California's Franchise Investment statute).  California cases also support this rule.
15
    *See Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street,* 35 Cal.3d 312, 323
16
    (1983) (clause requiring arbitration of "any dispute" arising under  a lease covered claim of fraud
17
    that arose from the contract dispute); *Izzy v. Mesquite Country Club,* 186 Cal.App.3d 1309, 1315-
18
    16 (1986) (provision requiring arbitration of "any action… in connection with" the agreement
19
    covered fraud).  Moreover, "any doubts concerning the scope of arbitrable issues should be
20
    resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp.,* 460 U.S. at  24-25.
21
            Here, all of Plaintiff's claims and legal theories against HJA are arbitrable because they
22
    have their roots in the relationship between the parties that was created by the Agreement.
23
    Plaintiff's breach of contract claim alleges that HJA made "representations that its auctions took
24
    place on a live auction floor and that all auctions had a $1 starting bid with no reserve" and that it
25
    breached the contract by "holding auctions that took place entire [sic] offline and by engaging in
26
    systematic shill bidding practices which effectively made the minimum bids in the auctions much
27
    higher than $1."  (Complaint, ¶¶ 236, 239.)   These allegations form the basis for all of Plaintiff's
28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

725298.01/SF                                    -5-

Case No.  C 07 3867 MHP
DEFENDANT HJA's MOTION TO STAY
ACTION PENDING ARBITRATION

1   fraud-based claims against HJA, (*see e.g.,* Complaint ¶¶ 172 – 176, 185, 191, 202 – 206, 220 –

2   224, 236, 260), her unjust enrichment claim (Complaint, ¶ 245), as well as her claim regarding

3   violations of Cal. Commercial Code § 2328 (Complaint, ¶ 214).  Additionally, absent Plaintiff's

4   consent to the Dispute Resolution provision in the Agreement, Plaintiff would not have been

5   permitted to use HJA's services at all and thus would not have suffered any supposed harm by

6   HJA's alleged misrepresentations and deceptive practices.  Thus, Plaintiff's claims, which are

7   based on and indisputably related to the Agreement, must be submitted to "arbitration" as provided

8   by the Dispute Resolution provision.

9   **V.      HJA Is Entitled To An Order Staying This Action**

10          Pursuant to 9 U.S.C. § 3, "[i]f any suit or proceeding be brought in any of the courts of the

11  United States upon any issue referable to arbitration" the Court "shall on application of one of the

12  parties stay the trial of the action until such arbitration has been had… ."  HJA is entitled to the

13  stay if "the issues in a case are within the reach of the agreement. *See Hornbeck Offshore (1984)*

14  *Corp. v. Coastal Carriers Corp.,* 981 F.2d 752, 754 (5th Cir. 1993) ("If the issues in a case are

15  within the reach of the agreement, the district court has no discretion under section 3 to deny the

16  stay.")  Because the issues in the case are within the reach of the Agreement the court should stay

17  this action pending arbitration.

18  **VI.     Conclusion**

19          For the foregoing reasons, HJA respectfully requests that the Court grant its motion to stay

20  the action pending arbitration.

21  Dated:  October 26, 2007              ALLEN MATKINS LECK GAMBLE
22                                         MALLORY & NATSIS LLP
                                          STEPHEN S. WALTERS
                                          CATHY A. HONGOLA
23

24                                     By: /s/ Stephen S. Walters
25                                         STEPHEN S. WALTERS
                                          Attorneys for Defendant
26                                         HOT JEWELRY AUCTIONS.COM d/b/a
                                          JEWELRY OVERSTOCK AUCTIONS and
                                          PARAMOUNT AUCTIONS
27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

725298.01/SF              -6-

Case No.  C 07 3867 MHP
DEFENDANT HJA's MOTION TO STAY
ACTION PENDING ARBITRATION