1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA  92121
   Telephone:     (858) 550-6000
4  Facsimile:      (858) 550-6420

5  COOLEY GODWARD KRONISH LLP
   WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
6  101 California Street 5th Floor
   San Francisco, CA 94111
7  Telephone:     (415) 693-2000
   Facsimile:      (415) 693-2222

8

9  Attorneys for Defendant eBay, Inc.

                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13

14  MICHELE MAZUR, On Behalf of Herself         Case No.  C07 3967 MHP
    and all Others Similarly Situated,
                                                **NOTICE OF MOTION AND MOTION TO**
15                                              **DISMISS COMPLAINT PURSUANT TO FED.**
                     Plaintiff,                 **R. CIV. PROC. 12(B)(6); MEMORANDUM**
16                                              **OF POINTS AND AUTHORITIES IN**
              v.                                **SUPPORT**
17
    EBAY, INC., HOT JEWELRY                      Date:         December 10, 2007
18  AUCTIONS.COM d/b/a JEWELRY                   Time:         2:00 p.m.
    OVERSTOCK AUCTIONS, HOT                      Judge:        Hon. Marilyn H. Patel
19  JEWELRY AUCTIONS.COM d/b/a                   Trial Date:   Not yet set
    PARAMOUNT AUCTIONS, and DOES 1-
20  100, inclusive,

21                   Defendants.

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1060857 v1/SF                                   NOTICE OF MOTION AND MOTION TO DISMISS
                                                C07 3967 MHP

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION AND MOTION TO DISMISS ............................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I.     INTRODUCTION ................................................................................................... 2

II.    FACTUAL BACKGROUND ................................................................................. 3

III.   LEGAL STANDARDS .......................................................................................... 4

     A.    Rule 12(b)(6) Standards ................................................................................ 4

     B.    Rule 9(b) Standards ...................................................................................... 4

IV.   THE CDA PROHIBITS PLAINTIFF'S ATTEMPTS TO HOLD EBAY LIABLE FOR HJA'S WRONGFUL CONDUCT .................................................................. 5

V.    THE EBAY USER AGREEMENTS ARE A COMPLETE BAR TO PLAINTIFF'S CLAIMS ..................................................................................... 7

VI.   PLAINTIFF'S CLAIMS AGAINST EBAY ALSO FAIL AS A MATTER OF LAW UPON INDEPENDENT SCRUTINY ........................................................... 7

     A.    Plaintiff's Fraud Claims Fail As A Matter Of Law ...................................... 7

          1.    Plaintiff's Allegations Of Misrepresentations Are Rebutted By Express Statements In The Cited Documents ....................................... 8

          2.    Plaintiff Fails To Plead That She Read or Relied On Any Of The Alleged eBay Statements ...................................................................... 10

     B.    Plaintiff's Fifth Cause Of Action Relies On A Statute That Has No Application To eBay .................................................................................... 12

     C.    Plaintiff's Unjust Enrichment Claim Fails Because Unjust Enrichment Is Not An Independent Claim Under California Law ...................................... 13

     D.    Plaintiff's Negligence Claims Violate Established Limitations On Tort Actions ....................................................................................................... 13

VII.  CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

PAGE(S)

*Aas v. Superior Court,*
   24 Cal.4th 627 (2000) ........................................................................... 14

*Alan Neuman Productions, Inc. v. Albright,*
   862 F.2d 1388 (9th Cir. 1988) ............................................................. 12

*Barrett v. Rosenthal,*
   40 Cal.4th 33, 47 (2006) ................................................................... 5, 6

*Bell Atlantic Corp. v. Twombly,*
   127 S.Ct. 1955 (2007) ........................................................................ 4, 9

*Ben Ezra, Weinstein, & Co., Inc. v. America Online, Inc.,*
   206 F.3d 980 (10th Cir. 2000) ............................................................... 5

*Blumenthal v. Drudge,*
   992 F. Supp. 44 (D.D.C. 1998) ............................................................. 5

*Branch v. Tunnell,*
   14 F.3d 449 (9th Cir. 1994) ................................................................... 9

*Buckland v. Threshold Enterprises, Ltd.,*
   155 Cal.App.4th 798 at *5-6 (2007) ................................................... 11

*Butler v. eBay, Inc.,*
   06-02704 JW (N.D. Cal. Dec. 13, 2006) ............................................. 12

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ................................................................. 11

*Desaigoudar v. Meyercord,*
   223 F.3d 1020 (9th Cir. 2000) ............................................................... 4

*Doe v. America Online, Inc.,* No. Civ. CL 97-631 AE. 1997 WL 374223 (Fla. Cit.
   Ct. June 26, 1997), *aff'd* 718 So.2d 390 (1998),
   review granted 729 So.2d 390 (Fla. Apr. 12, 1999)............................... 5

*Erlich v. Menezes,*
   21 Cal. 4th 543 (1999) .................................................................... 13, 14

*Galbraith v. County of Santa Clara,*
   307 F.3d 1119 (9th Cir. 2002)................................................................ 9

*Gentry v. eBay,*
   99 Cal. App. 4th 816 (2002)................................................................... 6

*In re GlenFed Inc. Sec. Litig.,*
   42 F.3d 1541 at 1547 n.7 (9th Cir. 1994) ............................................. 4

*Jane Doe One v. Oliver,*
   755 A.2d 1000 (Conn. Super. Ct. 2000) ............................................... 5

*Laster v. T-Mobile USA, Inc.,*
   407 F.Supp.2d 1181 (S.D.Cal. 2005) ................................................. 11

*Lauriedale Assocs. Ltd. v. Wilson,*
   7 Cal. App. 4th 1439 (1992)................................................................. 13

*McBride v. Boughton,*
   123 Cal. App. 4th 379 (2004)............................................................... 13

**TABLE OF AUTHORITIES**

(CONTINUED)

PAGE(S)

*Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology,*
  228 F.3d 1043 (9th Cir. 2000) ......................................................................................... 4

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ........................................................................................... 4

*Parrish v. National Football League Players Assoc.,*
  No. C07-00943 WHA 2007 WL 2601385 (N.D.Cal. Sept. 6, 2007) ........................... 11

*Rachford v. Air Line Pilots Assoc. Int'l,*
  No. C 03-3618 PJH, 2006 WL 1699578, *39-40 (N.D. Cal. June 16, 2006) ............... 13

*Terarecon, Inc. v. Fovia Inc.,*
  No. C05-4407 CW 2006 WL 1867734 (N.D. Cal. July 6, 2006) .................................... 4

*Thompson v. Illinois Dept. of Prof'l Regulation,*
  300 F.3d 750 (7th Cir. 2002) ........................................................................................... 9

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ......................................................................................... 4

*Zeran v. America Online, Inc.,*
  129 F.3d 327 (4th Cir. 1997) ........................................................................................... 5

**STATUTES**

47 U.S.C. § 941(e)(1) ........................................................................................................... 5

Cal. Civ. Code § 1812.601(b) ............................................................................................ 12

Cal. Civ. Code § 1812.601(d) ............................................................................................ 12

Cal. Com. Code § 2328 ................................................................................................. 12, 13

Cal. Com. Code § 2328(4) ................................................................................................. 12

Communications Decency Act, 47 U.S.C. § 230 ................................................... 1, 2, 5, 6

**OTHER AUTHORITIES**

Cal. Civil Jury Instructions (BAJI), § 12.31 .................................................................... 11

H.R. Rep. No. 107-449, 2d Sess., p. 13 (2002) ................................................................... 5

**RULES**

Civil Local Rule 3-2(e) ....................................................................................................... 1

Federal Rule of Civil Procedure 9(b) .................................................................. 1, 4, 11, 12

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 0, 1, 4

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Monday, December 10, 2007 at 2:00 p.m., or as soon thereafter as this motion may be heard, Defendant eBay Inc. will move to dismiss Plaintiff's claims against eBay, Counts One through Eleven and Twenty-One in the Complaint. This motion is made under Federal Rule of Civil Procedure 12(b)(6). eBay moves to dismiss the above-referenced Counts on the grounds that (i) eBay is immune from liability pursuant to the Communications Decency Act, 47 U.S.C. § 230, (ii) all of Plaintiff's claims are barred by eBay's User Agreements, and (iii) each of the causes of action fails to state a claim upon which relief can be granted. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, and Declaration, the pleadings on file, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.[1]

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether eBay is entitled to immunity as a provider of an "interactive computer service" under the Communications Decency Act, where eBay provides only a platform for third-party auction houses and was not a direct party to any of the transactions about which Plaintiff complains.

2.      Whether the release of liability in the eBay User Agreements bars Plaintiff's claims as a matter of law

3.      Whether Plaintiffs' claims of fraud meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), where (i) Plaintiffs' allegations of misrepresentations are rebutted by other disclosures in the documents she relies on and (ii) she fails to allege that she ever read or relied on any eBay statements in deciding to purchase merchandise from defendant Hot Jewelry Auctions.

---

[1] By submitting this Motion to this Court, eBay does not waive its right to seek an intra-district transfer pursuant to Civil Local Rule 3-2(e), which provides that civil actions arising in Santa Clara county shall be assigned to the San Jose Division within the Northern District. Given its location in Santa Clara County eBay has requested an intra-district transfer from the San Francisco Division to the San Jose Division in the Joint Case Management Statement and, if the Court wishes, eBay will submit a formal motion requesting such transfer.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1060857 v1/SF                    -1-            NOTICE OF MOTION AND MOTION TO DISMISS
                                                              C07 3967 MHP

**4.**    Whether eBay, as a corporate entity, can be held liable under the California auction statute that is expressly limited to auctions conducted by individuals.

**5.**    Whether Plaintiff is entitled to pursue unjust enrichment as a standalone claim.

**6.**    Whether Plaintiff can pursue claims in tort, where the alleged negligent acts consists of the same acts that Plaintiff alleges as breach of contract and where Plaintiff has no allegations of personal injury or physical damage to any property.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In this action, Plaintiff seeks to hold eBay liable for the alleged fraud of an auction house that sells its wares via eBay's auction platform at www.ebayliveauctions.com.  Plaintiff spent over $4,000 on several dozen pieces of jewelry from Hot Jewelry Auctions.com ("HJA"), one of several auction houses that sells merchandise using eBay's Live Auction website.  Plaintiff contends that HJA engages in a practice called "shill bidding," using fake bids to inflate auction prices.  She seeks to hold eBay liable for providing a venue for HJA to engage in its fraudulent practices.

Plaintiff further alleges that eBay (i) misrepresented the "safety" of participating in live auctions and (ii) knew or should have known of HJA's misconduct and failed to prevent it. (Compl. ¶¶ 30-34, 60.) Based on these allegations, Plaintiff asserts claims for breach of contract, fraud, negligence, unjust enrichment, violations of California's Consumer Legal Remedies Act, Civ. Code § 1750 ("CLRA"), California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*, and 17500 *et seq.*, ("UCL"), and the federal RICO statute, 18 U.S.C. § 1962(c).

While Plaintiff may pursue claims against HJA for its alleged fraud, each one of Plaintiff's claims against eBay is barred as a matter of law.  Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c), immunizes Internet companies like eBay from liability for providing an online platform that is allegedly used by third-parties to facilitate wrongful conduct.  Plaintiff's allegations that eBay (i) provided an auction platform that HJA used to engage in shill bidding, (ii) misrepresented the safety of live auctions, and (iii) failed to prevent HJA's fraud each fall squarely within the scope of immunity under the CDA, as

1  recognized in established case law decided on closely analogous facts involving eBay.

2  Accordingly, all of Plaintiffs' claims against eBay should be dismissed as a matter of law.

3       Further, Plaintiff's claims are barred by the contractual agreements with eBay.  Plaintiff

4  admits she is bound by eBay's Live Auction User Agreement, which both (i) fully discloses that

5  eBay cannot and does not guarantee the auctions conducted by HJA and others and (ii) includes a

6  full release of liability against eBay for any disputes a user may have with an auction house.

7  Finally, even setting aside the immunity under the CDA and the contractual release of liability,

8  each of Plaintiff's claims is deficiently pled and requires dismissal on independent grounds.

9  **II.    FACTUAL BACKGROUND**

10       eBay offers a venue for sellers and buyers to connect in live auctions through eBay's

11  website at www.ebayliveauctions.com. (Compl.  ¶¶ 2, 3, 35.)  Through eBay's Internet platform,

12  eBay members participate in auctions held by auction houses and compete with 'floor bidders'

13  who place their bids offline.  (*Id.* at ¶ 3.)  Only registered eBay users may participate in live

14  auctions via eBay's platform (*Id.* at ¶¶ 2-3.)  Floor bidders are not required to register with eBay.

15  (*Id.* at ¶ 3.)  Users of eBay's live auction venue must agree to eBay's User Agreement and eBay's

16  Live Auction User Agreement.  (Compl. ¶ 138; Decl. of Whitty Somvichian ("Somvichian

17  Decl."), Exhs. A and B.[2])  eBay has a policy that strictly forbids "shill bidding" on its platform.

18  (*Id.* at ¶ 47.)

19       eBay contracts with auction houses which utilize eBay's services to sell items using

20  eBay's Internet platform.  (*See id.* at ¶¶ 26, 27, 32.)  Auction houses post their items for sale on

21  eBay's website.  (*See id.* at ¶¶ 26, 30n.1, 37.)  An auction house's policies, procedures, and

22  guarantees all apply to its auctions and eBay members are required to review these policies and

23  procedures prior to registering for and placing bids on each auction. (*See id.* at ¶¶, 33n.5, 29n.1,

24  235.)  If a winning bid is placed, the seller pays the auction house directly and the auction house

25  ships the item to the buyer directly.  (Compl. ¶ 55; Compl. Exh. C.)  eBay does not provide more

26  _____

27  [2]  Plaintiff's Complaint references, but does not attach, eBay's user agreements, *see* ¶ 138.  The various
User Agreements and Web pages referenced in the Complaint are attached to the Declaration of Whitty
Somvichian filed herewith and may be properly considered by the Court for the reasons set forth in eBay's

28  accompanying Request for Judicial Notice.

1    than a venue for auctioneers and potential purchasers to connect via the Internet. (Somvichian

2    Decl. Exh. B § 3.)

3    **III.**    **LEGAL STANDARDS**

4        **A.**    **Rule 12(b)(6) Standards**

5          This Court may dismiss a claim when "there is no cognizable legal theory or an

6    absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250

7    F.3d 729, 732 (9th Cir. 2001).    As the Supreme Court recently emphasized, "labels and

8    conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a

9    motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965-66 (2007). *See also*

10    *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049

11    (9th Cir. 2000) ("Conclusory allegations of law and unwarranted inferences are insufficient to

12    defeat a motion to dismiss for failure to state a claim.").

13        **B.**    **Rule 9(b) Standards.**

14          In addition, the heightened pleading requirements of Rule 9(b) apply to all fraud

15    claims and to all other claims that are "grounded" on allegations of fraud. *Vess v. Ciba-Geigy*

16    *Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (applying Rule 9(b) to CLRA and UCL

17    claims); *Terarecon, Inc. v. Fovia Inc.*, No. C05-4407 CW 2006 WL 1867734 (N.D. Cal. July 6,

18    2006) (applying Rule 9(b) to UCL claim).

19          Rule 9(b) requires Plaintiff to plead with "particularity as to the circumstances of the

20    fraud—this requires pleading facts that by any definition are 'evidentiary': time, place, persons,

21    statements made, explanations of why or how such statements are false or misleading." *In re*

22    *GlenFed Inc. Sec. Litig.*, 42 F.3d 1541 at 1547 n.7 (9th Cir. 1994). *See also Vess,* 317 F.3d at

23    1106 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of

24    the misconduct charged.") (citations omitted); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022–

25    23 (9th Cir. 2000) (the circumstances constituting fraud shall be pled "with a high degree of

26    meticulousness.")    Allegations failing to meet this heightened standard are "disregarded" or

27    "stripped from the claim," and the remaining allegations are evaluated to see if a valid claim has

28    been stated. *Vess,* 317 F.3d at 1105 (quotations omitted).

## IV.   THE CDA PROHIBITS PLAINTIFF'S ATTEMPTS TO HOLD eBAY LIABLE FOR HJA'S WRONGFUL CONDUCT.

To the extent Plaintiff seeks to hold eBay liable for the misconduct of HJA, her claims fail because eBay is immune from liability under the CDA. Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

"By its plain language, § 230 creates a *federal immunity to any cause of action* that would make service providers liable for information originating with a third-party user of the service." *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) (emphasis added).[3] *See also Barrett v. Rosenthal*, 40 Cal.4th 33, 47 (2006) (holding that Section 230 immunity applies even where the service provider has knowledge of a third-party's wrongful conduct because "Congress intended to create a blanket immunity from tort liability for online republication of third-party content"); *Ben Ezra, Weinstein, & Co., Inc. v. America Online, Inc.*, 206 F.3d 980, 985 n.3 (10th Cir. 2000) (Section 230 "eliminat[es] the 'threat [of] tort-based lawsuits' against interactive services for injury caused by 'the communications of others'") (quotations omitted); *Blumenthal v. Drudge*, 992 F. Supp. 44, 49 (D.D.C. 1998) (Section 230 "effectively immunize[s] providers of interactive computer services from civil liability in tort with respect to material disseminated by them but created by others."). Section 230 expressly applies to both federal and state civil causes of action (*see* 47 U.S.C. § 230(e)(3)) and has been applied to claims ranging from statutory violations to negligence and breach of contract.[4]

---

[3] Congress expressly endorsed *Zeran's* interpretation of the immunity created in Section 230 when, in 2002, it enacted new legislation incorporating Section 230 immunity for certain entities. *See* 47 U.S.C. § 941(e)(1). The committee report accompanying the new statute stated: "The courts have correctly interpreted Section 230(c).... The Committee intends these interpretations of Section 230(c) to be equally applicable to those entities covered by [this new legislation]." (H.R. Rep. No. 107-449, 2d Sess., p. 13 (2002).)

[4] *See, e.g., Jane Doe One v. Oliver*, 755 A.2d 1000 (Conn. Super. Ct. 2000); *Doe v. America Online, Inc.*, No. Civ. CL 97-631 AE. 1997 WL 374223 (Fla. Cit. Ct. June 26, 1997), *aff'd* 718 So.2d 390 (1998), review granted 729 So.2d 390 (Fla. Apr. 12, 1999); *Barrett v. Rosenthal*, 40 Cal. 4th 33, 47 (2006).

Here, Plaintiff cannot dispute that eBay qualifies as a provider of an "interactive computer service," which is broadly defined to encompass "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). In fact, the California Court of Appeals has already conclusively determined as a matter of law that eBay is a provider of an "interactive computer service" entitled to immunity under the CDA. *See Gentry v. eBay*, 99 Cal. App. 4th 816, 834 (2002). It is equally clear that HJA is an "information content provider" within the scope of Section 230. *See* 47 U.S.C. § 230(f)(3) (defining "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service").

Accordingly, Plaintiff cannot hold eBay liable under any theory merely for being a conduit of the misrepresentations and other alleged improper conduct of HJA. Nor can Plaintiff circumvent the CDA by alleging (i) that eBay affirmatively misrepresented the safety of live auctions accessed via eBay, or (ii) that eBay knew of HJA's alleged wrongful behavior and failed to protect Plaintiff and other class members from it. The Court in *Gentry* considered these precise types of allegations against eBay and held that they fall squarely within the scope of immunity under the CDA. In terms remarkably similar to the Complaint here, the *Gentry* plaintiffs alleged "that eBay itself misrepresented the safety of purchasing items from the individual defendants and knew or should have known the individual defendants were conducting unlawful practices but failed to ensure they comply with the law." *Id*. at 833. The California Court of Appeal affirmed dismissal of the complaint at issue despite these allegations, noting that "such claims have uniformly been rejected by the courts that have considered them." *Id*. at 835. Plaintiff's claims and allegations are indistinguishable and should also be dismissed as a matter of law.

The California Supreme Court discusses the *Gentry* decision in detail and with approval in *Barrett v. Rosenthal*, 40 Cal. 4th 33, 47 (2006). The *Barrett* Court found that while the legislative history shows Congress recognized the benefits of "active screening by service providers of online content provided by others... *the immunity conferred by Section* 230 *applies even when self-regulation is unsuccessful or completely unattempted.*" *Id*. at 69-70 (emphasis

added).  Thus, Section 230 expressly precludes claims, like Plaintiff's, based on alleged negligent failure to police the activity of third-parties.

## V.    THE EBAY USER AGREEMENTS ARE A COMPLETE BAR TO PLAINTIFF'S CLAIMS

Furthermore, each of Plaintiff's claims should be dismissed in light of eBay's Live Auction User Agreement (*see* Compl. ¶ 138), which contains a clear and unambiguous release of liability in eBay's favor for any dispute that a user may have with an auction house:

> Because we are not involved in the actual transaction between buyers and [auction houses], in the event that you have a dispute with an [auction house], you release eBay (and our officers, directors, agents, parent, subsidiaries, joint ventures, and employees) from claims, demands and damages (actual and consequential) of every kind and nature, known and unknown, suspected and unsuspected, disclosed and undisclosed, arising out of or in any way connected with such disputes.

(Somvichian Decl. Exh. B § 3(3).)  Similarly, eBay's general User Agreement (applicable to all eBay users, including Plaintiff) further provides that:

> You will not hold eBay responsible for other users' actions or inactions, including things they post. You acknowledge that we are not a traditional auctioneer. Instead, the Sites are a venue to allow anyone to offer, sell, and buy just about anything, at anytime, from anywhere, in a variety of pricing formats and venues, such as stores, fixed price formats and auction-style formats. We are not involved in the actual transaction between buyers and sellers. We have no control over and do not guarantee the quality, safety or legality of items advertised, the truth or accuracy of listings, [or] the ability of sellers to sell items….

(*Id.*, Exh. A, Liability Section.)

Plaintiff's claims are expressly prohibited by these releases that she necessarily accepted as a condition of accessing eBay's Website.  Indeed, Plaintiff *admits* that she is bound by the Live Auction User Agreement.  (Compl. ¶¶ 9, 137, 138.)  Accordingly, even if Mazur could articulate any claims that would survive Section 230 (which she cannot), she has already released eBay from liability for those claims.

## VI.    PLAINTIFF'S CLAIMS AGAINST EBAY ALSO FAIL AS A MATTER OF LAW UPON INDEPENDENT SCRUTINY.

### A.    Plaintiff's Fraud Claims Fail As A Matter Of Law.

Even setting aside eBay's statutory immunity and Plaintiff's release of liability

1   under the applicable User Agreements, all of Plaintiff's claims grounded in fraud[5] should be

2   dismissed as a matter of law.  Plaintiff's fraud-based claims fail because they rely on conclusory

3   allegations of misrepresentations that fly in the face of the express terms and conditions of the

4   Live Auction User Agreement which forms her contractual relationship with eBay.  Regardless,

5   Plaintiff does not sufficiently allege actual or justifiable reliance on any alleged

6   misrepresentations published by eBay (and obviously could not in light of the express contractual

7   language embodied in the User Agreement).

8           **1.    Plaintiff's Allegations Of Misrepresentations Are Rebutted By Express
            Statements In The Cited Documents.**
9

10          To support her fraud-based claims, Plaintiff quotes snippets from eBay's

11  website in an attempt to create the false impression that eBay has guaranteed the safety of live

12  auction transactions.  (Compl. ¶¶ 30-34, 60.)  Any such inference, however, disappears when

13  Plaintiff's sound bites are viewed in the full context of eBay's disclosures.[6]  eBay informs its

14  users in clear and unambiguous terms that it only provides a venue, is not involved in the actual

15  transaction between buyer and seller, and does not guarantee any of the goods offered in any

16  auction.  The Live Auction User Agreement states:

17          • "We are not an auction house and are not conducting the live
              auctions.  Our service allows you to participate in live auctions
18            conducted by the [auction houses].  We are solely a passive conduit
              to facilitate communication between you and the [auction house]."
19            (Somvichian Decl. Exh. B § 3(1).)

20          • "We have no control over the quality, safety or legality of the items
              advertised, [or] the truth or accuracy of the listings."  (*Id.* § 3(2).)
21

22          • "We do not control the information that is provided by [auction

---

23  [5] Plaintiff's first, second, third, fourth, sixth, and seventh causes of action are all either express claims for
    fraud or are based on allegations of fraud and should be dismissed for the reasons set forth above.
24  Furthermore, Plaintiff's sixth and seventh counts do not state independent causes of action at all.  Rather,
    those purported counts merely recite Civil Code sections which define actual and constructive fraud in the
25  context of unlawfully inducing a party to enter a contract.  None of Plaintiff's allegations supports a claim
    for fraudulent inducement to enter into a contract.  On the contrary, Plaintiff affirms her contract with
26  eBay by suing on it, alleging eBay's breach of contract.  (*See* Compl. Count 8.)

27  [6] The User Agreements and Web pages referenced in the Complaint and discussed above are attached to
    the Somvichian Declaration and may be properly considered by the Court for the reasons set forth in
28  eBay's accompanying Request for Judicial Notice.

---

houses] and which is made available through our system." (*Id.* at §4.)

- "We do not guarantee that the [auction houses] maintain proper auctioneer's licenses or comply with all laws." (*Id.* § 4.)

- eBay does not "guarantee the performance of any obligations by an [auction house]." (*Id.* § 8)

In light of these unambiguous disclosures – made in the very agreement plaintiff admits she is bound by – the Court should disregard Plaintiff's effort to create the appearance of "misrepresentations" by relying on other isolated statements taken out of context.

The Supreme Court recently applied this very analysis in affirming dismissal of a complaint. In *Twombly,* the plaintiffs alleged that a quoted statement of a defendant's CEO supported the conspiracy claim at issue. 127 S.Ct at 1972 fn 13. The Supreme Court found that the district court properly considered "the full contents of the published articles referenced in the complaint, from which the truncated quotations were drawn" rather than simply accepting Plaintiff's characterizations as true. The Supreme Court then went on to conclude that the alleged statements when viewed in their entirety and in context did not support plaintiffs' claim. *Id. See also Thompson v. Illinois Dept. of Prof'l Regulation,* 300 F.3d 750, 754 (7th Cir. 2002) ("when a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*") (emphasis in original; internal quotes omitted). Similarly, Plaintiff's allegations do not demonstrate any misrepresentations when viewed in the context of the clear disclosures of the Live Auction User Agreement.[7]

Even ignoring the disclosures in the User Agreement, the specific statements upon which Plaintiff relies undermine her allegation that eBay has misrepresented the nature of live auctions. For example, Plaintiff references eBay's webpage which states that "Bidding on eBay Live

---

[7] The terms of the Live User Agreements also conclusively demonstrate that Plaintiffs' allegations made in support of her breach of contract claim are false. (*See* Complt. at ¶ 142.) The Court need not accept Plaintiff's characterizations of eBay's contract obligations when the contract itself affirmatively undermines those allegations. *See Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) (complaint may be dismissed where referenced documents do not support plaintiff's claim) (overruled on other grounds in *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002)).

1    Auctions is very safe." (Compl. ¶ 31n.3.[8])  But this same webpage explains that that the safety

2    results not from any guarantee by eBay but from (i) "satisfaction and authenticity" guarantees

3    from the *auction house* and, (ii) from feedback regarding each auction house provided by *users* of

4    the auction.  (*Id.*)  Specifically, the webpage states:

> Each lot on the Live Auctions site is offered under the auction
> house's terms and conditions of sale for that particular event. They
> usually include both satisfaction and authenticity guarantees.
> Check the auction overview page of any lot that you might be
> interested in for a full description of the terms and conditions of
> sale for that auction. ….
>
> In addition, you can always use the Feedback Forum to instantly
> check the "reputation" or business practices of any eBay member.
> The Feedback Forum is a place where eBay users leave comments
> about each other's buying and selling experiences. If you're a
> bidder, check [the] auction house's Feedback Profile to learn about
> the way they do business before you place a bid.

12    *Id.*

13        Likewise, Plaintiff references a webpage which states that "Participating in Live Auctions

14    using the Internet is safe, easy, and fun!"  (Compl. ¶ 30n.1.[9])  But Plaintiff ignores that this

15    webpage expressly explains that, in order to participate, the buyer must agree to eBay's Live

16    Auction terms and conditions, must sign up for each individual auction with the auction house,

17    must review and agree to the auction house's terms and conditions, and, if the buyer wins an item,

18    must pay the auction house directly for those items, which are guaranteed by the auction house

19    and are shipped directly from the auction house.  (*Id.*)  If anything, the documents on which

20    Plaintiff relies bar any claims that eBay misrepresented the nature and safety of the live auction

21    service.

22        **2.    Plaintiff Fails To Plead That She Read or Relied On Any Of The
          Alleged eBay Statements.**

24        As a further fatal defect to her fraud-based claims, plaintiff fails to allege

---

[8] Quoting http://pages.ebay.com/liveauctions/help/welcome/lasafe.html.  *See* Somvichian Decl. Exh. C.

[9] Quoting http://pages.ebay.com/liveauctions/help/welcome/how_works.html.  *See* Somvichian Decl.
Exh. D.

1    the required element of reliance.[10]   The Complaint is devoid of any factual allegations that

2    Plaintiff relied on any particular eBay representations in deciding to participate in the HJA

3    auctions.   Indeed, she does not even allege that she personally read or reviewed any particular

4    eBay statements at all.   Given these glaring omissions, Plaintiffs' fraud allegations are not

5    sufficient to meet the heightened pleading requirements of Rule 9(b).

6        A Northern District Court recently dismissed a complaint under closely analogous

7    circumstances.   In *Parrish v. National Football League Players Assoc.*, No. C07-00943 WHA

8    2007 WL 2601385 (N.D.Cal. Sept. 6, 2007), the court considered a UCL claim based on alleged

9    misrepresentations on the defendant's Website.   The Court first determined that the heightened

10   pleading standards under Rule 9(b) apply because the UCL claim was predicated on fraud.   *Id.* at

11   *9 ("Section 17200 claims that are grounded in fraud must satisfy the particularity requirements

12   of Rule 9(b)").   The Court went on to dismiss the claim, noting that "Plaintiffs have not alleged

13   that they themselves ... ever saw, heard or relied on defendants' statements, so they fall well

14   short of the satisfying Rule 9(b)."   *Id.* at *9.   Plaintiff's fraud-based claims fail as a matter of law

15   for precisely the same reason.   Indeed, plaintiffs' conclusory allegation of reliance would fail

16   even under basic Rule 8 pleading standards given the lack of any supporting facts to indicate

17   Plaintiff read and relied any eBay statements.   *See Clegg v. Cult Awareness Network*, 18 F.3d

18   752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the

19   form of factual allegations if those conclusions cannot reasonably be drawn from the facts

20   alleged.").[11]   Given the failure to plead any actual misrepresentations or reliance on any

---

[10] Reliance is a basic element of plaintiff's fraud claims. *See* Cal. Civil Jury Instructions (BAJI), § 12.31. Reliance is also a required element of a CLRA claim. *See Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798 at *5-6 (2007)("[P]laintiffs asserting CLRA claims sounding in fraud must establish that they actually relied on the relevant representations or omissions"). Federal courts have also held that actual reliance is required under the UCL, as amended by Proposition 64. *Laster v. T-Mobile USA. Inc.*, 407 F.Supp.2d 1181 (S.D.Cal. 2005) (dismissing UCL claim where "none of the named Plaintiffs allege that they saw, read, or in any way relied on the advertisements; nor do they allege that they entered into the transactions as a result of those advertisements."); *Parrish v. National Football League Players Assoc.*, 2007 WL 2601385 (N.D.Cal. 2007) (dismissing UCL claim where plaintiffs failed to plead reliance on alleged misrepresentations).

[11] *See also Transphase Systems, Inc. v. Southern Cal. Edison Co.*, 839 F. Supp. 711 (C.D. Cal. 1993) (rejecting conclusory allegation of monopoly power where factual allegations were inconsistent with the claim); *Dubbs v. C.I.A.*, 769 F.Supp. 1113, 1115 (N.D.Cal. 1990) ("[C]ourts do not accept as true legal

---

1  misstatements, each of Plaintiff's state law claims grounded in fraud should be dismissed as a

2  matter of law.[12]

3      **B.**    **Plaintiff's Fifth Cause Of Action Relies On A Statute That Has No Application To eBay.**

4

5          Plaintiff's fifth cause of action is based on California Commercial Code

6  section 2328, which on its face applies only to "auctioneers."  Cal. Com. Code § 2328(4).  An

7  "auctioneer" is defined as "any *individual* who is engaged in, or who by advertising or otherwise

8  holds himself or herself out as being available to engage in, the calling for, the recognition of, and

9  the acceptance of, offers for the purchase of goods at an auction."  Cal. Civ. Code § 1812.601(d)

10  (emphasis added).  As a matter of law, eBay cannot violate Section 2328 because it is not an

11  "individual."  One district court has already recognized that eBay is not an auctioneer under

12  California law.[13]  *Butler v. eBay, Inc.*, 06-02704 JW (N.D. Cal. Dec. 13, 2006) (dismissing

13  California Auction Act claims against eBay because "eBay is not an 'auctioneer' or an 'auction

14  company' as defined by the California Auction Act.").[14]

15          Further, eBay does not *conduct* auction sales.  Under California law an "auction" requires

16  the services of an auctioneer who, by "exchanges" with "his or her audience," engages in a

17  "series of invitations for offers for the purchase of goods made by the auctioneer and offers to

18  purchase made by the members of the audience."  Cal. Civ. Code § 1812.601(b).  eBay does not

19  make a "series of invitations for offers."  Rather, it is the auction house itself (like HJA) that

20

---

21  conclusions cast in the form of factual allegations if such conclusions cannot be reasonably drawn from the facts alleged.").

22  [12] The same deficiencies that doom the fraud, CLRA and UCL claims also require dismissal of Plaintiff's

23  federal RICO claim.  Because Plaintiff alleges fraudulent acts as the predicate acts that support her RICO claim (*see* Compl. ¶ 256), Rule 9(b) applies, "requir[ing] that [the] circumstances constituting fraud be

24  stated with particularity."  *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  Because Plaintiff has failed to sufficiently plead fraud, her RICO claim lacks sufficient pleading of

25  any predicate acts and should be dismissed.

26  [13] Moreover, any allegation that eBay is an auctioneer runs afoul of Plaintiff's express acknowledgment when agreeing to the eBay User Agreement, which states "You acknowledge that we are not a traditional

27  auctioneer." (Somvichian Decl., Exh. A, Liability section.)

28  [14] The *Butler* decision is attached for the Court's convenience to the Declaration of Whitty Somvichian In support of Defendant eBay Inc.'s Request for Judicial Notice.

-12-  NOTICE OF MOTION AND MOTION TO DISMISS
C07 3967 MHP

1  makes a series of invitations for offers using eBay's platform. Because eBay is not an auctioneer

2  and does not conduct auction sales, it cannot be liable for a violation of California Commercial

3  Code § 2328 and Plaintiff's fifth cause of action should be dismissed as a matter of law.

4  **C.    Plaintiff's Unjust Enrichment Claim Fails Because Unjust Enrichment Is Not An Independent Claim Under California Law.**

5

6  Plaintiff's ninth cause of action seeks recovery for unjust enrichment. But unjust

7  enrichment is only available when there is no legally enforceable contract between the parties.

8  *Rachford v. Air Line Pilots Assoc. Int'l*, No. C 03-3618 PJH, 2006 WL 1699578, *39-40 (N.D.

9  Cal. June 16, 2006). Moreover, California courts have recognized that a claim for unjust

10  enrichment is not a separate cause of action. *McBride v. Boughton*, 123 Cal. App. 4th 379, 387

11  (2004) ("unjust enrichment is not a cause of action; however, or even a remedy, but rather a

12  general principle, underlying various legal doctrines and remedies."); *Lauriedale Assocs. Ltd. v.*

13  *Wilson*, 7 Cal. App. 4th 1439 (1992), ("the phrase '[u]njust [e]nrichment' does not describe a

14  theory of recovery, but an effect: the result of a failure to make restitution under circumstances

15  where it is equitable to do so."). Thus, Plaintiff's unjust enrichment claim fails as a matter of law.

16  **D.    Plaintiff's Negligence Claims Violate Established Limitations On Tort Actions.**

17

18  Plaintiff's tenth and eleventh causes of action (negligence and negligence per se)

19  should be dismissed as an improper effort to manufacture a tort from a contract dispute. As the

20  Supreme Court explained in *Erlich v. Menezes*, 21 Cal. 4th 543 (1999), "[a]n omission to perform

21  a contractual obligation is never a tort, unless that omission is also an omission of a legal duty."

22  *Id.* at 551. The Court described the recognized exceptions in which a tort claim can be based on

23  an alleged breach of contract (none of which apply here) and summarized that "[i]n each of these

24  cases, the duty that gives rise to tort liability is either *completely independent of the contract* or

25  arises from conduct which is both *intentional and intended to harm*." *Id.* at 552. (emphasis

26  added). The Court explained the basis for the rule as follows:

27  Focusing on intentional conduct gives substance to the proposition
   that a breach of contract is tortuous only when some independent
28  duty arising from tort law is violated. . . . If every negligent breach

of a contract gives rise to tort damages the limitation would be meaningless, as would the statutory distinction between tort and contract remedies.

*Id.* at 554.  The tort claims here are premised on eBay's alleged negligent failure to provide safe auctions.  (Compl. ¶¶ 153, 154, 159.)  This is the very same purported failure that Plaintiff claims constitutes a breach of the contract between Plaintiff and eBay.  (Compl. ¶¶ 138-43.)  Under *Erlich*, Plaintiff's negligence claims thus fail as a matter of law.

Plaintiff's negligence claim also runs afoul of the "economic loss rule."  In *Aas v. Superior Court*, 24 Cal.4th 627, 636 (2000), the California Supreme Court reiterated the economic loss rule as follows: "In actions for negligence, a manufacturer's liability is limited to damages for physical injuries; no recovery is allowed for economic loss alone."  Here, Plaintiff does not allege that she or any class member suffered any personal injury or physical damage to any property.  Instead, plaintiff's tort claims seek recovery for purely economic losses stemming from her alleged purchases of merchandise from HJA.  These alleged damages fall squarely within the prohibition of the economic loss rule and are improper as a matter of law.

## VII.  CONCLUSION

For all of these reasons, Defendant eBay Inc. respectfully requests that this Court dismiss with prejudice, and without leave to amend, Plaintiff's first through eleventh and twenty-first causes of action.

Dated: October 26, 2007

Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
HEATHER C. MESERVY (223782)


_/s/ Whitty Somvichian_

Whitty Somvichian
Attorneys for Defendant eBAY INC.

1    FILER'S ATTESTATION:

2         Pursuant to General Order No. 45, § X(B) regarding signatures, I attest under penalty of

3    perjury that the concurrence in the filing of this document has been obtained from its signatories.

4    Dated:  October 26, 2007

5

6                                          By:  _____/s/ Whitty Somvichian_____
                                                     Whitty Somvichian
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28