# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Edgar Butler, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>eBay Inc.,<br><br>        Defendant. | NO. C 06-02704 JW<br><br>**ORDER GRANTING DEFENDANT EBAY, INC.'S MOTION TO DISMISS THE THIRD CAUSE OF ACTION** |

## I. INTRODUCTION

Edgar Butler ("Plaintiff") brings this diversity action against Defendant eBay, Inc. ("eBay") alleging, *inter alia*, breach of contract, violation of California Business & Professions Code § 17200 et seq, and violation of the California Auction Act (the "Act"). Before the Court is Defendant eBay, Inc.'s Motion to Dismiss Plaintiff's Auction Act Claim. (hereafter, "Motion," Docket Item No. 3). The Court found the motion appropriate for submission without oral arguments. See Civ. L.R. 7-1(b). Based upon the papers submitted to date, the Court GRANTS eBay's motion to dismiss Plaintiff's Third Cause of Action because eBay is not an "auctioneer" or an "auction company" as defined by the California Auction Act.

## II. BACKGROUND

Plaintiff alleges the following:

    Plaintiff is an individual residing in Tarrant County, State of Texas. (Class Action Complaint, hereafter, "Complaint" ¶ 2, Docket Item No. 1.) eBay is a Delaware Corporation with its principal place of business in San Jose, California. (Complaint ¶ 3.)

    eBay describes itself as "The World's Online Marketplace for the sale of goods and services by a diverse community of individuals and small businesses." (Complaint ¶ 19.) The vast majority of items sold on eBay are sold by a bidding system whereby eBay presents an interactive series of invitations for offers for the purchase of goods which increase as eBay buyers respond to these offers with higher and higher bids. Like in a traditional auction, this bidding system, which is devised and managed by eBay, invites offers within an allotted time frame. The seller selects an allotted time frame of generally one, three, five, seven or ten days. The highest bidder at the expiration of the allotted time wins the auction. (Id.)

    Members of eBay who wish to post and sell an item on eBay are referred to as "Sellers." When a Seller selects an allotted time period, e.g., 3 days, the Seller does not receive that full amount of time. Instead, there is a delay between when the allotted time begins to run, and when the item is actually posted and viewable on eBay, and thereby accessible for purchase. As such, the Seller does not receive the full amount of time for which he contracted. When the Seller chooses the 3 day auction, the item is actually posted and available for the sale for less than 72 hours. (Complaint ¶ 21.)

    Plaintiff has repeatedly entered into contractual agreements for posting items for sale on eBay, and paid money to eBay to use its online auction service to post items for sale. (Complaint ¶ 2.) Specifically, within the last two years, Plaintiff sold classic BMW automobile parts on eBay's website on three separate occasions. (Complaint ¶ 22.) The total of the sales by Plaintiff comprised less than $500.00. (Id.)

2

On each occasion, although the eBay listing fee was based on the length of the auction, there was a delay between when his allotted time began to run and when the item was actually posted for sale, and when it was actually viewable on eBay and accessible for bidding purchase. As such, Plaintiff and the Class were paying for "phantom postings." (Complaint ¶ 23.) Their time began to expire minutes to hours before the item was actually viewable and available for sale. (Id.)

On April 20, 2006, Plaintiff filed this action alleging five causes of action: 1) The First Cause of Action for Breach of Contract; 2) The Second Cause of Action for Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 et seq.; 3) The Third Cause of Action for violation of the California Auction Act, Cal. Civ. Code § 1812.600 et seq.; 4) The Fourth Cause of Action for Unjust Enrichment / Common Law Restitution; and 5) The Fifth Cause of Action for Common Count for Money Had and Received.[1] eBay moves to dismiss Plaintiff's California Auction Act claim on the basis that the Act does not apply to eBay as a matter of law.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. A claim may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint. Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998).

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Conclusory allegations of

---

[1] The Fifth Cause of Action is erroneously listed as the "Sixth Cause of Action" in the Complaint.

3

law and unwarranted inferences, however, are insufficient to defeat a motion to dismiss for failure to state a claim. National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000).

## IV. DISCUSSION

eBay contends that its business activities are not subject to the provisions of the Auction Act because the plain language and ordinary meaning of an "auctioneer" and an "auction company" cannot be construed to cover them. (Defendant eBay Inc.'s Motion to Dismiss Complaint, hereafter, "Motion" at 7-8, Docket Item No. 3.) Plaintiff contends that eBay or its individual agent or agents who control the operations of the eBay bidding system for a particular auction is the auctioneer and therefore, the Auction Act applies to eBay. (Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint, hereafter, "Opp'n" at 10, Docket Item No. 13.) The parties' contentions require the Court to interpret the definitions of "auctioneer" and "auction company" as provided by the Act.

In interpreting a statute, the court must ascertain the intent of the legislature as to effectuate the purpose of the law. Burden v. Snowden, 2 Cal. 4th 556, 562 (1992). The court should first turn to the words of the statute to determine the legislative intent. Cal. Teachers Ass'n v. San Diego Cmty. Coll. Dist., 28 Cal. 3d 692, 698 (1981). A basic rule of statutory construction is that the court must give effect "according to the usual, ordinary import of the language" employed in the statute. Id. (citation and internal quotation marks omitted). When the words of the statute are clear, the court "may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." Burden, 2 Cal. 4th at 562.

The "plain meaning" rule, however, does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. Lungren v. Deukmejian, 45 Cal. 3d 727, 735 (1988). The meaning of a statute may not be determined from a single word or sentence. Id. The court must construe the words in context, and provisions relating to the same subject matter must be harmonized to the extent possible. Id. If a literal construction would be contrary to the legislative intent apparent in the statute, then the intent prevails over the latter, and the language

4

1  must be so read as to conform to the spirit of the act. Id. In particular, an interpretation that renders
2  related provisions nugatory must be avoided. Id. Each sentence must be read not in isolation but in
3  the light of the statutory scheme. Id. If a statute is amenable to two alternative interpretations, the
4  one that leads to the more reasonable result will be followed. Id.

5        The California Auction Act regulates the conduct of "auctioneers" and "auction companies."
6  See Cal. Civ. Code § 1812.600 et seq. For the purposes of this motion, the Court need not address
7  the regulations provided by the Act, but only to whom it applies. The Act's relevant definitions are:

8    1)   **"Auction"** mean a sale transaction conducted by means of oral or written exchanges
9          between an auctioneer and the members of his or her audience, which exchanges
          consist of a series of invitations for offers for the purchase of goods made by the
          auctioneer and offers to purchase made by members of the audience and culminate in
10       the acceptance by the auctioneer of the highest or most favorable offer made by a
          member of the participating audience.

11
12    2)   **"Auction company"** means any person who arranges, manages, sponsors, advertises,
          accounts for the proceeds of, or carries out auction sales at locations, including, but
          not limited to, any fixed location, including an auction bar, gallery place of business,
13       sale barn, sale yard, sale pavilion, and the contiguous surroundings of each.

14    3)   **"Auctioneer"** means any *individual* who is engaged in, or who by advertising or
          otherwise holds himself or herself out as being available to engage in, the calling for,
15       the recognition of, and the acceptance of, offers for the purchase of goods at an
          auction.

16
17  Cal. Civ. Code § 1812.601 (a), (c), (d). (emphasis added.)
18        Plaintiff alleges that "eBay, while acting as an auction house and auctioneer conducting
19  auctions in California, refuses to provide consumers with the required protections." (Complaint ¶
20  34.) Plaintiff makes no other factual allegations with respect to how eBay conducts itself as an
21  "auctioneer."
22        The plain language of the Act requires that an auctioneer be an "individual." The ordinary
23  and customary meaning of an "individual" is a natural person, as opposed to a corporation such as
24  eBay. See, e.g., City of Los Angeles v. Animal Defense League, 135 Cal. App. 4th 606, 622-623
25  (2006). In other contexts, the California legislature has made explicit that an individual is a natural
26  person, not a corporation. See, e.g., Cal. Bus. & Prof. Code § 302(e) ("Individual' does not include
27  a partnership, corporation, association, or other group, however organized.") This distinction is also
28

5

illuminated by the Act's adjacent definition of a "person" as "an individual, corporation, . . . or any other form of business enterprise." Cal. Civ. Code § 1812.601(h). The Court finds that eBay is not an "auctioneer" as defined in the Act because eBay is a corporation, not a natural person.

Plaintiff makes two contentions in an effort to save this claim. First, Plaintiff attempts to plead around the Act's definition with the following allegation:

> The Auction Act does not allow eBay to disclaim their status as an auctioneer or an auction company. Nor is there any means by which eBay may contract around California law to waive any of the consumer and public benefit protections afforded to auction bidders under the Auction Act, as Cal. Civ. Code § 1812.609 specifically states that: "waiver of the provisions of this title is contrary to public policy, and is void and unenforceable."

(Complaint ¶ 39.) This allegation is insufficient to save Plaintiff's claim because the issue is not whether eBay could contractually waive the protections of the Auction Act, but rather, whether eBay is an auctioneer to which the Act applies in the first place.

Second, Plaintiff contends in his opposition: "The fact of the matter is that eBay system is not a self-contained system that runs by itself without any human interaction. The system must be programmed and operated by humans, who control its operations." (Opp'n at 9.) These contentions are insufficient because they are mere speculations with respect to eBay's operations; they are not facts alleged in the Complaint. Even if the Court assumes that these contentions are true for the purposes of this motion, Plaintiff's claim still fails. The Act defines an "auction" as "a sale transaction between an auctioneer and the members of his or her audience." However, by Plaintiff's own allegations, eBay forms contracts with "members of eBay who wish to post and sell an item on eBay." (Complaint ¶ 21.) The seller ". . . selects an allotted time, ... [and] the highest bidder at the expiration of the allotted time wins the auction." (Complaint ¶ 19.) Based on the Plaintiff's own factual allegations, it appears that the seller is in control of the sale, not eBay, though eBay may provide the internet software to assist the seller with his selection of "allotted" time for bidding. Thus, the sale transaction is between the seller and the bidder.

Alternatively, Plaintiff alleges that eBay is an "auction company" because eBay arranges, manages, sponsors, advertises, accounts for the proceeds of, and carries out auction sales at its websites. (Complaint ¶ 37.) The Act provides that an auction company must conduct "auction

sales." Cal. Civ. Code § 1812.601(c). The Act defines "auction" as a sale transaction conducted by an auctioneer; and as discussed above, an auctioneer is defined as an "individual." Though the Act does not explicitly provide for a definition of an "individual," the Court finds that the legislature intended "individual" to have its plain and ordinary meaning. Consistent with this plain and ordinary meaning, the definition of "auctioneer" uses "himself or herself" to refer to the auctioneer. In addition, the legislature has made several amendments since the Act was initially drafted in 1993. Had the legislature wanted to revise the definition of auctioneer to include corporations, it would have done so in light of the growth of the World Wide Web since the Act's inception.

The Court finds Plaintiff has failed to allege that eBay is an auctioneer or an auction company as currently defined by the California Auction Act.

## V. CONCLUSION

The Court GRANTS Defendant eBay Inc.'s Motion to Dismiss the Third Cause of Action with prejudice.

Dated: December 12, 2006

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Emily Fawne Burns burnsef@cooley.com
Eric N. Roberson eroberson@mulliganlaw.com
Heather Coe Meservy hmeservy@cooley.com
John C. Dwyer dwyerjc@cooley.com
Lori Ploeger lploeger@cooley.com
Michael Graham Rhodes rhodesmg@cooley.com
Michael Jeffrey Saltz msaltz@jrsfllp.com
Patrick J. Mulligan pmulligan@mulliganlaw.com

Dated:  December 12, 2006                    Richard W. Wieking, Clerk

                                             By:   /s/ JW Chambers
                                                   **Elizabeth Garcia**
                                                   **Courtroom Deputy**

**United States District Court**
For the Northern District of California