COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 550-6000
Facsimile:     (858) 550-6420

COOLEY GODWARD KRONISH LLP
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
101 California Street 5th Floor
San Francisco, CA 94111
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant eBay, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELE MAZUR, On Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EBAY, INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS, HOT JEWELRY AUCTIONS.COM d/b/a PARAMOUNT AUCTIONS, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.  C07 3967 MHP<br><br>**DEFENDANT EBAY'S NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING RESOLUTION OF THE ARBITRATION BETWEEN PLAINTIFF MAZUR AND DEFENDANT HJA**<br><br>Date:     Mon. Dec. 17, 2007<br>Time:     2:00 p.m.<br>Judge:    Hon. Marilyn H. Patel<br>Trial Date:   Not yet set |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

NOTICE OF MOTION AND MOTION TO STAY
C07 3967 MHP

## NOTICE OF MOTION AND MOTION TO STAY

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:

PLEASE TAKE NOTICE that on Monday, Dec. 17, 2007, at 2:00 p.m., or as soon thereafter as this motion may be heard, Defendant eBay Inc. ("eBay") will move the Court for an Order staying the present action until resolution of Plaintiff's arbitration with Defendant Hot Jewelry Auctions.com ("HJA"). This motion to stay is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, eBay's Motion to Dismiss and the Request for Judicial Notice and Declaration filed in support of eBay's Motion to Dismiss, the pleadings on file, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.

## STATEMENT OF ISSUE TO BE DECIDED

Whether eBay is entitled to a stay of litigation pending resolution of the arbitration of Plaintiff's claims against HJA.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

As the Court is aware, defendant HJA has requested that all claims against it be stayed so that HJA and Plaintiff Mazur can resolve their dispute in arbitration. eBay respectfully joins in HJA's motion to stay and further requests that this case be stayed in its entirety as to all defendants until that arbitration is resolved. The arbitration between plaintiff and HJA will determine whether HJA has or has not engaged in the alleged "shill bidding" practices that are the foundation of plaintiffs' case. Staying this litigation in its entirety will serve judicial economy by allowing the arbitration to proceed to determine whether plaintiff can prove the facts that are the essential predicate of her claims against *both* HJA and eBay. If plaintiff cannot prove in the arbitration that HJA engaged in shill-bidding, there will be no need to litigate any claims against eBay in this case, which all derive from that core allegation. In contrast, allowing the case against eBay and the arbitration against HJA to proceed simultaneously would lead to wasteful and duplicative litigation of identical issues and necessarily prejudice the interests of one or both of the defendants, as further discussed below. Accordingly, eBay respectfully requests that if the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.   NOTICE OF MOTION AND MOTION TO STAY
C07 3967 MHP

1  Court grants HJA's motion to stay, that the stay be extended to all claims against all defendants
2  including eBay.[1]

## II. ARGUMENT

### A. Courts Have Consistently Granted Stays in Similar Circumstances.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), embodies a federal policy strongly favoring arbitration. *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987), rehearing denied 483 U.S. 1056. The FAA provides that any litigation between parties bound by an arbitration agreement must be stayed to permit an arbitration to go forward.

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Where a litigation to be stayed pursuant to the FAA also involves additional defendants who are not parties to the arbitration provision, the U.S. Supreme Court has cautioned that "it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration." *See Moses H. Cone Hosp. v. Mercury Contr. Corp.,* 460 U.S. 1, 20 n.23 (1983). Recognizing the Supreme Court's concerns, federal courts have consistently stayed claims against both the arbitrating defendant and a nonarbitrating defendant where (1) the claims against both defendants arise from the same operative facts; (2) the nonarbitrating defendant's liability stems from the arbitrating defendant's liability; and (3) going forward with litigation would thwart the federal policy in favor of arbitration and would adversely affect the arbitrating defendant's right to arbitrate. *Harvey v. Joyce,* 199 F.3d 790, 795-96 (5th Cir. 2000). Other federal courts, including the courts of this District, have granted a global stay under similar circumstances. *See Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 2007 WL 2768995, *16 (N.D. Cal. Sept. 20,

---

[1] If the Court does not stay this case, then eBay requests that the Court address its Motion to Dismiss on the merits and dismiss all of plaintiffs' claims under Rule 12(b)(6).

1  2007) (favoring stay of litigation against non-signatory defendants pending signatories'
2  arbitration because claims against non-signatories "are based upon the same facts" as the claims
3  against signatory defendants); *Fujian Pacific Elec. Co. Ltd. v. Bechtel Power Corp.*, 2004 WL
4  2645974, *6 (N.D. Cal. Nov. 19, 2004) (staying litigation against non-signatory because pursuing
5  litigation while signatories resolve related dispute in arbitration would prejudice signatories'
6  arbitration rights); *Spencer Furniture, Inc. v. Media Arts Group, Inc.,* 349 F. Supp. 2d 49, 53-54
7  (D. Mass. 2003) (staying litigation against non-signatory because pursuing litigation while
8  arbitration analyzes claims "aris[ing] from the same operative facts" would render arbitration
9  proceedings "redundant and meaningless," prejudicing signatories' arbitration rights).

10        The Fifth Circuit's *Harvey* case illustrates the compelling reasons that favor a global stay
11  which squarely apply here. In *Harvey*, plaintiff stockholders sued a stockholder and the
12  corporation, asserting claims for breach of contract, breach of fiduciary duty, and unjust
13  enrichment. The plaintiff and defendant stockholders were bound to arbitrate their claims
14  pursuant to contractual agreement. The corporation, not a signatory to the arbitration agreement,
15  sought to stay the litigation against it pending the arbitration among the other parties. The district
16  court refused to stay the action against the corporation, but the Fifth Circuit Court of Appeals
17  reversed. In its holding, the Fifth Circuit recognized both (i) that simultaneous litigation and
18  arbitration on overlapping issues would be wasteful, and (ii) that permitting litigation to go
19  forward would undermine the important policy objectives of the FAA in favor of arbitration. In
20  particular, the Fifth Circuit stressed that staying litigation is particularly important when *the non-*
21  *signatory's liability derives from the signatory's liability,* and *the claims asserted against the*
22  *non-signatory are based on the same operative facts and thus intertwined with the claims against*
23  *the signatory*:

24        Because [the non-signatory's] potential liability derives from [the
      signatory's] conduct, the claims asserted against [the non-signatory]
25        are based on the same operative facts and are inherently inseparable
      from the claims against [the signatory]. Furthermore, a suit against
26        [the non-signatory] could have a critical impact in the [signatory's]
      arbitration. If [the non-signatory] were forced to try the case, the
27        arbitration proceedings would be both redundant and meaningless;
      in effect, thwarting the federal policy in favor of arbitration.
28        Therefore, we fail to see how litigation could proceed as to [the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.    NOTICE OF MOTION AND MOTION TO STAY
C07 3967 MHP

> non-signatory] without adversely affecting [the signatory's] right to arbitrate.

*Harvey,* 199 F.3d at 795-96 (internal citations omitted).

### B. This Action Should Be Stayed In Its Entirety Pending Resolution of the Arbitration Between Plaintiff and HJA.

Each of the factors recognized in *Harvey* and similar cases as favoring a global stay of litigation is present here. First, the claims against both HJA and eBay arise from precisely the same operative facts. All of Plaintiff's claims arise from allegations that HJA engaged in "shill bidding" that unlawfully increased the sale prices of jewelry auctioned via www.liveauctions.eBay.com. Plaintiff seeks to hold HJA directly liable for her damages stemming from those alleged shill-bidding practices. And she seeks to hold eBay *indirectly* liable for (i) providing a venue for the alleged shill-bidding, (ii) failing to prevent the shill-bidding, and (iii) making representations inconsistent with shill-bidding. Thus, Plaintiff's causes of action against both HJA and eBay all stem from the same factual predicate.

Second, any potential liability that eBay faces in this litigation is entirely derivative of HJA's liability. None of the causes of action asserted against eBay is viable unless Plaintiff can prove that HJA breached its agreement or otherwise violated the law by engaging in the shill-bidding practices alleged in the Complaint. Plaintiff has not alleged any claim against eBay (nor could she) that could possibly proceed if she is unable to show that HJA in fact engaged in shill-bidding on eBay's Website.[2]

Under these circumstances, the litigation against eBay should be stayed so that the foundational issues of HJA's alleged conduct can first be resolved in the arbitration with HJA.

---

[2] Not only does this factor weigh in favor of staying Plaintiff's claims against eBay pending resolution of Plaintiff and HJA's arbitration, but it militates in favor of granting eBay's motion to dismiss Plaintiff's claims based on eBay's immunity under the Communications Decency Act, 47 U.S.C. § 230 ("CDA"). The CDA prohibits Plaintiff from holding eBay liable for being a conduit of the misrepresentations and other alleged improper conduct of HJA. Furthermore, Plaintiff cannot circumvent the CDA by alleging (i) that eBay affirmatively misrepresented the safety of live auctions accessed via eBay, or (ii) that eBay knew of HJA's alleged wrongful behavior and failed to protect Plaintiff and other class members from it. *See Gentry v. eBay,* 99 Cal. App. 4th 816, 833-34 (2002).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

NOTICE OF MOTION AND MOTION TO STAY
C07 3967 MHP

Most critically, the arbitration will determine whether or not HJA in fact engaged in the shill bidding practices alleged in the complaint. If HJA did not, then Plaintiff's claims against eBay will necessarily fail. Accordingly, the Court should stay Plaintiff's action against eBay until the arbitration is resolved, to avoid the needless burden and expense that would be imposed on the parties and the Court from litigation that may ultimately turn out to be entirely moot, and the substantial risks for confusion and inconsistent results that would arise from duplicative proceedings.

Further, as in *Harvey*, proceeding with the litigation as to eBay would adversely affect HJA's right to arbitrate and thwart the federal policy in favor of arbitration. If the stay is limited to HJA and not extended to eBay as well, Plaintiff would be able to circumvent the FAA-mandated stay because litigating the claims against eBay would necessarily require discovery and other proceedings targeted at HJA. Allowing this case to proceed against eBay would therefore disrupt the arbitration proceedings with HJA and potentially render them redundant or meaningless. *See generally Fed. Ins. Co. v. Super. Ct.*, 60 Cal. App. 4th 1370, 1374-5 (1998) (analyzing California's arbitration act to overturn trial court's refusal to stay litigation while an arbitration was pending). On the other hand, if discovery in this matter is stayed as to HJA but litigation is otherwise allowed to proceed against eBay, eBay would be prevented from adequately investigating the facts needed to defend against Plaintiff's claims, which all stem from the alleged conduct of HJA. In either case, having a limited stay covering only HJA would unfairly prejudice the interests of one or both of the defendants.

In contrast, a stay would protect the rights of all parties by preserving the status quo until the arbitration is resolved. Plaintiff will not be prejudiced in any way by a global stay of this case pending resolution of the arbitration. eBay has already instituted evidence preservation practices with respect to evidence that is potentially relevant in this action. Thus, Plaintiff will be able to proceed with this case after the arbitration is resolved if her claims against eBay remain viable at that point. Any harmless inconvenience potentially caused by a stay is overwhelmingly outweighed by the benefits of promoting the federal policy in favor of arbitration and avoiding duplication of effort, unnecessary litigation burden and expense, and the possibility of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.   NOTICE OF MOTION AND MOTION TO STAY
C07 3967 MHP

inconsistent outcomes.

### III. CONCLUSION

For the foregoing reasons, eBay respectfully requests that this Court enter an order staying the litigation of Plaintiff's claims against eBay until after the arbitration between Plaintiff and HJA is resolved.

Dated:  November 12, 2007

Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
HEATHER C. MESERVY (223782)

 /s/Heather C. Meservy
Heather C. Meservy (223782)
Attorneys for Defendant eBay Inc.
Email:  hmeservy@cooley.com

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

NOTICE OF MOTION AND MOTION TO STAY
C07 3967 MHP

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2007, I electronically filed the foregoing **DEFENDANT EBAY'S NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING RESOLUTION OF THE ARBITRATION BETWEEN PLAINTIFF MAZUR AND DEFENDANT HJA** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

Craig Stuart Lanza  
email: clanza@balestriere.net

Matthew A. Siroka  
email: mas@defendergroup.com  
jb@balestriere.net

Stephen Scott Walters  
email: SWalters@allenmatkins.com

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California on this 12th day of November, 2007 to the following listed addresses.

John Balestriere  
Balestriere PLLC  
225 Broadway  
Suite 2700  
New York, NY 10007

/s/ Kendra A. Jones  
Kendra A. Jones  
COOLEY GODWARD KRONISH LLP  
4401 Eastgate Mall  
San Diego, CA 92121-1909  
Telephone: (858) 550-6000  
FAX: (858) 550-6420  
Email: kjones@cooley.com