1  CRAIG STUART LANZA *
2  JOHN BALESTRIERE *
   WILLIAM S. HOLLEMAN†
3  **BALESTRIERE PLLC**
   225 Broadway, Suite 2700
4  New York, NY 10007
5  Telephone: (212) 374-5404
   Facsimile:   (212) 208-2613
6  * *Pro Hac Vice* application pending

7  MATTHEW A. SIROKA (233050)
8  **LAW OFFICE OF MATTHEW A. SIROKA**
   600 Townsend Street, Suite 233050
9  San Francisco, CA 94103
10 Telephone: (415) 522-1105
   Facsimile:   (415) 522-1506
11 Email:     mas@defendergroup.com
   *Attorneys for Plaintiff and the Class*
12

13              UNITED STATES DISTRICT COURT
14            NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION
15

16 **MICHELLE MAZUR, On Behalf of**          Case No. C 07 3967 MHP
   **Herself and all Others Similarly**
17 **Situated,**
                                            **MEMORANDUM OF LAW**
18                          Plaintiff,       **IN OPPOSITION TO**
                                            **DEFENDANT EBAY'S**
19        v.                                **MOTION TO DISMISS**
                                            **COMPLAINT PURSUANT**
20 **EBAY, INC., HOT JEWELRY**              **TO FED. R. CIV. P. § 12(b)(6)**
   **AUCTIONS.COM d/b/a JEWELRY**
21 **OVERSTOCK AUCTIONS.COM d/b/a**
   **PARAMOUNT AUCTIONS, and DOES**
22 **1-100, inclusive**

23                          Defendants.

24

25

26

27

28 / / /

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

ARGUMENT .......................................................................................................................... 1

    I.     The Complaint States a Claim for Relief Based on Fraud and Deceit..................... 1

          A.     The Communications Decency Act Does Not Immunize eBay from Consumer Fraud .................................................................................... 2

          B.     eBay is Attempting Improperly to Convert the CDA from a Shield into a Sword in the Service of Fraud...................................................... 4

          C.     The User Agreement Does Not Shield eBay from Liability for its Misconduct .................................................................................... 5

          D.     eBay Should Be Held Liable for its Unjust Enrichment and Negligence .... 6

          E.     Plaintiff's Fraud Claim Is Properly Alleged ................................................ 7

    II.     Prayer for Right to Amend in the Alternative ......................................................... 8

CONCLUSION ....................................................................................................................... 9

## **TABLE OF AUTHORITIES**

### **Cases**

*Anthony v. Yahoo! Inc.,* 421 F. Supp.2d 1257 (N.D. Cal. 2006)...................................................... 3, 8

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696 (9th Cir. 1988) .................................................. 1

*Blumenthal v. Drudge,* 992 F. Supp. 44 (D.D.C. 1998)................................................................... 3

*Carafano v. Metrosplash.com, Inc.,* 339 F.3d 1119 (9th Cir. 2003)................................................ 3

*Dinosaur Dev. Co. v. White*, 216 Cal. App. 3d 1310 (Cal. Ct. App. 1989) .................................... 7

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ........................................ 8

*Erlich v. Menezes*, 21 Cal. 4th 543 (Cal. 1999) ............................................................................. 7

*Ford v. Shearson Lehman American Express, Inc.*, 180 Cal. App. 3d 1011 (Cal. Ct. App. 1986).. 6

*Frank v. Tavares*, 142 Cal. App. 2d 683 Cal. Ct. App. 1956) ........................................................ 7

*Hotels Nevada v. L.A. Pacific Center, Inc.*, 144 Cal. App. 4th 754 (Cal. Ct. App. 2006)............... 6

*Ind. Bell Tel. Co. v. Ward,* No. IP 02-170-C H/K, 2002 WL 32067296 (S.D. Ind. 2002) ............. 8

*Katz v. A.J. Ruhlman & Co.*, 69 Cal. App. 2d 541 (Cal. Ct. App. 1945)......................................... 4

*Lauriedale Associates, Ltd. v. Wilson*, 7 Cal. App. 4th 1439 (Cal. Ct. App. 1992)........................ 7

*Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003)............................................................................. 4

*McBride v. Boughton*, 123 Cal.App.4th 379 (Cal. Ct. App. 2004) ................................................. 6

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ........................................ 1

*Santa Maria v. Pacific Bell,* 202 F.3d 1170 (9th Cir. 2000)........................................................... 5

*Tresway Aero. Inc. v. Superior Court*, 5 Cal.3d 431 (Cal. 1971) ................................................... 4

*Zeran v. America Online, Inc., 129 F.3d 327* (4th Cir. 1997).......................................................... 3

### **Statutes**

Communications Decency Act, 47 U.S.C. § 230................................................................ 1, 2, 3, 5

Fed. R. Civ. P. Rule 15(a) ............................................................................................................. 8

1   Plaintiff Michele Mazur ("Plaintiff"), by her attorneys, Matthew A. Siroka and Balestriere

2   PLLC, respectfully submits this Memorandum of Law in opposition to Defendant eBay's ("eBay"

3   or "Defendant") Motion to Dismiss the Complaint dated August 30, 2007 ("Complaint"),

4   pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5   ## PRELIMINARY STATEMENT

6   Defendant's Motion to Dismiss the Complaint rests on a fundamental misunderstanding of

7   Plaintiff's allegations.  Defendant asserts, under its own user agreement and under the

8   Communications Decency Act (the "CDA"), 47 U.S.C. § 230, that Defendant "cannot be held

9   liable under any theory merely for being a conduit of the misrepresentations and other alleged

10  improper conduct" of its co-Defendant Hot Jewelry Auctions ("HJA"). (Def. eBay's Mot.

11  Dismiss 6.)

12  However, Plaintiff's allegations are not that Defendant should be held liable for being a

13  mere conduit but, that Defendant's should be held liable for its own knowing fraudulent

14  misrepresentations.  Defendant's self-serving arguments all rest on this fundamental flaw and

15  Defendant's motion should be denied. [1]

16  ## STATEMENT OF FACTS

17  For a complete rendition of the facts alleged, Plaintiff respectfully refers the Court to the

18  Complaint.

19  ## ARGUMENT

20  I.    THE COMPLAINT STATES A CLAIM FOR RELIEF BASED ON FRAUD AND

21         DECEIT

22  Defendant has an extremely high standard to meet, as dismissal under Rule 12(b)(6) is

23  proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence

24  of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*,

25  901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,

26  533–34 (9th Cir. 1984)).  In addition, the Court must accept the facts alleged in the complaint as

27

28  [1] Plaintiff does not challenge Defendant's contemporaneously filed request for Judicial Notice
    dated October 26, 2007.

true. *See id.*

A. **The Communications Decency Act Does Not Immunize eBay from Consumer Fraud**

Defendant asserts that the CDA enables eBay to knowingly make misleading and fraudulent statements to consumers for profit. The CDA does not shield Defendant for its own liability arising from its own statements, vouching for HJA, and affirming the safety of what it knows to be an avenue for perpetrating fraud. The CDA provides in pertinent part that no "interactive computer service" will be liable for publication of "any information provided by *another* information content provider" 47 U.S.C. § 230(c)(1) (emphasis added). An "interactive computer service" is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). An "information content provider" is "any person or entity that is responsible, in whole or *in part,* for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3) (emphasis added).[2]

Plaintiff's complaint alleges that eBay—*not Hot Jewelry Auctions*—misleads consumers by vouching for live auctions, saying they are "very safe," "carefully screened," and "conducted by reputable auction houses." (Compl. ¶¶ 30–34.) eBay makes such statements in order to increase its own profits. (Compl. ¶¶ 57–66.) Thus, eBay's statements are not a mere publication of another Internet content provider's words. Rather, eBay acts as an Internet content provider itself by making its own false statements regarding the service that eBay provides. The CDA offers it no protection.

The fact that HJA is also committing fraud does not absolve eBay "from liability for any

---

[2] eBay may simultaneously be both an "information content provider" and an "interactive computer service" provider. *See Anthony v. Yahoo! Inc.,* 421 F. Supp. 2d 1257, 1263 (N.D. Cal. 2006) (citing *Gentry v. Ebay, Inc.,* 99 Cal. App. 4th 816, 833 (Cal. Ct. App. 2002) ("It is not inconsistent for eBay to be an interactive service provider and also an information content provider; the categories are not mutually exclusive. The critical issue is whether eBay acted as an information content provider with respect to the information that appellants claim is false or misleading.")).

1    *accompanying* misrepresentations." *Anthony v. Yahoo! Inc.,* 421 F. Supp. 2d 1257, 1263 (N.D.

2    Cal. 2006).  In *Anthony*, Yahoo! Inc. ("Yahoo") was found to be both an "information content

3    provider" and an "interactive computer service." *Id.*  Yahoo could not escape liability pursuant to

4    a motion to dismiss by publishing third party created Internet profiles while additionally making

5    fraudulent misrepresentations about such profiles. *See id.*  The court in *Anthony* expressly rejected

6    Yahoo's position, which is identical to eBay's.  Both Yahoo and eBay had partners in fraud, but

7    in both cases they cannot seek absolution merely because their partners also committed fraud—

8    Yahoo and eBay themselves made fraudulent statements.  The court even distinguished the same

9    cases eBay cites in its Motion to Dismiss. *See id.*

10       Indeed, eBay can provide no case to support its fantastic claim that the CDA immunizes

11   eBay from its *own* fraudulent misconduct.  Each and every case that eBay cites involves the CDA

12   applying to a publication of *another* party's statements. *See, e.g.*, *Carafano v. Metrosplash.com,*

13   *Inc.,* 339 F.3d 1119, 1124 (9th Cir. 2003) (CDA applies to negligence claims against an Internet

14   dating service relating to a third party's creation of false profile using plaintiff's identity); *Zeran*

15   *v. America Online, Inc.*, 129 F.3d 327, 329 (4th Cir. 1997)  (America Online sued for failing to

16   remove a posting by *another* party on an Internet bulletin board); *Blumenthal v. Drudge*, 992 F.

17   Supp. 44, 50 (D.D.C. 1998) (America Online sued for statements made by *another* party: gossip

18   columnist Matt Drudge).  The CDA protects parties who distribute statements, not those who

19   make the statements themselves.

20       eBay relies on *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 831 (Cal. Ct. App. 2002), to

21   support the bizarre assertion that Plaintiff cannot "circumvent" the CDA by "alleging (i) that

22   eBay affirmatively misrepresented the safety of live auctions accessed via eBay, or (ii) that eBay

23   knew of HJA's alleged wrongful behavior and filed to protect Plaintiff and other class members

24   from it." (Mot. Dismiss 6).  However, *Gentry* involved a claim of eBay's alleged liability for a

25   third party's sale of forged autographs—where eBay did not itself commit any fraud—and cannot

26   used to support Defendant's position here. *See id.*  In *Gentry*, plaintiffs alleged that eBay had

27   engaged in *negligent misrepresentation* by (i) posting their co-defendant's fraudulent statements

28

1    and (ii) by publishing positive feed-back on eBay's "Feedback Forum." *Id.* at 832–35.[3]  The court

2    correctly found that in both instances eBay was merely publishing someone else's statements

3    (either those of eBay's co-defendant or of the participants on the "Feedback Forum") and that

4    eBay could not be held liable for the statements of others. *See id.*  Here, eBay is accused of

5    making its *own* misrepresentations and of doing so in order to inflate its *own* profits.  Thus,

6    *Gentry* is totally inapposite, and eBay's motion should be denied.

7    **B.    eBay is Attempting Improperly to Convert the CDA from a Shield into a**

8    **Sword in the Service of Fraud**

9        Defendant has long known of the problem of shill bidding—having been sued for this

10   before—and may not seek relief from its liability through clever arguments regarding the CDA.

11   Courts have recognized and applied the legal principle that a defendant may properly rely upon a

12   statute as a defensive shield against a claim, but may be equitably estopped from using a statute

13   as a sword in an attempt to profit unjustly from its own fraud. *See, e.g.*, *Katz v. A.J. Ruhlman &*

14   *Co.*, 69 Cal. App. 2d 541 (Cal. Ct. App. 1945) (probate administrator told defendant it need not

15   file a formal claim and was then was equitably estopped from refusing payment because no claim

16   was filed); *Tresway Aero. Inc. v. Superior Court*, 5 Cal.3d 431, 440 (Cal. 1971) (explaining that

17   "[a] person may not lull another into a false sense of security by conduct causing the latter to

18   forebear to do something which he otherwise would have done and then take advantage of the

19   inaction caused by his own conduct").  "Equitable estoppel focuses on the defendant's wrongful

20   actions preventing the plaintiff from asserting his claim." *See Leong v. Potter*, 347 F.3d 1117,

21   1123 (9th Cir. 2003) (explaining equitable estoppel but declining to apply it where the

22   defendant's actions did not prevent the plaintiff from asserting a claim).  Indeed, "[a] finding of

23   equitable estoppel rests on the consideration of a non-exhaustive list of factors, including . . .

24   evidence of improper purpose on the part of the defendant, or of the defendant's actual or

25   constructive knowledge of the deceptive nature of its conduct . . . ." *See Santa Maria v. Pacific*

26   ---------------------

[3] Plaintiffs *Gentry* had further alleged that eBay had negligently stated that a gold star rating in
27   the "Feedback Forum" was "worth its weight in gold." *Id.* at 835.  The court found that eBay
      could not be held liable for such a statement since it is a clear statement of opinion. *Id.* Here,
28   Defendant eBay's statements regarding their live auctions (i.e., that they are carefully screened)
      are clearly factual.

*Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (outlining factors considered when applying equitable estoppel but declining to apply it in this case). Defendant here knew about the shill bidding, and intended to profit from it, so Defendant may not seek refuge in the CDA's protections.

In 2005, Defendant was sued for shill bidding conducted during its live auctions, a manifestly perennial problem. *See* First Amended Complaint, *Farris v. GoAntiques, Inc.*, No. 2:05-CV-227 (S.D. Ohio June 24, 2005). At that time, eBay invoked the CDA. *See* eBay Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint at 2, 4–14, *Farris v. GoAntiques, Inc.*, No. 2:05-CV-227 (S.D. Ohio Mar. 31, 2006). *After* eBay invoked the same CDA defense in 2005 and *after* eBay had been put on notice that shill bidding was common on live auction sites, eBay intentionally made further misrepresentations regarding the safety and the careful screening of the live auctions, relying on a perceived immunity allegedly conferred by the CDA.

The wrongful nature of eBay's actions here is evident. eBay is not using the CDA as intended: a safe-harbor designed to absolve innocent interactive computer service providers from third party liability and foster freedom of expression on the Internet. *See* 47. U.S.C. § 230(b) (summarizing the various policy goals of the CDA). Rather, eBay has concluded that the CDA makes eBay untouchable and is thus now relying on the CDA in order to make knowing misrepresentations to consumers for profit. eBay has wrongfully interpreted the CDA as a facilitator of consumer fraud, and thus, eBay should be estopped from relying on it.

**C.    <u>The User Agreement Does Not Shield eBay from Liability for its Misconduct</u>**

1.    <u>The User Agreement Does Not Immunize Defendant from its Own Fraud</u>

Defendant eBay's User Agreement ("User Agreement") does not insulate Defendant from liability for its own fraud, so Defendant's reliance upon the User Agreement in this case is unavailing. Defendant asserts that the User Agreement immunizes eBay from *any* liability for misrepresentations made to consumers. (Mot. Dismiss 11.) However, the sections of the User Agreement on which Defendant relies all contemplate Defendant's non-liability ("as a passive conduit") for the actions of auction houses, *not* for its own actions. *See id.* However, the User

1  Agreement is simply not relevant here since Defendant eBay is being accused of *directly*

2  *committing fraud*. (Compl. ¶¶ 15–24.)

3         As recently as 2005, eBay knew that shill bidding was rampant on the live auctions

4  website.  Yet, eBay itself chose to lie to consumers and misstate the safety of the auctions and

5  indicate that they were "carefully screened."  As the Complaint clearly states, this is Defendant

6  eBay's fraud alone.  Thus, eBay is not a mere passive conduit here, and the user agreement is

7  inapplicable.

8                      2.      The User Agreement Is Void Because it Was Procured by Fraud

9         In addition, the User Agreement between Plaintiff and eBay is void because it was

10  procured by fraud.  Fraud in the inducement occurs when a party's "consent is *induced* by fraud,"

11  even though he may fully understand what he is signing. *Hotels Nevada v. L.A. Pacific Center,*

12  *Inc.*, 144 Cal. App. 4th 754, 763 (Cal. Ct. App. 2006) (quoting *Ford v. Shearson Lehman*

13  *American Express, Inc.*, 180 Cal. App. 3d 1011, 1028 (Cal. Ct. App. 1986) (emphasis in

14  original)).

15         Here, before Plaintiff saw the User Agreement, she had already been exposed to

16  Defendant's misrepresentations that the auctions were "safe auctions" that were "carefully

17  screened," and these misrepresentations were designed to induce Plaintiff to accept the User

18  Agreement and to utilize Defendant eBay's services.  Despite Defendant's argument, no

19  disclaimer can mitigate the fraudulent nature of these misrepresentations.  Thus, the User

20  Agreement is void and does not bar any claims against Defendant, and Defendant's Motion to

21  Dismiss should be denied.

22         **D.     eBay Should Be Held Liable for its Unjust Enrichment and Negligence**

23                      3.      Plaintiff Has Adequately Pled a Claim for Unjust Enrichment

24         Defendant eBay argues for the dismissal of Plaintiff's unjust enrichment claim by relying

25  on one case—*McBride v. Boughton*, 123 Cal.App.4th 379 (Cal. Ct. App. 2004)—to suggest that

26  there is no cause of action for unjust enrichment in California. (Mot. Dismiss 13).  However,

27  Defendant too selectively quotes *McBride*, which does not substantiate Defendant's overbroad

28  contention.  The court in *McBride* states that **"**[u]njust enrichment is not a cause of action,

1    however, or even a remedy, but rather a general principle, underlying various legal doctrines and

2    remedies. *It is synonymous with restitution*." *Id.* at 387 (internal quotations and ellipses omitted)

3    (emphasis added).  The court then construed McBride's unjust enrichment claim as one for

4    restitution. *See id.*; *see also Lauriedale Assocs. Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (Cal.

5    Ct. App. 1992) (similarly construing a claim for unjust enrichment as a valid one for restitution).

6        As both *McBride* and *Lauridale Associates* illustrate, courts essentially read claims of

7    unjust enrichment as claims for restitution and will not dismiss claims merely because they are

8    labeled as "unjust enrichment."  In fact, it should be emphasized that "'there is no particular form

9    of pleading necessary to invoke the doctrine' of restitution." *See Dinosaur Dev. Co. v. White*, 216

10   Cal. App. 3d 1310, 1315 (Cal. Ct. App. 1989) (quoting *Frank v. Tavares*, 142 Cal. App. 2d 683,

11   689 (Cal. Ct. App. 1956)).

12       Here, the Complaint actually uses the term restitution. (Compl. ¶ 150.)  Indeed, Defendant

13   eBay is engaging in a game of semantics; and whether the cause of action is labeled unjust

14   enrichment or restitution, Defendant is liable.

15           4.    Plaintiff Has Stated a Valid Negligence Claim against Defendant

16       Plaintiff has sufficiently made out a claim against Defendant for negligence, and

17   Defendant's arguments to the contrary fail to address the nature of the allegations in Plaintiff's

18   Complaint.  Defendant argues that negligence applies only for injuries suffered in tort, not for

19   breaches of contract, and, accordingly, that Plaintiff's Complaint should be dismissed. (Mot.

20   Dismiss 13–14.)  Defendant is being sued for fraud, not breach of contract.  Accordingly,

21   Defendant's reliance on *Erlich v. Menezes*, 21 Cal. 4th 543 (Cal. 1999) (holding that a defendant

22   may not be liable for negligent breach of contract), is misplaced, as *Erlich* involved only a claim

23   of breach of contract, not of fraud.  Therefore, Defendant's arguments with respect to both unjust

24   enrichment and negligence must fail, and Defendant's motion should be denied.[4]

25       **E.**    **Plaintiff's Fraud Claim Is Properly Alleged**

26       Contrary to Defendant's assertion, Plaintiff has adequately and properly pled reliance.

27

28   [4] Plaintiff concedes that Defendant eBay is not liable as a traditional auctioneer under the
     applicable California statute and thus withdraws this claim as to Defendant eBay.

1   Plaintiff's Complaint clearly states that Plaintiff has relied on eBay's statements. (Compl. ¶ 260.)

2   Moreover, the higher pleading standard of "Rule 9(b) applies to the specifics of alleged

3   misrepresentations, but the notice pleading requirements of Rule 8 apply to other aspects of the

4   plaintiff's complaint, such as . . . reliance." *Anthony v. Yahoo! Inc.*, 421 F. Supp. 2d 1257, 1264

5   (N.D. Cal. 2006) (quoting *Ind. Bell Tel. Co. v. Ward,* No. IP 02-170-C H/K, 2002 WL 32067296

6   (S.D. Ind. 2002)).  Plaintiff has specifically alleged reliance and is not held to a higher standard

7   here.  Defendant's argument fails, and Defendant's motion should be denied.

8   ## II.    PRAYER FOR RIGHT TO AMEND IN THE ALTERNATIVE

9   After a response to a complaint has been made, "a party may amend the party's pleading

10  only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. Rule 15(a).

11  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that

12  the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316

13  F.3d 1048, 1052 (9th Cir. 2003) (permitting the plaintiffs to amend because plaintiffs' claims

14  were not frivolous and were pled in good faith).  Thus, if the Court disagrees with Plaintiff's

15  arguments and believes that the Complaint should be dismissed, Plaintiff respectfully request the

16  right to amend the Complaint so that it may plead Plaintiff's causes of action in a manner found

17  proper by this Court.

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

The Complaint tells a story of fraud and other misconduct perpetrated by Defendant eBay, alone and in concert with Defendant HJA, and, therefore, should not be dismissed, either in whole or in part.

Dated:    San Francisco, California        Respectfully submitted,
          December 6, 2007

                                           /s/ Matthew A. Siroka
                                           MATTHEW A. SIROKA (CASBN 233050)
                                           **LAW OFFICE OF MATTHEW A. SIROKA**
                                           600 Townsend Street, Suite 233050
                                           San Francisco, CA 94103
                                           Telephone:    (415) 522-1105
                                           Facsimile:    (415) 522-1506
                                           Email:        mas@defendergroup.com

                                           CRAIG STUART LANZA
                                           JOHN BALESTRIERE
                                           WILLIAM S. HOLLEMAN
                                           **BALESTRIERE PLLC**
                                           225 Broadway, Suite 2700
                                           New York, NY 10007
                                           Telephone:    (212) 374-5404
                                           Email:        clanza@balestriere.net
                                           *Attorneys for Plaintiff and the Class*

---

[†] Admission pending to the New York State Bar.

BALESTRIERE PLLC
ATTORNEYS AT LAW
SILICON VALLEY