CRAIG STUART LANZA *
JOHN BALESTRIERE *
WILLIAM S. HOLLEMAN†
**BALESTRIERE PLLC**
225 Broadway, Suite 2700
New York, NY 10007
Telephone: (212) 374-5404
Facsimile:   (212) 208-2613
* *Pro Hac Vice* application pending

MATTHEW A. SIROKA (233050)
**LAW OFFICE OF MATTHEW A. SIROKA**
600 Townsend Street, Suite 233050
San Francisco, CA 94103
Telephone: (415) 522-1105
Facsimile:   (415) 522-1506
Email:       mas@defendergroup.com
*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHELLE MAZUR, On Behalf of Herself and all Others Similarly Situated,**<br><br>                    Plaintiff,<br><br>          v.<br><br>**EBAY, INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS.COM d/b/a PARAMOUNT AUCTIONS, and DOES 1-100, inclusive**<br><br>                    Defendants. | Case No. C 07 3967 MHP<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EBAY'S MOTION TO STAY PENDING ARBITRATION** |

///

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.    Defendant eBay's Motion to Stay Should Be Denied Because Arbitration Is Improper in this Case ........................................................................................ 1

    II.    Defendant eBay's Motion to Stay Should Be Denied Because the Arbitration Cannot, by the Terms of the Arbitration Clause, Determine Any Relevant Facts ... 1

    III.    Defendant eBay's Motion to Stay Should be Denied Because Plaintiff and the Class's Claims Against eBay Are Not Dependent on the Actions of HJA ............... 2

CONCLUSION ........................................................................................................................ 4

# **TABLE OF AUTHORITIES**

**Cases**

*Amisil Holdings Ltd. v. Clarium Capital Management*, 2007 WL 2768995 (N.D. Cal. Sept. 2007) ........................................................................................................................................... 3

*Fujian Pacific Electric Co. Ltd. v. Bechtel Power Corp.*, 2004 WL 2645974 (N.D. Cal. Nov. 19, 2004) ................................................................................................................................. 3

*Harvey v. Joyce*, 199 F.3d 790 (5th Cir. 2000) .................................................................. 3

*Moses H. Cone Hosp. v. Mercury Contr. Corp.*, 460 U.S. 1 (1983) ................................... 2

*Spencer Furniture, Inc. v. Media Arts Group, Inc.*, 349 F. Supp. 2d 49 (D. Mass. 2003)............... 3

**Statutes**

9 U.S.C. § 3 ........................................................................................................................ 1

1  Plaintiff Michele Mazur ("Plaintiff"), by her attorneys, Matthew A. Siroka and Balestriere
2  PLLC, respectfully submits this Memorandum of Law in opposition to Defendant eBay's ("eBay"
3  or "Defendant") Motion to Stay further proceedings in this case pending arbitration pursuant to 9
4  U.S.C. § 3.

## PRELIMINARY STATEMENT

6  Defendant's Motion to Stay pending arbitration is improper. The flawed arguments made
7  in co-Defendant Hot Jewelry Auctions.com's ("HJA") Motion to Stay notwithstanding, eBay's
8  Motion fails independently since the claims against eBay are not indirect at all, but turn
9  completely on the actions of eBay itself.

## STATEMENT OF FACTS

11  For a complete rendition of the facts alleged, Plaintiff respectfully refers the Court to the
12  Complaint.

## ARGUMENT

### I. DEFENDANT EBAY'S MOTION TO STAY SHOULD BE DENIED BECAUSE ARBITRATION IS IMPROPER IN THIS CASE

16  Defendant eBay's Motion to Stay should be denied because arbitration is improper in this
17  case. The reasons for this are discussed in much further detail in the contemporaneously filed
18  Plaintiff's Memorandum of Law in Opposition to eBay's Motion to Dismiss. In short, the
19  arbitration provision (the "Arbitration Clause") contained in HJA's Terms and Conditions (the
20  "Agreement") does not cover most of the claims asserted in this case; the Arbitration Clause is
21  unconscionable and, thus, unenforceable; and the Arbitration Clause—along with the Agreement
22  as a whole—was procured by fraud. Plaintiff here repeats all of her strenuous objections to the
23  enforcement of this improper and unconscionable arbitration provision.

### II. DEFENDANT EBAY'S MOTION TO STAY SHOULD BE DENIED BECAUSE THE ARBITRATION CANNOT, BY THE TERMS OF THE ARBITRATION CLAUSE, DETERMINE ANY RELEVANT FACTS

27  eBay's Motion to Stay should be denied because, under the terms of the Arbitration
28  Clause, the arbitration would not make any factual determination. The Arbitration Clause

provides for very specific arbitration procedures, in which each party—without attorneys or witnesses—presents its case for a maximum of one hour each to In House Attorneys, P.C. of Los Angeles, California.  This resembles a consumer grievance panel far more than a court of law, designed possibly to handle an individual plaintiff's case, but certainly unequipped to handle larger issues of fact that would be relevant in claims against eBay.  It is hard to conceive how Plaintiff could "prove in the arbitration that HJA engaged in shill-bidding" when the procedure seems to exclude any sort of discovery. (Pl.'s Br. 1.)  If HJA's arbitration is granted, a stay for litigation against eBay will not result in any sort of increased judicial economy, but will in fact simply result in judicial delay since a court will be required to make factual findings regardless.  eBay cannot hope to gain any benefit from a stay except such a delay, and its motion should be denied.

### III.  DEFENDANT EBAY'S MOTION TO STAY SHOULD BE DENIED BECAUSE PLAINTIFF AND THE CLASS'S CLAIMS AGAINST EBAY ARE NOT DEPENDENT ON THE ACTIONS OF HJA

eBay's Motion to Stay should be denied because Plaintiff and the Class's claims against eBay are not dependent on the actions of HJA.  The cases which eBay relies on are wholly inapposite and involve levels of interconnectedness and potential for prejudice which does not exist in this case. The Supreme Court case which eBay uses to imply a federal policy for broad granting of stays for non-parties to arbitration is only a footnote, and in fuller context reads, "*In some cases, of course, it may be advisable* to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. *That decision is one left to the district court . . . as a matter of its discretion to control its docket*." *Moses H. Cone Hosp. v. Mercury Contr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (emphasis added).  Plainly read, this simply states that courts may, if they wish, stay litigation for non-arbitrating party and does not imply that this is a favored policy to be applied whenever arbitration takes place.  Thus, there is no authority to support eBay's position that the case against eBay must be stayed during the course of any HJA arbitration.

The cases eBay cites which apply the non-arbitrating party stay all involve liability much more intertwined than in the present case.  In *Harvey v. Joyce*, 199 F.3d 790, 792 (5th Cir. 2000),

1  the issue was ownership of shares in a corporation, and an arbitration clause existed between the
2  plaintiffs and the shareholder of record of certain shares, but not between the plaintiffs and the
3  corporation. The court found that a stay was proper because the claims of the two defendants
4  were "inherently inseparable." *Id.* at 795. In *Amisil Holdings Ltd. v. Clarium Capital
5  Management*, 2007 WL 2768995, at *16 (N.D. Cal. Sept. 2007), where an investor sued a hedge
6  fund and several of its officers, this Court in fact granted arbitration among all parties, then in an
7  alternative holding discussed, using the same "inherently inseparable" language as *Harvey*, even
8  if the claims against the officers were not arbitrable, a stay was proper because the claims against
9  all the defendants were virtually identical. Likewise, *Fujian Pacific Electric Co. Ltd. v. Bechtel
10 Power Corp.*, 2004 WL 2645974, *8 (N.D. Cal. Nov. 19, 2004), involved three defendants, two
11 of which were corporate subsidiaries of the third, and the defendants in *Spencer Furniture, Inc. v.
12 Media Arts Group, Inc.*, 349 F. Supp. 2d 49, 53 (D. Mass. 2003), were a non-arbitrating painter
13 and his corporate distributor, where any liability of the painter stemmed from the contributor.

14  Here, the two matters are not inherently inseparable. Even if there were an HJA
15 arbitration, an eBay matter could easily proceed along parallel lines. None of the fundamental
16 issues involving eBay's liability will not be addressed by any HJA arbitration: whether or not
17 there was shill bidding, whether or not eBay knew about this and whether or not eBay made
18 misstatements. In light of this fact, an adjudication of eBay's liability must take place no matter
19 what.

20  Consistent with this, eBay has failed to offer any reason *why* it would be prejudiced if it
21 were not granted a stay. eBay does not, because it cannot. eBay simply states that it would
22 "necessarily prejudice the interests of one or both of the defendants" yet, offers no reason why.
23 (Pl.'s Br. 1, 5.) Regardless of whether an HJA arbitration is granted, eBay's liability must still be
24 addressed by this Court, and, thus, eBay's request for a stay should be denied.

25
26
27
28

BALESTRIERE PLLC
ATTORNEYS AT LAW
SILICON VALLEY

OPPOSITION TO EBAY'S MOTION TO STAY        3
Case No:  C 07 3967 MHP

## **CONCLUSION**

For the foregoing reasons discussed in this Memorandum of Law, Plaintiff respectfully requests that eBay's Motion to Stay be denied.

Dated: San Francisco, California
December 6, 2007

Respectfully submitted,

/s/ Matthew A. Siroka
MATTHEW A. SIROKA (CASBN 233050)
**LAW OFFICE OF MATTHEW A. SIROKA**
600 Townsend Street, Suite 233050
San Francisco, CA 94103
Telephone:  (415) 522-1105
Facsimile:   (415) 522-1506
Email:        mas@defendergroup.com

CRAIG STUART LANZA
JOHN BALESTRIERE
WILLIAM S. HOLLEMAN
**BALESTRIERE PLLC**
225 Broadway, Suite 2700
New York, NY 10007
Telephone:  (212) 374-5404
Email:        clanza@balestriere.net
*Attorneys for Plaintiff and the Class*

---

[†] Admission pending to the New York State Bar.

BALESTRIERE PLLC
ATTORNEYS AT LAW
SILICON VALLEY

OPPOSITION TO EBAY'S MOTION TO STAY
Case No:  C 07 3967 MHP

4