CRAIG STUART LANZA *
JOHN BALESTRIERE *
WILLIAM S. HOLLEMAN†
**BALESTRIERE PLLC**
225 Broadway, Suite 2700
New York, NY 10007
Telephone: (212) 374-5404
Facsimile:   (212) 208-2613
* *Pro Hac Vice* application pending

MATTHEW A. SIROKA (233050)
**LAW OFFICE OF MATTHEW A. SIROKA**
600 Townsend Street, Suite 233050
San Francisco, CA 94103
Telephone: (415) 522-1105
Facsimile:   (415) 522-1506
Email:       mas@defendergroup.com
*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHELLE MAZUR, On Behalf of Herself and all Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**EBAY, INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS.COM d/b/a PARAMOUNT AUCTIONS, and DOES 1-100, inclusive**<br><br>Defendants. | Case No. C 07 3967 MHP<br><br>**DECLARATION OF MATTHEW A. SIROKA IN SUPPORT OF PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** |

/ / /

1    Matthew A. Siroka, being of full age and discretion, certifies as follows:

2         1.    I am an attorney duly licensed to practice law in the State of California and am the

3    attorney of record for the Plaintiff and the members of the Class in this action.  I have personal

4    knowledge of the facts set forth herein, and, if called as a witness, I could and would competently

5    testify thereto.

6         2.    Attached hereto as Exhibit A is a true and correct copy of the Amended Class

7    Action Complaint With Jury Demand, *Farris v. GoAntiques, Inc., et al.*, 2:05-CV-00227 (S.D.

8    Ohio, dismissed Feb. 6, 2006).

9         3.    Attached hereto as Exhibit B is a true and correct copy of Defendant eBay's

10   Amended Motion to Dismiss Plaintiff's First Amended Complaint, *Farris v. GoAntiques, Inc., et*

11   *al.*, 2:05-CV-00227 (S.D. Ohio, dismissed Feb. 6, 2006).

12        4.    I declare under penalty of perjury under the laws of the United States that the

13   foregoing is true and correct.

14

15   Dated:   San Francisco, California                    /s/ Matthew A. Siroka_____
               December 6, 2007                            Matthew A. Siroka

16

17

18

19

20

21

22

23

24

25

26

27

28

---

† Admission pending to the New York State Bar.

# Exhibit A

# IN THE UNITED STATED DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **Brent Farris, on behalf of himself** | : | |
| **and all others similarly-situated** | : | |
| **2 Savanah Circle** | : | |
| **Brandon, Missouri 39047** | : | |
| | : | **Case No. 2:05-CV-00227** |
| **Plaintiffs,** | : | |
| | : | **JUDGE SARGUS** |
| —vs.— | : | |
| | : | **MAGISTRATE JUDGE KING** |
| **GoAntiques, Inc.** | : | |
| **94 North High Street** | : | |
| **Suite 300** | : | |
| **Dublin, Ohio 43017** | : | |
| | : | |
| **and** | : | |
| | : | |
| **eBay, Inc.** | : | |
| **Attn: Legal Department** | : | |
| **2145 Hamilton Avenue** | : | |
| **San Jose, California 95125** | : | |
| | : | |
| **Defendants.** | : | |

## FIRST AMENDED CLASS ACTION COMPLAINT
## WITH JURY DEMAND

## <u>TABLE OF CONTENTS FOR FIRST AMENDED CLASS ACTION COMPLAINT</u>

I.  FIRST AMENDED INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

II.  ORIGINAL COMPLAINT INTRODUCTION . . . . . . . . . . . . . . . . . . .   7

III.  JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

IV.  PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

V.  FIRST AMENDED FACTUAL BACKGROUND . . . . . . . . . . . . . . . . .   12

   A.  *"eBay Live Auctions," Users, and Online Agreements* . . . . . . . . .   12

   B.  *"Shill Bidding" and Deceptive "Auction Floor Bids"* . . . . . . . . .   19

VI.  ORIGINAL CLASS ACTION COMPLAINT FACTUAL
   BACKGROUND:  THE ORIGINAL CLASS IS NOW THE
   NEW SUB-CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

VII.  FIRST AMENDED CLASS ALLEGATIONS . . . . . . . . . . . . . . . . . . . .   27

VIII.  EQUITABLE TOLLING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   32

IX.  BREACH OF CONTRACT AGAINST GOANTIQUES . . . . . . . . . . .   32

X.  BREACH OF CONTRACT AGAINST EBAY . . . . . . . . . . . . . . . . . . .   33

XI.  VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT . . .   34

XII.  GOANTIQUES' AND EBAY'S NEGLIGENCE AND
   NEGLIGENT MISREPRESENTATIONS . . . . . . . . . . . . . . . . . . . . . . .   36

XIII.  EBAY'S VICARIOUS LIABILITY FOR GOANTIQUES'
   NEGLIGENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   38

XIV.  GOANTIQUES AND EBAY VIOLATIONS OF OHIO AUCTION
   ACT: RC § 4707 *et. seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   38

XV.  EBAY VIOLATIONS OF CALIFORNIA AUCTION ACT, CONSUMER
   REMEDIES ACT, AND UNFAIR COMPETITION ACT . . . . . . . . . .   40

XVI.  UNJUST ENRICHMENT AND IMPOSITION OF
   CONSTRUCTIVE TRUST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   42

**Kitrick and Lewis
Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

2

XVII.  MONEY HAD AND RECEIVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

XVIII. DECLARATORY AND INJUNCTIVE RELIEF . . . . . . . . . . . . . . . . . . 43

XVIII. PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

**Kitrick and Lewis
Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

## I. FIRST AMENDED INTRODUCTION

1.  This <u>First Amended Class Action Complaint</u> adds eBay, Inc. ("eBay") as a defendant based on theories of contract, quasi-contract, negligence, agency, and deceptive, unfair, and unconscionable consumer practices.  In particular, Plaintiff asserts class claims under Ohio and/or California law against eBay for its continuing participation in defendant GoAntiques' deceptive and unfair practice of auction "shill bidding" at www.ebayliveauctions.com.  As asserted with specificity herein, eBay violates its own online "User Agreement" prohibiting "shill bidding" and, furthermore, controls, endorses and/or permits the ongoing deceptive and unfair "eBay Live Auction" practices of its "approved" Auction House, defendant GoAntiques.

2.  In addition to joining eBay as a defendant, this <u>First Amended Class Action Complaint</u> expands the class of harmed consumers to include all individuals who purchased items through GoAntiques at www.ebayliveauctions.com from April 2004 until the present.  This expands the class because the original Complaint alleges only claims on behalf of GoAntiques' subscribers based on auction sales consummated through GoAntiques' absentee-bidding process from approximately April 2004 until February 2005.  This was the time period, according to Plaintiff's allegations, during which GoAntiques failed to notify its own website subscribers in any manner whatsoever about GoAntiques' role as shill bidder for sellers at online auctions.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

4

3. Since filing the original Complaint, however, class counsel have discovered that both eBay and GoAntiques "Live Auction" buyers since April 2004 have been subjected to the same fundamental underlying illegal conduct regardless of the time period GoAntiques attempted to notify its own subscribers of its shill bidding. Accordingly, a central contention of this broadened <u>First Amended Class Action Complaint</u> is as follows: in violation of the online user agreements and laws prohibiting deceptive trade practices, eBay participates with GoAntiques in "shill bidding" to artificially inflate prices at "eBay Live Auctions" and, moreover, does so in a manner that makes it *impossible for buyers to know whether the bids posted during auctions are such "shill bids" or sincere bids by prospective buyers*. More specifically, during the internet auctions, eBay and GoAntiques acknowledge and post *both* "shill bids" and legitimate bids as "Auction Floor Bids," thus concealing the true nature of the bids from prospective buyers and undermining the entire auction process. Adding to the deceptive character of "Auction Floor Bids," in most—if not all—cases, there are *no actual or real* "floor bidders" at an actual physical auction; it is merely GoAntiques acting as the seller's shill to artificially inflate the bids during a "virtual" or simulated auction.

4. This deceptive and unfair practice began in April 2004 and continues to this day during GoAntiques' auctions at www.ebayliveauctions.com. It violates eBay's "User Agreement," it violates GoAntiques' "User Agreement" and "Terms and Conditions," it violates common law and it violates statutory provisions designed to protect consumers from deceptive, unfair, and

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

5

unconscionable trade practices. The fact that defendants belatedly attempted to provide partial (and insufficient) notice of this practice on their websites does not cure its illegality or unfairness, nor does it resolve the inherent deception and unconscionability created by eBay's double-standard of allowing shill bidding by one of its "approved" Auction Houses while prohibiting such conduct on the rest of its website.

5.     Additionally, recent changes to the Ohio Auction Act, R.C. §§ 4707.01 *et. seq*., require the addition of new claims against both GoAntiques and eBay for various violations of Ohio statutory law. In particular, the Ohio Auction Act regulations, standards, and rules now expressly apply to internet auctions. This <u>First Amended Class Action Complaint</u>, therefore, asserts new Ohio statutory claims, along with claims of negligence, negligence *per se*, and negligent misrepresentation for the conduct that forms the basis of the auction law statutory violations. (*See infra* at Section XIV.)

6.     Plaintiff Brent Farris and the Class members have been actually harmed by eBay's and GoAntiques' shill bidding enterprise in the form of "buyer's premiums" charged to them for their unwitting participation in the deceptive and illegal scheme, among other damages suffered and recounted herein. Plaintiff Farris, on behalf of himself and all others similarly situated, files this class action under Fed R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), and S.D. Ohio Civ. R. 23.1-3, seeking monetary, declaratory, and injunctive relief both individually and for the putative class he represents.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

6

## II.   ORIGINAL COMPLAINT INTRODUCTION

7.      Defendant GoAntiques, Inc. ("GoAntiques") provides internet "Live Auction" services to millions of consumers at www.goantiques.com.  From April 2004 until approximately February 2005, GoAntiques engaged in the deceptive practice of "shill bidding" against buyers at internet auctions.  GoAntiques secretly bid for sellers and against buyers to artificially inflate the price of auction items.  This deceptive shill bidding harmed auction buyers by misrepresenting the nature of the transactions, by unfairly inflating auction prices, and by unjustly enriching GoAntiques.

8.      More specifically, GoAntiques' website and user agreement misrepresented to consumers that it was "not involved in the actual transaction between Buyers and Sellers," and that GoAntiques did "not act as an agent for either the Seller or the Buyer in transactions through this site."  Contrary to these explicit representations and contrary to the terms of the express agreement between GoAntiques and buyers, GoAntiques in fact acted as the seller's agent to bid against buyers during internet auctions.  This shill bidding artificially drove up the price of the sellers' lots and, in turn, allowed GoAntiques to collect a larger fee based upon the inflated sales price.

9.      GoAntiques failed to disclose this practice on its website until approximately February 2005, at which time it changed its terms and conditions in a belated attempt to notify buyers of the undisclosed bidding procedure.  Prior to that time, the undisclosed bidding procedure was deceptive, unfair, and harmful to

**Kitrick and Lewis
Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

7

buyers who purchased lots through GoAntiques. The undisclosed shill bidding also materially breached the express contract between GoAntiques and its member-buyers.

10. One such buyer named Brent Farris, on behalf of himself and all others similarly situated, files this class action under Fed R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), and S.D. Ohio Civ. R. 23.1-3, seeking monetary, declaratory, and injunctive relief both individually and for the putative class he represents.

## III. JURISDICTION AND VENUE

11. This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), and S.D. Ohio Civ. R. 23.1-3, seeking monetary, declaratory, and injunctive relief both individually and for the putative class.

12. This Court has jurisdiction over the parties and the subject matter of this litigation. In particular, this Court has diversity jurisdiction under 28 U.S.C. § 1332, as recently amended by the Class Action Fairness Act of 2005.

13. Additionally, GoAntiques' website user agreement with buyers, known as the "Terms and Conditions," at ¶ 8, reads in its entirety as follows.

[.] Governing Law

The agreement between Buyer and GoAntiques, including the Terms and Conditions, is a contract under the laws of the State of Ohio and shall be construed in accordance with and governed by the laws of the State of Ohio (excluding its conflicts of laws rules). Buyer consents and agrees that any suit for the enforcement of such contract or any other agreement between Buyer and

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

8

GoAntiques shall be brought in the Ohio state courts located in Columbus, Ohio or any federal court sitting therein. Buyer hereby waives any objection that Buyer may now or hereafter have to the venue of any such suit or any such court or that suit is brought in an inconvenient court.

14. Accordingly, venue is also proper in this District. Moreover, venue is appropriate under 28 U.S.C. § 1391 and S.D. Ohio Civ. R. 82.1(b)-(c) because Defendant GoAntiques is a resident of this District. Moreover, eBay's "User Agreement" at ¶ 17.2 (http://pages.ebay.com/help/policies/user-agreement.html) permits claims to be brought against eBay in foreign (non-Californian) courts. (See Exhibit 1, attached hereto.)

## IV. PARTIES

15. Plaintiff Brent Farris is a citizen of Missouri who has purchased "Live Auction" lots by bidding on both www.goantiques.com and www.ebayliveauctions.com, with his most recent purchase occurring on July 23, 2004. At all times relevant herein, Plaintiff Farris is a customer and/or user and/or registered member of GoAntiques and eBay and has properly utilized their websites to bid on and purchase auction lots.

16. Defendant GoAntiques, Inc. is an Ohio corporation that transacts business in Ohio, throughout the United States, and around the world through its website. Its principal place of business is 94 North High Street, Suite 300, Dublin, Ohio 43017. At www.goantiques.com, GoAntiques claims the following with respect to its ongoing business:

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

9

> GoAntiques.com is the only virtual marketplace for art, antiques and collectibles offering an integrated, one-stop solution for storefront and live auction selling plus a host of marketing services for both dealers and buyers. GoAntiques offers more than 400,000 items from nearly 1,700 dealers in 24 countries. GoAntiques.com logs more than 2 million visits and thousands of transactions each month. More than 100,000 people are registered as GoAntiques.com members.

17. Defendant eBay is a Delaware corporation with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125. On www.ebay.com, eBay represents to consumers that it is "The World's Online Marketplace" with the stated mission of providing "a global trading platform where practically anyone can trade practically anything." (http://pages.ebay.com/aboutebay/thecompany/companyoverview.html.) eBay's public filing with the Securities and Exchange Commission indicates that the company has approximately 51.7 million active users and approximately 125 million registered user accounts as of September 30, 2004.

18. eBay regularly, freely, and purposefully directs its interactive website activities, including its "Live Auction" services, at Ohio citizens, such that eBay has purposefully availed itself of the privileges of conducting business in Ohio, and has rendered itself liable based, in large part, upon its dynamic, interactive website "Live Auction" activities conducted in Ohio and its ongoing contractual and business relationship with Ohio corporate defendant GoAntiques. eBay has established a substantial connection with Ohio that makes the exercise of personal jurisdiction over eBay reasonable.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

Furthermore, the Court's exercise of jurisdiction comports with traditional notions of fair play and substantial justice, and eBay's conduct relating to Ohio is such that it should reasonably anticipate being haled into court here. Considering the burden on the defendant, the interest of Ohio, the Plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolutions of controversies, this Court should exercise personal jurisdiction over eBay.

19. Additionally, Ohio's long-arm statute, R.C. § 2307.382, permits the exercise of personal jurisdiction over non-resident defendant eBay. Among other RC 2307.382 bases for long-arm jurisdiction, eBay regularly does and/or solicits business in Ohio and has, furthermore, caused tortious injury in Ohio.

20. Moreover, eBay's "User Agreement" explicitly incorporates eBay's "Live Auction User Agreement" which, in turn, explicitly incorporates and defers to in cases of interpretive conflict the GoAntiques' "Live Auction Buyer's Terms and Conditions." Therefore, for these reasons among others, the GoAntiques' contractual choice of law and forum selection for Ohio prevail over the eBay contractual selection of California. Assuming, however, that the Court orders the application of California law to the claims against eBay only, Plaintiff has pleaded alternative California state law violations, including statutory consumer and auction law infractions.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

11

## V. FIRST AMENDED FACTUAL BACKGROUND

### A. *"eBay Live Auctions," Users, and Online Agreements*

21. There are two primary methods by which consumers can participate in "eBay "Live Auctions" at www.ebayliveauctions.com. The first is to become a GoAntiques subscriber and utilize its website's absentee bidding procedure. This method is the subject of the original Complaint and original class definition (*see infra* at Section VI at ¶ 54-69) but now forms the new sub-class for this First Amended Class Action Complaint. The second method, and by far the more prevalent of the two, is to become an eBay registered user and bid live or through eBay's absentee bidding process on eBay's own website. This second method forms the basis of this First Amended Class Action Complaint for the reasons explained with specificity below. All "Live Auctions," regardless of the method by which participants register to participate, occur on and/or are hosted, endorsed, and approved by eBay www.ebayliveauctions.com.

22. As part of its trading platform, eBay offers "Live Auction" services to registered users. eBay informs users that, "eBay's Live Auctions transports you to the auction floor where the action is. You can place absentee bids, bid against the floor or just watch the auction – from the convenience of your home." (http://pages.ebay.com/liveauctions/help/basics/tutorialbrowse.html.)

23. eBay requires interested consumers to register online for "Live Auctions" and, as part of that registration, to agree to and to accept the eBay "User

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

12

Agreement." (https://scgi.ebay.com/ws/eBayISAPI.dll.) (See Exhibit 1, attached hereto.) The "User Agreement" incorporates by reference all "posted policies or rules applicable to services you use through the Site, which may be posted from time to time." (Id. at ¶ 18.)

24. One such incorporated policy and/or rule is eBay's strict prohibition against shill bidding, which eBay defines and explains at http://pages.ebay.com/help/policies/seller-shill-bidding.html. eBay defines shill bidding as "bidding that artificially increases an item's price or apparent desirability." (Id.) eBay has also defined "shill bidding" on its site as "the deliberate placing of bids to artificially raise the price of an item and is not allowed." (prior version of definition at same URL.) eBay makes no exception for its anti-shill bidding rule. eBay further states:

> Shill Bids manipulate auctions, and are placed or caused to be placed by the seller or bidders associated with the seller. Shill Bidding is forbidden under the terms of the eBay User Agreement. To review your eBay User Agreement – click here. Shill Bidding is also illegal in many places throughout the world, with severe penalties. . . . Shill Bidding undermines trust in the marketplace since prices are being artificially manipulated. Furthermore, it is illegal in many locations throughout the world. To ensure buyers' and sellers' trust in eBay's marketplace is appropriately placed, Shill Bidding is not permitted.

(Id.)

25. Upon accepting the "User Agreement," and the above anti-shill bidding rule and/or policy, new eBay subscribers are required to create an eBay User ID and password. To complete the registration, eBay emails the new registrant

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

13

confirmation that links to eBay's "Registration: Congratulations" page. From that page, there exists a variety of help and search functions by which newly registered users can locate and link to "eBay Live Auctions," including a direct link from the home page. (See bottom left-hand column at http://www.ebay.com/?ssPageName=h:h:home:US.)

26. The "eBay Live Auctions" page directs new users through an online point-and-click tutorial that instructs, among other procedures, how to bid on auction lots through either "Live Bidding" or "Absentee Bidding." The "Absentee Bidding" procedure is described (with explanations, examples, and FAQ) at http://pages.ebay.com/liveauctions/help/before/laabsentee.html. eBay provides the following summary of "Absentee Bidding," among other information about the process:

> Once you find a lot on which you want to bid, register to participate in that auction. After you're approved, go back to the lot page and input the maximum amount you are willing to pay for that lot - that is your absentee bid.
>
> Approved bidders can place absentee bids up to one hour before the live event begins. When the auction starts, we will then "process" all the absentee bids and calculate what the winning absentee bid is. The winning absentee bid equals the second highest bid plus one bid increment. *This value will be communicated to the auctioneer.*

(Emphasis added.)

27. eBay's online tutorial further informs users that only "approved auction houses" will sell lots during "eBay Live Auctions" and that such approved

**Kitrick and Lewis
Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

14

auction houses may charge a "buyer's premium," among other charges.

(http://pages.ebay.com/liveauctions/help/basics/tutorialdifferent.html.)

28.   Within the online tutorial, at the "How Live Auctions Work" link, eBay provides users with the following "Live Auction" procedure:

1.   Before the actual auction, the auction house lists all items in their catalog in the eBay Live Auctions system. Each catalog contains several "lots" (Live Auctions equivalent of "items"). Internet bidders can then browse the catalogs or search for particular lots.

2.   To participate in a Live Auction, Internet bidders must first sign up for that event. To do that, you must be an eBay registered user and comply with the auction house's user verification requirements. You will also be asked to accept the terms and conditions of sale governing that auction.

3.   Before the event, all registered users can place absentee bids on any Live Auctions lot. When you place an absentee bid, you can be sure that the auctioneer will receive your bid – even if you are not there during the sale.

4.   During the event, you can follow everything that is happening in the auction house right here on the Live Auctions site! You can place bids against other Internet bidders as well as bidders on the auction house floor. If you prefer, you can just watch the bidding. It's live!

5.   After the event, you pay the auction house directly for any lots that you've won. They will ship your guaranteed item directly to you.

(http://pages.ebay.com/liveauctions/help/welcome/how_works.html.)

29.   eBay registered users who are interested in bidding on "Live Auction" lots may then return to the "eBay Live Auctions" page where they may view various lots offered at "Upcoming Auctions." Such lots are listed with virtual images, scheduled auction times, and Auction House names and links.

**Kitrick and Lewis  
Co., L.P.A.**  
515 East Main Street,  
Suite 515  
Columbus, Ohio 43215  
(614) 224-7711 Tel.  
(614) 225-8985 Fax  
mkitrick@kitricklaw.com

15

Interested eBay users may click on the link to the desired Auction House link, whereupon eBay displays and hosts the selected Auction House's "Live Auction Catalogs" page.

30. eBay regularly hosts, lists, links an "approves" GoAntiques as one of several primary Auction Houses with lots for sale at upcoming eBay auctions. For those eBay users who link to the GoAntiques "Live Auction Catalogs" page, they may select among numerous categories of lots offered. Additionally, the page contains a short "Description" and a small dialogue box with scroll bar labeled "GoAntiques Live Auction Buyers Terms and Conditions." (http://pages.liveauctions.ebay.com/catalogs/catalog17440.html.)

31. The "Description" contains the following summary entitled "Bidding Information:"

> Bidders may leave absentee bids on items they wish to purchase. For bids placed on the goantiques.com website, GoAntiques' Auctioneer will bid for the absentee bidder which will be displayed during the Live Auction and on ebay's bid history as an **"Auction Floor bid"**. The Auctioneer will also be responsible for protecting the reserve of the seller which will also be displayed as an **"Auction Floor bid"**. **"Auction Floor bid"** is the designation given by eBayLiveAuctions to bids made by the Auctioneer in either situation. All bids left by eBay bidders will be marked with the user's eBay id.

(Id.)

32. This description was *not* contained in the "GoAntiques Live Auction Buyers Terms and Conditions" from April 2004 until April 2005, when eBay and/or GoAntiques modified the terms and conditions to conform to the description.

Kitrick and Lewis
Co., L.P.A.
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

16

Upon information and belief, that modification occurred on or about April 2005 when it was appended to ¶ 3 of the Terms and Conditions.

33. Moreover, as is the principal subject of the original <u>Class Action Complaint</u>, which now defines the Sub-Class, GoAntiques did *not* provide this or any similar description of its shill bidding practices *on its own website or in its website user agreements* from April 2004 until approximately February 2005.

34. In addition to the above-referenced "Description," the "GoAntiques Live Auction Buyers Terms and Conditions" at http://pages.liveauctions.ebay.com/catalogs/catalog17440.html. contains the following at ¶ 8.

> Reserve Price: All lots are offered subject to a reserve. A reserve is a confidential minimum price below which such a lot will not be sold. GoAntiques will act to protect the reserve by bidding through the auctioneer. The auctioneer may open the bidding on any lot below the reserve by placing a bid on behalf of the Seller and may continue to bid on behalf of the Seller up to the amount of the reserve. This may be done by placing absentee bids, consecutive bids, or by placing bids in response to other bidders.

(See Exhibit 2, attached hereto.)

35. Upon information and belief, and as is detailed more fully below, neither the above-cited "Description" nor the "Reserve Price" language (nor any similar notice and/or explanation) was provided at www.goantiques.com from April 2004 until approximately February 2005.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

17

36. Nonetheless, eBay users are required to accept the above-referenced "Terms and Conditions" before participating in the "eBay Live Auction" to bid on GoAntiques' lots.

37. eBay also provides  a link at the bottom of its various "Live Auctions" pages to another online agreement, the eBay "Live Auction User Agreement" at http://pages.ebay.com/liveauctions/help/community/LA_useragreement.html. (See Exhibit 3, attached hereto.)  The eBay "Live Auction User Agreement" incorporates and supplements the eBay  "User Agreement," although users are not asked or required to separately "click" to accept such supplemental and incorporated terms.  Furthermore, the "Live Auction User Agreement" directs users to read each Auction House's posted terms and conditions, which terms and conditions eBay expressly adopts and incorporates into its online "User Agreement."

38. In point of fact, the eBay "Live Auction User Agreement" explicitly adopts and incorporates the GoAntiques' "Live Auction Buyer's Terms and Conditions" at Section 5:

> . . .  This Agreement, in addition to those AH terms and conditions, govern your bidding activity as well as your participation in an auction. . . .

(Id.)

39. Neither the eBay "Live Auction User Agreement" nor any other eBay agreements, policies, rules, notices and/or representations modify or provide exceptions to eBay's strict anti-shill bidding rule contained in its eBay "User Agreement."

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

18

40. Nor do any such agreements, policies, rules, notices and/or representations describe and/or explain the inconsistency between eBay's strict prohibition against "shill bidding" and eBay's own "approved" Auction House GoAntiques' practice of "shill bidding" at www.ebayliveauctions.com.

41. Finally, eBay's own posted definition of Live Auction "Floor Bidder" does not permit, either directly or by implication, the auctioneer to bid for the seller; rather, it requires a sincere "offline" bidder who is either physically present on the auction floor or who physically delivers his or her bid to the auctioneer. The precise eBay definition is as follows:

> Floor Bidders: Bidders participating offline in an auction. Offline bids can take the form of absentee bids placed in person or via fax, real time phone bids, or by a bidder physically present on the auction floor.
>
> http://pages.ebay.com/liveauctions/help/welcome/terminology. html#floorbidder

**B.** *"Shill Bidding" and Deceptive "Auction Floor Bids"*

42. Before the eBay auction begins, eBay informs GoAntiques of the winning eBay absentee bidder's maximum bid amount (or, in some cases, the winning amount less one bid increment).

43. Before the eBay auction begins, eBay is aware that GoAntiques may have its own absentee bidders who have submitted their maximum absentee bids through GoAntiques' own separate absentee bidding procedure at www.goantiques.com.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

19

44. Before the eBay auction begins, eBay is aware that GoAntiques has agreed with the seller "to protect the seller's reserve" by bidding against prospective buyers, including not only absentee bidders but also real time or live bidders.

45. A seller's "reserve" is the price below which the seller will not sell the lot. Although GoAntiques and sellers know the amount of the reserve, that amount is not disclosed to bidders.

46. Additionally, GoAntiques does not always disclose to prospective bidders the fact that certain lots are subject to reserve pricing.

47. eBay permits sellers on its site to set reserves but agrees to prohibit sellers or seller's agents from bidding on their own items and/or "protecting their reserves" by bidding against sincere bidders, i.e. "shill bidding."

48. eBay, however, knows and permits GoAntiques to "act to protect the seller's reserve" by bidding for sellers and against prospective buyers to artificially raise the price of the lots, at least up to the amount of the reserve, if not beyond in some cases.

49. Moreover, eBay knows and permits GoAntiques to list each such "shill bid" as an "Auction Floor Bid" during the eBay auction, which is the identical listing given for sincere bidders.

50. Likewise, eBay knows that there are no actual or real "Auction Floor Bidders" as opposed to "virtual" auction bidders, making the use of "Auction Floor Bidder" inherently misleading and deceptive. Compounding consumer confusion, eBay's own posted definition of "Floor Bidder" contradicts GoAntiques' usage and practice.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

20

51.   Accordingly, it is impossible for bidders to know whether the "Auction Floor Bid" is a GoAntiques' "shill bid" or an otherwise legitimate bidder, including whether that otherwise legitimate bidder is another internet bidder or actual bidder at a real auction.

52.   The effect of listing both "shill bids" and legitimate bids as "Auction Floor Bids" is to deceive the legitimate bidders, to unfairly inflate prices, and to unfairly stimulate interest in the auction lots.

53.   There is no reasonable, legitimate, or industry accepted standard for acknowledging and posting both "shill bids" and sincere bids as "Auction Floor Bids."  It is deceptive and unfair.

## VI.   ORIGINAL CLASS ACTION COMPLAINT FACTUAL BACKGROUND:  THE ORIGINAL CLASS IS NOW THE NEW SUB-CLASS

54.   This is a class action based upon a scheme and common course of conduct perpetrated by GoAntiques.  The purpose of this scheme was to represent to and agree with prospective internet auction buyers that GoAntiques would act only as an independent, nonpartisan "virtual marketplace" for auctions when, in actual fact, GoAntiques secretly agreed with sellers to bid against prospective buyers to increase both the sellers' profits and GoAntiques' fee from those profits.  GoAntiques directly profited from this deceptive "shill bidding" scheme because its fees were based upon, and directly proportionate

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

21

to, a percentage of the auction sales price. GoAntiques additionally charged buyers a fee or "premium" in connection with the auction sales.

55. Consumers interested in utilizing GoAntiques' internet auction services proceed to the company's website, located at the universal resource located ("URL") www.goantiques.com.

56. Upon entering the URL, GoAntiques' users are presented with a home page listing a variety of information about the services GoAntiques offers.

57. Among the services available at www.goantiques.com are the "GoAntiques Live Auctions." According to the site, "All items will be auctioned at eBay Live Auctions" found at www.ebay.com.

58. However, prospective bidders and buyers are invited to view, preview, register and/or place bids for "Live Auctions" through GoAntiques.com. To register for "Live Auction" services, first time users are prompted to create a new account on the "Account Login" page. The new user is directed to complete an electronic profile form by providing an email address, user name, and password.

59. From April 2004 until February 2005, new users were asked to accept the "Terms and Conditions for Buying on GoAntiques Websites" (also designated on the site as "Terms of Use" and "Conditions of Sale" but hereinafter referred to collectively as "Terms and Conditions"). Those Terms and Conditions were, and still are, contained in a separate document that hyperlinks to the referenced language. Upon selecting the Terms and Conditions hyperlink, users were presented with a document that sets forth the

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

22

entire agreement governing the services provided to users by GoAntiques through its website. A true and accurate copy of those Terms and Conditions, as they existed prior to February 2005, is attached hereto as Exhibit 4.

60. In the Terms and Conditions, the unnumbered paragraph entitled "Complete Agreement and Binding Agreement" reads, in its entirety, as follows.

> Complete Agreement and Binding Agreement. The Terms and Conditions contain all of the provisions applicable to the agreement between us, on the one hand, and each Buyer, on the other, with respect to the subject matter of the Terms and Conditions. The provisions of the Terms and Conditions supersede and extinguish all other agreements, representations or understandings, whether prior or contemporaneous, or oral or written, between the parties concerning that subject matter except for Sellers' Policies which are hereby integrated into the Terms and Conditions as well as the General Terms. The Terms and Conditions shall be binding on the parties, heirs, beneficiaries, executors, successors and assigns.

61. Furthermore, Paragraph 2, entitled "Role of GoAntiques," reads, in pertinent part as follows:

> The GoAntiques sites are a [sic] venues to bring Sellers and Buyers together. We are not involved in the actual transaction between Buyers and Sellers, except to perform certain administrative services for a fee.

62. Further contained in the Terms and Conditions, under the "Conditions of Sale" provisions, at Paragraph 1, GoAntiques represents that it does not act as an agent for either the Seller or the Buyer in transactions through this site . . . ."

**Kitrick and Lewis
Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

23

63. Prior to February 2005, the new user was required to click to accept the above-mentioned Terms and Conditions to participate in auctions through the site. However, upon information and belief, on or around February 2005, GoAntiques changed the Terms and Conditions to add an entirely *new* section entitled, "GoAntiques Live Auctions Buyers Terms & Conditions." This *new* section was appended to the bottom of the existing Terms and Conditions noted above and attached as Exhibit 4. Contained in the *new* terms and conditions at Paragraph 8, entitled "Reserve Price," GoAntiques notifies users of the following previously undisclosed bidding procedure:

> Reserve Price: All lots are offered subject to a reserve. A reserve is a confidential minimum price below which such a lot will not be sold. GoAntiques will act to protect the reserve by bidding through the auctioneer. The auctioneer may open the bidding on any lot below the reserve by placing a bid on behalf of the Seller and may continue to bid on behalf of the Seller up to the amount of the reserve. This may be done by placing absentee bids, consecutive bids, or by placing bids in response to other bidders.

A complete and accurate copy of the *new* "Terms and Conditions" is attached as Exhibit 5.

64. At no time and in no manner prior to February 2005 did GoAntiques disclose on its website that it was bidding for sellers and against buyers to artificially push buyers up to and, in some cases, beyond the reserve price. Indeed, GoAntiques' prior Terms and Conditions expressly informed buyers that GoAntiques would not act as the seller's agent and would not involve itself in the transaction between sellers and buyers. This critical misrepresentation

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

24

was not in accord with actual facts or practice because GoAntiques' secretly played the seller's agent to bid against the prospective buyers for the sole purpose of artificially driving up the bids and increasing the sales price.

65. Upon information and belief, GoAntiques earns its fee from sellers based upon a percentage of the sales price, with a higher sales price bringing a higher fee. The fee agreement between GoAntiques and sellers is not disclosed to buyers. Pursuant to that fee agreement, GoAntiques assists with setting the seller's reserve price and/or works to protect the seller's reserve price by bidding against its own online bidding members and/or users.

66. Such members and/or users most often bid through GoAntiques.com by posting "absentee bids" for listed auction lots. This procedure is explained at www.goantiques.com/help_faqs/, a hyperlink to additional information about "GoAntiques Live Auctions" transactions. This link follows the user-friendly "Frequently Asked Questions" format where users find the following hyperlinked question, among others: "How do I place a bid on an item at GoAntiques Live Auction?" This links users to the following subpage:

> http://help.goantiques.com/help/help.php?subproduct=B uyers&include=buyingfull&back=&sitefrom=www.goa ntiques.com&faq_id=348.

At this location, users are directed to post their maximum bid amounts on selected items and informed that GoAntiques will bid on their behalf at the upcoming auctions. Again, GoAntiques never informed these absentee

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

25

bidders that GoAntiques would bid against them for the seller's benefit to drive up the price at least to the amount of the reserve, if not higher.

67. GoAntiques, therefore, acted in three simultaneously conflicting roles: (1) as the absentee bidder's proxy, (2) as the seller's "shill" to bid against the absentee bidder, and (3) as the supposedly fair and disinterested auctioneer. In point of fact, GoAntiques knows the absentee bidder's maximum bid and the seller's reserve price before the so-called "Live Auction" ever begins. In many cases, GoAntiques merely feigns a "live" auction by posting the known results in incremental and predetermined amounts up to and/or exceeding the reserve price.

68. The fact that GoAntiques changed its Terms and Conditions recently to attempt to reflect its shill bidding practice confirms its awareness of the need to properly inform its users and to attempt to remedy a deceptive, unfair and/or unconscionable act or practice. Moreover, GoAntiques' revised Terms and Conditions were added to the affiliated www.ebay.com "GoAntiques Live Auction Catalog" page in April 2004, long before conforming changes were made to GoAntiques own site. Even though the affiliated eBay site attempted notice to eBay buyers, GoAntiques did not refer its absentee bidding members and/or other buyers to such notice or in any manner or method mention such notice until approximately February 2005.

69. Prior to the changed Terms and Conditions, GoAntiques misrepresented its inherently conflicted, unethical, and secretive role to bidders; breached its express agreements with such bidders and buyers; engaged in ongoing

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

26

deceptive, unfair and/or unconscionable acts or practices; and unjustly and illegally collected fees and profits.

## VII. FIRST AMENDED CLASS ALLEGATIONS

70. Plaintiff Brent Farris brings this action individually and on behalf of all individual consumers similarly situated, as members of the proposed class ("the Class") and proposed sub-class ("the Sub-Class"), defined as follows:

> **The Class: All nationwide individuals who have purchased items through "eBay Live Auctions" during which GoAntiques shill bid for sellers and against such purchasers from April 2004 to the present.**

> **The Sub-Class: All nationwide individuals who have purchased items through "eBay Live Auctions" by utilizing GoAntiques' absentee biding process from April 2004 until February 2005.**

(Hereinafter referred to collectively as "the Class" unless otherwise indicated.)

71. The Plaintiff is a member of this putative Class. Specifically excluded from this Class are the following: (1) GoAntiques, any entity in which GoAntiques has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family; (3) eBay, any entity in which eBay has a controlling interest, and the officers, directors, affiliates, legal representatives,

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

27

heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (4) class counsel.

72.     The members of this Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.  eBay operates its e-commerce website at www.ebay.com, which offers and providers internet "eBay Live Auction" services at www.ebayliveauctions.com to millions of consumers in the United States and around the world.  GoAntiques operates its e-commerce web site, www.goantiques.com, which offers and provides internet auction services throughout the United States.

73.     The exact number of Sub-Class members is unknown to the representative Plaintiff; however, the number of persons who have used www.goantiques.com is believed to be in excess of 1,000,000, and it is believed that tens of thousands of persons are members of the Sub-Class.  The exact number of Class members is unknown to the representative Plaintiff; however, the number of persons who have used www.ebayliveauctions.com is believed to be in excess of 1,000,000, and it is believed that tens of thousands of persons are members of the Class.

74.     This action is properly brought and maintainable under Fed. R. Civ. P. 23 for the following reasons:

A.   The anticipated and projected size of the Class is so numerous that joinder of all members is impracticable.

B.   There are questions of law and fact common to this action that predominate over any questions solely affecting individual class members.  Among such common questions of law and fact are the following:

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

i.     Whether GoAntiques and/or eBay systematically engaged in the practice of shill bidding whereby GoAntiques and/or eBay bid against its own online buyers for the benefit of sellers with whom GoAntiques and/or eBay would then share a percentage of the "buyer's premiums" or other financial benefit.

ii.     Whether GoAntiques and/or eBay breached its express agreement with buyers by bidding against those buyers and for the sellers' benefit and for GoAntiques' and/or eBay's financial gain.

iii.     Whether GoAntiques' and/or eBay's systematic shill bidding was deceptive, unfair, and/or unconscionable in violation of the Ohio Consumer Sales Practice Act and other Ohio law.

iv.     Whether GoAntiques' and/or eBay's conduct as described herein violates the Ohio Auction Act, RC §§ 4707 *et. seq.*, in the specific manner alleged herein.

v.     Whether GoAntiques' and/or eBay's systematic shill bidding was deceptive, unfair, and/or unconscionable in violation of California's Consumers Legal Remedies Act, California's Auction Act, California's Unfair Competition Act, and other California law.

vi.     Whether GoAntiques and/or eBay have negligently misrepresented the live auction process, such that buyers have been misled and damaged through payment of "buyer's premiums" among other damages.

vii.     Whether GoAntiques and/or eBay have illegally inflated the prices of auction lots and/or illegally inflated the bidding through systematic shill bidding.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

29

viii. Whether eBay is liable as the principal for its agent GoAntiques' shill bidding.

ix. Whether GoAntiques and/or eBay have been unjustly enriched by their systematic shill bidding, including but not limited to unjust enrichment in the form of "buyers' premiums" split between GoAntiques and eBay.

x. Whether the representative Plaintiff and members of the Class have sustained damages as a result of GoAntiques' and/or eBay's conduct.

75. Plaintiff's claims are typical of the claims of other Class members arising from common language in both eBay's and GoAntiques' online form agreements and standard website language and from both eBay's and GoAntiques' conduct, including but not limited to their falsely-described role as independent, nonpartisan auctioneers and/or "virtual marketplaces" and/or "venues."

76. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions and complex litigation.

77. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

A. Given the size of individual Class members' claims and the expense of litigating those claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs GoAntiques and eBay committed against them, and absent Class members have

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

30

no substantial interest in individually controlling the prosecution of individual actions.

B. When the liability of GoAntiques and eBay has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court.

C. This class action will promote an orderly and expeditious administration and adjudication of the class action; economies of time, effort, and resources will be fostered; and uniformity of decisions will be ensured.

D. Without a class action, the Class members will continue to suffer damages and GoAntiques' and eBay's unlawful conduct will be unaccounted for while GoAntiques and eBay continue to reap and retain the substantial proceeds of their wrongful actions.

78. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Although the putative Class is likely to be thousands of aggrieved buyers, the defendants should be able to produce computer forensic evidence, transaction histories, and buyer data that will simply and efficiently identify all members.

79. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent GoAntiques and/or eBay from shill bidding. Plaintiff also seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, requiring GoAntiques and eBay to disgorge all of its ill-gotten gains from inflated auction prices, unjustly collected fees and profits, and broken contracts with users; and further requiring GoAntiques and eBay to provide

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

31

full restitution to Plaintiff and Class members of all monies wrongfully acquired.

80. The claims of the representative Plaintiff are typical of, if not identical to, all members of the Class and the named Plaintiff has no interests, of which he is aware, that are adverse or antagonistic to the interests of the Class.

81. The representative Plaintiff will fairly and adequately represent the interest of the Class. The named Plaintiff is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

82. Notice can be provided to members of the Class by regular U.S. Mail because GoAntiques and eBay maintain databases of all Class members and both defendants know all Class members.

## VIII. EQUITABLE TOLLING

83. Any applicable statutes of limitations have been tolled by GoAntiques' and/or eBay's affirmative and intentional acts of concealment through deception and suppression of conduct alleged herein.

## IX. BREACH OF CONTRACT AGAINST GOANTIQUES

84. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

85. GoAntiques entered into a standard form contract, known as the Terms and Conditions, with Plaintiff and all members of the Class. (See Exhibits 2, 4, 5, attached hereto.)

**Kitrick and Lewis
Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

32

86.    The Terms and Conditions promised that GoAntiques would act solely as the neutral, nonpartisan auctioneer, and/or "virtual marketplace; that GoAntiques would not act as agent for seller or buyer; that GoAntiques would not become involved in the actual transaction between seller and buyer; among other enforceable promises.

87.    The Terms and Conditions imposed a buyer's premium for services performed.  Said buyer's premium was predicated upon a percentage of the sales price of the auction lot.

88.    GoAntiques materially breached its Terms and Conditions by failing to act solely as the neutral, nonpartisan auctioneer and/or "virtual marketplace; by agreeing secretly to act as agent for seller and against buyer's interests; and by becoming actively involved in the actual transaction between seller and buyer; among other material breaches.

89.    GoAntiques also materially breached its Terms and Conditions by "shill bidding" against auction buyers and by behaving in the specific manner described in this Complaint.

90.    As a proximate result of GoAntiques' material breach of the Terms and Conditions, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## X.    BREACH OF CONTRACT AGAINST EBAY

91.    Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

33

92. eBay entered into a standard form contract, known as the User Agreement, with Plaintiff and all members of the Class. (See Exhibit 1, attached hereto.)

93. The User Agreement promises and represents that eBay will prohibit and not itself engage in or support "shill bidding," defined as "bidding that artificially increases an item's price or apparent desirability."

94. The User Agreement also authorizes the Auction House (GoAntiques) to impose a buyer's premium for services performed. Said buyer's premium was predicated upon a percentage of the sales price of the auction lot.

95. Moreover, the User Agreement incorporates the eBay "Live Auction User Agreement" (Exhibit 3) which, in turn, incorporates the above-cited GoAntiques' Terms and Conditions (Exhibits 2, 4, and 5).

96. eBay materially breaches its User Agreement by approving, hosting, and participating in auctions during which GoAntiques "shill bids," among other material breaches.

97. eBay materially breached and continues to breach its User Agreement in the same manner in which GoAntiques breaches its "Terms and Conditions," as described with specificity in this Complaint.

98. As a proximate result of eBay's material breach of the User Agreement, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## XI.  VIOLATION OF OHIO CONSUMER SALES  PRACTICES ACT

99. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

34

100. GoAntiques and/or eBay are "suppliers" as defined at R.C. § 1345.01(C).

101. Plaintiff and all Class members are "consumers" as defined at R.C. § 1345.01(D).

102. Plaintiff and all Class members and GoAntiques and/or eBay entered into "consumer transactions" as defined at R.C. § 1345.01(A).

103. In connection with said consumer transactions, GoAntiques and/or eBay committed unfair, deceptive, and/or unconscionable acts and practices in violation of R.C. § 1345.02 and R.C. § 1345.03.

104. In connection with said consumer transactions, GoAntiques and/or eBay committed acts and practices that have been determined by courts of this state to violate R.C. § 1345.02 or R.C. § 1345.03, and/or that have been declared to be deceptive or unconscionable by rules adopted pursuant to R.C. § 1345.05(B)(2).

105. GoAntiques and/or eBay knowingly committed said unfair, deceptive, and unconscionable acts and practices in the manner set forth herein.

106. As a direct and proximate result of GoAntiques' and/or eBay's violations, Plaintiff and the Class members have suffered actual damages in an amount to be determined at trial.

107. This Class Action is statutorily authorized at R.C. § 1345.09.

108. As averred above in Section IV, ¶ 18, eBay is subject to Ohio law because its User Agreement incorporates its Live Auction User Agreement which, in turn, incorporates and defers to GoAntiques' Terms and Conditions in cases of interpretive conflict. Thus, although eBay's User Agreement purports to

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

35

select California law, by its own terms, that same agreement defers to the eBay Live Auction User Agreement which, in turn defers to GoAntiques' Terms and Conditions requiring application of Ohio law.

## XII. GOANTIQUES' AND EBAY'S NEGLIGENCE AND NEGLIGENT MISREPRESENTATIONS

109. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

110. GoAntiques and/or eBay owes Plaintiff and the Class members the duties to properly and fairly inform them and to represent clearly the rights and duties, terms and conditions, and circumstances of the "eBay Live Auctions."

111. Additionally, eBay and/or GoAntiques owe absentee bidders fiduciary duties as agents of, and proxies for, those bidders during auctions. Those duties include the duties of loyalty and care, including but not limited to the duty to avoid conflicts of interest and actions that harm their bidders' interests.

112. GoAntiques and/or eBay has breached, and continues to breach, the above-cited duties by, among other acts and/or omissions, misinforming and/or failing to inform Plaintiff and the Class members that (1) GoAntiques is shill bidding as that term is defined and used by eBay, other eBay Auction Houses, and industry standards; (2) different, conflicting and mutually inconsistent eBay rules and/or policies apply to GoAntiques' auctions at www.ebayliveauctions.com; (3) eBay's posted definition and usage of "Floor Bidder" differs materially and fundamentally from its "approved" Auction House GoAntiques' definition and usage, as well as industry standards; (4)

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

eBay's "reserve" policy and/or rule differs materially and fundamentally from its "approved" Auction House GoAntiques' usage and practice, as well as industry standards; and (5) "Auction Floor Bids" are not, in fact, such bids or sincere bids at all, but are instead shill bids and/or auctioneer bids for sellers.

113. Additionally, eBay and/or GoAntiques breaches their fiduciary duties by simultaneously acting in the inherently conflicting roles as (1) supposedly disinterested auctioneer; (2) seller's bidder; and (3) buyer's bidder for absentee bidding.

114. Additionally, GoAntiques and/or eBay have violated Ohio statutory auction law, including but not limited to the following, which violations render these defendants negligent *per se*:

A. R.C. § 4707.15(C) prohibiting any continued course of misrepresentation or making false promises through agents, advertising, or otherwise;

B. R.C. § 4707.15(D) prohibiting specification that an auction is a reserve auction, absolute auction, or estate auction, but not conducting the auction as specified;

C. R.C. § 4707.15(F) prohibiting the payment of valuable consideration to anyone who has violated this chapter;

D. R.C. § 4707.15(J) prohibiting conduct of a person licensed under this chapter that demonstrates bad faith, dishonesty, incompetency, or untruthfulness;

E. R.C. § 4707.15(K) prohibiting conduct that constitutes improper, fraudulent, or dishonest dealings;

F. R.C. § 4707.15(P) prohibiting aid to an unlicensed person in the performance of services or acts that require a license under this chapter.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

37

115.  Plaintiff and the Class members relied to their detriment upon the numerous GoAntiques' and/or eBay's misrepresentations noted above, including but not limited to its strict rule against shill bidding and non-involvement on behalf of buyers or sellers, when participating in GoAntiques "eBay Live Auctions."

116.  As a direct and proximate result of GoAntiques' and/or eBay's negligence, Plaintiff and the Class members have suffered actual damages in an amount to be determined at trial.

### XIII.    EBAY'S VICARIOUS LIABILITY FOR GOANTIQUES' NEGLIGENCE

117.  Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

118.  eBay is the principal who has the right to control the actions of its agent, GoAntiques, in connection with "eBay Live Auctions" at www.ebayliveauctions.com.

119.  GoAntiques committed the above-cited torts and legal infractions while acting in the capacity and in furtherance of its agency relationship with eBay.

120.  eBay is therefore vicariously liable for its agent GoAntiques' negligence and legal infractions, and the damages caused thereby, as asserted in this Complaint.

### XIV.    GOANTIQUES AND EBAY VIOLATIONS OF OHIO'S AUCTION LAW: R.C. § 4707 *et. seq.*

121.  Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

38

122. Plaintiff submits that GoAntinques and/or eBay are subject to Ohio's Auction Act, R.C. §§ 4707, *et. seq.*

123. GoAntiques and/or eBay are "auctioneers" who conduct "auctions" and "auction services" as defined by R.C. § 4707.01.

124. GoAntiques and/or eBay have violated the following provisions of Ohio Auction Act, among others:

   A.   R.C. § 4707.15(C) prohibiting any continued course of misrepresentation or making false promises through agents, advertising, or otherwise;

   B.   R.C. § 4707.15(D) prohibiting specification that an auction is a reserve auction, absolute auction, or estate auction, but not conducting the auction as specified;

   C.   R.C. § 4707.15(F) prohibiting the payment of valuable consideration to anyone who has violated this chapter;

   D.   R.C. § 4707.15(J) prohibiting conduct of a person licensed under this chapter that demonstrates bad faith, dishonesty, incompetency, or untruthfulness;

   E.   R.C. § 4707.15(K) prohibiting conduct that constitutes improper, fraudulent, or dishonest dealings;

   F.   R.C. § 4707.15(P) prohibiting aid to an unlicensed person in the performance of services or acts that require a license under this chapter;

   G.   R.C. § 4707.073 prohibiting a corporation holding itself out as an auctioneer when license has not been granted to the corporation;

   H.   R.C. 4707.151 prohibiting "bid rigging," defined in part as "conspir[ing] to decrease or increase the number or amounts of bids offered at auction"; and

   I.   R.C. § 4707.15(H) prohibiting violation of Chapter 4707 and the rules promulgated thereunder.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

125. As a direct and proximate result of GoAntiques' and/or eBay's violations of the Ohio Auction Act, Plaintiff and the Class members have suffered actual damages in an amount to be determined at trial. Plaintiff and the Class members seek the damages and relief asserted in this Complaint.

## XV. EBAY VIOLATIONS OF CALIFORNIA'S AUCTION ACT, CONSUMER REMEDIES ACT, AND UNFAIR COMPETITION ACT

126. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

127. Assuming that the Court determines that California law applies to eBay's conduct, Plaintiff alleges that eBay has violated California law in the following manner:

128. eBay has violated California's Auction Act, including but not limited to, Cal. Civ. Code § 1812.607(c) by failing to adequately post and provide auction terms, among other violations.

129. eBay has violated Cal. Civ. Code § 1812.608 by failing to comply with other code provisions incorporated into the Auction Act.

130. eBay has violated Cal. Civ. Code § 1812.608 by violating Cal. Com. Code §§2328(3)-(4), among other violations.

131. eBay has violated Cal. Civ. Code § 1812.605 by failing to perform its duties in accordance with the laws of California.

132. eBay has violated California's Consumer Legal Remedies Act, including but not limited to, the following specific provisions:

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

40

A. Cal. Civ. Code § 1770(a)(9) prohibiting advertisement of goods and/or services with the intent not to sell them as advertised;

B. Cal. Civ. Code 1770(a)(14) prohibiting representations that transactions confer or involve rights, remedies or obligations that they do not have or involve, or that are prohibited by law.

C. Cal. Civ. Code § 1770(a)(16) prohibiting a representation that the goods and/or services have been supplied in accordance with a previous representation when it has not;

D. Cal. Civ. Code § 1770(a)(19) prohibiting unconscionable provisions in contracts; and

E. Cal. Civ. Code § 1812.600(a)-(c) for failure to file a bond and/or surety with the California Secretary of State.

133. Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks an injunction prohibiting eBay from engaging in and/or permitting illegal shill bidding by its approved Auction House, GoAntiques.

134. eBay has violated Cal. Bus. & Prof. Code §§ 17200, *et seq*., including but not limited to, each of the three prongs: (1) the behavior is unlawful; (2) constitutes unfair practices because the utility of shill bidding is outweighed by the gravity of the harm; and (3) class members are likely to be deceived by eBay's inadequate and inconsistent shill bidding disclosure.

135. Accordingly, Plaintiff seeks injunctive relief pursuant to Cal. Bus. & Prof. Code §§ 17203-4, along with restitution of monies wrongfully obtained, disgorgement of ill-gotten gains and/or profits, and declaratory relief.

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

41

## XVI. UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST

136. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

137. As a result of the artificially inflated sales prices and/or buyer's premiums and/or other fees and profits acquired by GoAntiques and eBay, Plaintiff and the Class members have conferred benefits upon GoAntiques and eBay which have voluntarily accepted and retained such benefits under circumstances in which it is unlawful and inappropriate to do so.

138. As a result of the relationship between the parties and the facts alleged above, it would be inequitable for GoAntiques and eBay to retain these benefits, and a constructive trust should be established over the monies paid by Plaintiff and the Class members for inflated sales prices and/or buyer's premiums and/or other improper fees and profits. Such monies are traceable to GoAntiques and eBay, the current holders of such funds.

139. GoAntiques and eBay have failed to refund the unlawfully acquired and retained amounts detailed above.

140. As a result, GoAntiques and eBay will be unjustly enriched if allowed to retain such monies, and therefore a constructive trust should be imposed on all funds wrongfully obtained from Plaintiff and Class members.

141. By reason of the foregoing, Plaintiff and Class members have been damaged in an amount to be determined at trial.

## XVII. MONEY HAD AND RECEIVED

142. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

**Kitrick and Lewis
Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

42

143. GoAntiques and/ eBay have received money in the form of wrongful profits and fees by deceptive, unfair, and illegal conduct.

144. GoAntiques and/or eBay have benefited from the receipt and holding of the money wrongfully obtained.

145. Under principles of equity and good conscience, it would be wholly inappropriate and unjust to allow GoAntiques and/or eBay to keep the money received.

146. Under principles of equity and good conscience, this Court should order GoAntiques and/or eBay to provide a full and accurate accounting of monies received through its internet auction business at www.goantiques.com and www.ebayliveauctions.com.

147. Plaintiff and Class members have been damaged and continue to be damaged by the money that GoAntiques and/or eBay have received and have failed to return promptly.

## XVIII. DECLARATORY AND INJUNCTIVE RELIEF

148. Plaintiff repeats and realleges the allegations contained in all prior paragraphs.

149. GoAntiques and eBay continue to maintain on their websites conflicting and inconsistent agreements, provisions, notices, and/or representations, thereby confusing and deceiving consumers.

150. Plaintiff and Class members seek a judgment declaring that GoAntiques and eBay must refund all unlawfully collected profits and fees, and that

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street, Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

GoAntiques and eBay must cease their practice of allowing such unlawful profits and fees to continue to accumulate.

151. Plaintiff and Class members seek injunctive relief preventing GoAntiques and eBay from continuing to collect unlawful profits and fees, and requiring defendants to make full restitution of all monies wrongfully acquired.

152. Plaintiff and Class members seek a full and accurate accounting from GoAntiques and eBay of all unlawful profits and fees as a precondition to attempting restitution.

153. By reason of the foregoing, Plaintiff and Class members have been and continue to be harmed, and they are entitled to declaratory and injunctive relief as set forth above. Plaintiff and Class members are also entitled to attorneys' fees and all civil litigation costs as part of their declaratory relief.

## XIX. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff and Class members pray for a judgment:**

A. Certifying this case as a class action under Fed R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), and S.D. Ohio Civ. R. 23.1-3;

B. Awarding Plaintiff and Class members compensatory damages, attorneys' fees, and all litigation costs;

C. Awarding Plaintiff and Class members pre-judgment interest and post-judgment interest as provided for by law;

D. Awarding Plaintiff and Class members declaratory and injunctive relief as permitted by law or equity, including a full accounting of internet auction profits

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

44

and disgorgement of ill-gotten gains and restitution to Plaintiffs and Class members of all

monies (plus interest thereon at the maximum allowable rate) acquired by means of any

act or practice declared by this Court to be unlawful; and

        E.       Awarding such other and further relief, including relief under RC §

1345.09 and other Ohio and/or California statutory provisions, as may be just and proper.

                            **Respectfully submitted,**

                            s/Mark D. Lewis
                            **Mark D. Lewis (0063700)**
                            (mlewis@kitricklaw.com)

                            s/Mark M. Kitrick
                            **Mark M. Kitrick (0000021)**
                            (mkitrick@kitricklaw.com)
                            **Kitrick and Lewis Co., LPA**
                            515 East Main Street
                            Suite 515
                            Columbus, Ohio 43215-5398
                            (614) 224-7711
                            (614) 225-8985 (Facsimile)

                            s/Rex H. Elliott
                            **Rex H. Elliott (0054054)**
                            (rexe@cooperelliott.com)

                            s/Charles H. Cooper, Jr.
                            **Charles H. Cooper, Jr. (0037295)**
                            (chipc@cooperelliott.com)
                            **Cooper & Elliott, LLC**
                            2175 Riverside Drive
                            Columbus, Ohio 43221
                            (614) 481-6000
                            (614) 481-6001 (Facsimile)

## JURY DEMAND

      Pursuant to Rule 38(B) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by Jury.

                            s/Mark D. Lewis
                            **Mark D. Lewis  (0063700)**

**Kitrick and Lewis Co., L.P.A.**
515 East Main Street,
Suite 515
Columbus, Ohio 43215
(614) 224-7711 Tel.
(614) 225-8985 Fax
mkitrick@kitricklaw.com

45

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **BRENT FARRIS**, on behalf of himself and others similarly situated, | ) ) | Case No. 2:05-CV-227 |
| | ) | JUDGE SARGUS |
| Plaintiffs, | ) | |
| vs. | ) | MAGISTRATE JUDGE KING |
| | ) | |
| **GOANTIQUES, INC., et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT EBAY INC.'S AMENDED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, eBay, Inc. ("eBay"), moves this Court to dismiss Plaintiff's' First Amended Complaint. eBay is immune from liability based on GoAntiques' actions pursuant to the Communications Decency Act, 47 U.S.C. § 230. Further, all causes of action fail to state a claim upon which relief can be granted.

eBay's motion to dismiss is supported by the attached Memorandum in Support.

BUCKINGHAM, DOOLITTLE & BURROUGHS. LLP

By:     **Andrew W. Owen**
Andrew W. Owen (0059646), Trial Attorney
Joseph E. Ezzie (0075446), Of Counsel
191 W. Nationwide Blvd, Suite 300
Columbus, Ohio 43215
Phone: 614-221-8448/Fax: 614-221-8495
aowen@bdblaw.com
Attorney for Defendant eBay, Inc.

Of Counsel:
COOLEY GODWARD LLP
MICHAEL G. RHODES
JOSEPH S. LEVENTHAL
4401 EASTGATE MALL
SAN DIEGO, CA 92121-1909
(858) 550-6271
*Attorneys for Defendant eBay, Inc.*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiffs seek to hold eBay liable for the actions of GoAntiques.com in connection with GoAntiques' sale of goods using eBay's interactive online computer services.  The crux of all plaintiffs' causes of action asserted against eBay is that eBay should be held liable for GoAntiques' alleged unlawful practice of "shill bidding."  Plaintiffs allege that GoAntiques' practice of "shill bidding" is wrongful because it misrepresents to potential bidders that there are other bidders placing bids for auction items when, in fact, the "shill bid" is merely placed by GoAntiques' computer system.  The legal theories asserted in the First Amended Complaint ("FAC") fail because the Communications Decency Act ("CDA"), 47 U.S.C. § 230 ("Section 230"), precludes eBay's liability for GoAntiques' actions.  Specifically, Section 230 provides an absolute defense to all of plaintiffs' allegations, declaring, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1) (1998).  The CDA preempts all state law that "is inconsistent" with it.  47 U.S.C. § 230(e)(3).

eBay also moves to dismiss each and every cause of action asserted in the FAC on the ground that plaintiffs fail to allege facts sufficient to state a cause of action upon which relief may be granted.  The specific causes of action alleged in the FAC each suffer from various defects.

Finally, plaintiffs' attempt to bring this action as a class should be rejected.  Should the Court find that plaintiffs have stated a cause of action either under a state statute or for breach of eBay's User Agreement or Live Auction User Agreement, determination of liability, harm and causation would require examination of each and every auction to determine what occurred and whether the claimant paid more than they otherwise would have.  Such an individualized factual determination is inappropriate for a class action.  Accordingly, the FAC should be dismissed with prejudice.

## II.    FACTUAL BACKGROUND

Plaintiffs bring this putative class action lawsuit against eBay because of alleged "shill bidding" by defendant GoAntiques.  (FAC ¶ 1.)  The alleged conduct occurred between April 2004 and the present ("class period") (although plaintiffs now realize that eBay terminated the allegedly offending conduct in Spring of 2005).  (FAC ¶ 70.)  eBay offers a venue for buyers and sellers to connect at www.ebayliveauctions.com ("live auction venue").  (FAC ¶ 21.)  Through the live auction venue, eBay allows potential buyers to place absentee bids or bid at the time of the "live auction."  (FAC ¶ 22.)  Users of eBay's live auction venue must agree to eBay's User Agreement and eBay's Live Auction User Agreement.  (FAC, Exs. 1, 3.)  eBay also has a policy related to its venues that forbids "shill bidding."  (FAC ¶ 24.)

eBay contracts with certain auction houses, which utilize eBay's services to sell lots on eBay's live auction venue.  (FAC ¶ 30.)  Auction houses post their items for sale on eBay's website and often times on their own website (as is the case here).  (FAC ¶ 28.)  An auction house's policies and procedures apply to its auctions.  (FAC ¶ 28.)  GoAntiques' policies and procedures, disclosing and discussing the conduct complained of by plaintiffs, was posted on eBay's website in April 2004 – the start of the class period.  (FAC ¶ 68.)  In addition, eBay permits auction houses to set reserves on the items they sell.  (FAC ¶ 47.)  The bids placed by potential buyers are transmitted directly to the auction houses.  (FAC ¶ 28.)  If a winning bid is placed, the seller pays the auction house directly and the auction house ships the item to the buyer directly.  (FAC ¶ 28.)  eBay does no more than provide a venue for auctioneers and potential purchasers to connect.

Allegedly, GoAntiques engages in the practice of "shill bidding" while conducting its auctions on eBay's website.  (FAC ¶ 54.)  Based on eBay's affiliation and business relationship with GoAntiques, plaintiffs bring this class action lawsuit against eBay.

## III.    STANDARD FOR MOTION TO DISMISS

While the Court must accept material allegations as true when considering a motion to dismiss, it should not consider unsupported, conclusory allegations.  *See Murphy v. Sofamor*

*Danek Group (In re Sofamor Danek Group)*, 123 F.3d 394, 400 (6ᵗʰ Cir. 1997) ("our standard of review 'requires more than the bare assertion of legal conclusions.' 'We need not accept as true legal conclusions or unwarranted factual inferences.'") (internal citations omitted); *Albert Fadem Trust v. Am. Elec. Power Co.*, 334 F. Supp. 2d 985, 997 (S.D. Ohio 2004) ("[c]onclusory statements or legal conclusions need not be considered" in deciding a motion to dismiss). Nor should it accept legal or factual allegations based on unwarranted deductions or unreasonable inferences, or allegations that contradict matters properly subject to judicial notice. *See* Jackson v. City of Columbus, 194 F.3d 737, 745 (6ᵗʰ Cir. 1999) (documents judicially noticeable appropriately considered on motion to dismiss). Allegations contradicted by exhibits incorporated by reference also should not be considered. *See Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997) (exhibits referenced in complaint appropriately considered on motion to dismiss).

## IV. ARGUMENT

### A. All Causes of Action Against eBay Should Be Dismissed Because eBay Is Immune from Liability for the Conduct of Third Parties Under 47 U.S.C. § 230.

Each of plaintiffs' causes of action fail because eBay is immune from liability under Section 230 of Title 47 of the United States Code ("Section 230"). Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). That section continues by stating that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). *See also Zeran v. AOL, Inc*., 129 F.3d 327, 330 (4th Cir. 1997) ("By its plain language, §230 creates a federal immunity *to any cause of action* that would make service providers liable for information originating with a third-party user of the service.") (Emphasis added.)

"By its plain language, *§230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the

service." *Zeran*, 129 F.3d at 330 (emphasis added). *See also Ben Ezra, Weinstein, & Co. v. AOL, Inc.*, 206 F.3d 980, 985 n.3 (10th Cir. 2000) ("Congress enacted §230 to promote freedom of speech in the 'new and burgeoning Internet medium' by eliminating the 'threat [of] tort-based lawsuits' against interactive services for injury caused by 'the communications of others'" (quoting *Zeran*, 129 F.3d at 330)). Thus, "[w]hether wisely or not, [Congress] made the legislative judgment [in enacting Section 230] to effectively immunize providers of interactive computer services from civil liability in tort with respect to material disseminated by them but created by others." *Blumenthal v. Drudge*, 992 F. Supp. 44, 49 (D.D.C. 1998). Congress also made the legislative judgment to extend Section 230 to both federal and state civil causes of action (*see* 47 U.S.C. § 230(e)(3)) and several states have already employed Section 230 to dismiss claims against providers of interactive computer services ranging from statutory violations to negligence and breach of contract. *See Jane Doe One v. Oliver*, 755 A.2d 1000 (Conn. Super. Ct. 2000); *Doe v. AOL, Inc.*, 1997 WL 374223 (Fla. Cir. Ct. June 26, 1997), *aff'd* 718 So.2d 390 (1998), *review granted* 729 So.2d 390 (Fla. Apr. 12, 1999).

Here, plaintiffs succinctly state their position: "This is a class action based upon a scheme and common course of conduct ***perpetrated by GoAntiques.***" (FAC ¶ 54 (emphasis added).) The action of which plaintiffs complain "began in April 2004 and continues to this day during ***GoAntiques' auctions*** at www.ebayliveauctions.com." (FAC ¶ 4 (emphasis added).) It is *GoAntiques* that allegedly "engaged in the deceptive practice of 'shill bidding' against buyers… [and] secretly bid for sellers against buyers," "acted as the seller's agent to bid against buyers," failed to "always disclose to prospective bidders the fact that certain lots are subject to reserve pricing," and "never informed these absentee bidders that GoAntiques would bid against them." (FAC ¶¶ 7, 8, 46, 66.) Based on these actions, plaintiffs conclude that "GoAntiques, therefore, acted in three simultaneously conflicting roles: (1) as the absentee bidder's proxy, (2) as the seller's 'shill' to bid against the absentee bidder, and (3) as the supposedly fair and disinterested auctioneer." (FAC ¶ 67.) Even the class description is based solely on the actions of

GoAntiques: "All nationwide individuals who have purchased items through 'eBay live auctions' *during which GoAntiques shill bid* for sellers." (FAC ¶ 70 (emphasis added).)

Plaintiffs cannot dispute that eBay is a provider of an "interactive computer service," which Section 230 broadly defines to encompass "*any* information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2) (emphasis added). A California Court of Appeals has already conclusively determined that, as a matter of law, eBay is an "internet computer service provider" as defined by the CDA, and that eBay is immune from liability for any underlying bad acts or misrepresentations by the users of its services. *See Gentry v. eBay*, 99 Cal. App. 4th 816, 834 (Cal. Ct. App. 2002).

Nevertheless, plaintiffs seek to hold eBay liable under various theories for the actions of GoAntiques in connection with eBay's live auction venue. Section 230 prohibits liability on this basis. *See Zeran*, 129 F.3d at 330; *Blumenthal*, 992 F. Supp. at 49-50. *See also Doe*, 1997 WL 374223, at *2 (Section 230 prohibits AOL's liability based on alleged misrepresentations of actual "publisher or speaker" of statements at issue). Plaintiffs attempt to circumvent this immunity by charging that eBay "knows and permits GoAntiques to 'act to protect the seller's reserve' [and] to list each 'shill bid' as an 'Auction Floor Bid.'" (FAC ¶¶ 48, 49.) But eBay's absolute immunity under Section 230 applies even if eBay knew or consented to GoAntiques' activity. *Zeran*, 129 F.3d at 332-33. Because eBay "did not create or develop the underlying misinformation," it cannot be held liable for it. *Gentry*, 99 Cal. App. 4th at 834. Because Section 230 provides eBay with a safe harbor from liability for the information published by GoAntiques,[1] all of plaintiffs' causes of action should be dismissed as barred by Section 230.

---

[1] Plaintiffs are unable to dispute that GoAntiques is an "information content provider" within the scope of Section 230. *See* 47 U.S.C. § 230(f)(3) (defining "information content provider" to mean "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service").

**B.    Apart From the Immunity Provided by Section 230, Each Cause of Action Fails as a Matter of Law.**

While all causes of action brought against eBay are preempted by Section 230, they should be dismissed on the independent basis that plaintiffs, as a matter of law, fail to allege facts sufficient to sustain their causes of action.

**1.    Plaintiffs' Breach of Contract Cause of Action Relies on the Conduct of a Non-Party and Relies on a Misstatement of the Parties' Agreements.**

Plaintiffs' breach of contract claims (FAC ¶¶ 91-98) are premised entirely on GoAntiques' alleged misconduct coupled with a plain falsification of the User Agreement and Live Auction User Agreement between plaintiffs and eBay.

The parties' rights and responsibilities pursuant to the their agreements should be determined by the Court. *Seringetti Const. Co. v. City of Cincinnati*, 51 Ohio App. 3d 1, 4 (Ohio Ct. App. 1988) ("The interpretation of a written agreement is, in the first instance, a matter of law for the court") (citation omitted). "As long as the contract is clear and unambiguous, the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." *White v. Lawler*, 2005 WL 1792870, at *1 (Ohio Ct. App. July 28, 2005) (*quoting Piciorea v. Genesis Ins. Co.,* 2003 WL 21710789, at *2 (Ohio Ct. App. July 24, 2003) (internal quotations omitted)) (upholding defendant's summary judgment motion interpreting insurance contract). The Court should give words in the User Agreement (FAC, Ex. 1) and Live Auction Agreement (FAC, Ex. 3) their "plain and ordinary" meaning and should not allow plaintiffs to survive a motion to dismiss based on an "absurd[]" interpretation of these agreements. *Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc.*, 578 N.E.2d 851, 855 (Ohio. Ct. App. 1989) (upholding lower court's interpretation of insurance agreement) (citations omitted).

In support of their breach of contract cause of action, plaintiffs allege that eBay "materially breaches its User Agreement by approving, hosting, and participating in auctions during which GoAntiques 'shill bids….'" (FAC ¶ 96.) Plaintiffs argue that the User Agreement "promises… that eBay will prohibit… 'shill bidding….'" (FAC ¶ 93.) Plaintiffs attach the User

Agreement as Exhibit 1 to the FAC, but conveniently fail to indicate where therein such a promise is made.  In fact, **the User Agreement does not contain the "promise" plaintiffs allege** and such a promise would be completely contradictory to the parties' relationship.[2]

Contrary to plaintiffs' invented assertions about the User Agreement's representations, the agreements between eBay and plaintiffs expressly exclude liability by eBay for the actions of third parties.  Specifically, the User Agreement states:

> **[W]e have no control over… the truth or accuracy of the [items advertised]**….
> [I]n the event that you have a dispute with one or more users, you release eBay…
> from claims, demands and damages….  **We do not control the information provided by other users that is made available through our system.**  You may find other user's information to be offensive, harmful, **inaccurate, or deceptive**….
> IN NO EVENT SHALL WE, OUR SUBSIDIARIES, OFFICERS, DIRECTORS, EMPLOYEES OR OUR SUPPLIERS BE LIABLE FOR LOST PROFITS OR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR IN CONNECTION WITH OUR SITE, OUR SERVICES OR THIS AGREEMENT (HOWEVER ARISING, INCLUDING NEGLIGENCE).

(FAC, Ex. 1, ¶¶ 3.1, 3.4, 3.5, 12 (emphasis added).)  Further, plaintiffs cannot bring their breach of contract claim based on the Live Auction Agreement as that contract specifically states:

> **We have no control over** the quality, safety or legality of the items advertised, [or] **the truth or accuracy of the listings**….  [I]n the event that you have a dispute with an [Auction House], you release eBay… from claims, demands and damages of every kind and nature, known and unknown, suspected and unsuspected, disclosed and undisclosed, arising out of or in any way connected with such disputes….  **We do not control the information that is provided by [Auction Houses]** and which is made available through our system.  **We do not guarantee that the [Auction Houses]** maintain proper auctioneer's licenses or **comply with all laws**….  WE AND OUR SUPPLIERS PROVIDE OUR WEB SITE AND SERVICES "AS IS" AND WITHOUT ANY WARRANTY OR CONDITION, EXPRESS, IMPLIED OR STATUTORY… NOR DO WE GUARANTEE THE PERFORMANCE OF ANY OBLIGATIONS BY AN [AUCTION HOUSE].

(FAC, Ex. 3, ¶¶ 2-4, 8 (emphasis added).)  Contrary to plaintiffs' assertions in the FAC, eBay expressly disclaimed responsibility for the actions of the auction houses that list items on eBay's

---

[2] Plaintiffs falsely assert that the "User Agreement" authorizes a buyer's premium.  (FAC ¶ 94.)  Yet such authorization is not found in the User Agreement but, rather, in the Live Auction User Agreement attached to the FAC as Exhibit 3.

websites.  The plain and unambiguous language of the User Agreement and the Live Auction User Agreement evidence this conclusion.

"Where the plaintiff's cause of action arises out of a contract which has been attached to the complaint as an exhibit, and where such contract shows unambiguously on its face that the relief prayed for is not merited, ***dismissal is both justified and appropriate.***"  *Stychno v. Ohio Edison Co.*, 806 F. Supp. 663, 672 (N.D. Ohio 1992) (*quoting Goodman v. Bd. of Trustees of Community College*, 498 F. Supp. 1329, 1337 (N.D. Ill. 1980) (emphasis added)).  Because plaintiffs' breach of contract action depends on an interpretation of the eBay User Agreement and Auction User Agreement that is contrary to the unambiguous language of those contracts, it should be dismissed.  *See Weiner,* 108 F.3d at 89 (exhibits referenced in complaint appropriately considered on motion to dismiss).

### 2. eBay Is Not a "Supplier" and Committed No "Act" in Violation of the Ohio Sales Practices Act.

Plaintiffs allege that eBay violated Section 1345.02 and 1345.03 of the Ohio Sales Practices Act through its involvement with GoAntiques' "shill bidding."  (FAC ¶¶ 99-106.)  In order to allege a cause of action under the Sales Practices Act, plaintiffs must allege facts sufficient to show that eBay is a "supplier" involved in "consumer transactions."  OHIO REV. CODE §§ 1345.02, 1345.03.  A "supplier" is "a seller… or other person engaged in the business of effecting or soliciting consumer transactions."  OHIO REV. CODE § 1345.01(C).  Related to GoAntiques' activities in the FAC, eBay is not a "supplier."  ***GoAntiques*** sells, effects, and solicits the transactions in question.  GoAntiques sets the reserves for the items it is selling (FAC ¶ 47), bids are transmitted directly to GoAntiques, the seller pays GoAntiques directly, and GoAntiques ships the item purchased directly to the buyer.  (FAC ¶ 28.)  eBay does not sell any goods, and is merely a venue for "suppliers" such as GoAntiques to effectuate their transactions.  eBay cannot be held liable as a "supplier" under the Sales Practices Act.

Further, the Sales Practices Act prohibits an "unfair or deceptive ***act***" or an "unconscionable ***act or practice***."  OHIO REV. CODE §§ 1345.02, 1345.03 (emphasis added).

Plaintiffs have failed to allege that eBay has committed any such act. The FAC is based entirely upon alleged "shill bidding" by GoAntiques, not eBay. (*See* FAC ¶¶ 7, 8, 64, 66, 67.) Plaintiffs fail to allege a specific *act* by eBay that was unfair, deceptive, or unconscionable. Plaintiffs merely allege that eBay is aware of GoAntiques' acts. Likewise, plaintiffs have failed to allege that any of eBay's *practices* are unconscionable. Plaintiffs have summarily stated that eBay "participates" in the alleged unfair practice (FAC ¶ 3) but have alleged no facts to support this conclusion. Indeed, all facts alleged by plaintiffs suggest that eBay did not participate in any way in the alleged "shill bidding" by GoAntiques. (*See* FAC ¶¶ 28, 47.) Furthermore, mere knowledge and consent do not constitute an "act" or "practice" that would bring eBay within Sections 1345.02 and 1345.02. *See Frey v. Vin Devers, Inc.*, 80 Ohio App. 3d 1, 6 (1992) (act or practice is "deceptive" when "the supplier *does* or *says* something, regardless of intent, which has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts" (emphasis added)). Therefore, plaintiffs have failed to allege and cannot allege that eBay has committed any violation of Ohio's Sales Practices Act.

### 3. Plaintiffs' Negligence and Negligent Misrepresentations Cause of Action Fails as a Matter of Law Because eBay Does Not Owe Plaintiffs a Duty to Control GoAntiques' Actions.

Plaintiffs' allegations for negligence and negligent misrepresentation are based solely on the conduct of GoAntiques, which eBay does not have a duty to control. Without having a duty to control the actions of GoAntiques, plaintiffs' negligence and negligent misrepresentation claims fail as a matter of law. (Further, since these asserted duties arise in the context of third-party information being "posted" on eBay's website, the CDA Section 230 immunity discussed above also precludes these claims. *See Gentry*, 99 Cal. App. 4th at 816.)

Likewise, plaintiffs allege that eBay is liable for negligence and negligent misrepresentation based on violations of Ohio's Auction Law but based solely on the actions of GoAntiques. As discussed *infra,* Part B.5., eBay is not liable under Ohio's Auction Law. Because plaintiffs have failed to allege that eBay owed plaintiffs a "duty" to control the actions

of GoAntiques, the Court should appropriately dismiss this cause of action regardless of whether Section 230 provides eBay immunity.

        **4.**    **Because GoAntiques is Not eBay's Agent, the Cause of Action for Vicarious Liability Should be Dismissed.**

In support of plaintiffs' cause of action for vicarious liability, plaintiffs do no more than state, in conclusory fashion, that GoAntiques is an agent of eBay.  (FAC ¶ 118 ("eBay is the principal who has the right to control the actions of its agent, GoAntiques…").)  Such conclusory legal statements, unsupported by any allegation of fact in the FAC, should be disregarded by the Court.  *See Murphy*, 123 F.3d at 400  (conclusory statements or legal conclusions need not be considered in deciding a motion to dismiss).  In fact, eBay's Live Auction Agreement, attached to the FAC, expressly states that eBay has no control over GoAntiques.  (FAC, Ex. 3 at ¶ 2.)  Because GoAntiques is not an agent of eBay, this cause of action should be dismissed.

        **5.**    **Plaintiffs' Claims Pursuant to the Ohio and California Auction Laws Are Preempted.**

Plaintiffs' allegations to support a cause of action under the Ohio and California Auction laws are insufficient because the facts required to establish a violation are clearly preempted by the CDA.  47 U.S.C. § 230(e)(3).

        **6.**    **Plaintiffs Fail to State Causes of Action for Violations of California's Consumer Remedies Act and Unfair Competition Act Because They Rely Only on the Actions of GoAntiques.**

Plaintiffs' causes of action for violations of California's Consumer Remedies Act and Unfair Competition Act (FAC ¶¶ 126-35) are all based on the alleged conduct of GoAntiques. As explained in the outset of the FAC, plaintiffs' underlying basis for bringing this action against eBay is eBay's alleged "continuing participation in defendant GoAntiques' deceptive and unfair practice of auction 'shill bidding….'"  (FAC ¶ 1.)  This is confirmed in plaintiffs' causes of action under California statutory law when they plead for relief based on "shill bidding by… GoAntiques."  (FAC ¶ 133.)

Plaintiffs do not allege a single act *by eBay* that supports their causes of action for violation of California statutory law.  Instead, in merely 10 paragraphs of the FAC, plaintiffs

attempt to plead violations of three different California statutes – including 10 different specific violations of law, yet do not advance a single fact to support these pleadings nor attempt to explain how the actions of GoAntiques equates a violation of California law. Plaintiffs simply and insufficiently advance legal conclusions unsupported by any factual allegations. (*See, e.g.*, FAC ¶ 130 ("eBay has violated Cal. Civ. Code § 1812.608 by violating Cal. Com. Code §§2328(3)-(4), among other violations").) Because of this deficiency, plaintiffs' causes of action for violation of California's Consumer Remedies Act and Unfair Competition Act should be dismissed. *See Murphy*, 123 F.3d at 400 (conclusory statements or legal conclusions need not be considered in deciding a motion to dismiss).

### 7. Plaintiffs Fail to State Causes of Action for Unjust Enrichment, Imposition of Constructive Trust, and Money Had and Received.

Plaintiffs' causes of action for unjust enrichment and money had and received (FAC ¶¶ 136-47) are based on the alleged "inflated sales prices and/or buyer's premiums and/or other fees and profits acquired by GoAntiques and eBay…" (FAC ¶ 137) and "wrongful profits and fees by deceptive, unfair, and illegal conduct" (FAC ¶ 143). If plaintiffs' unjust enrichment claim fails, plaintiffs' cause of action for money had and received must also fail. *Drozeck v. Lawyers Title Ins. Co.*, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000) ("An action for 'money had and received' is a claim in quasi-contract which, in turn, is based upon the equitable doctrine of unjust enrichment") (citation omitted).

Despite their attempt to plead around the requirements of these causes of action, every wrongful act plaintiffs allege relates to the conduct of GoAntiques – not conduct by eBay. "A constructive trust is defined… as: A trust by operation of law… against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy…." *Ferguson v. Owens*, 459 N.E.2d 1293, 1295 (Ohio 1984) (internal quotation omitted). A cause of action for constructive trust and

money had and received against eBay requires wrongful conduct by eBay. Because plaintiffs base these claims on the actions of GoAntiques – not the conduct of eBay – their causes of action for constructive trust and money had and received must fail.

> **8.    There is No Basis for Awarding Plaintiffs Declaratory and Injunctive Relief.**

The remainder of the FAC seeks equitable relief based on the above causes of action. (FAC ¶¶ 148-53.) If eBay's motion to dismiss the above causes of action is granted, there is no basis for granting plaintiffs the equitable relief they seek as plaintiffs rely on the same third-party conduct. Accordingly, plaintiffs' claims for declaratory and injunctive relief should be dismissed.

> **C.    Class Certification is Inappropriate Because the Court Would Be Engaged in Countless Individualized Determinations of Liability and Damages.**

Class certification is only appropriate if each member is not required to individually litigate numerous and substantial questions to determine liability and damages. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1084-85 (6th Cir. 1996) (finding class certification inappropriate when alleged causes of injury not based on "single happening or accident," no one set of operative facts, no single proximate cause, and affirmative defenses "***depend on facts peculiar to each plaintiff's case***") (emphasis added); Fed. R. Civ. P. 23(b)(3) (action may be maintained as class action if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members…").

Here, the Court would be required to determine, as an initial matter, which members of the class had their bidding influenced by the conduct alleged to be unlawful for purposes of liability. If a particular purchaser would have bid the exact amount that they actually paid regardless of the defendants' conduct, then liability could not attach for certain causes of action. For example, if a buyer did not change their bidding based on eBay's conduct, liability may exist under a breach of contract theory (limited by the damages provision in the User Agreement), but would not exist under plaintiffs' negligence theory (because of a lack of reliance). A buyer that did change their bidding based on eBay's conduct might be able to establish liability under both

breach of contract and negligence theories (among others). There is no uniform or systematic way to make this determination of liability other than on an individual basis.

Even if it was determined that eBay had any liability for GoAntiques' actions in this matter, the Court would then be required to determine which class members suffered any damage from eBay's actions, on what theory of recovery the individual plaintiff's recovery was based, and to what extent that individual plaintiff was damaged. These are all questions of fact that require litigation by each plaintiff individually. First, the Court would have to determine, for each plaintiff, whether they changed their bidding based on: 1) eBay's actions; 2) GoAntiques' actions; or 3) both defendants' actions. If an individual plaintiff did not change their bidding based on eBay's actions, then, presumably, that plaintiff could only recover contract or statutory damages. Second, for all those that did change their bidding based on the actions of one or both defendants, the Court would be required to examine each auction for which eBay is liable and make a determination as to each individual claimant's bidding practices and experience, whether any harm occurred as a proximate cause, and the amount of any recoverable damages.

For example, if the automated system is the "shill bidder" and there is no other live bidder, then the buyer paid exactly what he or she bid (because the automated system merely provides shill bids up to that buyer's stated or absentee bid). As a consequence, that buyer paid what they were willing to pay and, thus, have no damages.[3] Such an individualized legal and factual determination is inappropriate for class certification, consuming countless hours by the Court. Therefore, the FAC should be dismissed because it is inappropriate for class treatment.

## V. CONCLUSION

All of plaintiffs' allegations are premised on the actions of GoAntiques. The FAC does not contain any allegations of wrongful conduct by eBay other than supposed misconduct stemming from GoAntiques' auction practices. Accordingly, eBay is immune from liability

---

[3] This is unless the buyer argues that they would not have bought the item in question *at all* had they known that the shill bidding was occurring. In this case, the Court would have to look at every transaction for issues of causation and loss (e.g. is the good really "worth" less than what the buyer paid).

under all causes of action as explicitly provided by Section 230.  Further, even if the immunity of Section 230 did not apply, plaintiffs fail to allege facts sufficient to maintain their causes of action.  Finally, plaintiffs' allegations are inappropriate for class treatment because a determination of liability and damages for each plaintiff would require individualized, particularized litigation.  For the foregoing reasons, the causes of action against eBay in plaintiffs' FAC should be dismissed with prejudice.

BUCKINGHAM, DOOLITTLE & BURROUGHS. LLP

By:   **Andrew W. Owen**
Andrew W. Owen (0059646), Trial Attorney
Joseph E. Ezzie (0075446), Of Counsel
191 W. Nationwide Blvd, Suite 300
Columbus, Ohio 43215
Phone:  614-221-8448/Fax:  614-221-8495
aowen@bdblaw.com

Attorney for Defendant eBay, Inc.

Of Counsel:
COOLEY GODWARD LLP
MICHAEL G. RHODES
JOSEPH S. LEVENTHAL
4401 EASTGATE MALL
SAN DIEGO, CA  92121-1909
(858) 550-6271
*Attorneys for Defendant eBay, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by means of filing using the electronic filing system of the Court and the automatic electronic notification procedure of that system, and/or by regular U.S. mail, postage prepaid, upon the following, this 3rd day of April, 2006:

Mark D. Lewis
Mark M. Kitrick
Kitrick & Lewis Co., LPA
515 East Main Street
Suite 515
Columbus, Ohio  43215-5398

Rex H. Elliott
Charles H. Cooper, Jr.
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio  43221

*Attorneys for Plaintiffs*

Frederick M. Luper
Bridget E. Heid
Luper Neidenthal & Logan, LPA
50 West Broad Street, Suite 1200
Columbus, Ohio  43215-3374

*Attorneys for Defendant GoAntiques, Inc.*

s/Andrew W. Owen

16.

# APPENDIX OF AUTHORITIES

**CASE LAW**                                                     **PAGE**

*Zeran v. AOL, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) ("By its plain language, §230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service."). . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . .   4, 6

*Ben Ezra, Weinstein, & Co. v. AOL, Inc.*, 206 F.3d 980, 985 n.3 (10th Cir. 2000) ("Congress enacted §230 to promote freedom of speech in the 'new and burgeoning Internet medium' by eliminating the 'threat [of] tort-based lawsuits' against interactive services for injury caused by 'the communications of others'")..………………………………………………………   5

*Blumenthal v. Drudge*, 992 F. Supp. 44, 49 (D.D.C. 1998) (Congress made the legislative judgment in enacting Section 230 to effectively immunize providers of interactive computer services from civil liability in tort with respect to material disseminated by them but created by others.) ………………………………………………………………………..   5, 6

*Jane Doe One v. Oliver*, 755 A.2d 1000 (Conn. Super. Ct. 2000) (Congress also made the legislative judgment to extend Section 230 to both federal and state civil causes of action, and several states have already employed Section 230 to dismiss claims against providers of interactive computer services ranging from statutory violations to negligence and breach of contract)..………………………………………………………………………..   5

*Doe v. AOL, Inc.*, 1997 WL 374223 (Fla. Cir. Ct. June 26, 1997) ((Congress also made the legislative judgment to extend Section 230 to both federal and state civil causes of action, and several states have already employed Section 230 to dismiss claims against providers of interactive computer services ranging from statutory violations to negligence and breach of contract) ………………………………………………………………………...   5, 6

*Gentry v. eBay*, 99 Cal. App. 4th 816, 834 (Cal. Ct. App. 2002) (eBay is an "internet computer service provider" as defined by the CDA, and is, therefore, immune from liability for any underlying bad acts or misrepresentations by the users of its services.) ………………….   6

*Seringetti Const. Co. v. City of Cincinnati*, 51 Ohio App. 3d 1, 4 (Ohio Ct. App. 1988) ("The interpretation of a written agreement is, in the first instance, a matter of law for the court").. 7

*White v. Lawler*, 2005 WL 1792870, at *1 (Ohio Ct. App. July 28, 2005) (*quoting Piciorea v. Genesis Ins. Co.*, 2003 WL 21710789, at *2 (Ohio Ct. App. July 24, 2003) (upholding defendant's summary judgment motion interpreting insurance contract)……………………... 7

*Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc.*, 578 N.E.2d 851, 855 (Ohio. Ct. App. 1989) (upholding lower court's interpretation of insurance agreement)……………………………   7

*Stychno v. Ohio Edison Co.*, 806 F. Supp. 663, 672 (N.D. Ohio 1992) ("Where the plaintiff's cause of action arises out of a contract which has been attached to the complaint as an exhibit, and where such contract shows unambiguously on its face that the relief prayed for is not merited, dismissal is both justified and appropriate.") ………………………………………… 9

*Frey v. Vin Devers, Inc*., 80 Ohio App. 3d 1, 6 (1992) (act or practice is "deceptive" when 'the supplier does or says something, regardless of intent, which has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts") …………………….. ..  10

*Drozeck v. Lawyers Title Ins. Co.*, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000) ("An action for 'money had and received' is a claim in quasi-contract which, in turn, is based upon the equitable doctrine of unjust enrichment")………………………………………………………………….. 12