1  STEPHEN S. WALTERS (BAR NO. 54746)
   CATHY A. HONGOLA (BAR NO. 234489)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Phone:  (415) 837-1515
   Fax:  (415) 837-1516
5  E-Mail:  swalters@allenmatkins.com
            chongola@allenmatkins.com
6
   Attorneys for Defendant
7  HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY
   OVERSTOCK AUCTIONS and PARAMOUNT
8  AUCTIONS

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12 | MICHELE MAZUR, individually and for all       | Case No. C 07 3967 MHP
   | others similarly situated,                    |
13 |                                               | DEFENDANT HOT JEWELRY
   |              Plaintiff,                       | AUCTIONS.COM'S REPLY IN SUPPORT OF
14 |                                               | ITS MOTION TO STAY PENDING
   |       vs.                                     | ARBITRATION
15 |                                               |
   | EBAY, INC., HOT JEWELRY                       | Date:   January 14, 2008
16 | AUCTIONS.COM d/b/a JEWELRY                    | Time:   2:00 p.m.
   | OVERSTOCK AUCTIONS, HOT JEWELRY               | Ctrm:   15
17 | AUCTIONS.COM d/b/a PARAMOUNT                  | Judge:  Hon. Marilyn Hall Patel
   | AUCTIONS, and DOES 1-100, inclusive,          |
18 |                                               |
   |              Defendants.                      |
19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**                                         Case No.  C 07 3967 MHP
                     728643.01/SF                         DEFENDANT HJA's REPLY ISO MOT. TO
                                                              STAY PENDING ARBITRATION

# **TABLE OF CONTENTS**

**Page**

I. Introduction ...................................................................................................................... 1

II. Summary of Relevant Facts ............................................................................................. 1

III. Argument .......................................................................................................................... 3

    A. Plaintiff Does Not Deny That She Accepted HJA's Dispute Resolution Provision ........................................................................................... 3

    B. All Issues Raised In The Complaint Are Covered By The Dispute Resolution Agreement .............................................................................. 3

    C. Plaintiff Fails To Meet Her Burden To Show The Dispute Resolution Provision Is Unconscionable ............................................................... 5

        (a) Plaintiff Fails To Show The Dispute Resolution Provision Is Procedurally Unconscionable .............................................................. 5

        (b) Plaintiff Fails To Show The Dispute Resolution Provision Is Substantively Unconscionable .............................................................. 7

    D. Alleged Fraud In The Inducement Of The Entire Agreement Does Not Void The Arbitration Provision .................................................................... 9

IV. Conclusion ........................................................................................................................ 9

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728643.01/SF

(i)

Case No. C 07 3967 MHP
DEFENDANT HJA's REPLY ISO MOT. TO
STAY PENDING ARBITRATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Produce Co. v. FMC Corp.,*
    135 Cal.App.3d 473 (1982) .................................................................................................. 6

*ACORN v. Household International Inc.,*
    211 F.Supp.2d 1160 (N.D. Cal. 2002) .................................................................................. 8

*Armendariz v. Found. Health Psychcare Servs.,*
    24 Cal.4th 83 (2000) ............................................................................................................. 5

*Bosinger v. Phillips Plastics Corp.,*
    57 F.Supp.2d 986 (S.D. Cal. 1999) ...................................................................................... 4

*Buckeye Check Cashing, Inc., v. Cardegna,*
    546 U.S. 440 (2006) ............................................................................................................. 9

*Circuit City Stores, Inc. v. Adams,*
    279 F.3d 889 (9th Cir. 2002) ................................................................................................ 8

*College of the Sequoias Farm v. White Gold Assoc.,*
    2007 WL 2022040, at *18 (E.D. Cal. July 9, 2007) ............................................................. 6

*Crippen v. Central Valley RV Outlet, Inc.,*
    124 Cal.App.4th 1159 (2004) ............................................................................................... 5

*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street,*
    35 Cal.3d 312 (1983) ............................................................................................................ 4

*Gatton v. T-Mobile USA, Inc.,*
    152 Cal.App.4th 571 (2007) ................................................................................................. 7

*Green Tree Fin. Corp. v. Bazzle,*
    539 U.S. 445 (2003) .......................................................................................................... 5, 8

*Kayne v. Thomas Kinkade Co.,*
    2007 WL 4287364, at *5 (N.D. Cal. Dec. 5, 2007) ..................................................... 6, 7, 8

*Navellier v. Sletten,*
    262 F.3d 923 (9th Cir. 2001) ................................................................................................ 6

*Oestreicher v. Alienware Corp.,*
    502 F.Supp.2d 1061 (N.D. Cal. 2007) ..................................................................... 3, 5, 6, 7

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.,*
    388 U.S. 395 (1967) ............................................................................................................. 9

*Ramirez v. Cintas Corp.,*
    2005 WL 2894628, at *8 (N.D. Cal. Nov. 2, 2005) .......................................................... 5, 8

*Rosenthal v. Great Western Financial Secs. Corp.,*
    14 Cal.4th 394 (1996) ........................................................................................................... 9

| | **Page(s)** |
|---|---|
| *Shroyer v. New Cingular Wireless Servs. Inc.*,<br>    148 F.3d 976 (9th Cir. 2007) | 5 |
| *Simula v. Autoliv, Inc.*,<br>    175 F.3d 716 (9th Cir. 1999) | 5 |
| *Stirlen v. Supercuts, Inc.*,<br>    41 Cal.App.4th 1519 (1997) | 8 |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728643.01/SF

(iii)

Case No. C 07 3967 MHP
DEFENDANT HJA's REPLY ISO MOT. TO STAY PENDING ARBITRATION

1   Defendant Hot Jewelry Auctions.com d/b/a Jewelry Overstock Auctions and Paramount
2 Auctions hereby submits this Reply Memorandum in support of its Motion for Stay Pending
3 Arbitration.

**I.   Introduction**

HotJewelryAuction.com's ("HJA's") Motion to Stay Pending Arbitration ("Motion to Stay") should be granted for four reasons: (1) Plaintiff does not deny she accepted HJA's Dispute Resolution provision, (2) all of Plaintiff's claims are covered by the Dispute Resolution provision, (3) Plaintiff fails to show that the Dispute Resolution provision is unconscionable, and (4) an allegation regarding fraud in the inducement of the entire agreement is not grounds for invalidating a dispute resolution provision.  Indeed, rather than refuting HJA's arguments supporting its request for a stay, Plaintiff attempts to cloud the issues before the Court by referencing incorrect legal standards and making speculative assertions.  Because Plaintiff presents this court with no reason not to enforce the dispute resolution provision, HJA's Motion to Stay should be granted.

**II.   Summary of Relevant Facts**

HotJewelryAuction.com is a website owned by Hill Street Jewelers USA, Inc. (referred to herein as "HJA").  *See* Declaration of George Molayem in support of HJA's Reply in support of its Motion to Stay and HJA's Opposition to Motion to Strike ("Molayem Decl."), ¶ 2.  HJA operates on eBay under the eBay User Ids Jewelry Overstock Auctions and Paramount Auctions.  *Id*. Plaintiff purchased $4,602.90 in jewelry from HJA through one of HJA's eBay auctions.  (*See* Complaint, pp. 3:27-4:2.).  Plaintiff had seven days to return her merchandise for any reason for a full refund, minus a restocking fee.  Molayem Decl. ¶ 4, Ex. A at p.2.

When an eBay user like Plaintiff navigates online to eBay's website and wants to register to bid in one of HJA's auctions, the eBay user is automatically presented with a copy HJA's Terms and Conditions to read and review.  Molayem Decl., ¶ 3.  HJA's Terms and Conditions are the same for all HJA's auctions and all of HJA's Terms and Conditions contain identical Dispute Resolution provisions.  *Id*., ¶ 4.  For example, the text of the Dispute Resolution provision presented to eBay users wishing to bid in one of HJA's auctions, reflected in Exhibit A to the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**
728643.01/SF

Case No.  C 07 3967 MHP
DEFENDANT HJA's REPLY ISO MOT. TO
STAY PENDING ARBITRATION

Molayem Declaration, is identical to the text of the Dispute Resolution provision on HJA's website, reflected in Exhibit A to the Declaration of Stephen Walters in support of HJA's Motion to Stay.[1] eBay users are able read HJA's Terms and Conditions online by scrolling down through the text of the terms. *See, e.g.,* Declaration of Cathy A. Hongola in support of HJA's Reply in support of its Motion to Stay and HJA's Opposition to Motion to Strike ("Hongola Decl."), ¶ 2, Ex. A; Molayem Decl., ¶ 3. Alternatively, an eBay user can view HJA's Terms and Conditions by printing the text of the terms themselves. *See, e.g.,* Hongola Decl. ¶ 3, Ex. B.

To bid in one of HJA's auctions, Plaintiff had to click on a box stating "I have read… the auction house's terms and conditions of sale above and accept them."  Molayem Decl., ¶ 5. Although HJA does not have historical records of the Terms and Conditions as they appeared to Plaintiff at the time of her purchase, HJA uses the same Terms and Conditions in all its auctions, including auctions held in February 2007 when Plaintiff made her purchases. *Id.*, ¶ 6. Plaintiff does not deny that she was presented with HJA's Terms and Conditions prior to bidding and she does not deny that she agreed to those Terms and Conditions, including the Dispute Resolution provision.

eBay requires HJA upload a copy of HJA's Terms and Conditions for every auction. At the time the Terms and Conditions are uploaded they are formatted with section breaks. Molayem Decl., ¶ 7. However, the eBay website automatically removes these section-breaks from the uploaded text, resulting in four pages of block text. *See* Molayem Decl., ¶ 7; Hongola Decl., ¶ 3, Ex. B. Plaintiff was previously unaware of the recent technical error referenced in Plaintiff's Opposition, where only 10 % of the Agreement was visible to Plaintiff or her counsel. Molayem Decl., ¶ 8. HJA uploads the same complete copy of its Terms and Conditions for each and every auction and any incomplete presentation of the terms and conditions is a technical error on the part of eBay. *Id.*

---

[1] The only difference between the provisions is that "HJA" is replaced with "JOA." Plaintiff bought her jewelry from HJA through an auction held by JOA.

### III. Argument

#### A. Plaintiff Does Not Deny That She Accepted HJA's Dispute Resolution Provision

Plaintiff does not deny that she (1) accepted HJA's Terms and Conditions, (2) accepted HJA's Dispute Resolution provision, and (3) was provided with a full and complete version of HJA's terms and conditions. Indeed, Plaintiff admits that the text of the Dispute Resolution provision reflected in Walters Exhibit A and the text of the Dispute Resolution provision provided eBay users like herself is the same. (Opp. Motion., p.1:25-28; Plaintiff's Motion to Strike, p.1:8.) Although HJA does not have an exact copy of the Terms and Conditions for the auction Plaintiff participated in, every auction HJA holds is subject to HJA's Dispute Resolution provision.[2] Molayem Decl., ¶¶ 4, 6. Plaintiff does not deny this. HJA has thus offered sufficient proof that an agreement to arbitrate exists. The Court, therefore, need only consider the scope of the arbitration clause and whether there are any contractual defenses precluding its enforcement. *See Oestreicher v. Alienware Corp.,* 502 F.Supp.2d 1061, 1064-65 (N.D. Cal. 2007).

#### B. All Issues Raised In The Complaint Are Covered By The Dispute Resolution Agreement

Contrary to Plaintiff's assertions, the Dispute Resolution provision is broadly worded and encompasses all of Plaintiff's claims:

> DISPUTE RESOLUTION. Should a dispute occur between JOA and Buyer (the parties) that cannot be resolved, then the parties agree to the rules, regulations and procedures of the dispute resolution described below and agree to the following procedures for Resolution of the Dispute: If either party alleges that the other party is in default under this agreement, then the dispute or allegation shall be submitted for Binding resolution to In House Attorneys, P.C. in the City of Los Angeles, California. Each party shall simply present their own case (limited to a maximum of one hour for each party) to In House Attorneys, P.C., excluding witnesses, expert witnesses and attorneys. The parties agree and acknowledge that they are completely waiving their rights to have the dispute heard in a conventional manner including the use of attorneys, arbitration, mediation and any civil court in California having jurisdiction over the dispute. Any award determined by In House Attorneys, P.C. shall be binding and the prevailing party shall be awarded full reimbursement of its actual paid fees in connection with the

---

[2] Plaintiff argues that "no Class member could even know about" that HJA's Terms and Conditions are available in format they appear on HJA's website, reflected in Walters Exhibit A, because "HJA operates under the names Jewelry Overstock Auctions ("JOA") and Paramount Auctions ("PA")." (*See* Opp. Motion, p.1:22-24.) This argument is disingenuous because Plaintiff cites alleged representations on HJA's website a basis for her fraud claims (*see, e.g.,* Complaint at ¶ 40), which means either Plaintiff's fraud claims are meritless or Plaintiff and the purported class members were aware of the connection between HJA, JOA and PA.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

728643.01/SF

-3-

Case No. C 07 3967 MHP
DEFENDANT HJA's REPLY ISO MOT. TO
STAY PENDING ARBITRATION

dispute for the dispute remedy listed herein.

Molayem Decl., ¶ 4, Ex. A. Plaintiff acknowledges that the first clause of the provision covers "all disputes which would occur between HJA and a consumer," but argues that the dispute procedures "cover only situations where 'either party alleges that the other party is in default.'" (Opp. Mot. p.3:4-9). Plaintiff reads the dispute resolution provision too narrowly. The dispute resolution provision covers all disputes between HJA and a consumer, including allegations that the other party is in default: "Should a *dispute* occur between JOA and Buyer… if either party *alleges* that the other party is in default … then the *dispute* or *allegation* shall be submitted for Binding resolution…" Molayem Decl., ¶ 4, Ex. A (emphasis added). Thus, the dispute resolution provision calls for submittal of disputes *or* allegations, not just submittal of allegations "that the other party is in default."

In *Bosinger v. Phillips Plastics Corp.,* 57 F.Supp.2d 986, 993 (S.D. Cal. 1999), the court held there was an important distinction between the using the phrase "arising out of" versus "arising out of and or relating to" in an arbitration provision. Although an arbitration provision covering claims "arising out of" would be narrowly interpreted, an arbitration provision mandating submittal of claims "arising out of and or relating to" would be broadly interpreted. *Id*. Likewise, the dispute resolution provision here, requiring submittal of disputes *or* allegations of default, should be interpreted broadly, and not limited to claims specifically relating to the narrow issue of breach of contract. *See Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street,* 35 Cal.3d 312, 323 (1983) (clause requiring arbitration of "any dispute" arising under a lease interpreted broadly to cover fraud claim).

Moreover, Plaintiff fails to address the fact that all of Plaintiff's claims and legal theories against HJA are arbitrable under this broad provision because, absent Plaintiff's consent to the Dispute Resolution provision, Plaintiff would not have been permitted to use HJA's services at all and thus would not have suffered any of her alleged damages. As noted in HJA's moving papers, because all of Plaintiff's claims "touch matters" related to the parties' contractual relationship, Plaintiff's claims must be submitted in accordance with the arbitration procedures provided by the

1  dispute resolution provision. *See Simula v. Autoliv, Inc.,* 175 F.3d 716, 721-26 (9th Cir. 1999)
2  (finding all of the plaintiff's common law and statutory claims touched matters covered by the
3  contract containing the arbitration clause).

### C. Plaintiff Fails To Meet Her Burden To Show The Dispute Resolution Provision Is Unconscionable

6  Because Plaintiff agreed to arbitrate all of her claims against HJA, the arbitration provision
7  will only be unenforceable if Plaintiff can show that the dispute resolution provision itself is
8  unconscionable or was induced by fraud.  Plaintiff bears the burden of proving that the dispute
9  resolution provision is both procedurally and substantively unconscionable. *See Oestreicher v.*
10 *Alienware Corp.,* 502 F.Supp.2d 1061, 1069 (N.D. Cal. 2007) (finding arbitration provision
11 presented to plaintiff during online purchase was enforceable); *Crippen v. Central Valley RV*
12 *Outlet, Inc.,* 124 Cal.App.4th 1159, 1164 (2004) (finding plaintiff failed to present evidence of
13 procedural unconscionability).  "[T]he more substantively oppressive the contract term, the less
14 evidence of procedural unconscionability is required… and vice versa." *Armendariz v. Found.*
15 *Health Psychcare Servs.,* 24 Cal.4th 83, 113 (2000).  Plaintiff, howeverfails to meet her burden.

#### (a) Plaintiff Fails To Show The Dispute Resolution Provision Is Procedurally Unconscionable

18 Plaintiff directs the court to a three-part test in S*hroyer v. New Cingular Wireless Servs.*
19 *Inc.,* 148 F.3d 976 (9th Cir. 2007), that Plaintiff claims is the proper test for determining the
20 procedural unconscionability of the dispute resolution provision at issue.  The three part test in
21 *Shroyer*, however, is used to determine whether "a class action waiver in a consumer contract is
22 unconscionable." *Id*. at 983.  Here, the dispute resolution provision "does not expressly prohibit
23 class arbitration, [so] the question of whether a class arbitration is permitted is a matter for the
24 arbitrator to decide." *Ramirez v. Cintas Corp.,* 2005 WL 2894628, at *8 (N.D. Cal. Nov. 2, 2005)
25 (citing *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 445, 453 (2003)).  Plaintiff's discussion of the
26 *Shoyer* factors is, therefore, irrelevant for the purposes of determining whether HJA's dispute
27 resolution provision is procedurally unconscionable.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728643.01/SF

-5-

Case No.  C 07 3967 MHP
DEFENDANT HJA's REPLY ISO MOT. TO
STAY PENDING ARBITRATION

1       Rather, the Court should determine whether the Dispute Resolution provision is procedurally unconscionable by examining the amount of "(1) 'oppression,' which refers to an inequality of bargaining power resulting in no meaningful choice for the weaker party, or (2) 'surprise,' which occurs when the supposedly agreed upon terms are hidden in a document." *Navellier v. Sletten,* 262 F.3d 923, 940 (9th Cir. 2001). Here, Plaintiff presents this court with no evidence of oppression or surprise other than the fact that HJA's Dispute Resolution provision is contained in an adhesive contract. There mere fact a contract is adhesive, however, amounts to no more than "a minimal degree of procedural unconscionability." *See Oestreicher,* 502 F.Supp.2d at 1070. Plaintiff fails to present the Court with anything more than this minimal degree of procedural unconscionability.

      Plaintiff attempts to show that HJA had greatly superior bargaining power over the Plaintiff by making the unsupported claim that HJA is a "large, sophisticated company". Plaintiff, however is a business owner herself (s*ee* Complaint ¶ 9), and provides the court with no evidence that she is an entirely weaker party. *See Kayne v. Thomas Kinkade Co.,* 2007 WL 4287364, at *5 (N.D. Cal. Dec. 5, 2007) (finding plaintiff was not "an entirely weak party" where plaintiff operated several furniture galleries); *A&M Produce Co. v. FMC Corp.,* 135 Cal.App.3d 473 (1982) (finding procedural unconscionability where plaintiff supplied ample specific evidence of unequal bargaining power).

      Plaintiff further argues in her separate Motion to Strike that when the Agreement is printed it prints as four pages of block text without section-breaks. Any "surprise" experienced by the Plaintiff is nominal, however, because the dispute resolution provision is clearly called out by the heading "DISPUTE RESOLUTION" in all caps and appears near the beginning of the agreement. *See* Hongola Decl., ¶ 2, Ex. A at p.4, and ¶ 3, Ex. B at p.1; *College of the Sequoias Farm v. White Gold Assoc.,* 2007 WL 2022040, at *18 (E.D. Cal. July 9, 2007) (finding no procedural unconscionability where arbitration clause is set off by heading in bold and caps); *Kayne,* 2007 WL 4287364, at *5 (finding no surprise where arbitration clause was clearly marked "DISPUTES").

Finally, as in *Oestreicher*, the presence of procedural unconscionability is reduced because (1) "Plaintiff had repeated notice of and access to the terms and conditions during the time [she] spent shopping… online," because HJA's Terms and Conditions were presented prior to bidding and were available elsewhere on eBay's and HJA's website, and (2) Plaintiff "had an opportunity to cancel [her] purchase within [seven] days." 502 F.Supp.2d at 1070; Molayem Decl., ¶¶ 3, 4, Ex. A at p.2. The fact that plaintiff had the choice to return her purchases for a refund combined with the fact that plaintiff fails to allege she could not purchase her goods elsewhere further minimizes the presence of procedural unconscionability. *See Kayne*, 2007 WL 4287364 at * 5 (finding the fact that plaintiff failed to allege he had no meaningful choice of options negated a finding of procedural unconscionability); *Gatton v. T-Mobile USA, Inc.,* 152 Cal.App.4th 571 (2007) ("The existence of consumer choice is relevant, but is not determinative of the entire issue.").

Because Plaintiff "has made only the minimal showing of procedural unconscionability, 'if the challenged provision does not have a high degree of substantive unconscionability, it should be enforced." *Oestreicher,* 502 F.Supp.2d at 1070.

### (b) Plaintiff Fails To Show The Dispute Resolution Provision Is Substantively Unconscionable

An arbitration provision is substantively unconscionable if it produces "overly harsh or one-sided results." *Oestreicher,* 502 F.Supp.2d at 1070. Plaintiff argues that the dispute resolution provision is substantively unconscionable because the selected arbitrator, In-House Attorneys, P.C. ("In-House Attorneys") "does not *appear* to be a neutral party" on the grounds that In-House Attorneys "likely" drafted the Dispute Resolution provision for HJA. (Opp. Motion, p.6:14-15, 23-24 (emphasis added).) Plaintiff's statements are pure speculation and apparently based on no more that a quick search of the In-House Attorney's website. Indeed, Plaintiff's allegation that In-House Attorneys may have drafted the agreement and are therefore more likely to side with HJA is specious, because recognized neutral arbitration services, like the American Arbitration Association ("AAA"), provide potential consumers of their services with form language for arbitration provisions on AAA's website. *See, e.g.,* Hongola Decl., Ex. C at p.4.

Plaintiff thus presents the Court with no evidence or legal authority that In-House Attorneys cannot serve as neutral arbitrators or that arbitration provisions drafted by arbitrators themselves are inherently suspect.

Plaintiff also claims that the dispute resolution procedures lack a "modicum of bilaterality" and that the "Plaintiff would not be allowed an attorney, to call any witnesses, or *possibly* even to conduct discovery." (Opp. Motion pp.5:26-27;7:1-2 (emphasis added).) Plaintiff also argues that because the presentation of cases is limited to one hour, "[c]lass actions seem all but impossible." (Opp. Motion p.7:3-4.) Plaintiff's argument glosses over the fact that HJA and Plaintiff are equally bound by the dispute resolution provision. The fact that HJA is also required to present its case to In-House Attorneys P.C. in one hour without witnesses or attorneys is the exact type of bilaterality courts look for. *See Kayne,* 4287364 at *5 (finding arbitration clause was not so one-sided as to be substantively unconscionable because "both parties are equally bound by the arbitration agreement, the chosen rules, the chosen form, and the award). The dispute resolution provision at issue here is, therefore, markedly different from the ones at issue in the cases cited by Plaintiff. *See e.g., Stirlen v. Supercuts, Inc.,* 41 Cal.App.4th 1519, 1542 (1997) (finding arbitration clause giving employer greater rights than otherwise available and depriving employees of significant rights they would normally enjoy was substantively unconscionable); *Circuit City Stores, Inc. v. Adams,* 279 F.3d 889, 894 (9th Cir. 2002) (arbitration clause unconscionable where employer not required to arbitrate its claims against employees); *ACORN v. Household International Inc.,* 211 F.Supp.2d 1160, 1174 (N.D. Cal. 2002) (finding arbitration clause containing "numerous one-sided provisions" and prohibiting class actions was unconscionable). Moreover, the dispute resolution provision does not expressly prohibit discovery and at least one court has found that a "no-witness" provision in an arbitration agreement does not render an arbitration clause substantively unconscionable. *See Kayne,* 4287364 at *5 n.4.

Finally, as noted above, the dispute resolution provision "does not expressly prohibit class arbitration, [so] the question of whether a class arbitration is permitted is a matter for the arbitrator to decide." *Ramirez v. Cintas Corp.,* 2005 WL 2894628, at *8 (N.D. Cal. Nov. 2, 2005) (citing *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 445, 453 (2003)). Plaintiff's citations to *Cohen v.*

1  *DirecTV, Inc.*, *Discover Bank v. Superior Court*, and *Ting v. AT&T* discussing the substantive
2  unconscionability of express class action waivers are, therefore, inapplicable to the dispute
3  resolution provision agreed to by Plaintiff.

4      Plaintiff has shown only a minimal level of procedural unconscionability and failed to
5  present any evidence of substantive unconscionability.  This is an insufficient showing to prevent
6  enforcement of the Dispute Resolution provision.  *See Oestreicher,* 502 F.Supp.2d at 1071
7  (finding plaintiff failed to establish unconscionability where plaintiff "made only a weak showing
8  of non-mutuality, and … minimal showing of procedural unconscionability.")

9      **D.**    **Alleged Fraud In The Inducement Of The Entire Agreement Does Not Void The Arbitration Provision**
10

11      Plaintiff's final attempt to thwart enforcement of the dispute resolution provision is to
12  argue that the entire Agreement is void because it was allegedly induced by fraud.  A claim of
13  fraud in the inducement of the entire agreement, however, does not preclude enforcement of an
14  arbitration provision.  "[U]nless the challenge is to the arbitration clause itself, the issue of the
15  contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing,*
16  *Inc., v. Cardegna,* 546 U.S. 440, 445-46 (2006).  Fraud in the inducement of the entire agreement
17  is to be decided by the arbitrator, not the court.  *See Prima Paint Corp. v. Flood & Conklin Mfg.*
18  *Co.,* 388 U.S. 395, 403-404 (1967); *Rosenthal v. Great Western Financial Secs. Corp.,* 14 Cal.4th
19  394, 419 (1996).  Plaintiff's argument that the entire Agreement was induced by fraud, therefore,
20  has no bearing on whether the court should stay this action pending arbitration.

21  **IV.**    **Conclusion**

22      For the foregoing reasons, and in light of Federal Arbitration Act's general policy favoring
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

728643.01/SF

-9-

Case No.  C 07 3967 MHP
DEFENDANT HJA's REPLY ISO MOT. TO
STAY PENDING ARBITRATION

1  arbitration agreements, HJA respectfully requests that the Court grant its motion to stay the action
2  pending arbitration.

3  Dated: December 19, 2007                ALLEN MATKINS LECK GAMBLE
                                              MALLORY & NATSIS LLP
4                                           STEPHEN S. WALTERS
                                            CATHY A. HONGOLA
5
6                                           By: /s/ Stephen S. Walters
                                              STEPHEN S. WALTERS
7                                             Attorneys for Defendant
                                              HOT JEWELRY AUCTIONS.COM d/b/a
8                                             JEWELRY OVERSTOCK AUCTIONS and
                                              PARAMOUNT AUCTIONS

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

728643.01/SF

Case No. C 07 3967 MHP
DEFENDANT HJA's REPLY ISO MOT. TO
STAY PENDING ARBITRATION

-10-