STEPHEN S. WALTERS (BAR NO. 54746)
CATHY A. HONGOLA (BAR NO. 234489)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: swalters@allenmatkins.com
        chongola@allenmatkins.com

Attorneys for Defendant
HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY
OVERSTOCK AUCTIONS and PARAMOUNT
AUCTIONS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE MAZUR, individually and for all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EBAY, INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS, HOT JEWELRY AUCTIONS.COM d/b/a PARAMOUNT AUCTIONS, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C 07 3967 MHP<br><br>DEFENDANT HOT JEWELRY AUCTIONS.COM'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE<br><br>Date: January 14, 2008<br>Time: 2:00 p.m.<br>Ctrm: 15<br>Judge: Hon. Marilyn Hall Patel |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

728794.01/SF

Case No. C 07 3967 MHP
DEFENDANT HJA's OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

Defendant Hot Jewelry Auctions.com d/b/a Jewelry Overstock Auctions and Paramount Auctions hereby oppose Plaintiff's Motion for Strike Walters Exhibit A as follows.

## I.     Introduction

Plaintiff's Motion to Strike Walters Exhibit A in support of HJA's Motion to Stay Pending Arbitration ("Walters Exhibit A") should be denied because (1) it is procedurally improper and (2) it fails to establish the Walters Exhibit A is subject to a motion to Strike under Federal Rule of Civil Procedure 12(f).

First, Plaintiff's motion is procedurally improper because a motion to strike only goes to allegations contained in pleadings. Walters Exhibit A is not a pleading nor was it cited to in a pleading. Ignoring this, Plaintiff asks the court to strike Walters Exhibit A on the basis that it is irrelevant, false or improper pursuant to California Code of Civil Procedure § 436. According to Plaintiff, the Court may strike Walters Exhibit A on the grounds that the court may take judicial notice, under Federal Rule of Evidence 201, of the fact that Walters Exhibit A differs in format from unauthenticated screenshots attached directly to Plaintiff's Motion. This difference in format, according to the Plaintiff, renders Walters Exhibit A irrelevant, false or improper under California procedural standards.

Plaintiff, however, fails to cite any legal authority for the proposition that a federal court in a diversity action will apply state procedural standards for a motion to strike. Indeed, in a diversity action federal courts look to federal procedural law and will apply the federal standard in Federal Rule of Civil Procedure 12(f) to a motion to strike. Moreover, Plaintiff fails to cite a single case supporting its argument that Walters Exhibit A should be struck under California Code of Civil Procedure 436 or Federal Rule of Civil Procedure 12(f). Plaintiff's Motion to Strike is void of citations because Plaintiff cannot show that a difference in formatting in an exhibit attached to a non-pleading is subject to a motion to strike under federal or state law. Plaintiff's motion therefore should be denied.

## II.    Statement of Facts

HotJewelryAuction.com is a website owned by Hill Street Jewelers USA, Inc. (referred to herein as "HJA"). Declaration of George Molayem in support of HJA's Reply in support of its

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728794.01/SF

-1-

Case No. C 07 3967 MHP
DEFENDANT HJA's OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

1  Motion to Stay and HJA's Opposition to Motion to Strike ("Molayem Decl."), ¶ 2. HJA operates
2  on eBay under the eBay User Ids Jewelry Overstock Auctions and Paramount Auctions. *Id.*
3  Plaintiff purchased $4,602.90 in jewelry from HJA through one of HJA's eBay auctions. (*See*
4  Complaint, pp. 3:27-4:2.).

5  When an eBay user like Plaintiff navigates online to eBay's website and wants to register
6  to bid in one of HJA's auctions, the eBay user is automatically presented with a copy HJA's Terms
7  and Conditions to read and review. Molayem Decl., ¶ 3. HJA's Terms and Conditions are the
8  same for all HJA's auctions and all of HJA's Terms and Conditions contain identical Dispute
9  Resolution provisions. *Id.*, ¶ 4. For example, the text of the Dispute Resolution provision
10 presented to eBay users wishing to bid in one of HJA's auctions, reflected in Exhibit A to the
11 Molayem Declaration, is identical to the text of the Dispute Resolution provision on HJA's
12 website, reflected in Walters Exhibit A.[1] eBay users are able read HJA's Terms and Conditions
13 online by scrolling down through the text of the terms. *See, e.g.,* Declaration of Cathy A. Hongola
14 in support of HJA's Reply in support of its Motion to Stay and HJA's Opposition to Motion to
15 Strike ("Hongola Decl."), ¶ 2, Ex. A; Molayem Decl., ¶ 3. Alternatively, an eBay user can view
16 HJA's Terms and Conditions by printing the text of the terms themselves. *See, e.g.,* Hongola Decl.
17 ¶ 3, Ex. B.

18 Although HJA does not have historical records of the Terms and Conditions as they
19 appeared to Plaintiff at the time of her purchase, HJA uses the same Terms and Conditions in all
20 its auctions, including auctions held in February 2007 when Plaintiff made her purchases.
21 Molayem Decl., ¶ 6. Plaintiff does not deny that she was presented with HJA's Terms and
22 Conditions prior to bidding and she does not deny that she agreed to those Terms and Conditions,
23 including the Dispute Resolution provision.

24 eBay requires HJA upload a copy of HJA's Terms and Conditions for every auction. At
25 the time the Terms and Conditions are uploaded they are formatted with section breaks. Molayem
26 Decl., ¶ 7. However, the eBay website automatically removes these section-breaks from the

---

[1] The only difference between the provisions is that "HJA" is replaced with "JOA." Plaintiff bought her jewelry from HJA through an auction held by JOA.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728794.01/SF

-2-

Case No. C 07 3967 MHP
DEFENDANT HJA's OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

uploaded text, resulting in four pages of block text. *See* Molayem Decl., ¶ 7; Hongola Decl., ¶ 3, Ex. B. Plaintiff was previously unaware of the recent technical error referenced in Plaintiff's Opposition, where only 10 % of the Agreement was visible to Plaintiff or her counsel. Molayem Decl., ¶ 8. HJA uploads the same complete copy of its Terms and Conditions for each and every auction and any incomplete presentation of the terms and conditions is a technical error on the part of eBay. *Id*.

**III.    Argument**

    **A.    Plaintiff's Request For Judicial Notice Should Be Denied**

Federal Rule of Evidence 201(b) provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

"[J]udicial notice is appropriate only when the matter is established 'beyond reasonable controversy.'" *United States v. Jaimes,* 297 F.Supp.2d 1254, 1256 (D. Haw. 2003). Plaintiff requests this court take judicial notice that Walters Exhibit A "differs drastically from the Agreement Plaintiff actually saw" because this alleged fact is "not subject to reasonable dispute." Plaintiff does not, however, present the court with any facts establishing what format she viewed the Agreement in when she made her online purchases in February 2007. All Plaintiff offers is recent unauthenticated recent screenshots from eBay's website. At the time Plaintiff read the Agreement she may have viewed it online or she may have printed it out. The formatting difference between Walters Exhibit A and what Plaintiff *might have seen* is not, therefore, a fact beyond "reasonable dispute." *Jamies,* 297 F.Supp.2d at 1256 (refusing to take judicial notice that a "substantial amount" of currency is contaminated by traces of narcotics). Plaintiff's unsupported allegations about what format she viewed the Agreement in simply do not provide the court with a basis upon which to take judicial notice under Federal Rule of Evidence 201. *See United States v. Ritchie,* 342 F.3d 903, 909 (9th Cir. 2003) (denying request for judicial notice of the fact appellant had notice of forfeiture proceedings because such facts were disputable and did "not remotely fit the requirements of Rule 201.")

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728794.01/SF

-3-

Case No. C 07 3967 MHP
DEFENDANT HJA's OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

### B. Plaintiff Fails To Establish That Walters Exhibit A Is Subject To A Motion To Strike

Plaintiff argues that if the court were to take judicial notice of the difference between the format of the Agreement in Walters Exhibit A and the format of the Agreement that Plaintiff agreed to, this Court may strike Walters Exhibit A pursuant to California Code of Civil Procedure sections 436 and 437. "Federal district courts sitting in diversity apply the substantive law of the forum state, but apply procedural rules as stated in the Federal Rules of Civil Procedure." *Neveu v. City of Fresno,* 392 F.Supp.2d 1159, 1183-84 (E.D. Cal. 2005) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)). Plaintiff's Motion to Strike, therefore, must be decided under Federal Rule of Civil Procedure 12(f) not California Code of Civil Procedure 436. *See Harris Technical Sales, Inc. v. Eagle Test Systems, Inc.,* 2007 WL 1888865, at *3 (D. Ariz. June 29, 2007) (denying plaintiff's motion to strike because plaintiff improperly relied upon the Illinois Code of Civil Procedure as the basis for its motion to strike).

#### 1. Plaintiff Fails To Establish that Walters Exhibit A Is An Insufficient Defense or Redundant, Immaterial, Impertinent, or Scandalous Matter Within A Pleading

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). First, Walters Exhibit A is not in or attached to any "pleading." Federal Rule of Civil Procedure 7(a) defines pleadings as complaints, answers, replies to a counterclaim, answers to a cross-claim, third party complaints, and third-party answers. "Under the express language of the rule, only pleadings are subject to motions to strike." *See Sidney-Vinsten v. A.H. Robbins Co.,* 697 F.2d 880, 885 (9th Cir. 1983) (refusing to strike a motion to reconsider); *Neveu,* 392 F.Supp.2d at 1170 (same). As Exhibit A of the Walters Declaration is not a pleading or attached to a pleading, Plaintiff's Motion to Strike Exhibit A of the Walters Declaration is improper and the court may deny Plaintiff's Motion on that ground alone. *See Vandacker v. Main Motor Sales Co.,* 109 F.Supp.2d 1045, 1047 (D. Minn. 2000) (denying motion to strike material from opposition memorandum).

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728794.01/SF

-4-

Case No. C 07 3967 MHP
DEFENDANT HJA's OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

Even if the court were to consider striking this non-pleading, Plaintiff fails to show Walters Exhibit A should be stuck under Rule 12(f). Motions to strike are "disfavored" and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Mat-Van, Inc. v. Sheldon Good & Co. Auctions,* 2007 WL 2206946, at *7 n.10 (S.D. Cal. July 27, 2007); *Neveu,* 392 F.Supp.2d at 1170. Plaintiff argues that the formatting of the Agreement is relevant to its defense of unconscionability in its Opposition to HJA's Motion to Stay Pending Arbitration. (*See* Motion to Strike, p. 2:9-12.) Plaintiff does not deny, however, that "the text is the same". (*Id.* at p.1:8.) Thus, Plaintiff cannot – and does not- argue that the text of the Dispute Resolution provision reflected in Walters Exhibit A "could have no possible bearing on the subject matter of the litigation." The Dispute Resolution provision in Walters Exhibit A is included in every HJA auction (Molayem Decl., ¶ 5), and therefore is directly relevant to HJA's Motion to Stay. Plaintiff's Motion to Strike therefore fails to meet the Rule 12(f) standard for striking a pleading.

**2.   Plaintiff Fails To Establish that Walters Exhibit A Is An Irrelevant, False, or Improper Matter Inserted In A Pleading**

As discussed above, the California standards for a motion to strike are inapplicable. Even if the court were to consider the California standard, however, Plaintiff's motion falls short. Pursuant to the California Code of Civil Procedure a court may "[s]trike out any irrelevant, false, or improper matter inserted in any *pleading*" and/or "[s]trike out all or any part of any *pleading* not drawn or filed in conformity with the law of this state, a court rule, or an order of the court." Cal. Code Civ. Proc. § 436(a)-(b) (emphasis added). Courts "read allegations of a *pleading* subject to a motion to strike as a whole, all parts in their context, and assume their truth." *Clauson v. Superior Court,* 67 Cal.App.4th 1253, 1255 (1998) (emphasis added). California Code of Civil Procedure § 420 defines a pleading as "the formal allegations by the parties of their respective claims and defenses, for the judgment of the court." A motion to stay pending arbitration is not a formal allegation of any claim or defense. Therefore, pursuant to section 420 of the California Code of Civil Procedure, Walters Exhibit A is not a pleading, part of any pleading or a matter

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728794.01/SF

-5-

Case No. C 07 3967 MHP
DEFENDANT HJA's OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

1  inserted into a pleading and cannot be subject to a motion to strike under California Code of Civil
2  Procedure section 436. The Court should deny Plaintiff's motion on this ground alone.
3        Further, Plaintiff fails to show that Walters Exhibit A falls within the scope of matters
4  addressed by section 436. Plaintiff does not – and cannot – argue that Walters Exhibit A is "part
5  of any pleading not drawn or filed in conformity with the law of this state, a court rule, or an order
6  of the court". Plaintiff also provides the Court no legal authority or factual support to suggest
7  Walters Exhibit A is irrelevant, false or improper under section 436. Indeed, Plaintiff cannot
8  claim the text of the Dispute Resolution provision is irrelevant, improper or false when Plaintiff
9  admits the text is the same as the text presented to eBay users like the Plaintiff. Moreover,
10 Plaintiff cannot claim that Walters Exhibit A is "false" or untrue because it was properly
11 authenticated as the Terms and Conditions appearing on HJA's website. The fact that Plaintiff or
12 her counsel recently encountered a technical glitch that prevented them from viewing the entire
13 agreement does not change this analysis, because Plaintiff does not deny that she was presented
14 with the Dispute Resolution Provision at the time she made her purchases.

**IV.  Conclusion**

Plaintiff's motion is improper and fails to meet the standards of Federal Rule of Civil Procedure 12(f). For this and the foregoing reasons, HJA respectfully requests Plaintiff's Motion to Strike be denied.

Dated: December 19, 2007

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
STEPHEN S. WALTERS
CATHY A. HONGOLA

By: /s/ Stephen S. Walters
STEPHEN S. WALTERS
Attorneys for Defendant
HOT JEWELRY AUCTIONS.COM d/b/a
JEWELRY OVERSTOCK AUCTIONS and
PARAMOUNT AUCTIONS