# Hongola Declaration

# Exhibit C





**AAA *ONLINE* Assistant** ▶

ABOUT US | DISPUTE RESOLUTION SERVICES | FILE A CASE | EDUCATION | NEUTRALS | CONTACT US

HOME

PRINT VERSION

## Commercial Arbitration Rules and Mediation PROCEDURES
(Including Procedures for Large, Complex Commercial Disputes)
### Amended and Effective September 1, 2007

Summary of Changes

TABLE OF CONTENTS

IMPORTANT NOTICE
INTRODUCTION
STANDARD ARBITRATION CLAUSE
ADMINISTRATIVE FEES
MEDIATION
LARGE, COMPLEX CASES

COMMERCIAL MEDIATION PROCEDURES
M-1. Agreement of Parties

M-2. Initiation of Mediation
M-3. Representation
M-4. Appointment of the Mediator
M-5. Mediator's Impartiality and Duty to Disclose
M-6. Vacancies
M-7. Date and Responsiblities of the Mediator
M-8. Responsibilities of the Parties
M-9. Privacy
M-10. Confidentiality
M-11. No Stenographic Record
M-12. Termination of Mediation
M-13. Exclusion of Liability
M-14. Interpretation and Application of Procedures
M-15. Deposits
M-16. Expenses

M-17. Cost of Mediation

COMMERCIAL ARBITRATION RULES
R-1. Agreement of Parties

R-2. AAA and Delegation of Duties
R-3. National Roster of Arbitrators
R-4. Initiation under an Arbitration Provision in a Contract
R-5. Initiation under a Submission
R-6. Changes of Claim
R-7. Jurisdiction
R-8. Mediation
R-9. Administrative Conference
R-10. Fixing of Locale
R-11. Appointment from National Roster
R-12. Direct Appointment by a Party
R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
R-14. Nationality of Arbitrator
R-15. Number of Arbitrators
R-16. Disclosure
R-17. Disqualification of Arbitrator
R-18. Communication with Arbitrator
R-19. Vacancies
R-20. Preliminary Hearing
R-21. Exchange of Information
R-22. Date, Time, and Place of Hearing
R-23. Attendance at Hearings
R-24. Representation
R-25. Oaths
R-26. Stenographic Record
R-27. Interpreters
R-28. Postponements
R-29. Arbitration in the Absence of a Party or Representative
R-30. Conduct of Proceedings
R-31. Evidence
R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence
R-33. Inspection or Investigation
R-34. Interim Measures
R-35. Closing of Hearing
R-36. Reopening of Hearing
R-37. Waiver of Rules
R-38. Extensions of Time
R-39. Serving of Notice
R-40. Majority Decision
R-41. Time of Award
R-42. Form of Award
R-43. Scope of Award
R-44. Award upon Settlement
R-45. Delivery of Award to Parties
R-46. Modification of Award
R-47. Release of Documents for Judicial Proceedings
R-48. Applications to Court and Exclusion of Liability
R-49. Administrative Fees
R-50. Expenses
R-51. Neutral Arbitrator's Compensation
R-52. Deposits

R-53. Interpretation and Application of Rules
R-54. Suspension for Nonpayment

EXPEDITED PROCEDURES
E-1. Limitation on Extensions
E-2. Changes of Claim or Counterclaim
E-3. Serving of Notices
E-4. Appointment and Qualifications of Arbitrator
E-5. Exchange of Exhibits
E-6. Proceedings on Documents
E-7. Date, Time, and Place of Hearing
E-8. The Hearing
E-9. Time of Award
E-10. Arbitrator's Compensation

PROCEDURES FOR LARGE, COMPLEX COMMERCIAL DISPUTES
L-1. Administrative Conference

L-2. Arbitrators

L-3. Preliminary Hearing

L-4. Management of Proceedings

OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION
O-1. Applicability
O-2. Appointment of Emergency Arbitrator
O-3. Schedule
O-4. Interim Award
O-5. Constitution of the Panel
O-6. Security
O-7. Special Master
O-8. Costs

ADMINISTRATIVE FEES
Fees
Refund Schedule
Hearing Room Rental

IMPORTANT NOTICE

These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA. To ensure that you have the most current information, see our Web Site at www.adr.org.

INTRODUCTION

Each year, many millions of business transactions take place. Occasionally, disagreements develop over these business transactions. Many of these disputes are resolved by arbitration, the voluntary submission of a dispute to an impartial person or persons for final and binding determination.

Arbitration has proven to be an effective way to resolve these disputes privately, promptly, and economically.

The American Arbitration Association (AAA), a not-for-profit, public service organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, families, communities, and all levels of government. Services are available through AAA headquarters in New York and through offices located in major cities throughout the United States. Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices. In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on all forms of out-of-court dispute settlement.

Standard Arbitration Clause

The parties can provide for arbitration of future disputes by inserting the following clause into their contracts:

*Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.*

Arbitration of existing disputes may be accomplished by use of the following:

*We, the undersigned parties, hereby agree to submit to arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules the following controversy: (describe briefly) We further agree that the above controversy be submitted to (one) (three) arbitrator(s). We further agree that we will faithfully observe this agreement and the rules, that we will abide by and perform any award rendered by the arbitrator(s), and that a judgment of any court having jurisdiction may be entered on the award.*

In transactions likely to require emergency interim relief, the parties may wish to add to their clause the following language:

*The parties also agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to the proceedings.*

These Optional Rules may be found below.

The services of the AAA are generally concluded with the transmittal of the award. Although there is voluntary compliance with the majority of awards, judgment on the award can be entered in a court having appropriate jurisdiction if necessary.

Administrative Fees

The AAA charges a filing fee based on the amount of the claim or counterclaim. This fee information, which is included with these rules, allows the parties to exercise control over their administrative fees.

The fees cover AAA administrative services; they do not cover arbitrator compensation or expenses, if any, reporting services, or any post-award charges incurred by the parties in enforcing the award.

## Mediation

The parties might wish to submit their dispute to mediation prior to arbitration. In mediation, the neutral mediator assists the parties in reaching a settlement but does not have the authority to make a binding decision or award. Mediation is administered by the AAA in accordance with its Commercial Mediation Procedures. There is no additional administrative fee where parties to a pending arbitration attempt to mediate their dispute under the AAA's auspices.

If the parties want to adopt mediation as a part of their contractual dispute settlement procedure, they can insert the following mediation clause into their contract in conjunction with a standard arbitration provision:

*If a dispute arises out of or relates to this contract, or the breach thereof, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration, litigation, or some other dispute resolution procedure.*

If the parties want to use a mediator to resolve an existing dispute, they can enter into the following submission:

*The parties hereby submit the following dispute to mediation administered by the American Arbitration Association under its Commercial Mediation Procedures. (The clause may also provide for the qualifications of the mediator(s), method of payment, locale of meetings, and any other item of concern to the parties.)*

## Large, Complex Cases

Unless the parties agree otherwise, the procedures for Large, Complex Commercial Disputes, which appear in this pamphlet, will be applied to all cases administered by the AAA under the Commercial Arbitration Rules in which the disclosed claim or counterclaim of any party is at least $500,000 exclusive of claimed interest, arbitration fees and costs.

The key features of these procedures include:

§ a highly qualified, trained Roster of Neutrals;

§ a mandatory preliminary hearing with the arbitrators, which may be conducted by teleconference;

§ broad arbitrator authority to order and control discovery, including depositions;

§ presumption that hearings will proceed on a consecutive or block basis.

## COMMERCIAL MEDIATION PROCEDURES

M-1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (AAA) or under these procedures, the parties and their representatives, unless agreed otherwise in writing, shall be deemed to have made these procedural guidelines, as amended and in effect as of the date of filing of a request for mediation, a part of their agreement and designate the AAA as the administrator of their mediation.

The parties by mutual agreement may vary any part of these procedures including, but not limited to, agreeing to conduct the mediation via telephone or other electronic or technical means.

## M-2. Initiation of Mediation

Any party or parties to a dispute may initiate mediation under the AAA's auspices by making a request for mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax. Requests for mediation may also be filed online via WebFile at www.adr.org.

The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable:

    i.   A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.
    ii.   The names, regular mail addresses, email addresses, and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.
    iii.   A brief statement of the nature of the dispute and the relief requested.
    iv.   Any specific qualifications the mediator should possess.

Where there is no preexisting stipulation or contract by which the parties have provided for mediation of existing or future disputes under the auspices of the AAA, a party may request the AAA to invite another party to participate in "mediation by voluntary submission". Upon receipt of such a request, the AAA will contact the other party or parties involved in the dispute and attempt to obtain a submission to mediation.

## M-3. Representation

Subject to any applicable law, any party may be represented by persons of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

## M-4. Appointment of the Mediator

Parties may search the online profiles of the AAA's Panel of Mediators at www.aaamediation.com in an effort to agree on a mediator. If the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

    i.   Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement.
    ii.   If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable. From among the mediators who have been mutually approved by the parties, and in accordance with the designated order of mutual preference, the AAA shall invite a mediator to serve.

    iii.   If the parties fail to agree on any of the mediators listed, or if acceptable mediators are unable to serve, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

## M-5. Mediator's Impartiality and Duty to Disclose

AAA mediators are required to abide by the Model Standards of Conduct for Mediators in effect at the time a mediator is appointed to a case. Where there is a conflict between the Model Standards and any provision of these Mediation Procedures, these Mediation Procedures shall govern. The Standards require mediators to (i) decline a mediation if the mediator cannot conduct it in an impartial manner, and (ii) disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

Prior to accepting an appointment, AAA mediators are required to make a reasonable inquiry to determine whether there are any facts that a reasonable individual would consider likely to create a potential or actual conflict of interest for the mediator. AAA mediators are required to disclose any circumstance likely to create a presumption of bias or prevent a resolution of the parties' dispute within the time-frame desired by the parties. Upon receipt of such disclosures, the AAA shall immediately communicate the disclosures to the parties for their comments.

The parties may, upon receiving disclosure of actual or potential conflicts of interest of the mediator, waive such conflicts and proceed with the mediation. In the event that a party disagrees as to whether the mediator shall serve, or in the event that the mediator's conflict of interest might reasonably be viewed as undermining the integrity of the mediation, the mediator shall be replaced.

## M-6. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise, in accordance with section M-4.

M-7. Duties and Responsibilities of the Mediator

    i.   The mediator shall conduct the mediation based on the principle of party self-determination. Self-determination is the act of coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.

    ii.   The mediator is authorized to conduct separate or ex parte meetings and other communications with the parties and/or their representatives, before, during, and after any scheduled mediation conference. Such communications may be conducted via telephone, in writing, via email, online, in person or otherwise.

    iii.   The parties are encouraged to exchange all documents pertinent to the relief requested. The mediator may request the exchange of memoranda on issues, including the underlying interests and the history of the parties' negotiations. Information that a party wishes to keep confidential may be sent to the mediator, as necessary, in a separate communication with the mediator.

    iv.   The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. Subject to the discretion of the mediator, the mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

    v.   In the event a complete settlement of all or some issues in dispute is not achieved within the scheduled mediation session(s), the mediator may continue to communicate with the parties, for a period of time, in an ongoing effort to facilitate a complete settlement.

    vi.   The mediator is not a legal representative of any party and has no fiduciary duty to any party.

## M-8. Responsibilities of the Parties

The parties shall ensure that appropriate representatives of each party, having authority to consummate a settlement, attend the mediation conference.

Prior to and during the scheduled mediation conference session(s) the parties and their representatives shall, as appropriate to each party's circumstances, exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

## M-9. Privacy

Mediation sessions and related mediation communications are private proceedings. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

M-10. Confidentiality

Subject to applicable law or the parties' agreement, confidential information disclosed to a mediator by the parties or by other participants (witnesses) in the course of the mediation shall not be divulged by the mediator. The mediator shall maintain the confidentiality of all information obtained in the mediation, and all records, reports, or other documents received by a mediator while serving in that capacity shall be confidential.

The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding the following, unless agreed to by the parties or required by applicable law:

    i.   Views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;

    ii.   Admissions made by a party or other participant in the course of the mediation proceedings;

    iii.   Proposals made or views expressed by the mediator; or

    iv.   The fact that a party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## M-11. No Stenographic Record

There shall be no stenographic record of the mediation process.

M-12. Termination of Mediation

The mediation shall be terminated:

    i.   By the execution of a settlement agreement by the parties; or

    ii.   By a written or verbal declaration of the mediator to the effect that further efforts at mediation would not contribute to a resolution of the parties' dispute; or

iii.    By a written or verbal declaration of all parties to the effect that the mediation proceedings are terminated; or
iv.    When there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference.

M-13. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither the AAA nor any mediator shall be liable to any party for any error, act or omission in connection with any mediation conducted under these procedures.

M-14. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

M-15. Deposits

Unless otherwise directed by the mediator, the AAA will require the parties to deposit in advance of the mediation conference such sums of money as it, in consultation with the mediator, deems necessary to cover the costs and expenses of the mediation and shall render an accounting to the parties and return any unexpended balance at the conclusion of the mediation.

M-16. Expenses

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne equally by the parties unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

M-17. Cost of the Mediation

There is no filing fee to initiate a mediation or a fee to request the AAA to invite parties to mediate.

The cost of mediation is based on the hourly mediation rate published on the mediator's AAA profile. This rate covers both mediator compensation and an allocated portion for the AAA's services. There is a four-hour minimum charge for a mediation conference. Expenses referenced in Section M-16 may also apply.

If a matter submitted for mediation is withdrawn or cancelled or results in a settlement after the agreement to mediate is filed but prior to the mediation conference the cost is $250 plus any mediator time and charges incurred.

The parties will be billed equally for all costs unless they agree otherwise.

If you have questions about mediation costs or services visit our website at www.adr.org or contact your local AAA office.

Conference Room Rental

The costs described above do not include the use of AAA conference rooms. Conference rooms are available on a rental basis. Please contact your local AAA office for availability and rates.

# COMMERCIAL ARBITRATION RULES

## R-1. Agreement of Parties*+

(a) The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These rules and any amendment of them shall apply in the form in effect at the time the administrative requirements are met for a demand for arbitration or submission agreement received by the AAA. The parties, by written agreement, may vary the procedures set forth in these

rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator.

(b) Unless the parties or the AAA determines otherwise, the Expedited Procedures shall apply in any case in which no disclosed claim or counterclaim exceeds $75,000, exclusive of interest and arbitration fees and costs. Parties may also agree to use these procedures in larger cases. Unless the parties agree otherwise, these procedures will not apply in cases involving more than two parties. The Expedited Procedures shall be applied as described in Sections E-1 through E-10 of these rules, in addition to any other portion of these rules that is not in conflict with the Expedited Procedures.

(c) Unless the parties agree otherwise, the Procedures for Large, Complex Commercial Disputes shall apply to all cases in which the disclosed claim or counterclaim of any party is at least $500,000, exclusive of claimed interest, arbitration fees and costs. Parties may also agree to use the Procedures in cases involving claims or counterclaims under $500,000, or in nonmonetary cases. The Procedures for Large, Complex Commercial Disputes shall be applied as described in Sections L-1 through L-4 of these rules, in addition to any other portion of these rules that is not in conflict with the Procedures for Large, Complex Commercial Disputes.

(d) All other cases shall be administered in accordance with Sections R-1 through R-54 of these rules.

* The AAA applies the *Supplementary Procedures for Consumer-Related Disputes* to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are nonnegotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator. Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business.

+ A dispute arising out of an employer promulgated plan will be administered under the AAA's National Rules for the Resolution of Employment Disputes.

R-2. AAA and Delegation of Duties

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

R-3. National Roster of Arbitrators

The AAA shall establish and maintain a National Roster of Commercial Arbitrators ("National Roster") and shall appoint arbitrators as provided in these rules. The term "arbitrator" in these rules refers to the arbitration panel, constituted for a particular case, whether composed of one or more arbitrators, or to an individual arbitrator, as the context requires.

R-4. Initiation under an Arbitration Provision in a Contract

(a) Arbitration under an arbitration provision in a contract shall be initiated in the following manner:

(i) The initiating party (the "claimant") shall, within the time period, if any, specified in the contract(s), give to the other party (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested.

(ii) The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule included with these rules.

(iii) The AAA shall confirm notice of such filing to the parties.

(b) A respondent may file an answering statement in duplicate with the AAA within 15 days after confirmation of notice of filing of the demand is sent by the AAA. The respondent shall, at the time of any such filing, send a copy of the answering statement to the claimant. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedy sought. If a counterclaim is made, the party making the counterclaim shall forward to the AAA with the answering statement the appropriate fee provided in the schedule included with these rules.

(c) If no answering statement is filed within the stated time, respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

(d) When filing any statement pursuant to this section, the parties are encouraged to provide descriptions of their claims in sufficient detail to make the circumstances of the dispute clear to the arbitrator.

R-5. Initiation under a Submission

Parties to any existing dispute may commence an arbitration under these rules by filing at any office of the AAA two copies of a written submission to arbitrate under these rules, signed by the parties. It shall contain a statement of the nature of the dispute, the names and addresses of all parties, any claims and counterclaims, the amount involved, if any, the remedy sought, and the hearing locale requested, together with the appropriate filing fee as provided in the schedule included with these rules. Unless the parties state otherwise in the submission, all claims and counterclaims will be deemed to be denied by the other party.

R-6. Changes of Claim

After filing of a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with the AAA. The party asserting such a claim or counterclaim shall provide a copy to the other party, who shall have 15 days from the date of such transmission within which to file an answering statement with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

R-7. Jurisdiction

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

(c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

R-8. Mediation

At any stage of the proceedings, the parties may agree to conduct a mediation conference under the Commercial Mediation Procedures in order to facilitate settlement. The mediator shall not be an arbitrator appointed to the case. Where the parties to a pending arbitration agree to mediate under the AAA's rules, no additional administrative fee is required to initiate the mediation.

R-9. Administrative Conference

At the request of any party or upon the AAA's own initiative, the AAA may conduct an administrative conference, in person or by telephone, with the parties and/or their representatives. The conference may address such issues as arbitrator selection, potential mediation of the dispute, potential exchange of information, a timetable for hearings and any other administrative matters.

R-10. Fixing of Locale

The parties may mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within 15 days after notice of the request has been sent to it by the AAA, the locale shall be the one requested. If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale, and its decision shall be final and binding.

R-11. Appointment from National Roster

If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

(a) Immediately after the filing of the submission or the answering statement or the expiration of the time within which the answering statement is to be filed, the AAA shall send simultaneously to each party to the dispute an identical list of 10 (unless the AAA decides that a different number is appropriate) names of persons chosen from the National Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

(b) If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot

be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the National Roster without the submission of additional lists.

(c) Unless the parties agree otherwise when there are two or more claimants or two or more respondents, the AAA may appoint all the arbitrators.

R-12. Direct Appointment by a Party

(a) If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

(b) Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-17 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-17(a) that the party-appointed arbitrators are to be non-neutral and need not meet those standards.

(c) If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

(d) If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

(a) If, pursuant to Section R-12, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

(b) If no period of time is specified for appointment of the chairperson and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

(c) If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-11, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

R-14. Nationality of Arbitrator

Where the parties are nationals of different countries, the AAA, at the request of any party or on its own initiative, may appoint as arbitrator a national of a country other than that of any of the parties. The request must be made before the time set for the appointment of the arbitrator as agreed by the parties or set by these rules.

R-15. Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators, the dispute shall be heard and determined by one arbitrator, unless the AAA, in its discretion, directs that three arbitrators be appointed. A party may request three arbitrators in the demand or answer, which request the AAA will consider in exercising its discretion regarding the number of arbitrators appointed to the dispute.

R-16. Disclosure

(a) Any person appointed or to be appointed as an arbitrator shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

(b) Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

(c) In order to encourage disclosure by arbitrators, disclosure of information pursuant to this Section R-16 is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

R-17. Disqualification of Arbitrator

(a) Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for

(i) partiality or lack of independence,

(ii) inability or refusal to perform his or her duties with diligence and in good faith, and

(iii) any grounds for disqualification provided by applicable law. The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-12 shall be nonneutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

(b) Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

R-18. Communication with Arbitrator

(a) No party and no one acting on behalf of any party shall communicate ex parte with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate ex parte with a candidate for direct appointment pursuant to Section R-12 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

(b) Section R-18(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-17(a), the parties have agreed in writing are non-neutral. Where the parties have so agreed

under Section R-17(a), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-18(a) should nonetheless apply prospectively.

R-19. Vacancies

(a) If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with the applicable provisions of these rules.

(b) In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

(c) In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

R-20. Preliminary Hearing

(a) At the request of any party or at the discretion of the arbitrator or the AAA, the arbitrator may schedule as soon as practicable a preliminary hearing with the parties and/or their representatives. The preliminary hearing may be conducted by telephone at the arbitrator's discretion.

(b) During the preliminary hearing, the parties and the arbitrator should discuss the future conduct of the case, including clarification of the issues and claims, a schedule for the hearings and any other preliminary matters.

R-21. Exchange of Information

(a) At the request of any party or at the discretion of the arbitrator, consistent with the expedited nature of arbitration, the arbitrator may direct

i) the production of documents and other information, and

ii) the identification of any witnesses to be called.

(b) At least five business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing.

(c) The arbitrator is authorized to resolve any disputes concerning the exchange of information.

R-22. Date, Time, and Place of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the hearing date, unless otherwise agreed by the parties.

R-23. Attendance at Hearings

The arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides to the contrary. Any person having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person other than a party and its representatives.

## R-24. Representation

Any party may be represented by counsel or other authorized representative. A party intending to be so represented shall notify the other party and the AAA of the name and address of the representative at least three days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

## R-25. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## R-26. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## R-27. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## R-28. Postponements

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

## R-29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

## R-30. Conduct of Proceedings

(a) The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and

the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

(b) The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

(c) The parties may agree to waive oral hearings in any case.

R-31. Evidence

(a) The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent, in default or has waived the right to be present.

(b) The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

(c) The arbitrator shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

(d) An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence

(a) The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

(b) If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

R-33. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time and the AAA shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

R-34. Interim Measures**

(a) The arbitrator may take whatever interim measures he or she deems necessary, including injunctive

relief and measures for the protection or conservation of property and disposition of perishable goods.

(b) Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

(c) A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

** The Optional Rules may be found below.

R-35. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed. If briefs are to be filed, the hearing shall b e declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Section R-32 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the closing date of the hearing. The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing.

R-36. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

R-37. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

R-38. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award. The AAA shall notify the parties of any extension.

R-39. Serving of Notice

(a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

(b) The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (E-mail), or other methods of communication.

(c) Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

R-40. Majority Decision

When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement, a majority of the arbitrators must make all decisions.

R-41. Time of Award

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

R-42. Form of Award

(a) Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the manner required by law.

(b) The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate.

R-43. Scope of Award

(a) The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.

(b) In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

(c) In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-49, R-50, and R-51. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

(d) The award of the arbitrator(s) may include:

(i) interest at such rate and from such date as the arbitrator(s) may deem appropriate; and

(ii) an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

R-44. Award upon Settlement

If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award." A consent award must include an allocation of arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses.

R-45. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

R-46. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto.

R-47. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of any papers in the AAA's possession that may be required in judicial proceedings relating to the arbitration.

R-48. Applications to Court and Exclusion of Liability

(a) No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary or proper party in judicial proceedings relating to the arbitration.

(c) Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

(d) Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

R-49. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe an initial filing fee and a case service fee to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable. The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award. The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

R-50. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

R-51. Neutral Arbitrator's Compensation

(a) Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation.

(b) If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

(c) Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

R-52. Deposits

The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case.

R-53. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other rules shall be interpreted and applied by the AAA.

R-54. Suspension for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

EXPEDITED PROCEDURES

E-1. Limitation on Extensions

Except in extraordinary circumstances, the AAA or the arbitrator may grant a party no more than one seven-day extension of time to respond to the demand for arbitration or counterclaim as provided in Section R-4.

E-2. Changes of Claim or Counterclaim

A claim or counterclaim may be increased in amount, or a new or different claim or counterclaim added, upon the agreement of the other party, or the consent of the arbitrator. After the arbitrator is appointed, however, no new or different claim or counterclaim may be submitted except with the arbitrator's consent. If an increased claim or counterclaim exceeds $75,000, the case will be administered under the regular procedures unless all parties and the arbitrator agree that the case may continue to be processed under the Expedited Procedures.

E-3. Serving of Notices

In addition to notice provided by Section R-39(b), the parties shall also accept notice by telephone. Telephonic notices by the AAA shall subsequently be confirmed in writing to the parties. Should there be a failure to confirm in writing any such oral notice, the proceeding shall nevertheless be valid if notice has, in fact, been given by telephone.

E-4. Appointment and Qualifications of Arbitrator

(a) The AAA shall simultaneously submit to each party an identical list of five proposed arbitrators drawn from its National Roster from which one arbitrator shall be appointed.

(b) The parties are encouraged to agree to an arbitrator from this list and to advise the AAA of their agreement. If the parties are unable to agree upon an arbitrator, each party may strike two names from the list and return it to the AAA within seven days from the date of the AAA's mailing to the parties. If for any reason the appointment of an arbitrator cannot be made from the list, the AAA may make the appointment from other members of the panel without the submission of additional lists.

(c) The parties will be given notice by the AAA of the appointment of the arbitrator, who shall be subject to disqualification for the reasons specified in Section R-17. The parties shall notify the AAA within seven days of any objection to the arbitrator appointed. Any such objection shall be for cause and shall be confirmed in writing to the AAA with a copy to the other party or parties.

E-5. Exchange of Exhibits

At least two business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing. The arbitrator shall resolve disputes concerning the exchange of exhibits.

E-6. Proceedings on Documents

Where no party's claim exceeds $10,000, exclusive of interest and arbitration costs, and other cases in which the parties agree, the dispute shall be resolved by submission of documents, unless any party requests an oral hearing, or the arbitrator determines that an oral hearing is necessary. The arbitrator shall establish a fair and equitable procedure for the submission of documents.

E-7. Date, Time, and Place of Hearing

In cases in which a hearing is to be held, the arbitrator shall set the date, time, and place of the hearing, to be scheduled to take place within 30 days of confirmation of the arbitrator's appointment. The AAA will notify the parties in advance of the hearing date.

E-8. The Hearing

(a) Generally, the hearing shall not exceed one day. Each party shall have equal opportunity to submit its proofs and complete its case. The arbitrator shall determine the order of the hearing, and may require further submission of documents within two days after the hearing. For good cause shown, the arbitrator may schedule additional hearings within seven business days after the initial day of hearings.

(b) Generally, there will be no stenographic record. Any party desiring a stenographic record may arrange for one pursuant to the provisions of Section R-26.

E-9. Time of Award

Unless otherwise agreed by the parties, the award shall be rendered not later than 14 days from the date of the closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

E-10. Arbitrator's Compensation

Arbitrators will receive compensation at a rate to be suggested by the AAA regional office.

PROCEDURES FOR LARGE, COMPLEX COMMERCIAL DISPUTES

L-1. Administrative Conference

Prior to the dissemination of a list of potential arbitrators, the AAA shall, unless the parties agree otherwise, conduct an administrative conference with the parties and/or their attorneys or other representatives by conference call. The conference will take place within 14 days after the commencement of the arbitration. In the event the parties are unable to agree on a mutually acceptable time for the conference, the AAA may contact the parties individually to discuss the issues contemplated herein. Such administrative conference shall be conducted for the following purposes and for such additional purposes as the parties or the AAA may deem appropriate:

(a) to obtain additional information about the nature and magnitude of the dispute and the anticipated length of hearing and scheduling;

(b) to discuss the views of the parties about the technical and other qualifications of the arbitrators;

(c) to obtain conflicts statements from the parties; and

(d) to consider, with the parties, whether mediation or other non-adjudicative methods of dispute resolution might be appropriate.

L-2. Arbitrators

(a) Large, Complex Commercial Cases shall be heard and determined by either one or three arbitrators, as may be agreed upon by the parties. If the parties are unable to agree upon the number of arbitrators and a claim or counterclaim involves at least $1,000,000, then three arbitrator(s) shall hear and determine the case. If the parties are unable to agree on the number of arbitrators and each claim and counterclaim is less than $1,000,000, then one arbitrator shall hear and determine the case.

(b) The AAA shall appoint arbitrator(s) as agreed by the parties. If they are unable to agree on a method of appointment, the AAA shall appoint arbitrators from the Large, Complex Commercial Case Panel, in

the manner provided in the Regular Commercial Arbitration Rules. Absent agreement of the parties, the arbitrator(s) shall not have served as the mediator in the mediation phase of the instant proceeding.

L-3. Preliminary Hearing

As promptly as practicable after the selection of the arbitrator(s), a preliminary hearing shall be held among the parties and/or their attorneys or other representatives and the arbitrator(s). Unless the parties agree otherwise, the preliminary hearing will be conducted by telephone conference call rather than in person. At the preliminary hearing the matters to be considered shall include, without limitation:

(a) service of a detailed statement of claims, damages and defenses, a statement of the issues asserted by each party and positions with respect thereto, and any legal authorities the parties may wish to bring to the attention of the arbitrator(s);

(b) stipulations to uncontested facts;

(c) the extent to which discovery shall be conducted;

(d) exchange and premarking of those documents which each party believes may be offered at the hearing;

(e) the identification and availability of witnesses, including experts, and such matters with respect to witnesses including their biographies and expected testimony as may be appropriate;

(f) whether, and the extent to which, any sworn statements and/or depositions may be introduced;

(g) the extent to which hearings will proceed on consecutive days;

(h) whether a stenographic or other official record of the proceedings shall be maintained;

(i) the possibility of utilizing mediation or other non-adjudicative methods of dispute resolution; and

(j) the procedure for the issuance of subpoenas.

By agreement of the parties and/or order of the arbitrator(s), the pre-hearing activities and the hearing procedures that will govern the arbitration will be memorialized in a Scheduling and Procedure Order.

L-4. Management of Proceedings

(a) Arbitrator(s) shall take such steps as they may deem necessary or desirable to avoid delay and to achieve a just, speedy and cost-effective resolution of Large, Complex Commercial Cases.

(b) Parties shall cooperate in the exchange of documents, exhibits and information within such party's control if the arbitrator(s) consider such production to be consistent with the goal of achieving a just, speedy and cost-effective resolution of a Large, Complex Commercial Case.

(c) The parties may conduct such discovery as may be agreed to by all the parties provided, however, that the arbitrator(s) may place such limitations on the conduct of such discovery as the arbitrator(s) shall deem appropriate. If the parties cannot agree on production of documents and other information,

the arbitrator(s), consistent with the expedited nature of arbitration, may establish the extent of the discovery.

(d) At the discretion of the arbitrator(s), upon good cause shown and consistent with the expedited nature of arbitration, the arbitrator(s) may order depositions of, or the propounding of interrogatories to, such persons who may possess information determined by the arbitrator(s) to be necessary to determination of the matter.

(e) The parties shall exchange copies of all exhibits they intend to submit at the hearing 10 business days prior to the hearing unless the arbitrator(s) determine otherwise.

(f) The exchange of information pursuant to this rule, as agreed by the parties and/or directed by the arbitrator(s), shall be included within the Scheduling and Procedure Order.

(g) The arbitrator is authorized to resolve any disputes concerning the exchange of information.

(h) Generally hearings will be scheduled on consecutive days or in blocks of consecutive days in order to maximize efficiency and minimize costs.

OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION

O-1. Applicability

Where parties by special agreement or in their arbitration clause have adopted these rules for emergency measures of protection, a party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

O-2. Appointment of Emergency Arbitrator

Within one business day of receipt of notice as provided in Section O-1, the AAA shall appoint a single emergency arbitrator from a special AAA panel of emergency arbitrators designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed in the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

O-3. Schedule

The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone conference or on written submissions as alternatives to a formal hearing.

O-4. Interim Award

If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage will result in the absence of emergency relief, and that such party is entitled to such relief, the emergency arbitrator may enter an interim award granting the relief and stating the reasons therefore.

O-5. Constitution of the Panel

Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

O-6. Security

Any interim award of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

O-7. Special Master

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in Section O-1 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

O-8. Costs

The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the panel to determine finally the apportionment of such costs.

ADMINISTRATIVE FEES

The administrative fees of the AAA are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the arbitrator in the award.

In an effort to make arbitration costs reasonable for consumers, the AAA has a separate fee schedule for consumer-related disputes. Please refer to Section C-8 of the *Supplementary Procedures for Consumer-Related Disputes* when filing a consumer-related claim.

The AAA applies the *Supplementary Procedures for Consumer-Related Disputes* to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-

application to the attention of the arbitrator. Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business.

Fees

An initial filing fee is payable in full by a filing party when a claim, counterclaim or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred. However, if the Association is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $750 | $200 |
| Above $10,000 to $75,000 | $950 | $300 |
| Above $75,000 to $150,000 | $1,800 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $5,000,000 | $8,000 | $3,250 |
| Above $5,000,000 to $10,000,000 | $10,000 | $4,000 |
| Above $10,000,000 | * | * |
| Nonmonetary Claims** | $3,250 | $1,250 |

Fee Schedule for Claims in Excess of $10 Million .

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
|---|---|---|
| $10 million and above | Base fee of $ 12,500 plus .01% of the amount of claim above $ 10 million. | $6,000 |
| | Filing fees capped at $65,000 | |

** This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.

Fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,250 case service fee. Expedited Procedures are applied in any case where no disclosed claim or counterclaim exceeds $75,000, exclusive of interest and arbitration costs.

Parties on cases held in abeyance for one year by agreement, will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be closed.

Refund Schedule

The AAA offers a refund schedule on filing fees. For cases with claims up to $75,000, a minimum filing fee of $300 will not be refunded. For all other cases, a minimum fee of $500 will not be refunded. Subject to the minimum fee requirements, refunds will be calculated as follows:

- 100% of the filing fee, above the minimum fee, will be refunded if the case is settled or withdrawn within five calendar days of filing.
- 50% of the filing fee will be refunded if the case is settled or withdrawn between six and 30 calendar days of filing.
- 25% of the filing fee will be refunded if the case is settled or withdrawn between 31 and 60 calendar days of filing.

No refund will be made once an arbitrator has been appointed (this includes one arbitrator on a three-arbitrator panel). No refunds will be granted on awarded cases.

Note: the date of receipt of the demand for arbitration with the AAA will be used to calculate refunds of filing fees for both claims and counterclaims.

Hearing Room Rental

The fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the AAA for availability and rates.

© 2007 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

AAA235

FILE A CASE    CONTACT US

- AAA MISSION & PRINCIPLES
- PRIVACY POLICY
- TERMS OF USE
- TECHNICAL RECOMMENDATIONS
- ©2007 AMERICAN ARBITRATION ASSOCIATION. ALL RIGHTS RESERVED