1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA  92121
   Telephone:    (858) 550-6000
4  Facsimile:    (858) 550-6420

5  COOLEY GODWARD KRONISH LLP
   WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
6  101 California Street 5th Floor
   San Francisco, CA 94111
7  Telephone:    (415) 693-2000
   Facsimile:    (415) 693-2222
8
   Attorneys for Defendant eBay Inc.
9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  MICHELE MAZUR, On Behalf of Herself and all Others Similarly Situated,  | Case No.  C07 3967 MHP |
| 15                     Plaintiff,  | **DEFENDANT EBAY'S REPLY IN SUPPORT OF ITS MOTION TO STAY ACTION PENDING RESOLUTION OF THE ARBITRATION BETWEEN PLAINTIFF MAZUR AND DEFENDANT HJA** |
| 16  v. | |
| 17  EBAY INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS, HOT JEWELRY AUCTIONS.COM d/b/a PARAMOUNT AUCTIONS, and DOES 1-100, inclusive, | Date:       Mon. Jan. 14, 2007<br>Time:       2:00 p.m.<br>Judge:      Hon. Marilyn H. Patel<br>Trial Date:  Not yet set |
| 18  Defendants. | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

EBAY'S REPLY I/S/O ITS MOTION TO STAY
C07 3967 MHP

I. **INTRODUCTION**

Plaintiff has failed to proffer any legitimate reason to deny Defendant eBay's motion to stay the action pending arbitration. In her opposition, Plaintiff attempts to obscure the relevant issues by devoting half the opposition to arguments concerning the validity of the arbitration clause and the specific procedures of the arbitration. These arguments are completely misplaced. eBay is not asking the Court to decide the validity of the arbitration clause between the Plaintiff and Hot Jewelry Auctions.com ("HJA"). Instead, we ask that if the court grant HJA's arbitration motion and stay request then the court extend the stay to include eBay. The only relevant issue is whether eBay as the non-arbitrating party is entitled to a stay pending arbitration under those circumstances. The answer is yes.

Plaintiff does not dispute the fact that this Court has the authority to stay this action. Nor does Plaintiff explain how she will be prejudiced by a temporary stay. Instead, she spends much of the opposition arguing a point upon which there is no disagreement: that the fundamental issue underlying eBay's alleged liability is whether or not HJA was involved in shill bidding. Plaintiff's opposition *supports* the argument that the Plaintiff cannot go forward with her claims against eBay without first proving her claims against HJA. Because Plaintiff's claims against the defendants are inherently inseparable, if the Court grants HJA's motion to stay, the stay should be extended to all claims against eBay as well.

II. **PLAINTIFF'S CLAIMS AGAINST EBAY AND HJA ARE INHERENTLY INSEPARABLE.**

When a litigation to be stayed pursuant to the Federal Arbitration Act involves additional defendants who are not parties to the arbitration, courts have repeatedly extended the stay as to the non-arbitrating defendants. Such a stay is granted when the claims against multiple defendants are inherently inseparable. Claims are inherently inseparable if (1) the claims against both defendants arise from the same operative facts; and (2) the non-arbitrating defendant's liability depends on the liability of the arbitrating defendant. *Harvey v. Joyce*, 199 F.3d. 790, 795-96 (5th Cir. 2000).

A. **The Claims Against eBay And HJA Arise From The Same Operative Facts.**

All of Plaintiff's claims stem from the allegation that she and members of the class used

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.                                EBAY'S REPLY I/S/O ITS MOTION TO STAY
                                                                C07 3967 MHP

eBay Live Auctions to purchase items from HJA at allegedly inflated prices. She alleges that HJA inflated the prices through shill bidding. Therefore, the initial fact that Plaintiff will have to prove for her claims against eBay and HJA are the same.

### B. Plaintiff's Claims Against eBay Are Entirely Derivative of Plaintiff's Claims Against HJA.

Contrary to her contention that her claims against eBay and HJA are not inherently inseparable, Plaintiff's own opposition admits that one of "the fundamental issues involving eBay's liability" is "whether or not there was shill bidding." (Opposition at 3.) Plaintiff will necessarily have to prove HJA's liability for shill bidding before she can pursue her allegations that eBay failed to prevent shill bidding and made misrepresentations about shill bidding. If Plaintiff cannot prevail on her claims against HJA, then she will be unable to prevail against eBay.

### III. DENYING A STAY WOULD PREJUDICE EBAY AND HJA.

Plaintiff admits that the first step of her case against eBay is proving that HJA engaged in shill bidding, yet, inexplicably, Plaintiff contends that a stay would not prejudice the parties. Permitting a court of law to determine whether HJA engaged in shill bidding contemporaneously to an arbitrator's determination of the same issue would create an end-run around the arbitration agreement and would threaten inconsistent results. Moreover, it would force HJA to appear and litigate this issue (despite an agreement to arbitrate which was designed to prevent exactly such a scenario). Or worse, HJA could refuse to litigate the issue, and either Plaintiff would win this issue by default, or eBay would be forced into the awkward position of defending an unrelated company's actions as a precursor to its own defense. Courts have the inherent authority to grant stays to prevent such injustices from occurring, and eBay respectfully requests the Court to exercise that authority in the event that the Court grants HJA's motion to compel arbitration.

//
//
//
//

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

EBAY'S REPLY I/S/O ITS MOTION TO STAY
C07 3967 MHP

## IV. CONCLUSION

For the foregoing reasons, in the event that HJA's arbitration motion is granted, eBay respectfully requests that this Court enter an order staying the litigation of Plaintiff's claims against eBay until after the arbitration between Plaintiff and HJA is resolved.

Dated: December 19, 2007

Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
HEATHER C. MESERVY (223782)

 /s/ Heather C. Meservy
Heather C. Meservy (223782)
Attorneys for Defendant eBay Inc.
Email: hmeservy@cooley.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2007, I electronically filed the foregoing **DEFENDANT EBAY'S REPLY IN SUPPORT OF ITS MOTION TO STAY ACTION PENDING RESOLUTION OF THE ARBITRATION BETWEEN PLAINTIFF MAZUR AND DEFENDANT HJA** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

Craig Stuart Lanza            email:
                              clanza@balestriere.net

Matthew A. Siroka             email:
                              mas@defendergroup.com
                              jb@balestriere.net

Stephen Scott Walters         email:
                              SWalters@allenmatkins.com

I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery on this 19th day of December, 2007.

John Balestriere
Balestriere PLLC
225 Broadway
Suite 2700
New York, NY 10007

Kendra A. Jones
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email: kjones@cooley.com