1   COOLEY GODWARD KRONISH LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA 92121
    Telephone:    (858) 550-6000
4   Facsimile:    (858) 550-6420

5   COOLEY GODWARD KRONISH LLP
    WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
6   101 California Street 5th Floor
    San Francisco, CA 94111
7   Telephone:    (415) 693-2000
    Facsimile:    (415) 693-2222

8

    Attorneys for Defendant eBay Inc.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14   MICHELE MAZUR, On Behalf of Herself         Case No.  C07 3967 MHP
     and all Others Similarly Situated,
15                                               **DEFENDANT EBAY'S REPLY IN SUPPORT
                                                 OF ITS MOTION TO DISMISS COMPLAINT**
16                  Plaintiff,

17          v.

18   EBAY INC., HOT JEWELRY                       Date:       Mon. Jan. 14, 2007
     AUCTIONS.COM d/b/a JEWELRY                   Time:       2:00 p.m.
19   OVERSTOCK AUCTIONS, HOT                      Judge:      Hon. Marilyn H. Patel
     JEWELRY AUCTIONS.COM d/b/a                   Trial Date: Not yet set
20   PARAMOUNT AUCTIONS, and DOES 1-
     100, inclusive,
21
                    Defendants.
22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

EBAY'S REPLY I/S/O ITS MOTION TO DISMISS
C07 3967 MHP

I.    **INTRODUCTION**

Boiled down to its essence, Plaintiff's Complaint seeks to hold eBay liable for the conduct of HJA in connection with auctions HJA conducted on eBay's website.  As explained in eBay's initial memorandum, all of Plaintiff's claims should be dismissed pursuant to the Communications Decency Act, 47 U.S.C. § 230 (hereinafter, "CDA" or "section 230"), which immunizes eBay from claims that seek to impose liability on an interactive computer service provider for wrongful conduct originated by a third-party.  Plaintiff asks the Court to ignore the CDA because her complaint alleges that eBay made false assurances about the safety of online auctions and failed to adequately screen live auction sellers.  But even under Plaintiff's own theory, eBay's general assurances of safety were misleading only if *HJA* engaged in shill-bidding inconsistent with eBay's statements and eBay failed to prevent *HJA's* wrongful conduct.  These types of "fraud" allegations fall squarely within the scope of CDA immunity, as explicitly recognized in the case law discussed below.

Further, the "fraudulent" statements on which Plaintiff relies are neutralized by the context in which they appear.  Plaintiff takes snippets from web pages out of context to manufacture the appearance of false statements.  But when the statements are viewed in their entirety and in the context of eBay's User Agreements, Plaintiff's allegations fall apart.  For these reasons, Plaintiff's allegations against eBay are legally deficient and they should be dismissed with prejudice.

II.    **ARGUMENT**

A.    **The CDA Bars Claims Precisely Like Plaintiff's.**

Plaintiff seeks to avoid the CDA with three arguments.  Plaintiff contends (i) eBay was not acting as a publisher because eBay made its own misleading statements about the safety of live auctions, (ii) eBay is not immune because it profited from HJA's unlawful behavior, and (iii) eBay is not immune because eBay knew (or should have known) about HJA's unlawful behavior.  Each of these arguments has been rejected in other cases and should likewise be rejected here.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

EBAY'S REPLY I/S/O ITS MOTION TO DISMISS
C07 3967 MHP

1.    **Plaintiff Cannot Circumvent The CDA By Relying On General Assurances By eBay That Allegedly Became False Due to HJA's Wrongful Conduct.**

In the seminal case on CDA immunity, the Court of Appeal in *Zeran* recognized that "[b]y its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997). Since its enactment, plaintiffs have tried to plead around the CDA by taking claims that are essentially based on third-party conduct and repackaging them as a claim for independent wrongdoing by the interactive computer service provider. Courts have consistently rejected these efforts to avoid CDA immunity through artful pleading. As one District Court explained, "in determining whether to apply the CDA, the Court should not ask what particular form the plaintiff's claim takes … but whether the claim is directed toward the defendant in its publishing, editorial, and/or screening capacities …." *Doe v. SexSearch.com*, 502 F. Supp. 2d 719, 727 (N.D. Ohio 2007) (internal quotations omitted). Here, all of Plaintiff's claims against eBay, whether they sound in fraud, negligence, contract, or statutory liability, are directed toward eBay's publishing, editorial and screening capacities.[1]

Plaintiff cannot avoid the CDA by alleging that eBay affirmatively misrepresented the safety of online auctions conducted on eBay.[2] Even accepting Plaintiff's allegations as true, the only reason eBay's general statements about the safety of online auctions could become false or misleading is if *HJA* engaged in alleged shill bidding that was inconsistent with eBay's broad assurances and if eBay failed to detect and prevent *HJA's* wrongful practices. Plaintiff's fraud claim thus falls squarely within the scope of CDA immunity because it is premised on (i) wrongful conduct that originates from HJA, and (ii) eBay' failure to adequately screen for this

---

[1] Plaintiff's claims that eBay is liable for "allowing" HJA's allegedly fraudulent listings (Complaint ¶ 34) and failing to "carefully screen the auction houses" (Complaint ¶ 6) are indisputably directed to eBay's publishing, editorial and screening capacities. Plaintiff appears to acknowledge that these allegations fall within the scope of CDA immunity.

[2] Plaintiff acknowledges that CDA immunity bars negligence claims but contends that "[t]he CDA offers [eBay] no protection" when eBay "mak[es] its own false statements regarding the service that [it] provides." (Opp. at 2.) The case law does not support this position: rather, as discussed herein, *Gentry, SexSearch.com,* and *Prickett* all require the dismissal of Plaintiff's claims, whether they are premised on eBay's allegedly negligent or fraudulent statements.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

**EBAY'S REPLY I/S/O ITS MOTION TO DISMISS
C07 3967 MHP**

1  conduct.

2          As indicated in eBay's initial memorandum, the California Court of Appeal has

3  recognized that eBay's general assurances about the online transactions conducted on its website

4  do not allow a plaintiff to avoid the CDA.  *See Gentry v. eBay,* 99 Cal. App. 4th 816 (2002).

5  Plaintiff's effort to distinguish *Gentry* (Opp. at 3) is unavailing.  To the contrary, the *Gentry*

6  plaintiffs alleged (i) "that eBay itself misrepresented the safety of purchasing items from the

7  individual defendants and knew or should have known the individual defendants were

8  conducting unlawful practices but failed to ensure they comply with the law," *id.* at 833, (ii) that

9  eBay's own affirmative conduct "gave customers a false sense of confidence" in the online

10  transactions conducted on eBay, *id.* at 822, and (iii) that eBay knew its statements were false, *id.*

11  at 823.  Not surprisingly, Plaintiff makes no attempt to address these key allegations from *Gentry,*

12  which closely parallel the allegations Plaintiff now emphasizes in opposing eBay's motion.

13          The *Gentry* Court held that CDA immunity applied and focused on the substance of the

14  claims as a whole:

15              The substance of appellants' allegations reveal they ultimately seek
               to hold eBay responsible for conduct falling within the reach of
16              section 230, namely, eBay's dissemination of representations made
               by the individual defendants, or the posting of compilations of
17              information generated by those defendants and other third parties.
               …. If by imposing liability … we ultimately hold eBay responsible
18              for content originating from other parties, we would be treating it as
               the publisher, viz., the original communicator, contrary to
19              Congress's expressed intent under section 230(c)(1) and (e)(3).

20  *Id.* at 831.  Similarly here, Plaintiff's fraud allegations do not take the complaint outside the scope

21  of the CDA because they are all premised on alleged wrongful conduct that originates from HJA,

22  not eBay.

23          Other recent cases applying the CDA confirm that fraud and misrepresentation claims are

24  subject to immunity when they are premised on the wrongful conduct of third-parties.  In

25  *SexSearch.com*, the District Court dismissed plaintiff's fraud claim (and all other claims) based

26  on the CDA.  In that case, the plaintiff engaged with consensual sex with a minor that he met via

27  the SexSearch website.  When faced with criminal statutory rape charges, the plaintiff sued

28  SexSearch.com.  As here, the plaintiff sought to avoid the CDA by alleging that the website's

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.          **EBAY'S REPLY I/S/O ITS MOTION TO DISMISS**
                        **C07 3967 MHP**

1    general assurances about the reliability of its online content were fraudulent.  Specifically, the

2    plaintiff alleged that SexSearch.com misrepresented that "all persons on its site are '18+' years of

3    age" and that it "verifies all members' profiles prior to posting."  *SexSearch.com,* 502 F. Supp. 2d

4    at 729.  These allegations did not deter the court from holding that the complaint in its entirety

5    was subject to the CDA.  Analyzing the substance of plaintiff's claims, the court found that

6    plaintiff was ultimately trying to hold the website "liable for its publication of third-party content

7    and harms flowing from the dissemination of that content."

8            The underlying basis for Plaintiff's claim is that if SexSearch had
             never published Jane Roe's profile, Plaintiff and Jane Roe never
9            would have met, and the sexual encounter never would have taken
             place.  Plaintiff thus attempts to hold SexSearch liable for
10           "decisions relating to the monitoring, screening, and deletion of
             content from its network-actions quintessentially related to a
11           publisher's role."  Section 230 specifically proscribes liability in
             such circumstances.
12

13   *Id.* at 727-28 (quoting *Green v. America Online*, 318 F.3d 465, 471 (3d Cir. 2003)).[3]  *See also*

14   *Prickett v. InfoUSA, Inc,* No. 4:05-CV-10, 2006 WL 887431, *3 (E.D.Tex. Mar. 30, 2006) (CDA

15   applies to claim alleging that website passed on false information acquired from other sources,

16   even though the website itself affirmatively stated that "We deliver the utmost quality

17   information.…  We also call every business to verify the information, so you can be assured of

18   the most current and accurate listings").  These authorities confirm that Plaintiff cannot avoid the

19   CDA merely by claiming that eBay allowed fraudulent auctions to occur that were inconsistent

20   with its general assurances about the safety of live auctions.[4]  (*See, e.g.,* Complaint ¶ 34.)

21          Plaintiff's reliance on *Anthony v. Yahoo! Inc.,* 421 F. Supp. 2d 1257 (N.D. Cal. 2006) for

22   a contrary rule is misplaced.  In that case, Plaintiff alleged that *Yahoo itself created and*

23   *circulated fictitious dating profiles of individuals* in order to induce plaintiff and others to join or

24   _____

25   [3] The district court also rejected plaintiff's breach of contract and fraud claims because it found
     that they were precluded by the terms and conditions of the membership agreement between the
26   website and the plaintiff.

     [4] In addition, the statements referenced in the complaint as eBay's affirmative representations
27   regarding the "safety" of live auctions simply refer potential buyers to the live auction sellers'
     feedback scores, guarantees, and terms and conditions of sale.  (*See* Motion at 9-10 and
28   Somvichian Declaration Exhibits C and D.)

1   renew their membership in Yahoo's subscription dating service.  There were no allegations of

2   wrongdoing against anyone other than Yahoo.  Unsurprisingly, the Northern District refused to

3   apply section 230 immunity because it found that Yahoo had acted not as a publisher, but as an

4   information content provider, when it "deliberately and intentionally originate[d], create[d] and

5   perpetuate[d] false and/or non-existent profiles on its site."  *Id.* at 1259.  *Anthony* has nothing to

6   do with Plaintiff's claim which seeks to hold eBay liable for general statements that are allegedly

7   made false due to wrongful conduct that originates with a third-party.

8              **2.     The CDA Bars Claims Even If The Publisher Had Notice Of
                        Wrongdoing.**
9

10      Plaintiff also contends that eBay should be estopped from relying on section 230

11  immunity because it "has long known of the problem of shill bidding—having been sued for this

12  before."[5]  (Opp. at 4.)  This defense to immunity was squarely rejected in *Zeran* for three reasons:

13  first, "liability upon notice has a chilling effect on the freedom of Internet speech."  *Zeran,* 129

14  F.3d at 333.   Second, "notice-based liability would deter service providers from regulating the

15  dissemination of offensive material over their own services," undermining self-regulation.  *Id.*

16  Finally, notice-based liability "would provide third parties with a no-cost means to create the

17  basis for future lawsuits."  *Id.*

18      The *Gentry* court was also faced with—and rejected—the assertion that CDA immunity

19  should be denied because eBay knew that sellers were engaged in illegal conduct but failed to

20  take action:

21              We reach the same conclusion [*i.e.*, affirming dismissal] with
                regard to appellants' general assertion that *eBay knew or should*
22              *have known about the individual defendant's illegal or fraudulent*
                *conduct but failed to take steps to ensure they complied with the*
23              *law.*  This claim seeks to hold eBay responsible for having notice of
                illegal activities conducted by others on its Web site, and for
24              electing not to take action against those third parties, including by
                withdrawing or somehow altering the content placed by them.  *This*
25              *is the classic kind of claim that Zeran found to be preempted by*
                *section 230, as one that seeks to hold eBay liable for its exercise of*
26

27  ─────────────
    [5] It is unclear why eBay should have been made aware of HJA's alleged shill bidding by a 2005
28  complaint alleging that an unrelated antiques dealer was engaged in shill bidding.  It is undisputed
    that eBay has a strong, published policy against shill bidding on its website.  *See* Complaint ¶ 47.

*a publisher's traditional editorial functions.* Such claims have been
uniformly rejected by the courts that have considered them.

*Gentry,* 99 Cal. App. 4th at 835 (emphasis added) (internal citations omitted). Consequently,

here, Plaintiff cannot avoid section 230 immunity through her claim that eBay knew of HJA's

unlawful conduct.

> **3.      Plaintiff's Allegation That eBay Receives Some Proceeds From HJA's
> Auctions Is Irrelevant.**

Plaintiff's contention that eBay profited from HJA's unlawful activity does not change the

analysis of the CDA's applicability. The *Gentry* court, squarely faced with this allegation, still

applied CDA immunity. *See Gentry,* 99 Cal. App. 4th at 822.

> **4.      eBay's User Agreement Bars Plaintiff's Claims.**

Plaintiff acknowledges that eBay's User Agreement shields it from liability for the actions

of auction houses, but contends, again, that she is trying to hold eBay liable "for its own actions"

and points out that "Defendant eBay is being accused of *directly committing fraud*" because eBay

misstated the safety of its live auctions. (Opp. at 5-6.) As fully discussed in eBay's Motion, the

User Agreements[6], to which Plaintiff expressly agreed, fully disclaim any warranties by eBay

regarding the auction houses' compliance with the law, the auction houses' listings, or the

information provided by auction houses. (*See* Motion at 8-9.) When the "safety" representations

are viewed in their original context, it is apparent that Plaintiff has mischaracterized them and

taken them out of context. One eBay web page touted by Plaintiff as eBay's guarantee of

"safety" refers users to the "satisfaction and authenticity" guarantees provided by the *auction*

*houses,* and the feedback forum where other eBay users have provided comments regarding the

auction houses. (*See* Motion at 9-10.) The web page stating that "Participating in Live Auctions

using the Internet is safe, easy, and fun!" refers users to the terms of eBay's Live Auction User

Agreement and the terms and conditions imposed by each auction house, and reminds users that

the sales transaction does not involve eBay: rather, buyers pay the auction house directly for

items and receive items directly from the auction house, which guarantees its own items.

_____

[6] Somvichian Declaration Exhs. A and B.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

**EBAY'S REPLY I/S/O ITS MOTION TO DISMISS
C07 3967 MHP**

1    Plaintiff cannot create liability by picking and choosing particular statements from eBay's

2    web pages while ignoring their context.  As recently explained by the United States Supreme

3    Court in *Bell Atl. Corp. v. Twombly*, when a district court is faced with a complaint trumpeting

4    truncated quotations pulled out of context, it is appropriate for the district court to consider the

5    full content of the document.  127 S. Ct. 1955, 1972 n.13.  And when the full content of the

6    document contradicts plaintiff's allegations, the document controls.  *Thompson v. Illinois Dept. of*

7    *Prof'l Reg.*, 300 F.3d 750, 754 (7th Cir. 2002).

8    In her Opposition, Plaintiff relies on *Hotels Nevada* to support the contention that "the

9    User Agreement between Plaintiff and eBay is void because it was procured by fraud."  (Opp. at

10   6.)  But as *Hotels Nevada* explains, a contract procured by fraud is not void, it is *voidable*.  "In

11   order to escape from its obligations the aggrieved party must *rescind,* by prompt notice and offer

12   to restore the consideration received, if any."  *Hotels Nevada v. L.A. Pacific Center, Inc.,* 144 Cal.

13   App. 4th 754, 763 (2006)  (emphasis in original) (quoting *Ford v. Shearson Lehman Am. Exp.,*

14   *Inc.,* 180 Cal. App. 3d 1011, 1028 (1986)).  Plaintiff has taken none of these steps.  And none of

15   the allegations in Plaintiff's Complaint supports the contention that the User Agreement was

16   procured by fraud.  In fact, in her Complaint, Plaintiff affirms her contract with eBay by suing on

17   it.  (*See* Complaint ¶¶ 9, 137, 138.)  That Plaintiff now abandons her breach of contract claim

18   (Opp. at 7) does not change this analysis.  Because the User Agreement is enforceable, it bars

19   Plaintiff's claims.

20   **B.    Plaintiff's Negligence, Fraud, And Fraud-Based Statutory Claims Are Legally**
         **Insufficient.**

21

22   Plaintiff does not dispute that her allegations regarding eBay's "own" misleading

23   representations are refuted by the context in which such statements appear (*see* Motion at 8-10).

24   For this reason alone, Plaintiff's fraud claims and fraud-based statutory claims (CLRA, UCL, and

25   RICO) are subject to dismissal with prejudice.  Nor does Plaintiff explain why *Parrish v. Nat'l*

26   *Football League Players Assoc.,* No. C07-00943 WHA, 2007 WL 2601385 (N.D. Cal. Sept. 6,

27   2007) does not support dismissal of Plaintiff's fraud-based claims.  Ignoring *Parrish,* Plaintiff

28   contends that reliance need *not* be pled with particularity and posits the entirely circular argument

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.    **EBAY'S REPLY I/S/O ITS MOTION TO DISMISS**
**C07 3967 MHP**

1  that Plaintiff "adequately and properly pled reliance" by "specifically alleg[ing] reliance." (Opp.

2  at 7, 8.) This insufficient pleading does not meet the requirements of Federal Rule of Civil

3  Procedure 9(b) or 8. As the Supreme Court emphasized in *Twombly*, "a formulaic recitation of

4  the elements of a cause of action will not" survive a motion to dismiss. *Id.,* 127 S. Ct. at 1965-66.

5  Yet Plaintiff here relies exclusively on a formulaic recitation of the element of reliance.

6  Plaintiff's fraud-based claims fail because Plaintiff's Complaint is devoid of allegations to

7  support an inference that Plaintiff read and reasonably relied on eBay's statements prior to

8  participating in eBay's Live Auctions.

9  　　　　Moreover, Plaintiff does not explain how any of her tort claims pass legal muster. Courts

10  reject plaintiffs' improper attempts to manufacture torts from contract disputes, and this case, at

11  best, is a contract dispute between Plaintiff and eBay. (*See* Motion at 13-14.)

12  　　　**C.**　　**Plaintiff's Opposition Abandons Several Claims, Conceding That They Should Be Dismissed.**

13

14  　　　　In her Opposition, Plaintiff does not defend her First (CLRA), Second (UCL), Third (Bus.

15  & Prof. Code § 17500 *et seq.*), Sixth (Civ. Code § 1572), or Seventh (Civ. Code § 1573) claims

16  for relief and thus concedes that they should be dismissed. Plaintiff affirmatively abandons her

17  Fifth (Com. Code § 2328) and Eighth (breach of contract) claims for relief (Opp. at 7), likewise

18  conceding they should be dismissed.

19  　　　**D.**　　**Leave To Amend Should Be Denied Since Amendment Would Be Futile.**

20  　　　　In the event the Court grants this motion, Plaintiff should not be given leave to amend her

21  complaint. Amendment should not be granted when doing so would be futile. *Foman v. Davis,*

22  371 U.S. 178, 182 (1962); *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004). As

23  demonstrated above, Plaintiff's claims regarding eBay's misstatements and failure to screen

24  sellers like HJA are completely barred by the CDA as a matter of law; consequently, Plaintiff is

25  precluded from bringing this action. Furthermore, Plaintiff's Complaint is premised

26  mischaracterized quotations which, when viewed in the full context in which those statements

27  were made, fail to support Plaintiff's allegations of unlawful conduct. For these reasons, Plaintiff

28  should not be granted leave to amend her complaint.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

**EBAY'S REPLY I/S/O ITS MOTION TO DISMISS**
**C07 3967 MHP**

1    **III.    CONCLUSION**

2        For the foregoing reasons, eBay respectfully requests that Plaintiff's first through eleventh

3    and twenty-first claims for relief be dismissed without leave to amend.

4    Dated:  December 19, 2007                    Respectfully submitted,

5                                                 COOLEY GODWARD KRONISH LLP
                                                   MICHAEL G. RHODES (116127)
6                                                  WHITTY SOMVICHIAN (194463)
                                                   HEATHER C. MESERVY (223782)
7

8                                                  /s/ Heather C. Meservy
9                                                  Heather C. Meservy (223782)
                                                   Attorneys for Defendant eBay Inc.
10                                                 Email:  hmeservy@cooley.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

9.                    **EBAY'S REPLY I/S/O ITS MOTION TO DISMISS
C07 3967 MHP**

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on December 19, 2007, I electronically filed the foregoing
**DEFENDANT EBAY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
3 **COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification
of such filing to the following attorneys of record at the following listed email addresses.

4

Craig Stuart Lanza                              email:
5                                                        clanza@balestriere.net

6      Matthew A. Siroka                        email:
                                                         mas@defendergroup.com
7                                                        jb@balestriere.net

8      Stephen Scott Walters                    email:
                                                         SWalters@allenmatkins.com
9

10      I am personally and readily familiar with the business practice of Cooley Godward
Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused
11 such document(s) described herein to be deposited for delivery to a facility regularly maintained
by Federal Express for overnight delivery on this 19th day of December, 2007.
12

13      John Balestriere
        Balestriere PLLC
14      225 Broadway
        Suite 2700
15      New York, NY 10007

16

17

18                                             Kendra A. Jones
                                               COOLEY GODWARD KRONISH LLP
19                                             4401 Eastgate Mall
                                               San Diego, CA  92121-1909
20                                             Telephone: (858) 550-6000
                                               FAX: (858) 550-6420
21                                             Email:  kjones@cooley.com

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

EBAY'S REPLY I/S/O ITS MOTION TO DISMISS
C07 3967 MHP