1  CRAIG STUART LANZA*
   JOHN BALESTRIERE*
2  WILLIAM S. HOLLEMAN[†]
   **BALESTRIERE PLLC**
3  225 Broadway, Suite 2700
   New York, NY 10007
4  Telephone: (212) 374-5404
   Facsimile:   (212) 208-2613
5  * *Pro Hac Vice* application pending

6  MATTHEW A. SIROKA (CASBN 233050)
   **LAW OFFICE OF MATTHEW A. SIROKA**
7  600 Townsend Street, Suite 233050
   San Francisco, CA 94103
8  Telephone: (415) 522-1105
   Facsimile:   (415) 522-1506
9  Email:      mas@defendergroup.com
   *Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHELLE MAZUR, On Behalf of Herself and all Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**EBAY, INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS.COM d/b/a PARAMOUNT AUCTIONS, and DOES 1-100, inclusive**<br><br>Defendants. | Case No. C 07 3967 MHP<br><br>**REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXHIBIT A OF THE DECLARATION OF STEPHEN A. WALTERS** |

Plaintiff Michelle Mazur ("Plaintiff"), by her attorneys, Matthew A. Siroka and Balestriere PLLC, respectfully submits this Reply in Support of its Motion to Strike Exhibit A of the Declaration of Stephen A. Walters.

## PRELIMINARY STATEMENT

In support of its motion to stay these proceedings, Defendant Hot Jewelry Auctions.com ("HJA") submitted an improper version of its terms and conditions ("Agreement") in the Declaration of Stephen A. Walters ("Walters Exhibit A"). Walters Exhibit A displays the Agreement (as found on HJA's website) as a well-organized document, easily read and understood. However, the Agreement is viewed by consumers *not* on HJA's website, but rather on Co-Defendant eBay, Inc's ("eBay") website. The Agreement as seen on eBay is a mass block of impenetrable text, without headers, spacing, or any other device that would facilitate reader comprehension. Moreover, the Agreement is displayed in a small text box, so only a fraction of the Agreement can be read at a time.

Because of the discrepancy between Walters Exhibit A and the reality of how the Agreement is actually viewed by customers on eBay, Plaintiff's moved to strike Walters Exhibit A. In opposition, Defendant HJA strangely argues that courts should not concern themselves with misrepresentations of this nature. In contrast to the Agreement proffered by Plaintiff in connection with its Motion to Strike, Walters Exhibit A is an inaccurate representation of the Agreement as seen by customers and should be stricken from the record.

## STATEMENT OF FACTS

For a complete rendition of the facts alleged, Plaintiff respectfully refers the Court to the Complaint.

## ARGUMENT

**I. THE COURT SHOULD JUDICIALLY NOTICE THAT THE VERSION OF THE AGREEMENT PRESENTED BY HJA DIFFERS SUBSTANTIALLY FROM THE VERSION SEEN BY ITS CUSTOMERS**

Under FRE 201(B), a court may take judicial notice of a fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(B). Here, HJA cannot, and does not, reasonably dispute

1  that the Agreement attached to the Siroka Declaration is the Agreement that Plaintiff saw before
2  transacting business with HJA through eBay.  Thus, this Court must judicially notice Exhibits A
3  and B and strike Walters Exhibit A as an inauthentic portrayal of the Agreement.

4  In support of its Motion to Stay, Defendant HJA submitted a copy of the Agreement that
5  bears absolutely no resemblance to the Agreement as seen by Plaintiff and other such customers
6  who attempted to participate in HJA's live auctions.  Whereas Walters Exhibit A was a neatly
7  formatted and easily readable copy of the Agreement, the copy of the Agreement actually seen by
8  Plaintiff was one large block of impenetrable text that Plaintiff could not have reasonably
9  dissected on her own. (Siroka Decl. Supp. Mot. Strike Ex. A.)  Only a portion of the Agreement is
10 shown at any one time, and in some instances more than 90 percent of the Agreement is omitted
11 outright; so it is unclear as to whether Plaintiff was even presented with the entire Agreement.
12 (Siroka Decl. Ex. B.)

13 In its opposition, Defendant HJA does not dispute that the Agreement attached in the
14 Siroka Declaration is the Agreement actually seen by Plaintiff on eBay. (Def. HJA's Opp'n Mot.
15 Strike 3.)  Defendant instead argues that the formatting difference between Walters Exhibit A and
16 Siroka Exhibits A and B is not a fact "beyond reasonable dispute," suggesting that Plaintiff
17 should have printed out the Agreement. (Opp'n Mot. Strike 3.)

18 This argument fails for two reasons.  Firstly, printing out an intermittently incomplete and
19 unformatted Agreement does not result in a complete and formatted copy of the Agreement.
20 Secondly, the Agreement as portrayed in Walters Exhibit A is totally immaterial for the purposes
21 of both this Motion to Strike and HJA's related Motion to Stay.  Indeed, Walters Exhibit A is
22 only "a true and correct copy of HJA's Terms and Conditions obtained on October 26, 2007 from
23 HJA's website, http://www.hotjewelryauctions.com/tc.asp#tc" (Walters Decl. 2), *not* the
24 Agreement as agreed to by Plaintiff and other such customers. When ascertaining which of two
25 documents should prevail as the Agreement on record, it is necessary to consider only the
26 Agreement that was seen by Plaintiff—i.e., the Agreement as attached to the Siroka
27 Declaration—especially when the manner of display is relevant to Plaintiff's Opposition to
28 Defendant HJA's Motion to Stay.

1    Defendant also does not dispute the authenticity of the display of the Agreement presented
2  by Plaintiff. (Opp'n Mot. Strike 3.)  Instead, Defendant complains that Plaintiff fails to allege that
3  the Agreement as attached in the Siroka Declaration is the Agreement as seen by Plaintiff when
4  she made her online purchases in February 2007. Id.  This, however, is unnecessary because HJA
5  itself acknowledges that it has made no changes to the Agreement—or to the manner of its
6  display—since February 2007. (Opp'n Mot. Strike 2, 3).  Accordingly, it is clear that the
7  Agreement as seen on eBay's website, and as attached as Exhibits A and B to the Siroka
8  Declaration, is the Agreement as was seen by Plaintiff in February 2007.  Therefore, in contrast to
9  Walters Exhibit A, what Plaintiff has proffered constitutes an authentic copy of the Agreement as
10  was seen by Plaintiff, a fact which is *not* subject to reasonable dispute.

11    Finally, Defendant HJA attempts to shift the blame for this blatant misrepresentation in a
12  remarkable way.  HJA blames any discrepancy between the Agreement as presented by HJA and
13  the Agreement as displayed on eBay's website on Co-Defendant eBay, claiming that eBay
14  removes certain section breaks included within the text before posting the Agreement online.
15  (Opp'n Mot. Strike 2, 3.)  HJA's argument here fails for obvious reasons.  Other businesses'
16  terms and conditions are displayed with appropriate section breaks and section headers.  Thus,
17  HJA seems to be suggesting the absurd: that eBay singles out HJA and removes only HJA's
18  formatting.  The more likely explanation is that HJA simply submitted to eBay a copy of the
19  Agreement devoid of any formatting whatsoever.  In any event, that Defendant blames eBay for
20  its own formatting faults is of no concern.  When the issue is whether Plaintiff agreed to the
21  Agreement, how or why the Agreement is incorrectly displayed is of no consequence. The only
22  issue is what the agreement looked like to Plaintiff and those similarly situated.

23    Therefore, the Court should take judicial notice of Exhibits A and B to the Siroka
24  Declaration; and where the Agreement as presented by Defendant HJA differs substantially from
25  the Agreement as seen by Plaintiff, it is necessary for the Court to strike Walters Exhibit A.

26  **II.    EXHIBIT A OF THE DECLARATION OF STEPHEN A. WALTERS IS**
27  **    SUBJECT TO A MOTION TO STRIKE**

28    The Court should strike Walters Exhibit A because it is inaccurate, inauthentic, and

1  fundamentally misleading.  Defendant HJA wrongly contends that such matter cannot be stricken
2  and relies on wholly inapposite case law.  In *Sidney-Vinsten v. A.H. Robbins Co.*, 697 F.2d 880
3  (9th Cir. 1983), the Ninth Circuit reversed the district court's decision to strike the plaintiff's
4  motion to reconsider because it would unnecessarily eradicate a part of the trial court record that
5  might be useful on appeal. *See id.* at 885.  Moreover, the Ninth Circuit explained that motions to
6  strike serve the important purpose of casting aside spurious issues, thereby serving the important
7  policy of judicial economy. *See id.* (*citing Anchor Hocking Corp. v. Jacksonville Elec. Authority*,
8  419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  Whereas striking a motion to reconsider does nothing
9  to advance the purpose of Fed. R. Civ. P. 12(f), striking a misleading exhibit that forms the entire
10 basis of a motion to stay does indeed advance the purpose of Fed. R. Civ. P. 12(f).

11 Defendant HJA further suggests that Plaintiff has failed to explain how Walters Exhibit A
12 is "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
13 (Opp'n Mot. Strike 4.)  However, as explained above, it is clear that Walters Exhibit A is both
14 immaterial and impertinent because it is *not* the Agreement agreed to by Plaintiff and other Class
15 Members.  This is because Walters Exhibit A is the Agreement as taken from HJA's own website,
16 which Plaintiff had no occasion to visit.  The Agreement seen by Plaintiff was that displayed on
17 eBay's website, which is attached as Exhibits A and B to the Siroka Declaration.  Moreover, as
18 explained above, Walters Exhibit A is fundamentally misleading and should be stricken on that
19 basis alone, because it bears no resemblance to the document seen by Plaintiff or any other
20 potential customer of HJA.

21 Here, Walters Exhibit A misrepresents to the Court the Agreement formed between
22 Plaintiff and HJA in connection with Plaintiff's participation in HJA's live auctions.  Walters
23 Exhibit A serves no other purpose but to mislead.  Thus the Court should strike Walters Exhibit A

## **CONCLUSION**

25 Defendant's opposition to Plaintiff's Motion to Strike is a meager attempt to obfuscate the
26 fact that Walters Exhibit A is an inauthentic version of the Agreement between the parties in this
27 action.  Accordingly, it should be stricken from the record and replaced with an accurate version
28 of the Agreement as seen and as agreed to by Plaintiff and Class Members.

BALESTRIERE PLLC
ATTORNEYS AT LAW
SILICON VALLEY

REPLY IN SUPPORT OF MOTION TO STRIKE
CASE NO:  C 07 3239 SBA                       4

Dated: San Francisco, California
December 26, 2007

Respectfully submitted,

/s/ Matthew A. Siroka
MATTHEW A. SIROKA (CASBN 233050)
**LAW OFFICE OF MATTHEW A. SIROKA**
600 Townsend Street, Suite 233050
San Francisco, CA 94103
Telephone: (415) 522-1105
Facsimile: (415) 522-1506
Email: mas@defendergroup.com

CRAIG STUART LANZA
JOHN BALESTRIERE
WILLIAM S. HOLLEMAN
**BALESTRIERE PLLC**
225 Broadway, Suite 2700
New York, NY 10007
Telephone: (212) 374-5404
Email: clanza@balestriere.net
*Attorneys for Plaintiff and the Class*

---

[†] Admission pending to the New York State Bar.