COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

COOLEY GODWARD KRONISH LLP
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
CHANÉE FRANKLIN (236068) (chanee.franklin@cooley.com)
101 California Street 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant eBay, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELE MAZUR, On Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EBAY, INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS, HOT JEWELRY AUCTIONS.COM d/b/a PARAMOUNT AUCTIONS, NEIMANS JEWELRY, GOANTIQUES.COM, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C07 3967 MHP<br><br>**DEFENDANT EBAY'S NOTICE OF MOTION AND MOTION TO DISMISS ; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: July 7, 2008<br>Time: 2:00 pm.<br>Judge: Hon. Marilyn H. Patel<br>Trial Date: Not yet set |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on July 7, 2008 at 2:00 pm, or as soon thereafter as this motion may be heard, Defendant eBay Inc. will move to dismiss Counts 7, 35, 36 and 37 in the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1086184 v1/SF

NOTICE OF MOTION AND MOTION TO DISMISS
C07 3967 MHP

First Amended Complaint (FAC) on the ground that these causes of action fail to state a claim upon which relief can be granted. This motion is brought under Federal Rule of Civil Procedure 12(b)(6) and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file, the oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs have alleged facts sufficient to state a claim under the Racketeer Influence and Corrupt Organizations Act (RICO), including the specific issues below:

- Have Plaintiffs alleged that they were harmed by the investment of racketeering proceeds as required under §1962(a).
- Have Plaintiffs sufficiently alleged a "pattern of racketeering activity" under §1962(c) as to eBay, where Plaintiffs have alleged that eBay participated in only one predicate act.
- Have Plaintiffs sufficiently alleged a claim for RICO conspiracy against eBay, where Plaintiffs' conspiracy claim is premised only on the parallel conduct of the Seller Defendants with no specific link to eBay.

2. Whether Plaintiffs can pursue a breach of contract claim, where the alleged breach consists of the same acts that are the basis of Plaintiffs' negligence claim and where Plaintiffs have previously withdrawn their contract claims.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs' RICO claims fail to meet essential pleading requirements and should be dismissed with prejudice. Despite the clear directive in the Court's prior ruling cautioning Plaintiffs to meet the particularized pleading requirements for RICO claims, the allegations in the FAC remain deficient. First, Plaintiffs' §1962(a) claim of harm from investment of racketeering proceeds fails because Plaintiffs failed to allege any independent harm except a vague allegation of injury due to reinvestment of profits into the alleged RICO "enterprise." This is insufficient as

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1086184 v1/SF        1.        NOTICE OF MOTION AND MOTION TO DISMISS
                                C07 3967 MHP

a matter of established law. Second, Plaintiffs' §1962(c) claim fails because the FAC merely alleges that eBay engaged in a single predicate act and contains no facts to show that eBay engaged in a "pattern of racketeering activity" as required under §1962(c). Third, Plaintiffs' §1962(d) claim for participating in a RICO conspiracy must be dismissed because the purported conspiracy claim is premised on allegations that are conclusory and inherently implausible, in violation of the Supreme Court's holding in *Bell Atlantic v. Twombly*. These failures underscore the simple fact that this case is not about racketeering activity and the Court should reject Plaintiffs' effort to manufacture a RICO claim where none exists.

Furthermore, Plaintiffs seek to reintroduce the breach of contract claim that they expressly disavowed in opposing eBay's prior motion to dismiss. As eBay pointed out, established law precludes a plaintiff from pursuing both contract and tort claims based on the same conduct. In response, plaintiff Mazur explicitly characterized her claim as arising exclusively in tort, and the Court recognized this admission that the contract claim was withdrawn. Inexplicably, Plaintiffs are once again asserting a breach of contract claim based on the same facts that underlie their negligence claims. The contract claim should now be dismissed with prejudice, for the reasons set forth in eBay's initial motion as well as basic principles of judicial estoppel given Plaintiffs' prior statements.

## II. BACKGROUND

### A. Relevant Allegations

Plaintiffs seek to hold eBay liable under the RICO statute for participating in the alleged fraud of the individual auction house defendants (the "Seller Defendants") who sold goods via eBay's live auction platform. Plaintiffs contend the Seller Defendants conspired to engage in "shill bidding" (using fake bids to inflate auction prices). (FAC ¶ 1.) They further allege that eBay participated in this conspiracy by (1) providing a portal for the alleged fraudulent activity, (2) posting misleading statements on its website concerning the "safety" of participating in live auctions, and (3) coordinating and organizing the fraudulent scheme. (*Id.* at ¶¶ 1, 86-89, 91-92.) Plaintiffs contend eBay then reinvested profits from the scheme back into the alleged "enterprise" to further the conspiracy. (Plaintiffs' RICO Statement at 12:18-22.)

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1086184 v1/SF                    2.              NOTICE OF MOTION AND MOTION TO DISMISS
                                                                  C07 3967 MHP

The Plaintiffs also seek to hold eBay liable under breach of contract and negligence theories. Both of these claims are premised on the same conduct: eBay's alleged failure to provide safe auctions. (*Compare* FAC ¶¶ 187-196 and ¶¶ 202-213.)

### B. The Court's Prior Ruling

In its prior ruling, the Court recognized that the heightened pleading standards under rule 9(b) apply to the claims in this action predicated on fraud, including Plaintiffs' RICO claim. (Memorandum & Order of 3-03-2008 (docket #55) ("Order") at 4:21-24, 18:13-24.) The Court found that Plaintiffs' RICO and other fraud-based claims failed to meet these standards and dismissed the claims with leave to amend. (*Id.*) The Court further required plaintiffs to respond to specific RICO-related questions imposed by the Court. (*Id.* at 18:20-22.) The Court also expressly noted plaintiff Mazur's withdrawal of her contract claim, stating that "Plaintiff appears to have withdrawn her breach of contract claim." (*Id.* at 22 n.8.)

## III. ARGUMENT

This Court should dismiss a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). As the Supreme Court recently emphasized, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965-66 (2007).

### A. Plaintiffs' RICO Claim Should Be Dismissed.

In order to state a RICO claim, a plaintiff must allege: (1) that a "person" within the scope of the statute (2) has utilized a "pattern of racketeering activity" or the proceeds thereof (3) to infiltrate an interstate "enterprise" (4) by (a) investing the income derived from the pattern of racketeering activity in the enterprise (b) acquiring or maintaining an interest in the enterprise through the pattern of racketeering activity; (c) conducting the affairs of the enterprise through the pattern of racketeering activity; or (d) conspiring to commit any of the above acts. 18 U.S.C. § 1962. In addition to alleging these substantive elements of the RICO statute, a plaintiff must

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1086184 v1/SF

3.

NOTICE OF MOTION AND MOTION TO DISMISS
C07 3967 MHP

also allege each essential element of each predicate act of racketeering activity.[1] Here, the alleged predicate acts are based on mail and wire fraud, and plaintiffs assert claims under sections 1962(a) (investment of racketeering proceeds),[2] 1962(c) (a pattern of racketeering activity)[3] and 1962(d) (conspiracy to engage in racketeering).[4] Each of these claims fails as a matter of law.

### 1. Plaintiffs Have Not Alleged They Were Harmed By The Investment Of Racketeering Proceeds As Required Under § 1962(a).

A plaintiff bringing a claim under §1962(a) must allege that he or she suffered injury specifically arising from the defendant's use or investment of racketeering income. But Plaintiffs only allege that the racketeering proceeds were reinvested in the general affairs of eBay and do not allege injury from eBay's use of this income. This is insufficient. The Ninth Circuit Court of Appeal recently reaffirmed this rule in *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008). In *Sybersound*, the plaintiffs (a record producer and certain music publishing corporations) alleged that the defendants (other record producers) engaged in racketeering activities by engaging in the predicate acts of criminal copyright infringement, mail fraud, and wire fraud. *Id.* at 1147. In support of their §1962(a) claim, plaintiffs alleged that defendants had reinvested the profits from the alleged racketeering activities back into the enterprise. *Id.* The Court dismissed the §1962(a) claim, finding that plaintiffs' injury stemmed only from the alleged predicate acts and that plaintiffs had not alleged any separate and distinct injury from the

---

[1] *See, e.g. Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 317 (9th Cir. 1990) (upholding dismissal of RICO claim where plaintiffs failed to allege required elements of predicate act of mail fraud); *Sandville v. Bank of American Nat. Trust & Savings Ass'n*, 18 Fed.Appx. 500, 501 (9th Cir. 2001) (affirming dismissal of RICO claims for failure to plead with particularity that defendants had the specific intent to defraud as required for predicate act of mail and wire fraud).

[2] 18 U.S.C. §1962(a) states in relevant part: "It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through the collection of any unlawful debt…, to use or invest,…any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate ore foreign commerce."

[3] 18 U.S.C. §1962(c) states in relevant part: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

[4] 18 U.S.C. §1962(d) states in relevant part: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

investment of racketeering proceeds. *Id.* at 1149. The Court emphasized that "reinvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient to show proximate causation." *Id.*[5]

Plaintiffs' allegations here are substantively identical to those found to be deficient in the above cases. Plaintiffs allege that:

> eBay and Seller Defendants used income received from the pattern of racketeering activity to invest in and operate the ongoing operations of their individual corporate entities, including but possibly not limited to those portions that were involved in the enterprise.

(Plaintiffs' RICO Statement at 12:18-20.) Plaintiffs further contend that this reinvestment proximately harmed them as the funds were used to continue defendants' racketeering activities. (*Id.* at 12:20-22.) These bare allegations of reinvestment are plainly insufficient under the standards set forth above. Because Plaintiffs do not allege any separate and distinct injury caused by defendants' alleged investment of racketeering proceeds, their claims under §1962(a) fail as a matter of law.

### 2. Plaintiffs' § 1962(c) Claim Fails Because They Do Not Allege A "Pattern Of Racketeering Activity" As To eBay

To state a claim under §1962(c), plaintiffs must allege a "pattern of racketeering activity" consisting of at least two predicate acts of racketeering activity. *Cal. Architectural Bldg. Product, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1469 (9th Cir. 1987). This requirement of a pattern "must be established as to each individual defendant." *DeFalco v. Bernas*, 244 F.3d 286, 315 n.19 (2nd Cir. 2001). Here, Plaintiffs' only allegation directed against eBay is that eBay posted allegedly misleading statements on its website stating that live auctions are "'safe,'… 'carefully screened,' had 'floor bidders,' and involved 'international auction houses.'" (FAC ¶ 38; Plaintiffs' RICO Statement at 9:20-21.) The posting or distribution of the

---

[5] *See also Westways World Travel v. AMR Corp.*, 182 F.Supp.2d. 952, 960-61 (C.D. Cal. 2001) (holding that reinvestment of racketeering proceeds back into a corporation is not sufficient under §1962(a)); *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) (plaintiff was required to allege that funds from alleged racketeering activity were directly used to injure him and could not state a claim based solely on a theory that defendants reinvested the funds in their businesses) (overruled on other grounds).

same misleading statements to multiple recipients, however, constitutes a single predicate act of wire fraud and is insufficient as a matter of law to support a "pattern of racketeering activity."

In *Durning v. Citibank*, 990 F.2d 1133 (9th Cir. 1993), for example, the Ninth Circuit held there was no "pattern of racketeering activity" where the defendant had allegedly made misleading statements in an investment document, even though the document was distributed to multiple recipients and caused alleged harm to multiple plaintiffs. The Court noted that the alleged injuries "arose from a single isolated event: the distribution of the misleading Official Statement. Defendants' alleged fraud consists of their dissemination of that one misleading document in conjunction with a single issuance of bonds." *Id.* at 1139. Similarly, in *Proven Methods Seminars, LLC v. American Grants & Affordable Hous. Inst., LLC*, No. CIV. S-07-01588 WBS EFB, 2008 WL 269080, at *1 (E.D. Cal. Jan. 29, 2008), the Court considered whether the posting of misleading data in a newspaper and on a website at different times was sufficient to show a pattern of racketeering conduct. *Id.* at *3. The Court held that the two separate acts in combination were sufficient to show a pattern, but implicitly acknowledged that each act on its own (including the alleged posting of misstatements on a website) would not be sufficient. Similarly here, the Plaintiffs have alleged that eBay engaged in a single predicate act of wire fraud by posting the purported misleading statements on its website concerning live auctions. Plaintiffs' §1962(c) claim should thus be dismissed for failure to allege a "pattern of racketeering activity."

### 3. Plaintiffs' Conspiracy Claim Under § 1962(d) Is Illogical And Should Be Dismissed.

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007), the Supreme Court cautioned in the context of a conspiracy claim that "a formulaic recitation of the elements of a cause of action will not do." Thus, "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 1966. Instead, a conspiracy claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 1965. Phrased differently, unless plaintiffs can state "enough facts" to move "across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 1974.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1086184 v1/SF

6.

NOTICE OF MOTION AND MOTION TO DISMISS
C07 3967 MHP

While *Twombly* was decided in the context of an antitrust claim, several courts have applied its requirements in the context of a RICO conspiracy claim. Indeed, the standards for pleading the RICO conspiracy claims at issue here are *more* stringent than those set forth in *Twombly*. *Twombly* addressed basic pleading standards under Rule 8 whereas a RICO claim predicated on fraud must be analyzed under the heightened pleading requirements of Section 9(b). *See United Centrifugal Pumps v. Schotz*, No. C-89-2291 FMS, 1991 WL 274232, at *3 (N.D. Cal. June 12, 1991).

To state a claim for RICO conspiracy, Courts have required pleading of particularized facts demonstrating an agreement to participate in an unlawful act. *Id.* Conclusory allegations will not suffice. *Grauberger v. St. Francis Hospital,* 169 F.Supp.2d 1172, 1179 (N.D. Cal. 2001) (conclusory allegations of conspiracy held insufficient to state a RICO claim); *Lee v. Gates,* No. C0103085DTCTX, 2001 WL 1098070, at *8 (C.D. Cal. Sept. 10, 2001) (dismissing claim against defendants where plaintiff did not allege any specific facts to show that the defendants had agreed to participate in a conspiracy).

Here, Plaintiffs ask the Court to infer that eBay entered into a far-reaching conspiracy with the Seller Defendants based solely on the following allegation:

> The fact that HJA, Niemans, and GoAntiques are competitors and yet perpetuated the **same** fraudulent scheme with eBay supports the conclusion eBay actually coordinated the fraud. It is even possible that eBay and the Seller Defendants had an actual agreement among themselves.

(FAC ¶ 124 (emphasis in original)). Plaintiffs also allege that eBay knew of and benefited from the Seller Defendants' fraud and therefore must have agreed to participate in the conspiracy. (Plaintiffs' RICO Statement at 1:15-25.) Neither theory comes close to meeting the pleading threshold needed to support a RICO conspiracy claim.

Plaintiffs' sole conspiracy allegation fails because it is illogical that eBay must have coordinated the fraudulent activities of the Seller Defendants simply because they engaged in similar activity. The basic premise of Plaintiffs' complaint – that each of the Seller Defendants had an independent financial motive to engage in shill-bidding – directly undermines this conspiracy theory. Plaintiffs allege that shill bidding enabled each Seller Defendant to

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1086184 v1/SF

7.

NOTICE OF MOTION AND MOTION TO DISMISS
C07 3967 MHP

independently "sell cheap jewelry to unsuspecting internet bidders at grossly inflated prices." (FAC at ¶75.) Even accepting Plaintiffs' allegations as true, the conduct of the Seller Defendants is equally, if not more, consistent with independent action by those defendants. Plaintiffs allege no facts whatsoever to indicate that coordination or participation by eBay was necessary for the Seller Defendants to engage in similar patterns of alleged fraud. The fact that the Seller Defendants are competitors does not change the fact (as acknowledged by Plaintiffs' own allegations) that each of them had the independent means and motivation to engage the alleged activity, and does not make it more plausible that eBay somehow coordinated their activities. In fact, plaintiffs acknowledge that the individual Selling Defendants' conduct, while similar, nonetheless differed in material ways suggesting independent action and not a conspiracy.[6]

The allegations here are analogous to those the Supreme Court deemed insufficient in *Twombly*. In *Twombly*, the Supreme Court considered whether allegations of parallel acts of anticompetitive conduct by defendants was a sufficient basis to infer a conspiracy. The Court held that "without more, parallel conduct does not suggest conspiracy." *Twombly*, 127 S.Ct. at 1966. In order to state a claim for illegal parallel conduct, the allegations "must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 1966. Applying these standards, the Court affirmed dismissal of the complaint because there were equally plausible explanations for why the defendants would have engaged in parallel conduct other than a conspiracy.

Here, Plaintiffs' allegations fail for a similar reason. Even assuming that the Seller Defendants engaged in parallel acts of fraud, the complaint provides no plausible basis to conclude that eBay somehow coordinated those fraudulent acts. As in *Twombly*, Plaintiffs' conspiracy claims are premised on "parallel conduct that could just as well be independent action" and should be dismissed. *Id.* at 1966.

---

[6] For example, plaintiffs state that HJA is proactive at giving the impression that is auctions are conducted live with floor bidders, but allege that Neimans does not advertise floor bidding at all, stating that the Neimans website indicates that the bidding of an item occurs online only. (FAC ¶¶ 44 and 53.) Further, plaintiffs acknowledge that "GoAntiques is engaged in fraud that is similar to those of HJA and Neimans, but with several twists." (FAC ¶ 56.)

Plaintiffs' allegation that eBay knew of the Seller Defendants' shill-bidding schemes get them no closer to stating a plausible conspiracy claim. In *Gray v. Upchurch*, No. 5:05cv210-KS-MTP, 2007 WL 2258906, at * 1  (S.D. Miss. Aug. 3, 2007), the Court applied *Twombly* to dismiss a RICO conspiracy claim under circumstances that closely parallel this case. In *Gray*, plaintiffs' claims stemmed from an allegedly fraudulent real estate transaction. Plaintiffs alleged a RICO conspiracy against two sets of defendants, the "Mortgagee Defendants" and the "Actor Defendants." *Id.* at *2. The "Actor Defendants" were alleged to have committed multiple unlawful acts of fraud which directly injured the plaintiffs. *Id*. Plaintiffs then alleged that the "Mortgagee Defendants" were "*obviously* co-conspirators with the Actor Defendants" because they knew of the fraudulent activity and did nothing to stop it. *Id*. at *3. Applying *Twombly*, the Court dismissed Plaintiffs' RICO claims as to the "Mortgagee Defendants," finding that plaintiffs had "made a huge leap of faith" in presuming that "Mortgagee Defendants" must have been co-conspirators simply because they allegedly knew of and did not prevent the alleged conspiratorial acts of the separate "Actor Defendants." *Id*. Similarly here, Plaintiffs cannot manufacture a conspiracy claim merely by alleging in conclusory terms that eBay knew of the Seller Defendants' conduct.

### B. Plaintiffs' Breach Of Contract Claim Is Based On The Same Exact Facts As Plaintiffs' Negligence Claims And Should Be Dismissed.

As eBay argued in its first motion to dismiss, established California law precludes plaintiffs from pursuing both tort and breach of contract claims that are premised on the same alleged acts. (Mtn to Dismiss at 14:3-6.) Apparently conceding the point, Plaintiff Mazur effectively withdrew her breach of contract claim, stating in the opposition that "Defendant is being sued for fraud, not breach of contract." (Pl. Opp. To Motion to Dismiss at 7.) The Court acknowledged this withdrawal and noted in its Order that "Plaintiff appears to have withdrawn her breach of contract claim." (Order of 3-03-2008 at 22 n. 8.) Inexplicably, Plaintiffs now seek to assert the very same claim that was previously withdrawn, and the FAC again alleges a breach of contract claim based on the same facts that are the foundation for Plaintiffs' negligence claims. The FAC contains no allegations to show that plaintiffs' contract claim is supported by

COOLEY GODWARD  
KRONISH LLP  
ATTORNEYS AT LAW  
SAN DIEGO

1086184 v1/SF

9.

NOTICE OF MOTION AND MOTION TO DISMISS  
C07 3967 MHP

independent wrongdoing distinct from the allegations of negligence. Plaintiffs cannot have their cake and eat it too, and the breach of contract claim should be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, eBay respectfully requests that the Court dismiss the RICO and breach of contract claims as a matter of law. Because Plaintiffs have already been given an opportunity to cure the defects of the RICO claims and because they have previously withdrawn their breach of contract claim, these causes of action should now be dismissed with prejudice.

Dated: May 2, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
HEATHER C. MESERVY (223782)
CHANÉE FRANKLIN (236068)

/s/
Whitty Somvichian
Attorneys for Defendant eBay Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008, I electronically filed the foregoing **DEFENDANT EBAY'S MOTION TO DISMISS; and [PROPOSED] ORDER GRANTING MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

Craig Stuart Lanza                email: clanza@balestriere.net

Matthew A. Siroka                email: mas@defendergroup.com
                                  jb@balestriere.net

Stephen Scott Walters            email: SWalters@allenmatkins.com

John Balestriere                  Email: jb@balestriere.net

_____
Rita Low
COOLEY GODWARD KRONISH LLP
101 California Street 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
FAX: (415) 693-2222
Email: rlow@cooley.com