1  JOHN BALESTRIERE
2  CRAIG STUART LANZA
   **BALESTRIERE LANZA PLLC**
3  225 Broadway, Suite 2900
   New York, NY 10007
4  Telephone:    (212) 374-5404
   Facsimile:    (212) 208-2613
5
6  MATTHEW A. SIROKA (CASBN 233050)
   **LAW OFFICE OF MATTHEW A. SIROKA**
7  600 Townsend Street, Suite 233050
   San Francisco, CA 94103
8  Telephone:    (415) 522-1105
   Facsimile:    (415) 522-1506
9  Email:        mas@defendergroup.com
10
   *Attorneys for Plaintiffs and the Class*
11
12            UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
13               SAN FRANCISCO DIVISION
14
15 **MICHELLE MAZUR and SARAH BATES,**      Case No. C 07 3967 MHP
   **individually and on behalf of and all others**
16 **Similarly Situated,**
                                           **MEMORANDUM OF LAW IN**
17              **Plaintiffs,**            **OPPOSITION TO DEFENDANT**
                                           **EBAY'S MOTION TO DISMISS**
18              **- against -**            **COMPLAINT PURSUANT TO**
                                           **FED. R. CIV. P. § 12(b)(6)**
19 **EBAY, INC., HOT JEWELRY**
   **AUCTIONS.COM d/b/a JEWELRY**          Judge:        Hon. Marilyn H. Patel
20 **OVERSTOCK AUCTIONS.COM d/b/a**
   **PARAMOUNT AUCTIONS, NEIMANS**
21 **JEWELRY, GOANTIQUES.COM,INC.,**
   **and DOES 1-200, inclusive,**
22
               **Defendants.**
23
24
25
26
27 / / /
28

1

## TABLE OF CONTENTS

2

**PAGE**

3   PRELIMINARY STATEMENT.................................................................................................. 1

4   STATEMENT OF FACTS .................................................................................................... 1

5   ARGUMENT ...................................................................................................................... 1

6       I.   THE FIRST AMENDED COMPLAINT ADEQUATELY
       STATES A CLAIM FOR RELIEF UNDER RICO.......................................................... 1

7       A.  Plaintiffs Have Alleged RICO Liability
       under 18 U.S.C. § 1962(c) ............................................................................. 2

8

9       B.  Plaintiffs Have Sufficiently Alleged A Conspiracy
       under 18 U.S.C. § 1962(d) ............................................................................. 4

10      C.  Plaintiffs Have Sufficiently Alleged That They Were
       Harmed By The Investment Of Racketeering Proceeds ............................... 6

11      D.  Plaintiffs May Allege Violations of Both Tort and Contract Law................................ 6

12  CONCLUSION..................................................................................................................... 7

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BALESTRIERE
LANZA PLLC
ATTORNEYS AT LAW

OPPOSITION TO EBAY'S MOTION TO DISMISS
CASE NO: C 07 3967 MHP

i

1

## TABLE OF AUTHORITIES

2

**PAGE**

3

### CASES

4

Balistreri v. Pacifica Police Dep't, 901 F.2d 696 (9th Cir. 1988) .................................................. 1

5

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)........................................................... 4, 5, 6

6

Cal. Architectural Bldg. Produce U.S. Inc. v. Franciscan Ceramics, Inc.,
   818 F. 2d 1466 (9th Cir. 1987).......................................................................................... 2

7

Durning v. Citibank, 990 F.2d 1133 (9th Cir. 1993) .............................................................. 3, 4

8

Glensenkemp v. Nationwide Mut. Ins. Co., 344 F. Supp. 517 (N.D. Cal. 1972) ........................... 6

9

Gray v. Upchurch, No. 5:05cv210-KS-MTP, 2007 WL 2258906 (S.D. Miss. Aug. 3, 2007) ........ 5

10

H.J. Inc. v. NW Bell Tel. Co., 492 U.S. 229 (1989) ................................................................... 2

11

Proven Methods Seminars , LLC v. American Grants & Affordable Hous. Inst.,
   No. CIV. S-07-01588 WBS EFB, 2008 WL 269080 (E.D. Cal. Jan. 29, 2008) ........................ 2

12

Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530 (9th Cir. 1984) ....................................... 2

13

Robinson Helicopter Company, Inc. v. Dana Corp., 102 P.3d 268 (Cal. 2004) ............................. 6

14

Sanjuan v. American Board of Psychiatry, 40 F.3d 247 (7th Cir. 1994) ....................................... 6

Sun Savs. & Loan Ass'n v. Dierdorff, 825 F.2d 187 (9th Cir. 1987) ............................................ 2

15

Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137 (9th Cir. 2008)...................................... 6

16

Theater Enterprises, Inc. v. Paramount Film Distributing Corp., 376 U.S. 537 (1964) .................. 4

17

Wolk v. Green, 516 F. Supp. 2d 1121 (N.D. Cal. 2007).............................................................. 6

18

### STATUTES

19

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ............................ passim

20

### RULES

21

Fed. R. Civ. P. 12(b)(6)............................................................................................................. 1

22

23

24

25

26

27

28

1    Plaintiffs Michele Mazur and Sarah Bates ("Plaintiffs"), by their attorneys, Matthew A.

2    Siroka and Craig Lanza of Balestriere Lanza PLLC, respectfully submit this Memorandum of

3    Law in Opposition to Defendant eBay's ("eBay" or "Defendant") Motion to Dismiss the First

4    Amended Complaint dated April 3, 2008 ("FAC"), pursuant to Rule 12(b)(6) of the Federal Rules

5    of Civil Procedure.

6    **PRELIMINARY STATEMENT**

7    Defendant's Motion to Dismiss the Complaint should be denied.  In its memorandum of

8    law dated May 2, 2008, eBay unpersuasively claims Plaintiffs have failed to state a claim under

9    the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ( "RICO").  eBay

10   argues that Plaintiffs' detailed, 70-page FAC, which depicts a classic hub and wheel conspiracy

11   that defrauded thousands of class members over years, is not "plausible," does not amount to a

12   "pattern of racketeering activity," and does not allege any harm from the reinvestment of  eBay's

13   ill-gotten gains.

14   eBay is wrong.  The FAC portrays more than a plausible conspiracy: it details a definite

15   conspiracy between eBay's top-brass and its co-defendants.  The FAC further depicts how eBay

16   engaged in a pattern of fraud over years and how eBay reinvested the proceeds in order to commit

17   more fraud.  For these reasons, eBay's argument fails, and Defendant's motion should be denied.

18   **STATEMENT OF FACTS**

19   For a complete rendition of the facts alleged, Plaintiffs respectfully refer the Court to the

20   FAC.

21   **ARGUMENT**

22   **I.    THE FIRST AMENDED COMPLAINT ADEQUATELY STATES A CLAIM FOR**

23   **RELIEF UNDER RICO**

24   Defendant has an extremely high standard to meet, as dismissal under Rule 12(b)(6) is

25   proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence

26   of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't,

27   901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,

28

1   533–34 (9th Cir. 1984)).  In addition, the Court must accept the facts alleged in the FAC as true.

2   See id.

3       **A.    Plaintiffs Have Alleged RICO Liability under 18 U.S.C. § 1962(c).**

4       The FAC clearly alleges RICO violations under 18 U.S.C. § 1962(c).  To state a claim

5   under 1962(c), there must be a "pattern of racketeering activity." Cal. Architectural Bldg. Produce

6   U.S. Inc. v. Franciscan Ceramics, Inc., 818 F. 2d 1466, 1469 (9th Cir. 1987) (underlying illegal

7   acts part of the same criminal episode).   A pattern requires that the predicate acts be

8   "continuous." H.J. Inc. v. NW Bell Tel. Co., 492 U.S. 229, 239 (1989) (continuity required).  The

9   continuity requirement is met by evidencing a "threat of continuing activity." Id. Courts have

10  contrasted the continuity requirement with "isolated or sporadic acts." Sun Savs. & Loan Ass'n v.

11  Dierdorff, 825 F.2d 187, 191–94 (9th Cir. 1987) (a "pattern" under RICO does not require more

12  than one scheme or episode provided the acts are not isolated events).  In addition, "where an act

13  or practice was only terminated because a lawsuit was brought, courts have held that the requisite

14  continuity is established." Proven Methods Seminars , LLC v. American Grants & Affordable

15  Hous. Inst., LLC, No. CIV. S-07-01588 WBS EFB, 2008 WL 269080, at *1 (E.D. Cal. Jan. 29,

16  2008) (open-ended continuous pattern found where plaintiff removed misleading statement only

17  after RICO counterclaims filed).

18      The FAC plainly alleges that eBay engaged in a series of misrepresentations from June

19  2004 to the present. (FAC ¶ 4.)  Thus, eBay has clearly engaged in a *continuing* fraud.  Indeed,

20  eBay Live Auctions has continued to operate and post the same misleading information, even

21  after this lawsuit was filed.  Thus, the FAC does not describe an "isolated" event but, rather, how

22  an on-going fraudulent scheme was committed over years defrauding thousands.

23      In order to avoid RICO liability, eBay falsely portrays its fraud as "a single predicate act."

24  (Mot. Dismiss FAC 6.)  This is incorrect.  "[P]redicate acts may constitute a pattern of activity

25  under RICO even though only a single scheme or activity is involved. Proven Methods Seminars,

26  2008 WL 269080, at *1 (summarizing the holding of Sun Savs. & Loan Ass'n, 825 F.2d 187 (9th

27  Cir. 1987)); accord H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989) (pattern of continuity

28

1    may be established by showing that acts are part of ongoing way of doing business).

2         The FAC does not allege that eBay made just one misrepresentation but, rather, "a series

3    of misrepresentations to encourage Class Members to make purchases and increase its bottom

4    line." (FAC ¶ 38, emphasis added.) Specifically, the FAC alleges the following:

5    • eBay misrepresents the auctions as "very safe." (FAC ¶ 35.)

6    • eBay misrepresents the auctions as "carefully screened." (FAC ¶ 36.)

7    • eBay misrepresents that the auctions are run by reputable international auction houses.

8      (FAC ¶ 97.)

9    • eBay repeatedly and in multiple places describes the auctions as "live auctions" when

10     eBay knows that many of the auctions are fake. (FAC ¶¶ 33–34.)

11   • eBay refuses to engage in the due diligence it promises and does not enforce eBay's

12     own shill bidding rules. (FAC ¶ 90.)

13   • eBay actively enables "hundreds of fraudulent and fake auctions to occur on a daily

14     basis" while at the same time making the misrepresentations above. (FAC ¶ 38.)

15   • eBay pockets tens of thousands of dollars per day in unjustly acquired profits made

16     possible by their misrepresentations. (FAC ¶¶ 76–78.)

17   • eBay maintained a website from July 31, 2004, through the present where all the

18     above misrepresentations and fraud have taken place. (FAC ¶ 4.)

19        In response to these allegations, eBay argues, in essence, that eBay cannot be held liable

20   under RICO because all of the misrepresentations took place on one website and, therefore,

21   constitute just one predicate act. If this were so, then fraudsters and criminals would have less

22   RICO liability (not more) by systematizing their fraud. According to this view, one can defraud

23   thousands but limit the misrepresentations to one website, one script, or one mailing and avoid

24   RICO liability. Such a view is clearly erroneous and would contravene the purposes of RICO.

25        Moreover, eBay's "one predicate act" position is contradicted by the very cases eBay

26   cites. For example, eBay strangely relies on the case of <u>Durning v. Citibank</u>, 990 F.2d 1133 (9th

27   Cir. 1993). In that case, a putative securities class action, defendants issued one allegedly false

28

1   Official Statement which was distributed to multiple individuals. <u>See</u> <u>id</u>.  In <u>Durning</u>, the Court

2   upheld the district court's finding that, via the dissemination of the one Official Statement to

3   multiple individuals, defendants had "performed *numerous predicate acts* of mail and wire

4   fraud." <u>Id</u>. at 1139.[1]   Thus, according to the reasoning outlined in <u>Durning</u>, eBay's repeated

5   postings of misrepresentations on its website are clearly numerous predicate acts.

6       The FAC has clearly alleged numerous predicate acts of mail and wire fraud; accordingly,

7   eBay's motion to dismiss should be denied.

8       **B.     Plaintiffs Have Sufficiently Alleged A Conspiracy under 18 U.S.C. § 1962(d)**

9       Defendant incorrectly asserts that Plaintiffs claim for RICO conspiracy is based only on

10  the parallel conduct of eBay and other defendants and is therefore insufficient under 1962(d).

11  This is wrong.

12      "It shall be unlawful to conspire to violate any of the provisions" of RICO. 18 U.S.C. §

13  1962(d).   In addition, "a showing of parallel business behavior is *admissible circumstantial*

14  *evidence from which agreement may be inferred* . . . it falls short of conclusively establishing

15  agreement . . . *itself*." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1963 (2007) (quoting the

16  district court as quoting <u>Theater Enterprises, Inc. v. Paramount Film Distributing Corp</u>., 376 U.S.

17  537, 540–41 (1964)) (emphasis added).

18      Here, Plaintiffs use the parallel conduct of eBay's co-defendants as circumstantial

19  evidence that there was an agreement between eBay and its co-defendants.  However, Plaintiffs'

20  allegations go on asserting further details of this conspiracy.  For example, the FAC names

21  specific individuals at eBay who had knowledge of the fraud and did nothing about it. (FAC ¶

22  90.)  The FAC also describes eBay's own fraudulent statements and how those statements make

23  the fraud possible. (FAC ¶ 118.)   Indeed, the FAC outlines an entire scheme, including the

24  motivation behind it, the obvious in-concert participation, and the benefits received. (FAC ¶¶

25          [1] The issue in <u>Durning</u> was not whether the defendants' actions amounted to one or more
26  predicate acts.  Clearly the <u>Durning</u> Court found the defendants engaged in numerous predicate
    acts *even if they had only disseminated one false Official Statement*.  The issue in <u>Durning</u> was
27  whether the defendants' misconduct was "continuous" or "isolated." <u>See</u> <u>id</u>.  Here, eBay *does not*
    specifically challenge whether Plaintiffs alleged a continuous fraud simply because it *cannot*: the
28  FAC plainly alleges an ongoing open-ended fraudulent enterprise.

BALESTRIERE
LANZA PLLC
ATTORNEYS AT LAW

117–24.)

This knowledge, combined with eBay's co-defendants' parallel conduct, compels the conclusion that eBay and its co-defendants agreed to engage in fraud. It is the combination of eBay's knowledge of the misconduct, eBay's inaction to prevent such misconduct, eBay's own fraudulent statements, and eBay's co-defendants' parallel behavior that is the crux of the conspiracy allegation against eBay under § 1962(d). In its motion to dismiss, eBay challenges each of these assertions separately and attacks each point as if it stands alone, not acknowledging that Plaintiffs' allegations combine several factual assertions which, taken *together*, create a plausible inference of conspiracy.

Twombly supports the conclusion that the FAC adequately pleads a RICO conspiracy. In Twombly, parallel conduct was the *only* fact propping up the plaintiff's conspiracy claims. Here, however, parallel conduct is but one of many factors. Twombly, thus, supports denying eBay's motion to dismiss.

eBay relies heavily on a non-binding case from the Southern District of Mississippi, Gray v. Upchurch, No. 5:05cv210-KS-MTP, 2007 WL 2258906 (S.D. Miss. Aug. 3, 2007), to show that eBay's inaction is insufficient to support a conspiracy claim. But, unlike the plaintiff in Gray, Plaintiffs do not rest their conspiracy claim *solely* on the allegation of inaction.

The court in Gray held that the plaintiff "made a huge leap of faith" in presuming that "Mortgagee Defendants" must have been co-conspirators simply because they allegedly knew of and did not prevent the alleged conspiratorial acts on the separate "Actor Defendants." Here, eBay not only knew about the co-defendants' fraud, but eBay also made fraudulent statements.

Additionally, in Gray the "Actor Defendants" were not, as here, all engaged in the same business and same fraudulent activity, instead they each acted fraudulently at different levels of the real estate transaction. See id. at *2. Here, the rival co-defendants all concocted the same fraudulent approach. Clearly, eBay's co-defendants are the spokes, and eBay is the hub of this conspiracy. eBay's does not take into account the totality of Plaintiffs' allegations; therefore, eBay's motion should be denied.

1  **C.    Plaintiffs Have Sufficiently Alleged That They Were Harmed By The**

2  **Investment Of Racketeering Proceeds**

3  Defendant asserts in a conclusory fashion that, as a matter of law, Plaintiffs' claim under §

4  1962(a) is insufficient.  This is not so.

5  Once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so

6  long as hypotheses are consistent with the complaint." Twombly at 1969 (quoting Sanjuan v.

7  American Board of Psychiatry, 40 F.3d 247, 251 (7th Cir. 1994)).

8  Plaintiffs have alleged that eBay has engaged in an ongoing fraud and has reinvested the

9  ill-gotten gains back into eBay to engage in further fraud. (FAC ¶ 464.)

10  Defendant cites the distinguishable case of Sybersound Records, Inc. v. UAV Corp., 517

11  F.3d 1137 (9th Cir. 2008).  The court in that case held that plaintiff's injury stemmed only from

12  the alleged predicate acts, whereas Plaintiffs here assert additional injury from the reinvestment

13  of monies obtained in violation of § 1962(a) back into the enterprise by Defendant.   Thus,

14  Plaintiffs' 1962(a) claim is sufficiently pleaded and eBay's motion should be denied.

15  **D.    Plaintiffs May Allege Violations of Both Tort and Contract Law**

16  Defendants incorrectly assert that "established law precludes a plaintiff from pursuing

17  both contract and tort claims based on the same conduct." (Mot. Dismiss 6.)  This is false.

18  Under California Law, a plaintiff may bring suit under contract and tort. See Wolk v.

19  Green, 516 F. Supp. 2d 1121 (N.D. Cal. 2007) (under California Law, a plaintiff may bring suit

20  on both contract and tort theories simultaneously, but must ultimately elect which remedy to

21  pursue); see also Glensenkemp v. Nationwide Mut. Ins. Co., 344 F. Supp. 517 (N.D. Cal. 1972)

22  (under the law of California different theories of recovery may be pleaded, however plaintiff

23  cannot recover under both theories).

24  Here, Plaintiffs are well within their right to assert both claims at this early stage of

25  proceedings, as a plaintiff can recover under both theories. See, e.g., Robinson Helicopter

26  Company, Inc. v. Dana Corp., 102 P.3d 268 (Cal. 2004) (Plaintiff entitled to recover under both

27  theories, holding supplier's affirmative misrepresentations upon which manufacturer justifiably

28

1  relied, constituted tort independent of breach of contract).

2       Here, Plaintiffs allege that Defendant's negligence is the result of a breach of duty

3  independent from the contractual obligations owed to Plaintiff by Defendant eBay.  Contrary to

4  Defendant's assertion, under California law these circumstances give rise to an independent

5  action in tort which entitles Plaintiff to recover under both theories.

6  **CONCLUSION**

7       The FAC tells a detailed story of fraud and other misconduct perpetrated by Defendant

8  eBay, alone and in concert with eBay's co-defendants, and, therefore, should not be dismissed in

9  whole or in part.

10  Dated: San Francisco, California     Respectfully submitted,
     June 16, 2008

11

12       *s/ Matthew A. Siroka*
     MATTHEW A. SIROKA (CASBN 233050)

13       **LAW OFFICE OF MATTHEW A. SIROKA**
     600 Townsend Street, Suite 233050

14       San Francisco, CA 94103
     Telephone:   (415) 522-1105

15       Facsimile:   (415) 522-1506
     Email:   mas@defendergroup.com

16

17       JOHN BALESTRIERE
     CRAIG STUART LANZA

18       **BALESTRIERE LANZA PLLC**
     225 Broadway, Suite 2900

19       New York, NY 10007
     Telephone:   (212) 374-5404

20       Facsimile:   (212) 208-2613

21       *Attorneys for Plaintiffs and the Class*

22

23

24

25

26

27

28

BALESTRIERE
LANZA PLLC
ATTORNEYS AT LAW

OPPOSITION TO EBAY'S MOTION TO DISMISS       7
CASE NO:  C 07 3967 MHP

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the foregoing document was served on the following counsel of record on June 16, 2008, via the methods listed below:

<u>**By ECF**</u>

Whitty Somvichian
Cooley Godward Kronish LLP
101 California Street, 5th Floor
San Francisco, CA 94111
*Attorneys for Defendant eBay, Inc.*

<u>*s/ Matthew A. Siroka*</u>
MATTHEW A. SIROKA (CASBN 233050)
**LAW OFFICE OF MATTHEW A. SIROKA**
600 Townsend Street, Suite 233050
San Francisco, CA 94103
Telephone:    (415) 522-1105
Facsimile:    (415) 522-1506
Email:        mas@defendergroup.com
*Attorneys for Plaintiffs and the Class*