COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

COOLEY GODWARD KRONISH LLP
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
CHANÉE FRANKLIN (236068) (chanee.franklin@cooley.com)
101 California Street 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant eBay, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELE MAZUR, On Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EBAY, INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS, HOT JEWELRY AUCTIONS.COM d/b/a PARAMOUNT AUCTIONS, NEIMANS JEWELRY, GOANTIQUES.COM, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C07 3967 MHP<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT EBAY'S MOTION TO DISMISS PLAINTIFFS' RICO AND BREACH OF CONTRACT CLAIMS PURSUANT TO FED R. CIV. P. §12(b)(6)**<br><br>Date: July 7, 2008<br>Time: 2:00 pm.<br>Judge: Hon. Marilyn H. Patel<br>Trial Date: Not yet set |

## I. INTRODUCTION

Plaintiffs' opposition fails to rebut the fact that Plaintiffs cannot plead the essential requirements for their RICO claims. This failure again underscores the fact that this case is not about racketeering activity and Plaintiffs should not be allowed to manufacture a RICO claim

1.

where none exists. Plaintiffs also fail to explain their curious decision to revive the same breach of contract claim that they expressly abandoned in responding to eBay's prior motion to dismiss. Plaintiffs' contract claim should be dismissed in light of the prior withdrawal.

### A. Plaintiffs Provide No Meaningful Argument to Rebut eBay's Motion As To the Section 1962(a) Claim For Reinvestment of RICO Proceeds.

Plaintiffs cite no authorities to rebut the established rule that a plaintiff bringing a section 1962(a) claim must allege injury specifically arising from a defendant's use of racketeering income that is separate and distinct from the investment of racketeering proceeds back into the alleged enterprise. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008) (allegations regarding "reinvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity" are insufficient as a matter of law). Plaintiffs cite no specific fact allegations in their complaint that come close to satisfying this pleading requirement. Indeed, they reiterate their 1962(a) claim in a way that makes clear they have not met the pleading standards set out in *Sybersound*, stating that they "have alleged that eBay has engaged in an ongoing fraud and has reinvested the ill-gotten gains back into eBay to engage in further fraud." (Opp. at 6:8-9.) This is insufficient as a matter of law and Plaintiffs' section 1962(a) claim should be dismissed without leave to amend.

### B. Plaintiffs Fail To Show A "Pattern of Racketeering Conduct" As Required For A Section 1962(c) Claim.

As shown in eBay's opening brief, Plaintiffs' section 1962(c) claim fails because the posting of alleged misrepresentations on a website does not amount to a "pattern of racketeering activity" as to eBay. In their opposition, Plaintiffs do not dispute that all of the alleged misrepresentations made by eBay were posted on a single website as part of a single set of statements regarding the live auction service. Nor do they dispute that Courts have treated the posting of misleading statements on a website as a single predicate act. *See Proven Methods Seminars, LLC v. American Grants & Affordable Hous. Inst., LLC*, No. CIV. S-07-01588 WBS EFB, at *1 (E.D. Cal. Jan. 29, 2008). In *Proven Methods*, the plaintiffs alleged that the defendants violated RICO by posting misleading data in newspaper advertisements *and* on a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1092973 v2/SF
06/23/08 12:24 PM

2.

website. The Court treated both the advertisements and the website posting as separate independent predicate acts, and it was implicit in the Court's holding that the website posting standing alone would not have supported a "pattern of racketeering activity" under RICO.

Plaintiffs' argument based on *Durning v. Citibank*, 990 F.2d 1133 (9th Cir. 1993) misses the point. (Opp. at 3:25-27, 4:1-7.) Plaintiffs contend *Durning* supports a finding that the posting of material on a website amounts to multiple predicate acts. (Opp. at 3:25-27.) But *Durning* does not address this specific issue at all because there was no such website posting involved in the facts of the case. Rather, *Durning* directly undermines Plaintiffs' claim because the Court held that there was no "pattern of racketeering activity" where the defendant had made alleged misleading statements in an investment document, even though the document was distributed to multiple recipients. *Id.* at 1139. *Durning* thus precludes any argument that a pattern of racketeering activity can be shown merely by alleging that multiple individuals viewed the alleged misstatement on the eBay website. It is telling that apart from quibbling with the details of the *Durning* case, Plaintiffs can provide no authorities whatsoever to support their claim that eBay's alleged conduct amounts to a "pattern of racketeering activity." Because the Plaintiffs have not sufficiently alleged a "pattern of racketeering activity" as to eBay, their claims under section 1962(c) must be dismissed.

### C. Plaintiffs Provide No Plausible Theory Of Conspiracy To Support Their Section 1962(d) Claim.

eBay's opening brief demonstrates that a defendant cannot be linked to a conspiracy as a matter of law by mere allegations of (i) parallel conduct[1] or (ii) a knowing failure to prevent wrongful activity by others[2]. Plaintiffs do not attempt to rebut these authorities. Instead, they now emphasize eBay's website statements regarding live auctions as an additional factor to link eBay and the Seller Defendants as part of an overarching conspiracy. (Opp. at 5:3-

---

[1] *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1965 (2007).
[2] *Gray v. Upchurch*, No. 5:05cv210-KS-MTP, 2007 WL 2258906, at *1 (S.D. Miss. Aug. 3, 2007).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1092973 v2/SF
06/23/08 12:24 PM

3.

6.) Even when read as a whole, Plaintiffs' complaint does not sufficiently allege a plausible conspiracy under section 1962(d).

Where, as here, a plaintiff relies on indirect allegations to support an inference of conspiracy, the facts alleged must show not only that a conspiracy is a possible explanation for the alleged conduct; they must provide "a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1966 (2007). In their opposition, Plaintiffs emphasize that their conspiracy claim is based on allegations that eBay posted statements regarding the safety of live auctions and failed to correct those statements despite allegedly learning of the Seller Defendants' shill bidding scheme. There is nothing about these alleged facts that shows a conspiracy between eBay and the Seller defendants is anything more than a mere possibility. Under Plaintiffs' own theory of the case, eBay's alleged failure to correct its statements "could just as well be independent action" because eBay stood to profit from the Seller Defendants' conduct – *regardless* of whether or not there was a conspiratorial agreement linking all of the parties together. As in *Twombly*, there is a "natural explanation" based on independent self-interest for the alleged conduct that is not dependent on any conspiracy, undermining the inferences needed to support Plaintiffs' claim. *Id.* at 1972.

Moreover, Plaintiffs' conclusory allegations fall far short of the heightened standard that applies here to the RICO claim predicated on fraud. *See United Centrifugal Pumps. v. Schotz*, No. C-89-2291 FMS, 1991 WL 274232, at *3 (N.D. Cal. Jun. 12, 1991) (a RICO conspiracy claim predicated on fraud requires pleading of particularized facts meeting the heightened pleading requirements of Section 9(b)). Under these heightened standards, it is insufficient to rely, as Plaintiffs do, on conclusory statements of a conspiracy untethered to any specific facts or even a plausible theory as to why the conduct alleged was not simply the result of independent conduct.

1092973 v2/SF
06/23/08 12:24 PM

4.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### D. Plaintiffs Cannot Pursue Both a Breach of Contract and Negligence Claim Based On the Same Conduct.

As eBay pointed out in its opening brief, plaintiff Mazur has already acknowledged the established rule that negligence and contract claims cannot be based on the same conduct when she withdrew her breach of contract claim in response to eBay's prior motion. (*See* Order of 3-03-2008 at 22 n. 8) ("Plaintiff appears to have withdrawn her breach of contract claim.") Plaintiffs' opposition fails to even mention this prior withdrawal and provides no reason why Plaintiffs should not be bound to it based on basic principles of judicial estoppel.

Further, Plaintiffs' opposition arguments not only fail to address the core issue, they are wrong as a matter of law. The basic rule prohibiting simultaneous negligence and contract actions does not simply require a plaintiff to elect a remedy at some point in the litigation. Rather, a motion to dismiss is properly granted at the pleading stage where tort and contract claims are premised on violations of the same alleged duties. *See, e.g., Britz Fertilizers, Inc. v. Bayer Corp.*, No. 1:07-cv-00846-OWW-SMS, 2008 WL 341628, at *13 (E.D. Cal. Feb. 5, 2008) (granting defendant's motion to dismiss plaintiff's gross negligence claim stating that "like negligence, gross negligence … requires an independent duty not arising from the contract"). Here, Plaintiffs state in conclusory terms that "Defendant's negligence is the result of a breach of duty independent from the contractual obligations owed to Plaintiff by Defendant eBay" (Opp. 7:2-3.) But beyond that bare assertion, Plaintiffs never explain what additional duty was breached nor how this duty is independent of eBay's contractual obligations.

## II. CONCLUSION

For the foregoing reasons, eBay respectfully requests that the Court dismiss the RICO and breach of contract claims as a matter of law. Because Plaintiffs have already been given an opportunity to cure the defects of the RICO claims these causes of action should now be dismissed with prejudice.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1092973 v2/SF
06/23/08 12:24 PM

5.

Dated: June 23, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

/s/
_____
Whitty Somvichian
Attorneys for Defendant eBay Inc.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1092973 v2/SF
06/23/08 12:24 PM

6.