**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE MAZUR, individually and for all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>EBAY INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOCK AUCTIONS d/b/a PARAMOUNT AUCTIONS, NIEMANS JEWELRY, GOANTIQUES.COM and DOES 1-200, inclusive,<br><br>            Defendants.<br>_____/ | No. C 07-03967 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendant eBay's Motion to Dismiss RICO and Contract claims** |

On August 2, 2007 plaintiff Michele Mazur, on behalf of herself and others similarly situated, brought suit against eBay Inc. ("eBay") and others, including Hot Jewelry Auctions.com ("HJA"), accusing the latter of shill bidding and the former of acquiescing in the same. On March 4, 2008 this court issued an order regarding motions to stay and dismiss. See Docket No. 55. On April 3, 2008 plaintiff filed her first amended complaint ("FAC"). See Docket No. 56. Now before the court is eBay's motion to dismiss plaintiff's contract based claims and claims based on the Racketeer Influence and Corrupt Organizations Act ("RICO"). The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows.

BACKGROUND[1]

eBay is the world's largest online auction hosting service. It strictly prohibits shill bidding—the practice of entering fake bids—on its website. Amongst the many services it provides, eBay also provides the Live Auction service, which allows eBay users to place bids on live auctions being held by third party auction houses. This service allows eBay users to compete with floor bidders at those auction houses. The offline bids made by the floor bidders are reflected online, but eBay users are not provided any details regarding the bidder.

Plaintiff seeks to hold eBay liable for participating in the alleged fraud of the third party auction houses that sold goods via the Live Auction service. She contends that HJA and others like HJA conspired to engage in shill bidding. She further alleges that eBay participated in this conspiracy by: 1) providing a portal for this activity; 2) disseminating misleading statements regarding the safety of Live Auctions; 3) coordinating and organizing the fraud; and 4) reinvesting profits from the scheme back into the enterprise. The subject of the instant motion are some of the contract and statutory claims against eBay.

LEGAL STANDARD

I.  Rule 12(b)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974

2

1  (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient
2  facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699
3  (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most
4  favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir.
5  1996). The court need not, however, accept as true allegations that are conclusory, legal
6  conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden
7  State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752,
8  754–55 (9th Cir. 1994).

## II. Fraud-based claims

A plaintiff alleging fraud must satisfy a heightened pleading standard that requires circumstances constituting fraud be pled with particularity. Fed. R. Civ. P. 9(b). Specifically, "[t]he pleadings must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), cert. denied, 516 U.S. 810 (1995). In addition, plaintiffs seeking to satisfy Rule 9(b) must "set forth an explanation as to why the statement or omission complained of was false and misleading." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc); see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995), cert. denied, 517 U.S. 1136 (1996). The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).

Finally, a plaintiff seeking to state a claim for fraud must also plead knowledge of falsity, or scienter. See GlenFed, 42 F.3d at 1546. The requirement for pleading scienter is less rigorous than that which applies to allegations regarding the "circumstances that constitute fraud" because "malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Nonetheless, nothing in the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to "set forth facts from which an inference of scienter could be drawn." Cooper v. Pickett, 137 F.3d 616, 628 (9th Cir. 1997) (quoting GlenFed, 42 F.3d at 1546).

3

This heightened pleading standards applies to allegations of fraud and allegations that sound in fraud, including false misrepresentations. Vess, 317 F.3d at 1106–07; see also Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) ("It is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement."); Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (same).

DISCUSSION

eBay moves to dismiss counts 7, 35, 36 and 37 of plaintiff's FAC as they pertain to eBay. Specifically, eBay claims that plaintiff has not alleged: 1) that she was harmed by the investment of racketeering proceeds as required under section 1962(a); 2) a "pattern of racketeering activity" under section 1962(c) as to eBay; and 3) a claim for RICO conspiracy under 1962(d) as to eBay.[2]  eBay also claims that plaintiff cannot pursue a breach of contract claim where the alleged breach consists of the same acts that form the basis for plaintiff's negligence claims. The court discusses each contention in turn. Before doing so, the court notes that it has already recognized that the heightened pleading standards under Rule 9(b) of the Federal Rules of Civil Procedure apply to all of plaintiff's RICO claims. See Docket No. 55 at 18.

I.      Section 1962(a)

18 U.S.C. section 1962(a) prohibits a person who receives income derived from a pattern of racketeering activity from using or investing such income in an enterprise engaged in interstate commerce.[3]  A RICO claim brought under section 1962(a) requires plaintiff to allege "an investment injury separate and distinct from the injury flowing from the predicate act." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1149 (9th Cir. 2008). eBay claims this separate injury requirement has not been met.

Plaintiff alleges that eBay has engaged in an ongoing fraud and has reinvested its ill-gotten gains in order to further the fraud. FAC, ¶ 464 ("eBay and Seller Defendants clearly profited financially from the Enterprise, and most likely Does 101-200 did as well. At least some of this

4

money was reinvested back into the scheme to defraud consumers."). When describing the use or investment of such fraudulently derived income, plaintiff states:

> eBay and Seller Defendants used Income received from the pattern of racketeering activity to invest in and operate the ongoing operations of their individual corporate entities, including but possibly not limited to those portions that were involved in the enterprise. These reinvested monies proximately harmed Plaintiffs and members of the Class as the funds were used to finance the unlawful rackerteering [sic] activities of Defendants.

See Docket No. 57 at 1217–22.[4] Thus, plaintiff asserts that eBay furthered its racketeering activity through the reinvestment of racketeering monies back into the enterprise, in violation of section 1962(a). No other reinvestment is described. The type of harm suffered by plaintiff from this reinvestment—inflated prices due to shill bidding—is identical to the harm suffered by the plaintiff from the alleged initial shill bidding scheme.

The Ninth Circuit has recently stated that for a violation of section 1962(a), plaintiff "must allege that the investment of racketeering income was the proximate cause of its injury. Reinvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient to show proximate causation." Sybersound Records, Inc., 517 F.3d at 1149; see also Westways World Travel v. AMR Corp., 182 F. Supp. 2d 952, 960–61 (C.D. Cal. 2001) (explaining that when racketeering is committed by a corporation, almost every racketeering act committed by a corporation would also result in a section 1962(a) violation because corporations generally reinvest their profits, thereby eviscerating the distinction between section 1962(c) and (a)). Here, there is no allegation of injury other than due to reinvestment that allegedly helped further the initial racketeering activity. Consequently, plaintiff's section 1962(a) claim against eBay is dismissed.

II.     Section 1962(c)

18 U.S.C. section 1962(c) prohibits a person employed by or associated with any enterprise engaged in interstate commerce to conduct or participate in the conduct of the enterprise through a pattern of racketeering activity.[5] eBay claims that plaintiff's 1962(c) claim must fail because she only alleges that eBay engaged in a single predicate act, which does not demonstrate that eBay

5

engaged in a "pattern of racketeering activity" as required by this subsection. Plaintiff contends that eBay mischaracterizes its pattern of predicate acts as a single predicate act.

Plaintiff's only allegation directed against eBay is eBay's posting of allegedly misleading statements on its website stating that Live Auctions are "safe," "carefully screened," had "floor bidders" and involved "international auction houses." FAC, ¶ 38; Docket No. 57 at 9:19–25. Plaintiff explains the pattern as:

> The predicate acts of mail fraud, wire fraud, and possibly other acts stretch back to at least February 2007, and very likely much earlier, and continue to date, over a year later. As each individual auction is a racketeering activity and there are hundreds, if not thousands, of such acts each day, these predicate racketeering acts could easily occur at a rate of a million or more each year.

Docket No. 57 at 9:28–10:4. eBay claims that its website posting, which led to the distribution of the allegedly misleading statements to multiple recipients, only constitutes a single predicate act.

Under section 1962(c), a plaintiff must establish a "pattern of racketeering activity." Pattern "requires at least two acts of racketeering activity" within a ten year period. 18 U.S.C. § 1961(5). Here, plaintiff alleges mail and wire fraud as eBay's predicate acts. The Supreme Court has held that the "pattern" requirement can be met by showing: 1) "that the racketeering predicates are related;" and 2) that the predicates "amount to or pose a threat of continued criminal activity." H.J., Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989). This circuit has "adopted a test for pattern which inquires whether the predicate acts are sporadic or isolated. If they are isolated and sporadic, then they cannot form a 'pattern.'" Ikuno v. Yip, 912 F.2d 306, 309 (9th Cir.1990) (citing Sun Sav. & Loan v. Dierdorff, 825 F.2d 187, 194 (9th Cir.1987)).

eBay first argues that each individual defendant must have committed two predicate acts in order to incur liability under section 1962(c). See DeFalco v. Bernas, 244 F.3d 286, 315 n.19 (2d Cir. 2001). This requirement, however, is not the law in the Ninth Circuit. See United States v. Frega, 179 F.3d 793, 810 n.21 (9th Cir. 1999). Judge Reinhardt has stated:

> We agree with the dissent that under *Salinas* and *Tille* each individual defendant need not 'commit or agree to commit *the two or more predicate acts requisite to the underlying offense.*' *Salinas v. United States,* 522 U.S. 52, ----, 118 S.Ct. 469, 478, 139 L.Ed.2d 352 (1997) (emphasis added); dissent at 821. In other words, in order to convict a defendant on a RICO conspiracy charge, our case law 'does not require proof that [he] participated personally, or agreed to participate personally, in two predicate offenses.' *United States v. Tille,* 729 F.2d 615, 619 (9th Cir.1984); dissent

6

United States District Court
For the Northern District of California

at 821. Rather, as the dissent acknowledges, the conspiracy must contemplate the commission of two predicate acts by one or more of its members. Dissent at 820. Id.; see also Dooley v. Crab Boat Owners Ass'n, No. C 02-0676 MHP, 2004 WL 902361, at *8 (N.D. Cal. April 26, 2004) (Patel, J.) ("For purposes of conspiracy liability, a plaintiff is not required to show that each defendant agreed to commit two predicate acts. *Id.*; *United States v. Frega*, 179 F.3d 793, 810 n. 21 (9th Cir.1999). Rather, the defendant 'must have been aware of the essential nature and scope of the criminal enterprise and intended to participate in it.' *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir.2000) (citing *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir.1993)) (internal quotation marks omitted).").

eBay next argues that no pattern exists by citing to Durning v. Citibank, 990 F.2d 1133 (9th Cir. 1993), for support. In Durning, the Ninth Circuit held that no pattern existed where defendant allegedly made misleading statements in an investment document that was distributed to multiple recipients. Following H.J., Inc., the Durning court held that "[w]hile defendants may have committed numerous related predicate acts [of mail and wire fraud], all of those acts arose from a single, isolated event: the distribution of the misleading Official Statement." 990 F.2d at 1139. Thus, the Durning court found that the first prong set forth in H.J., Inc.—requiring non-singular related predicate acts—was met, and that the second prong—requiring continuity—was not met. Consequently, eBay's position that Durning was based on a lack of multiple predicate acts is incorrect. Durning may, in fact, support plaintiff's position. There, the numerous acts of mail and wire fraud were conducted in connection with defendants' initial dissemination of the Official Statement, a disclosure document the court described as akin to a prospectus. This action is similar—the alleged acts of mail and wire fraud were all made by a singular posting on eBay's website, which has been available to the public for many years. At this stage in the proceeding, these allegations are sufficient to meet the first prong of H.J., Inc..

Similarly, eBay's reliance upon Proven Methods Seminars, LLC v. Am. Grants & Affordable Housing Institute, LLC, No. CIV. S-07-01588 WBS EFB, 2008 WL 269080, at *3 (E.D. Cal. Jan. 29, 2008), is unavailing. There, the court found that a newspaper advertisement in conjunction with similar information posted on defendants' website constituted two predicate acts sufficient to meet RICO requirements. eBay claims the holding implicitly demonstrates that the website posting,

7

1  by itself, would not have been sufficient. That court, however, expressed no opinion as to whether
2  the posting, which had been in place for many months, would alone have been sufficient.
3  Consequently, this court refuses to adopt eBay's preferred reading of <u>Proven Methods Seminars</u>,
4  where a sister court, in an unpublished opinion, arguably *implicitly* found in eBay's favor. Thus,
5  eBay has not met its burden on this motion to dismiss.

6    eBay does not seem to specifically challenge that the predicate acts amount to continued
7  criminal activity. Even if it was to do so on a motion to dismiss, its motion would likely be denied.
8  Plaintiff alleges that eBay has continuously asserted, since July 2004, that its auctions are "safe,"
9  "carefully screened," have "floor bidders" and involve "international auction houses." FAC, ¶ 4.
10 This demonstrates the continuity of the statements. <u>See</u> <u>H.J., Inc.</u>, 492 U.S. at 242–43 ("the threat of
11 continuity may be established by showing that the predicate acts or offenses are part of an ongoing
12 entity's regular way of doing business."). To the extent that eBay contends <u>Durning</u> demonstrates
13 that the second prong of "pattern"—requiring continuity—cannot be met here, it is distinguishable.
14 There, there was only one discrete act of dissemination related to one particular bond offering. In
15 contrast, here the dissemination is continuous and applies to every single Live Auction.

16   In sum, plaintiff's section 1962(c) claims survive this motion to dismiss.

17

18 III. <u>Section 1962(d)</u>

19   18 U.S.C. section 1962(d) states that "[i]t shall be unlawful for any person to conspire to
20 violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).
21 eBay argues that no RICO conspiracy claim exists because plaintiff's conspiracy allegations are
22 based solely on the parallel conduct of HJA and others like HJA. Specifically, plaintiff contends
23 that:

24 > The fact that HJA, Niemans, and GoAntiques are competitors and yet perpetrated the
25 > **same** fraudulent scheme with eBay supports the conclusion eBay actually
>    coordinated the fraud. It is even possible that eBay and the Seller Defendants had an
>    actual agreement among themselves.

26 FAC, ¶ 124. Plaintiff also claims that eBay knew of and benefitted from the other defendants' fraud
27 and therefore must have agreed to participate in the conspiracy. Docket No. 57 at 1:15–25. Further,
28 in her RICO statement, plaintiff contends that:

8

> The overt acts committed in furtherance of the conspiracy by eBay were the representations by eBay regarding the auctions of Seller Defendants and eBay's provision of a selling platform on which the shill bidding took place. Upon information and belief, and as described elsewhere in this statement and First Amended Complaint, a number of high-ranking individuals at eBay, including both those in a position to set high-level policy and those directly responsible for the operations of eBay Live Auctions, were personally aware of the shill bidding activities of Seller Defendants. This knowledge itself, combined with the continued representations by eBay, results in a conspiracy to commit wire and mail fraud on a massive scale. Furthermore, Plaintiffs believe that the eBay individuals' ignoring this information strongly suggests that eBay had other knowledge of and involvement in the shill bidding activities of Seller Defendants and likely encouraged such behavior, having made a decision that the profits derived from the enterprise outweighed the risks of discovery.
>
> The Seller Defendants' overt acts included all their statements regarding the lack of shill bidding or fraud and the shill bidding itself.

Docket No. 57 at 13:14–27.

All of the above statements demonstrate that all defendants here had a financial incentive in implementing shill bidding practices. The mere existence of this common motivation is simply not sufficient to meet the pleading requirements of Rule 9(b) requiring specificity when pleading fraud-based claims. See Bell Atl. v. Twombly, 127 S. Ct. 1955, 1966 (2007) ("without more, parallel conduct does not suggest conspiracy" especially when "parallel conduct that could just as well be independent action."). Indeed, allowing a claim based upon such flimsy evidence would effectively eviscerate the heightened pleading requirements of Rule 9(b). To be clear, allegations against HJA and other third party auctioneers of shill bidding does not demonstrate that eBay colluded in the same. The financial motivation of each third party auctioneer demonstrates that each could have independently engaged in such an activity without the existence of a conspiracy or any involvement by eBay.

Plaintiff argues that the parallel conduct of eBay's co-defendants is only used as circumstantial evidence of the agreement between eBay and its co-defendants. She goes on to argue that the FAC lists specific individuals that had knowledge of the fraud and did nothing about it. FAC, ¶ 90. Specifically, she lists individuals in charge of the Live Auction service, eBay's president, eBay's CEO and an one of eBay's attorneys. She also lists certain individuals whose affiliation is unknown. Id. Merely listing names and alleging these people knew of the scheme does not create a cause of action for liability under section 1962(d). This purely conclusory allegation

9

1 requires a leap of faith the court is unwilling to make.  Similarly, listing allegedly fraudulent
2 statements and claiming the same demonstrate a conspiracy are to no avail.  To the extent plaintiff
3 uses eBay's statements to demonstrate a financial incentive to engage in such a scheme, see FAC, ¶
4 118, the overarching common financial incentive argument has been refuted above.

5        In sum, plaintiff's argument that eBay's knowledge of the misconduct, its inaction in light of
6 such misconduct, its own fraudulent statements, and the co-defendants' parallel behavior are all,
7 even when taken together, insufficient to survive this motion to dismiss.  In essence, plaintiff aims to
8 attach RICO liability whenever a person, *e.g.*, HJA, does not abide by the rules set forth by another
9 person, *e.g.*, eBay, that provides services to the former based upon certain restrictions, *e.g.*, a
10 prohibition on shill bidding.  This, in plaintiff's view, allows her to claim the service provider *knew*
11 of the wrongdoing and did nothing about it while representing otherwise to third parties.  Without
12 more specific allegations of knowledge, these allegations cannot constitute a cause of action.  The
13 allegations here are not enough to move the complaint "across the line from conceivable to
14 plausible" and therefore must be dismissed.  Twombly, 127 S. Ct. at 1974.[6]  Consequently, the
15 section 1962(d) claim against eBay is dismissed.

16

17 IV.    Contract claims

18        eBay claims plaintiff expressly disavowed its breach of contract claim in opposing eBay's
19 prior motion to dismiss.  In her prior opposition to eBay's argument that California law precluded
20 her from pursuing both tort and breach of contract claims premised on the same alleged acts,
21 plaintiff stated:

22      Plaintiff has sufficiently made out a claim against Defendant for negligence, and
     Defendant's arguments to the contrary fail to address the nature of the allegations in
23      Plaintiff's Complaint. Defendant argues that negligence applies only for injuries
     suffered in tort, not for breaches of contract, and, accordingly, that Plaintiff's
24      Complaint should be dismissed. (Mot. Dismiss 13–14.) Defendant is being sued for
     fraud, not breach of contract. Accordingly, Defendant's reliance on *Erlich v.*
25      *Menezes*, 21 Cal. 4th 543 (Cal. 1999) (holding that a defendant may not be liable for
     negligent breach of contract), is misplaced, as *Erlich* involved only a claim of breach
26      of contract, not of fraud. Therefore, Defendant's arguments with respect to both
     unjust enrichment and negligence must fail, and Defendant's motion should be
27      denied.

28

Docket No. 38 at 7. Indeed, in its memorandum and order pertaining to that motion to dismiss, the court noted that "[p]laintiff appears to have withdrawn her breach of contract claim." See Docket No. 55 at 12 n.8. None of the statements above, however, demonstrate an affirmative abandonment of the breach of contract claim. Consequently, the court will not dismiss this cause of action based on judicial estoppel.

Furthermore, under California law, "[a] plaintiff may bring suit on both contract and tort theories simultaneously, though he or she must ultimately elect which remedy to pursue." Wolk v. Green, 516 F. Supp. 2d 1121, 1131 (N.D. Cal. 2007) (Zimmerman, J.). This is most obvious in attorney malpractice cases. See id.

eBay may be correct in stating that plaintiff does not substantiate her *negligence* claim. Indeed, in her opposition, plaintiff merely states that eBay's negligence is the result of a breach of duty independent from the contractual obligations owed to plaintiff by eBay. This allegation, however unsubstantiated, does not mean that the *breach of contract* claim must be dismissed. Furthermore, plaintiff may have, in fact, substantiated her negligence claim. The FAC states that "eBay owed a duty of care to Plaintiffs and the members of the Class to exercise reasonable care in the conduct of its auctions, a duty which eBay recognized through the guarantee of 'safe' auctions." FAC, ¶ 204. However, this duty may well be contractually imposed and therefore no independent duty may exist. In any event, since eBay has not moved to dismiss the negligence claim against it, the court will not rule on the same.[7]

In sum, plaintiff's breach of contract claim against eBay survives this motion to dismiss.

CONCLUSION

For the foregoing reasons, eBay's Motion to Dismiss is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: July 23, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

11

**ENDNOTES**

1. More background facts are available in the court's order dated March 4, 2008. Docket No. 55.

2. A plaintiff alleging a RICO violation also must allege the essential elements of each predicate act of racketeering activity. Here, the alleged predicate acts are based on mail and wire fraud.

3. 18 U.S.C. section 1962(a) states, in relevant part, that:
> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt . . ., to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a).

4. The court deems plaintiff's RICO statement, submitted pursuant to the court's order, to be a document attached to the complaint and therefore considers it when evaluating the merits of this Rule 12(b)(6) motion.

5. 18 U.S.C. section 1962(c) states that:
> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

6. Furthermore, allowing such allegations to create a cause of action under RICO would open the floodgates for RICO actions.

7. In addition, at the hearing on this matter, plaintiff contended that the tort claims stem from eBay's refusal to follow up on complaints made by Live Auction users. She contrasted the same with contract claims based on eBay's misrepresentations on the Live Auctions website.