ROBERT S. NELSON (SBN# 220984)
NELSON LAW GROUP
900 Cherry Avenue, Suite 300
San Bruno, CA 94066
(650) 794-2760 (phone)
(650) 794-2761 (fax)
rnelson@nelsonlawgroup.net

MARCOS E. HASBUN (*pro hac vice application pending*)
NATHAN BERMAN (*pro hac vice application pending*)
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
(813) 221-1010 (phone)
(813) 223-7961 (fax)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELE MAZUR and SARAH BATES, Individually and for all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>EBAY, INC., HOT JEWELRY AUCTIONS.COM d/b/a JEWELRY OVERSTOOK AUCTIONS.COM *et al.*,<br><br>Defendants. | Case No. C07-3967 MHP<br><br>**LIVE AUCTIONEERS, LLC AND JOHN RALSTON'S RESPONSE IN OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE WINDSOR AUCTIONS, INC. & JEWELRY AUCTIONS, INC. v. EBAY, INC., LIVE AUCTIONEERS, LLC, MATTHEW LEDWITH & JOHN RALSTON, Civ. Action No. 08-5409 BZ WITH THE ABOVE-REFERENCED ACTION** |

OPPOSITION TO ADMIN. MOT. TO RELATE
CASE NO. C07-3967 MHP

2080350.1

Pursuant to Civil Local Rules 3-12 and 7-11, Defendants Live Auctioneers, LLC and John Ralston (collectively "Live Auctioneers") submit their opposition to Plaintiffs Windsor Auctions, Inc. and Jewelry Auctions, Inc.'s (collectively "Windsor") Administrative Motion to Relate *Windsor Auctions, Inc. & Jewelry Auctions, Inc. v. eBay, Inc., Live Auctioneers, LLC, Matthew Ledwith & John Ralston*, Civ. Action No. 08-5409 BZ with *Mazur, et. al. v. eBay, Inc., et. al.*, Civ. Action No. C07-3967 MHP ("Mazur").

### A.  Background and Procedural History

Windsor's Administrative Motion constitutes nothing more than an unmitigated attempt to "judge shop," and should be denied by this Court. Windsor's "judge shopping" spree began when it filed a complaint in the Northern District of California, San Jose Division, against eBay in *Windsor Auctions, Inc. et al. v. eBay, Inc.*, Civ. Action No. 07 06454 RMW ("Windsor I"). *See Windsor I Complaint*, attached as Exhibit 1 to the Declaration of Marcos E. Hasbun.

Windsor I was assigned to the Honorable Ronald M. Whyte. After eBay filed its motion to dismiss, Judge Whyte dismissed portions of Windsor's complaint. Windsor subsequently filed an Amended Complaint, which eBay likewise moved to dismiss. Rather than respond to eBay's motion to dismiss, Windsor voluntarily dismissed its California suit, and immediately re-filed a nearly identical suit in the United States District Court for the Middle District of Florida, Tampa Division styled *Windsor Auctions, Inc. et al. v. eBay, Inc., Live Auctioneers, LLC, Matthew Ledwith, and John Ralston*, Case No. 8:08-cv-1816-T-26EAJ ("Windsor II"). *See Windsor II Complaint*, attached as Exhibit 2 to the Declaration of Marcos E. Hasbun.

As noted by the Honorable Richard S. Lazzara, who presided over Windsor II, "[t]he only significant difference between [Windsor I] and [Windsor II] is the addition of Live Auctioneers, Matthew Ledwith . . . and John Ralston . . . as Co-Defendants with eBay." *See page 2 of Judge Lazzara's Order Transferring Case from Florida to California*, attached as Exhibit 3 to the Declaration of Marcos E. Hasbun. Judge Lazzara ordered that Windsor II be transferred back to California.

Once Windsor II was returned to California, eBay filed an administrative motion to relate Windsor II to Windsor I. *See eBay's Administrative Motion to Relate the Windsor I and Windsor*

*II Actions, or in the Alternative, Administrative Motion for Intra-District Transfer*, attached as Exhibit 4 to the Declaration of Marcos E. Hasbun.  eBay, quite logically, concluded that Windsor II related to Windsor I.  *See* Civil Local Rule 3-12(b) ("Whenever a party knows or learned that an action . . . is related to an action which is *or was pending* in this District . . . .").  Significantly, Windsor did not file *any* opposition to eBay's motion during the time period required by Civil local rules 3-12(c) and 7-11(b).

Instead, Windsor filed its own administrative motion to relate Windsor II to the above-referenced case.  A review of the Windsor II complaint and the Mazur complaint reveals that the cases are not related.  By contrast, a review of the Windsor I complaint and the Windsor II complaint reveals that those cases are, in fact, related.

**B.     Windsor II is Not Related to Mazur.**

**1.     Windsor II and Mazur Do Not Concern the Same Parties, Property, Transaction or Event.**

Windsor claims that Windsor II and Mazur "are related because both are brought against eBay as a defendant, both have plaintiffs who share a similar relationship with eBay and because each set of Plaintiffs' claims arise from similar conduct on behalf of eBay." (Doc. 88 at 2)  As set forth below, this is inaccurate.

In Windsor II, Windsor alleges it contracted with Live Auctioneers to facilitate the hosting of online Internet auctions on eBay's Live Auctions website, www.ebayliveauctions.com.  Windsor maintains that both Live Auctioneers and eBay represented to Windsor that the eBay Live Auctions website provided a fair marketplace where auction houses like Windsor could auction their goods online to consumers.  Windsor claims that despite these alleged representations, eBay Live Auctions did not provide a fair marketplace because other auction houses owned by non-party George Molayem ("Molayem") gained an unfair competitive advantage over Windsor by manipulating the "schedule duration function" on eBay's website so that Molayem's online auctions were displayed more prominently on the website than Windsor's online auctions.  Windsor asserts that eBay failed to take steps to prevent Molayem from acting in this manner, and accuses Live Auctioneers of failing to advise Windsor in a timely manner of the

mechanism by which Windsor could likewise "manipulate" the eBay Live Auction website in the same manner as Molayem. Accordingly, at its core, the "transaction" or "event" in Windsor II is whether eBay and Live Auctioneers knowingly permitted auction houses owned by Molayem to gain an unfair competitive advantage over Windsor.

By contrast, Mazur, which is a class action lawsuit, makes no reference whatsoever to Live Auctioneers or to John Ralston. Instead, Mazur alleges that eBay permitted auction houses owned by Molayem to deceive consumers by allegedly artificially inflating the prices of goods sold on Molayem's auctions. While Windsor II contains allegations that Molayem also engaged in shill bidding to deceive *consumers*, those allegations have nothing to do with Windsor's allegations that eBay and Live Auctioneers did not prevent Molayem from gaining a purported unfair competitive advantage over Windsor – a *competitor* of Molayem, and not a *consumer* of Molayem's products auctioned online. Accordingly, the status of the plaintiffs in Windsor II (two auction houses) and the plaintiffs in Mazur (consumers who were allegedly deceived by auction houses) are different, and the property, transactions, and events in the two cases are separate, distinct, and far from related.

**2. There Will Not Be an Unduly Burdensome Duplication of Labor and Expense, or Conflicting Results if the Cases are Conducted before Different Judges.**

Judge Whyte has already had the opportunity to address Windsor's allegations in Windsor I, which Judge Lazzara described as virtually identical to Windsor II, except that additional co-defendants had been added. When Windsor was not pleased with the manner in which Judge Whyte addressed the allegations in Windsor I, Windsor jumped ship to Florida and filed Windsor II there, only to find Windsor II returned to California. Now, instead of opposing head-on eBay's motion to transfer the case back to Judge Whyte, Windsor has pursued a back-door strategy to attempt to transfer Windsor II to this Court.

Contrary to Windsor's arguments, there is no danger of unduly burdensome duplication of labor or expense if Windsor II is heard by Judge Whyte and Mazur is heard by this Court. The

3
OPPOSITION TO ADMIN. MOT. TO RELATE
CASE NO. C07-3967 MHP

2080350.1

issues are separate and distinct, and Judge Whyte is already familiar with the allegations made in Windsor II given that this suit is strikingly similar to Windsor I.

Additionally, the likelihood of conflicting results is nil: Mazur deals with whether eBay permitted auction houses to allegedly deceive customers, while Windsor II purports to address the issue of whether eBay and Live Auctioneers allegedly failed to take steps to prevent one auction house from gaining a purported competitive advantage over another auction house. One issue is mutually exclusive from the other issue. Although Windsor argues that "Plaintiffs in both these cases would likely be seeking the same or similar discovery and eBay would, in all likelihood be raising the same or similar objections," Windsor provides no support for this argument.

Finally, Windsor incorrectly asserts that this Court "already" has delved into some of the technical issues that are central to the Windsor II suit. Mazur, however, has absolutely nothing to do with the "schedule duration" function on the eBay Live Auctions website, while the "schedule duration" function is central to Windsor II given that Windsor claims Molayem purportedly manipulated this function to gain his "unfair competitive advantage" over Windsor.

In light of the foregoing reasons, Live Auctioneers respectfully requests that this Court deny Windsor's motion to transfer this case from Judge Zimmerman to Judge Patel. If anything, this case belongs before Judge Whyte, as previously argued by eBay in its earlier filed Administrative Motion to Relate Windsor II to Windsor I.

| | | |
|---|---|---|
| 1 | Dated: December 19, 2008 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Marcos E. Hasbun<br>Marcos E. Hasbun<br>Florida Bar No. 0145270 |
| 4 | | Nathan Berman<br>Florida Bar No. 0329230 |
| 5 | | ZUCKERMAN SPAEDER LLP<br>101 East Kennedy Blvd., Suite 1200 |
| 6 | | Tampa, FL 33602<br>(813) 221-1010 (phone) |
| 7 | | (813) 223-7961 (fax)<br>mhasbun@zuckerman.com |
| 8 | | nberman@zuckerman.com<br>(*pro hac vice* application pending) |
| 9 | | |
| 10 | | /s/ Robert S. Nelson |
| 11 | | ROBERT S. NELSON (SBN# 220984)NELSON LAW GROUP |
| 12 | | 900 Cherry Avenue, Suite 300<br>San Bruno, CA 94066 |
| 13 | | (650) 794-2760 (phone)<br>(650) 794-2761 (fax) |
| 14 | | rnelson@nelsonlawgroup.net |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using EM/ECF system, which will send a notice of electronic filing to the CM/ECF participants this 19th day of December 2008:

Paul M. Quin, Esq.
pquin@saxongilmore.com
John B. Gibbons, Esq.
jgibbons@saxongilmore.com
SAXON GILMORE CARRAWAY
GIBBONS LASH & WILCOX, P.A.
201 E. Kennedy Blvd., Suite 600
Tampa, FL 33602
Tel: 813-314-4500
Fax: 813-314-4555
**Attorneys for Plaintiffs**

Judith M. Mercier, Esq.
Judy.mercier@hklaw.com
HOLLAND & KNIGHT, LLP
**Attorney for Defendants,**
**eBay, Inc., and Matthew Ledwith**

5

OPPOSITION TO ADMIN. MOT. TO RELATE
CASE NO. C07-3967 MHP

2080350.1

| | |
|---|---|
| 1 | Melina K. Patterson, Esq. |
| 2 | mpatterson@cooley.com<br>Heather C. Meservy, Esq. |
| 3 | hmeservy@cooley.com<br>Michael G. Rhodes, Esq. |
| 4 | rhodesmg@cooley.com<br>COOLEY GODWARD KRONISH LLP |
| 5 | Five Palo Alto Square<br>3000 El Camino Real |
| 6 | Palo Alto, CA 94306-2155 |
| 7 | **Attorneys for**<br>**eBay, Inc. and Matthew Ledwith** |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

6

OPPOSITION TO ADMIN. MOT. TO RELATE
CASE NO. C07-3967 MHP

2080350.1